**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

UNITED STATES OF AMERICA *ex rel.,*
ALEX PERMENTER, ERIC
RODIGHIERO, and CHRIS WHEELER

Case No. 5:18-CV-382

Plaintiff,

v.

eCLINICALWORKS, LLC,

Defendant.

## UNOPPOSED MOTION FOR ENTRY OF PROTECTIVE ORDER TEMPORARILY RE-SEALING PLEADINGS SUBJECT TO FURTHER REDACTION

In accordance with Local Rule 5.4(D), Defendant eClinicalWorks, LLC hereby respectfully moves this Court for a protective order (1) temporarily re-sealing the original and amended *qui tam* complaints unsealed in this matter subject to further redaction (Dkt. Nos. 30 and 31), and (2) allowing eClinicalWorks until January 14, 2022 to file a motion to seal that proposes additional redactions that should be made to those *qui tam* complaints before they are re-unsealed.  Counsel for eClinicalWorks has conferred with counsel for Relators, and Relators do not oppose the relief requested.

In support of this motion, counsel for eClinicalWorks states as follows:

1.      Relators' *qui tam* complaint is premised on allegations that eClinicalWorks' cloud-based software and its servers fail to comply with certain federal regulatory requirements related to cybersecurity and, as such, are especially vulnerable to cyberattack.  eClinicalWorks disputes the allegations.

2.      eClinicalWorks is one of the country's leading providers of electronic health records ("EHR") software.  The company's cloud-based EHR software is used by tens of thousands of physicians, and personal health information of tens of millions of patients is maintained on the company's servers.

3.      eClinicalWorks' servers are constantly sending important patient health information to and receiving important patient health information from physicians, pharmacies, and laboratories.   The ability of physicians, pharmacies, and laboratories to provide efficient care to their patients depends upon eClinicalWorks' servers being up and running.

4.      Given eClinicalWorks' status as one of the country's leading EHR software providers, if malicious actors were to become aware that eClinicalWorks is the subject of Relators' disputed cybersecurity allegations, it might encourage those malicious actors to attempt cyberattacks on eClinicalWorks' servers.

5.      eClinicalWorks is confident that attempted cyberattacks on its servers would not be successful and that malicious actors would not be able to access patient

health information.  Even *unsuccessful* attempted cyberattacks on eClinicalWorks'
servers, however, could clog up those servers' bandwidth.  This could slow the speed
at which physicians, pharmacies, and laboratories transmit patient health
information to and receive patient health information from eClinicalWorks' servers.
This could negatively impact the efficiency of patient care at a time when the
efficiency of patient care—during a public health emergency that is profoundly
impacting eClinicalWorks' physician customers—is most vital.

6.      The redactions that Relators made to the public versions of their *qui
tam* complaints are insufficient to mitigate against the risk that publication of those
pleadings would encourage malicious actors to attempt cyberattacks targeting
eClinicalWorks.

7.      Malicious actors could use context to determine some or all of the
information that Relators placed under redaction marks.  Moreover, many of the
*unredacted* portions of the *qui tam* complaints include information that, if known by
malicious actors, would create an unnecessarily heightened risk that those malicious
actors would attempt cyberattacks on eClinicalWorks' servers.  Given that even
attempted *unsuccessful* cyberattacks on eClinicalWorks' servers could have a
detrimental impact on patient care while a pandemic rages, this unnecessarily
heightened risk outweighs the presumption of public access to those currently
unredacted portions of the *qui tam* complaints.

8.      The *qui tam* complaints also include in unredacted form certain proprietary business information regarding its software.

9.      Prior to today, it was the understanding of eClinicalWorks' counsel that although the False Claims Act seal in this case had been lifted, the docket and pleadings remained not publicly available on PACER but rather could be accessed by a member of the public only by personally visiting the Middle District of Georgia courthouse.   eClinicalWorks' counsel's understanding was based on a phone conversation between eClinicalWorks' counsel at Ropes & Gray Aaron M. Katz and Relators' counsel Rob Snyder on or about October 27, 2021, as well as the fact that Mr. Snyder continued to file documents with the Court bearing the heading "**PLEASE DO NOT MAKE AVAILABLE ON PACER**," including purely procedural documents such as Relators' Notice of Waiver of Service, Dkt. #36.  In addition, eClinicalWorks' counsel were not able to locate the docket on PACER via a PACER search, which they took as further confirmation that the docket was not available on PACER, even though the matter was unsealed.  *See* Declaration of Aaron M. Katz, attached hereto as Exhibit 1.

10.     eClinicalWorks' counsel now recognizes that their understanding of the docket's status on PACER was mistaken.  eClinicalWorks' counsel is not faulting Mr. Snyder for their misunderstanding, but merely explaining to the Court why eClinicalWorks did not file this motion to seal prior to today, when they learned for

the first time that the docket, including insufficiently redacted versions of Relators'

*qui tam* complaints, is in fact available on PACER.

## CONCLUSION

For the reasons discussed above, eClinicalWorks respectfully requests that the

Court temporarily re-seal the *qui tam* complaints and allow eClinicalWorks until

January 14, 2022 to file a motion to seal that proposes additional redactions to the

*qui tam* complaints.  A proposed order is attached hereto.


Dated:    January 7, 2022          Respectfully submitted,

/s/ Julia Blackburn Stone
James W. Cobb
Georgia Bar No. 420133
jcobb@caplancobb.com
Julia Blackburn Stone
Georgia Bar No. 200070
jstone@caplancobb.com
Caplan Cobb LLC
75 Fourteenth Street N.E.
Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604

Aaron Katz (*pro hac vice* forthcoming)
aaron.katz@ropesgray.com
ROPES & GRAY LLP
800 Boylston Street, Prudential Tower
Boston, Massachusetts 02199-3600
Tel.: (617) 951-7000
Fax: (617) 951-7050

*Attorneys for Defendant eClinicalWorks, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on January 7, 2022, the foregoing documents were filed with the Clerk of the U.S. District Court for the Middle District of Georgia, Macon Division, using the Court's electronic filing system ("ECF"), and that all counsel of record received the same via ECF.

/s/ Julia Blackburn Stone
Julia Blackburn Stone
Caplan Cobb LLC
75 Fourteenth Street N.E.
Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604