UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., ALEX PERMENTER, ERIC RODIGHIERO, and CHRIS WHEELER<br><br>Plaintiffs,<br><br>v.<br><br>eCLINICALWORKS, LLC,<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>Case No. 5:18-CV-382 |

## PROTOCOL GOVERNING PRIVILEGE LOGS AND CHALLENGES

This Order sets out the protocols governing assertions of attorney-client and/or attorney work product privilege protection, including requirements for privilege logs, and the methods for resolving challenges to privilege assertions.

1. For each document to which a producing party asserts that a privilege applies and inclusion on a privilege log is required, the producing party must include in the privilege log the information required by Federal Rule of Civil Procedure 26(b)(5) and other identifying information, including, as to documents other than those described in Section 2 below, the following:
   a. the nature of the privilege asserted (e.g., "attorney-client privilege" or "attorney work product");
   b. a unique identifying number for the document withheld;
   c. a description of the nature of the document, communication or tangible thing that is sufficient to understand the subject matter of it, not disclosed or produced in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim;
   d. the date of the document, if available, or, for communications, the date sent and date received, if available;
   e. the subject/title and document type, unless the subject/title itself contains privileged information in which case a reasonably objective "substitute" subject/title will be provided in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim;
   f. the identity of its author, addressee(s), and any other recipient(s), including in a separate column any individuals carbon copied and blind carbon copied;

      g. indication (e.g., with asterisks) of which individual(s) (authors and recipients) are attorneys, paralegals, or legal assistants and which individuals are not employees of the producing party; and

      h. information identifying the source of the withheld document (e.g., the relevant custodial file). This provision does create an obligation to update the source field of the document if a duplicate document is later identified.

2. eClinicalWorks need not provide the information described in Section 1.c above for the following documents created, sent, or received after December 6, 2018:

      a. Emails and attachments received from an outside counsel that were sent for the purpose of providing legal advice, were about this lawsuit or the DOJ's investigation of the Relators' allegations, and were not disseminated beyond individuals who, because of eClinicalWorks' corporate structure, needed to know their contents;

      b. Emails and attachments sent to an outside counsel (attorney in the TO field) that were sent for the purpose of obtaining legal advice, that were about this lawsuit or the DOJ's investigation of the Relators' allegations, and that were not disseminated beyond individuals who, because of eClinicalWorks' corporate structure, needed to know their contents;

      c. Emails and attachments copied to an outside counsel (attorney in the CC field) that were about this lawsuit or the DOJ's investigation of the Relators' allegations, that were sent for the purpose of obtaining legal advice from outside counsel, were about this lawsuit or the DOJ's investigation of the Relators' allegations, and were not disseminated beyond individuals who, because of eClinicalWorks' corporate structure, needed to know their contents;

      d. Documents prepared by an outside counsel that were about this lawsuit or the DOJ's investigation of the Relators' allegations (not attached to emails) and that were not disseminated beyond individuals who, because of eClinicalWorks's corporate structure, needed to know their contents; and

      e. Documents prepared for review by an outside counsel that were about this lawsuit or the DOJ's investigation of the Relators' allegations (not attached to emails) and were not disseminated beyond individuals who, because of eClinicalWorks' corporate structure, needed to know their contents.

3. eClinicalWorks need not provide the information described in Section 1.c above for the following documents created, sent, or received after December 6, 2018:

      a. Emails and attachments received from or sent to in-house eClinicalWorks counsel that were sent for the purpose of providing or obtaining legal advice, were about this lawsuit or the DOJ's investigation of the Relators' allegations, and were not disseminated beyond individuals who, because of eClinicalWorks' corporate structure, needed to know their contents;

      b. Documents prepared by an in-house eClinicalWorks counsel that were about this lawsuit or the DOJ's investigation of the Relators' allegations (not attached to emails) and were not disseminated beyond individuals who, because of eClinicalWorks' corporate structure, needed to know their contents; and

      c. Emails between eClinicalWorks employees conveying legal advice from either in-house or outside counsel that were sent at the direction of a superior for the purpose

       of eClinicalWorks giving or receiving legal advice, that were about this lawsuit or the DOJ's investigation of the Relators' allegations, and that related to matters within the scope of the employees' duties.

4. Privilege logs described in Section 1 shall be provided to the receiving party no more than 45 days after the date on which the documents would otherwise have been required to be produced or were produced in redacted form. The logs provided shall be in a searchable, sortable format.

