## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.,* ALEX PERMENTER, ERIC RODIGHIERO, and CHRIS WHEELER | Case No. 5:18-CV-382 |
| Plaintiff, | |
| v. | |
| eCLINICALWORKS, LLC, | |
| Defendant. | |

## DEFENDANT eCLINICALWORKS, LLC'S
## MOTION TO FILE A SUR-REPLY OR, IN THE ALTERNATIVE, TO STRIKE NEW ARGUMENTS OR EVIDENCE IN RELATORS' REPLY BRIEF

Pursuant to Local Rule 7.3.1, Defendant eClinicalWorks, LLC ("eCW") respectfully requests leave to file a six-page sur-reply brief to address new arguments and evidence that were improperly raised in Relators' reply or, in the alternative, that the Court strike those matters.

In their opening brief, Relators spent nearly 30 pages attempting to argue why the inadvertently late production of 11,000 Jira tickets related to the APPSEC project and production of a settlement agreement that is unrelated to the claims and defenses in this case justified deeming as established Relators' central (and hotly disputed) allegation that eCW's EHR software does not meet federal certification standards. Rather than respond to eCW's opposition refuting this theory of sanctions, Relators have filed a 15-page reply espousing a new one, submitted three new declarations and proposed alternative sanctions that are just as extreme, disproportionate and improper as their original issue sanction. Because Relators have filed what is effectively a substantially revised motion for sanctions, eCW respectfully requests leave to file a short sur-reply

brief so that it may be heard on these revised points.  *See United States v. Parnell*, 1:13-cr-12 (WLS), 2014 U.S. Dist. LEXIS 55408, *1 (M.D. Ga. Apr. 22, 2014) (granting motion for leave to file sur-reply ("Because Parnell raised that argument for the first time in his reply, the United States has not had the opportunity to respond to the argument.")).[1]

*Contrast*.  Relators criticize eCW for "downplay[ing] the significance of the" Contrast data and addressing it in a footnote.  (ECF No. 180, at 7.)  But it was *Relators* who raised Contrast only in passing – eight sentences in their 30-page motion.  (*See* ECF No. 157, at 6.)  Indeed, the focus of that motion (and the bulk of their factual background and argument sections) was on eCW's purportedly "late" production of APPSEC Jira tickets.  (*See, e.g.*, *id.* at 6, 9-15, 22-24, 25-27.)  By contrast, Relators devote nearly the entirety of their reply brief to criticizing eCW's conduct with respect to Contrast.  (*See, e.g.*, ECF No. 180, at 2, 3, 5, 7, 8, 12, 13.)  Moreover, Relators have filed an entirely new declaration from Chris Wheeler, who claims to have "identified new high severity vulnerabilities" by "[u]sing" the Contrast data.  (*Id.* at 2; *see also* Ex. A to ECF No. 180.)  Basic fairness dictates that eCW be afforded an opportunity to address Mr. Wheeler's new declaration and Relators' sudden focus on Contrast and contextualize the circumstances regarding eCW's efforts to produce Contrast data.

*Declaration of Alex Hogue*.    Throughout their opening brief, Relators repeatedly suggested that production of Jira tickets was not a "burdensome" exercise.  (*See, e.g.*, ECF No.

---

[1]    *See also, e.g.*, *Gladden v. P&G Distrib., LLC*, No. 1:19-CV-2938-CAP-JSA, 2021 U.S. Dist. LEXIS 118475, *13 (N.D. Ga. May 4, 2021) ("find[ing] that Plaintiff has established good cause to grant leave to file a sur-reply, so that she may be afforded an opportunity to respond to the new arguments in Defendant's Reply."); *Baines v. City of Atlanta*, No. 1:19-CV-0279-TWT-JSA, 2021 U.S. Dist. LEXIS 115665, *13-14 (N.D. Ga. Feb. 19, 2021) (granting leave to file sur-reply where sanctions reply relied "on a newly filed declaration," recognizing that "[t]he presentation of new facts and evidence in a reply brief is grounds to grant an opposing party's request to file a sur-reply brief."); *Bell v. Guardian Auto. Corp.*, No. 1:15-CV-01350-ELR, 2017 U.S. Dist. LEXIS 231594, *6 (N.D. Ga. Dec. 12, 2017) (granting leave to file sur-reply because "Plaintiffs presented new evidence in their reply brief[.]").

157, at 2, 4, 6, 11, 12.)  But at no point in their motion did Relators even attempt to substantiate their claims regarding the supposed ease of this process.  Now, for the first time in their reply Relators have included a declaration from a third party in support of the claim made in their opening brief.  If Relators are permitted to introduce this new declaration, eCW should be given an opportunity to address it in a sur-reply and supporting declaration why Mr. Hogue's opinions are misplaced and irrelevant to the issue before the Court.

*Alternative sanctions*.  Relators do not seriously attempt to defend their request for a sweeping issue sanction beyond simply asserting that it would not be tantamount to a default judgment and that it is "directly tied" to the alleged discovery violation.  (ECF No. 180, at 14.)  Instead, they "suggest two possible alternatives": (1) that the Court "instruct the jury that it can infer that eCW violated its discovery obligations"; and (2) that the Court "preclude eCW from seeking summary judgment on the certification issue[.]"  (*Id.* at 15.)  It would be extremely unfair to consider these supposed "alternatives" without affording eCW the opportunity to address these new forms of relief requested and explain how they are also not appropriate in this circumstance.

Finally, if the Court does not grant eCW leave to file a sur-reply addressing these issues, it should alternatively strike Relators' new arguments and evidence—all of which should have been included in their opening brief.  *See Iroko Partners Ltd. v. Devace Integrated LLC*, No. 1:12-cv-01194-SCJ, 2014 U.S. Dist. LEXIS 190272, *7 (N.D. Ga. Jan. 6, 2014) (agreeing that party "improperly attempted to use the opportunity to have the last say in its reply brief to present evidence it should have presented in its opening brief" and striking that evidence); *McCray v. Cellco P'ship*, No. 1:10-CV-2821-SCJ, 2011 U.S. Dist. LEXIS 82420, *7-9 (N.D. Ga. Apr. 8, 2011) (striking new "evidence arguments raised for the first time in a reply brief").  The only

conceivable reason Relators chose to raise them for the first time in their reply brief was to preclude eCW from responding to them.  The Court should not countenance such litigation gamesmanship.

In short, given the importance of the issues raised in Relators' reply brief, and because it introduces new matters that eCW could not address in its opening brief, eCW respectfully seeks leave to file a six-page sur-reply or, in the alternative, that the Court strike the new arguments and evidence from the record.

**CONCLUSION**

For the reasons discussed above, eCW respectfully requests that the Court grant it leave to file a six-page sur-reply or, in the alternative, that the Court strike the new arguments and evidence from the record.

Dated:    October 2, 2024        Respectfully submitted,

_/s/ James W. Cobb_
James W. Cobb
Georgia Bar No. 420133
jcobb@caplancobb.com
Julia Blackburn Stone
Georgia Bar No. 200070
jstone@caplancobb.com
CAPLAN COBB LLC
75 Fourteenth Street N.E., Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604

Aaron Katz (*pro hac vice*)
akatz@aaronkatzlaw.com
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, Massachusetts 02116
Tel: (617) 915-6305

Jessica Davidson (*pro hac vice*)
jessica.davidson@skadden.com
Richard T. Bernardo (*pro hac vice*)
richard.bernardo@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
Fax: (917) 777-2000

Geoffrey M. Wyatt (*pro hac vice*)
geoffrey.wyatt@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Tel: (202) 371-7000
Fax: (202) 393-5760

*Counsel for Defendant eClinicalWorks, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 2, 2024, the foregoing documents were filed with the Clerk of the U.S. District Court for the Middle District of Georgia, Macon Division, using the Court's electronic filing system ("ECF"), and that all counsel of record received the same via ECF.


_/s/ James W. Cobb_
James W. Cobb
Caplan Cobb LLC
75 Fourteenth Street N.E., Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604

_Attorney for Defendant eClinicalWorks, LLC_