IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ALEX PERMENTER, ERIC RODIGHIERO, and CHRIS WHEELER, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 5:18-cv-382 (MTT) |
| eCLINICALWORKS, LLC, | ) ) ) |
| Defendant. | ) ) ) |

## ORDER

In this False Claims Act case, the Court granted in part and denied in part Defendant eClinicalWorks, LLC's ("eCW") motion for summary judgment. Docs. 345; 346. In the order entered on the public docket, the Court temporarily redacted discussion of alleged vulnerabilities in eCW's electronic health records software. Doc. 346. An unredacted order is on the docket but is restricted to Court users and the parties. Doc. 345. eCW has moved to (1) maintain the existing redactions; (2) redact references to information from reports by Quandary Peak Research; and (3) redact references to eCW's settlement agreement with Quandary Peak. Doc. 348. For the following reasons, eCW's motion (Doc. 348) is **GRANTED in part** and **DENIED in part**. The request to maintain the current redactions is **GRANTED**. The motion is otherwise **DENIED** in all other respects.

## I. DISCUSSION

The public enjoys a qualified common-law right of access to judicial proceedings. *See generally Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001). "Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents." *Id*. at 1311 (citation omitted). This right is not absolute and "may be overcome by a showing of good cause." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007). Courts deciding whether to seal documents must balance the interest of the parties and the public and may consider, among other factors, "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246; *see also Chicago Tribune*, 263 F.3d at 1311 ("[A] judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to ... [the] production [of the documents in question].").

eCW does not dispute that the information at issue here is subject to the common-law right of access. However, eCW broadly claims that reference to alleged security vulnerabilities in its software could encourage cyberattacks, that sealing the information is necessary to the success of future Corporate Integrity Agreements, and that allowing this information to be public would violate agreements between eCW, the Office of Inspector General of the U.S. Department of Health and Human Services, and

2

third-parties, negotiated with the intent that the information be kept confidential.  Doc. 348.  "These same concerns," according to eCW, "supported the Court's prior orders granting leave to redact … documents, and continue to apply in equal force today."  *Id.* at 2 (footnote omitted).  But many of the parties' redactions in their briefs and related filings have ultimately been unnecessary, inappropriate, and/or overly broad.  More importantly, the question now is whether a dispositive order of the Court should be shielded from the public.

Relators do not oppose eCW's request to maintain the existing redactions, and the Court easily concludes that those redactions are necessary.  At this point, the alleged vulnerabilities in eCW's software are just that—unproven allegations.  Moreover, the software version at issue was first released in December 2017, and Relators filed this action in October 2018.  In software years, that was a long time ago, and eCW has since released new versions.  Still, public disclosure of *detailed* technical discussion of those likely-stale allegations could inspire malicious actors.  Even a remote possibility of disclosure of patients' protected health information weighs in favor of redacting the Court's in-depth discussion of the Relators' technical allegations.  That concern outweighs, for now, the public's right of access.[1]

As for the Quandary Peak-related redaction requests, eCW has not carried its burden to establish that its asserted interests outweigh the public right of access.  Quandary Peak's involvement arose out of eCW's 2017 settlement of another FCA

---

[1] There is, perhaps, some irony in the fact that eCW argues that prior public disclosure of flaws in its software bars Relators' claims but yet seeks to prevent public disclosure of Relators' claims.  In its summary judgment order, the Court ruled that it could not sustain as a matter of law eCW's public-disclosure-bar defense.  That raises more irony.  The next step is a jury trial.  If there is a trial, it will be open to the public.

action.  *See United States ex rel. Delaney v. eClinicalWorks, LLC*, No. 2:15-cv-95 (D. Vt. May 1, 2015).  Considerable information about Quandary Peak has long been on the record and discussed in open court.  The parties never asked the Court to "seal" those records or to bar the public from the courtroom.[2]  Conclusory assertions of possible harm, such as those advanced by eCW, are insufficient. *Romero*, 480 F.3d at 1247. "'The party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection.'" *In re: Photochromic Lens Antitrust Litig.*, 2011 WL 13141945, at *1 (M.D. Fla. 2011) (quoting *In re Parmalat Secs. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)). eCW makes no such demonstration.[3]  For that matter, eCW was not specific about the need to maintain the existing redactions.  But the Court has long been steeped in the facts of this case and, as discussed, is satisfied that the existing redactions are appropriate.  And thanks to discovery disputes, the parties immersed the Court deeper still in the Quandary Peak affair.  The Court can discern no compelling reason to redact its not-very-detailed discussion of that affair.  Furthermore, "[i]t is immaterial whether the sealing of the record is an integral part of a negotiated settlement … Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case ... [a]bsent a showing of extraordinary circumstances." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).  Here, eCW fails to adequately analyze the balancing test in *Romero* or show that this is an extraordinary

---

[2] That is just a relevant observation, not a waiver ruling.

[3] For instance, eCW claims that "the Court should … redact additional portions of the order to the extent they detail the substance of [QuandaryPeak]'s reports" because "publishing sensitive information from the SQOO's reports detailing alleged security vulnerabilities in eCW's EHR software would encourage malicious actors."  Doc. 348 at 4-5.  Yet, eCW does not even attempt to identify a specific security flaw identified by SQOO that is not currently redacted.

4

circumstance warranting additional redactions.  Balancing the privacy interests asserted by eCW (augmented by the Court's thorough review of the record) against the presumption of openness that governs the Court's rulings, the Court concludes that eCW has failed to overcome the common-law right of access.

Accordingly, eCW's motion to seal (Doc. 348) is **DENIED** except as stated in this order.

**SO ORDERED**, this 21st day of July, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