5. No privilege log entries shall be required as to the following categories of materials, and any applicable privilege or protection shall be preserved even if such materials are not listed on a producing party's privilege log:
   a. Attorney-client communications between a party and its counsel about this case;
   b. Attorney work-product created for this case;
   c. Documents and communications between and/or among counsel that has been retained by a party and the party, litigation technology consultants or providers, and any non-testifying experts, provided that no party need produce or log communications with a testifying expert that are not required to be produced under Fed. R. Civ. P. 26(b)(4)(C); and
   d. Privilege redactions made on the face of produced documents (which shall be identified as "Privileged", "Work Product" or "Privileged/Work Product"), provided that if the receiving party reasonably believes that the unredacted portions of the document do not provide the information sufficient to allow the privilege claim to be assessed, it may request, and the producing party shall promptly provide, additional information consistent with Section 1, to enable the privilege claim to be assessed.

6. A party may use electronic email threading to identify emails that are part of the same thread and need include a single entry for the most inclusive email thread on the log to identify withheld emails that constitute an email thread; provided, however, that no emails within the thread are sent or received by, or forwarded to, third parties. Disclosure must be made that the e-mails are part of an email thread.

7. As an alternative to the procedure set forth in Sections 1, 2 and 3 above, the parties may meet and confer about the use of categorical entries for groups of documents. Reasonable written proposals from any producing party concerning the use of categorical privilege entries shall be reasonably considered by any receiving party. If the receiving party refuses, the receiving party shall describe the reasons for the refusal in writing. Nothing in this Order prevents the producing party or receiving party from raising the issue with the Court.

8. If the receiving party has a good-faith basis for challenging a privilege designation or any redaction, the receiving party shall present such challenge to the producing party in writing as soon as practicable, concisely explaining the basis and identifying by reference to a specific log entry or Bates number the entry at issue, and the privilege designation or redaction subject to challenge. Absent an order of the Court or consent of the parties, all challenges must be communicated by no later than 30 days before the deadline for

completion of fact discovery. The receiving party must give the producing party a reasonable opportunity to review the withheld or redacted material and the parties shall meet-and-confer in good faith to attempt to resolve the issue without Court intervention. Absent extraordinary circumstances or agreement of the parties, the meet and confer shall occur within 14 days of the receiving party sending written notice of a challenge.

9. If these meet-and-confer discussions prove unsuccessful, either party may request a conference with the Court to set procedures for resolving the challenges, which shall allow the party asserting the privilege reasonable opportunity to collect and present evidence (including affidavits) in support of the privilege claim.

10. Nothing in this Order is intended to alter or shift the burden of establishing privilege protections by the party asserting such protections.

11. Although the parties must meet-and-confer in good faith regarding any challenge to a privilege assertion before bringing such challenge to the Court's attention for resolution and adjudication (as described in Section 8 above), nothing herein shall be construed to serve as a delay or obstacle for any party seeking to challenge a claim of privilege.

This the XX day of April, 2023

/s/ DRAFT
Robert H. Snyder
Georgia Bar No. 404522
rob@cannellasnyder.com
Rory A. Weeks
Georgia Bar No. 113491
rory@cannellasnyder.com
Devin L. Mashman
Georgia Bar No. 257588
devin@cannellasnyder.com
William D. Ortiz
Georgia Bar No. 327613
Cannella Snyder LLC
315 W. Ponce De Leon Ave.
Suite 885
Decatur, Georgia 30030
(404) 800-4828

Brian P. Adams
Georgia Bar No. 142474
brian@brianadamslaw.com
Mary Beth Hand
Georgia Bar No. 322836
mbhand@brianadamslaw.com
Adams Law Firm
598 D.T. Walton Sr. Way
Post Office Box 142
Macon, Georgia 31202
(478) 238-0231

/s/ DRAFT
James W. Cobb
Georgia Bar No. 420133
jcobb@caplancobb.com
Julia Blackburn Stone
Georgia Bar No. 200070
jstone@caplancobb.com
Caplan Cobb LLC
75 Fourteenth Street N.E., Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604

Aaron Katz (*pro hac vice*)
akatz@aaronkatzlaw.com
Aaron Katz Law LLC
399 Boylston Street, 6th Floor
Boston, Massachusetts 02116
Tel.: (617) 915-6305

Geoffrey M. Wyatt (*pro hac vice*)
geoffrey.wyatt@skadden.com
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Tel: (202) 371-7000
Fax: (202) 393-5760

Counsel for Plaintiffs	Counsel for Defendant

  The Court, having reviewed the information contained in the Protocol Governing Privilege Logs And Challenges completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' plan and **MAKES IT THE ORDER OF THE COURT**.

  **SO ORDERED,** this \_\_\_\_ day of _____, \_\_\_\_\_.

_____
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT