## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>eCLINICALWORKS, LLC,<br><br>    Defendant. | No. 5:18-CV-382<br><br>Honorable Marc T. Treadwell |

**DEFENDANT eCLINICALWORKS LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PRECLUDE RELATORS FROM SEEKING DAMAGES BASED ON ANY VERSION OTHER THAN VERSION 11 OF THE SOFTWARE**

**TABLE OF CONTENTS**

**INTRODUCTION**...............................................................................................................................1

**BACKGROUND** .................................................................................................................................1

    A.       This Case Is Now Only About Version 11 of eCW's Certified EHR Software. ..................1

    B.       Ms. Wolfston Admits the Scope of Her Damages Model Is Broader Than and Cannot Be Narrowed to Version 11 Only............................................................................2

    C.       Limiting Ms. Wolfston's Model to Version 11 Yields a Reduced Maximum Damages of Roughly $89 million. .......................................................................................3

    D.       Additional Critical Deficiencies in Ms. Wolfston's Damages Model: Failure to Address Resolved Technical Allegations. ............................................................................4

**ARGUMENT**......................................................................................................................................4

**CONCLUSION** ...................................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Boca Raton Cmty. Hosp., Inc. v. Tenet Health Care Corp.*,
   582 F.3d 1227 (11th Cir. 2009) ................................................................................................5

*Children's Broadcasting Corp. v. The Walt Disney Co.*,
   245 F.3d 1008 (8th Cir. 2001) ..................................................................................................6

*Comcast Corp. v. Behrend*,
   569 U.S. 27 (2013) ....................................................................................................................5

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) ..................................................................................................................5

*Ford Motor Co. v. Versata Software, Inc.*,
   No. 15-11624, 2018 WL 10733561 (E.D. Mich. July 9, 2018) ................................................5

*KW Plastics v. U.S. Can Co.*,
   131 F. Supp. 2d 1289 (M.D. Ala. 2001) ...................................................................................5

*Simmons v. USI Ins. Servs.*,
   LLC, 721 F. Supp. 3d 1333 (M.D. Fla. 2024) ......................................................................4, 6

**Rules**

Fed. R. Evid. 702 ............................................................................................................................4

**Other Authorities**

42 C.F.R. § 414.1320 ......................................................................................................................3

Defendant eClinicalWorks, LLC ("eCW") submits this motion pursuant to the schedule for motions addressing admissibility issues relating to the quantification of damages set forth in the Court's Scheduling and Discovery Order, ECF No. 100, § V.C (the "Schedule").[1]

## INTRODUCTION

The Court should preclude Relators from presenting evidence at trial on the amount of damages estimated by their expert Emily Wolfston. That is because her model assumed a fact that is no longer true: that Relators were premising liability on both versions 10 and 11 of eCW's certified electronic health records ("EHR") software. As this Court and Relators have noted several times, this case is now only about version 11. Relators recently narrowed their claims in opposing summary judgment to version 11 only—a construction this Court accepted.

But Ms. Wolfston did not prepare a version-11-only model. To the contrary, she explicitly testified that her damages model accounts only for scenarios where both versions 10 and 11 are at issue. Thus, her damages model no longer fits this case. eCW moves to exclude evidence of damages amount (including Ms. Wolfston's opinions) that are not tied to Relators' liability theory.

## BACKGROUND

**A.     This Case Is Now Only About Version 11 of eCW's Certified EHR Software.**

Relators allege that eCW's EHR software contains security flaws that make it not compliant with certification requirements established by the Office of the National Coordinator for Health Information Technology ("ONC"). In Relators' response to eCW's motion for summary judgment, Relators narrowed to a single version of the eCW EHR software—version 11. (ECF No. 266 at 4 (Relators' claims specifically concern version 11 of eCW's EHR software); *see*

---

[1] Under Section § V.C of the Schedule, "*Daubert* motions challenging an expert proffer pertaining solely to the quantification of alleged damages shall be filed by no later than 60 days after the Court rules on dispositive motions." (ECF No. 100.)

*also id.* at 32 (same).) The Court accepted this framing in denying eCW's motion, confirming that version 11 is the only version at issue in this case, a finding that contributed in part to Relators' success in defeating summary judgment based on the public-disclosure bar. (Summary Jgmt. Order at 6, ECF No. 345; *see also id.* at 53-54 (denying summary judgment on public disclosure bar in part because prior action involved a different version); *see also* Summary Jgmt. Redaction Order, at 3, ECF No. 350 ("the software version at issue was first certified in December 2017," meaning version 11); Mot. Hr'g Tr. 6:14-20, 9:9-18, June 4, 2025 (court referencing version 11 as the relevant version).) This represents a shift from the theory at issue when Ms. Wolfston served her reports. As of that time, Relators had argued that their claims covered several different versions of eCW's EHR software. (*E.g.*, Relators' Opp'n to Def.'s Mot. to Dismiss at 11 n. 46, ECF No. 75 (referencing versions 10 and 11).) And in discovery, Relators sought information about versions 10, 11 and 12, including information specific to damages.[2] In response, eCW produced documents for the multiple versions and time periods requested by Relators.[3]

### B. Ms. Wolfston Admits the Scope of Her Damages Model Is Broader Than and Cannot Be Narrowed to Version 11 Only.

Consistent with Relators' earlier, broader framing of the case, their purported damages expert, Ms. Wolfston, prepared her reports using a model that covered all versions in use during five Performance Years under the Merit-based Incentive Payment System ("MIPS") program. In Ms. Wolfston's expert reports, she offers a damages model that assumes that no version of eCW's EHR software was properly certified in 2017, 2018, 2019, 2020 or 2021. (Wolfston Rep., ¶ 23,

---

[2] *See e.g.*, March 29, 2023 Relators' First Request for Documents, ECF No. 157-4 (the "Requests"), Request No. 9 (requesting eCW customer list for eCW EHR software versions 10, 11 and 12); Wheeler and Rodighiero Expert Report ("Relators' Rpt."), Dec. 15, 2023, ¶ 26, ECF No. 196-2 (eCW versions tested included version 10, 11 and 12).) Version 10 had certified status for portions of the periods covered by Ms. Wolfston's estimates. *See* https://chpl.healthit.gov/#/listing/8525 (version 10 SP2); https://chpl.healthit.gov/#/listing/4040 (version 10).

[3] Due to the sensitive nature of this information, eCW is not attaching this document as an exhibit, but its Bates number is ECW_PER001453049_ATTORNEYS' EYES ONLY.

ECF No. 192-3; Wolfston Suppl. Rep., ¶ 6, ECF No. 192-6.) She also relies on the customer list provided by eCW in discovery that, as noted above, included customers on versions 10, 11 and 12, and indicated the dates on which different versions went into use. (*See* Wolfston Rep., Ex. 2, ECF No. 192-3 (citing ECW_PER001453049_ATTORNEYS' EYES ONLY).) Thus, Ms. Wolfston's model includes alleged damages for versions 10 and 11. (*See, e.g.*, Wolfston Rep., Ex. 4 (Damage Method 1), ECF No. 192-4; *id*, Ex. 5 (Damages Method 2), ECF No. 192-4; *see also* Expert Declaration of Laurence Baker ("Baker Decl."), August 25, 2025, ¶ 16 (attached as Ex. A).) Based on that approach, Ms. Wolfston calculates damages of $215 million in method 1 of her model. (Wolfston Suppl. Rep., ¶¶ 7-8, ECF No. 192-6.)

Ms. Wolfston admitted that her model does not account for scenarios in which liability is premised on particular versions. (*See* Wolfston Dep., Tr. 163:11-15, ECF No. 218-24.) Nor does Ms. Wolfston's model isolate damages by version of the eCW EHR software. (*Id.* 163:16-22.)

C.     **Limiting Ms. Wolfston's Model to Version 11 Yields a Reduced Maximum Damages of Roughly $89 million.**

To establish that Ms. Wolfston's analysis substantially overstates damages, eCW's damages expert, Dr. Laurence Baker, conducted a targeted revision of Ms. Wolfston's original model. (*See generally* Baker Decl., ¶¶ 9, 16.) To do so, Dr. Baker took Ms. Wolfston's model and filtered it to clinicians in Ms. Wolfston's spreadsheet who allegedly used version 11 in a calendar year in which they could not claim use of another version of eCW's software for at least 90 days.[4] (*Id*. ¶¶ 16, 25.) In doing so, Dr. Baker employed the same methodologies that Ms. Wolfston used in her model and utilized characteristics from the customer data on which she

---

[4]     Under MIPS rules governing the Performance Years at issue, a clinician could claim meaningful use of Certified EHR Technology ("CEHRT") sufficient to be eligible for points in the Promoting Interoperability category as long as they used CEHRT for at least 90 continuous days in the Performance Year. *See* 42 C.F.R. § 414.1320.

3

relied to identify and isolate those who used version 11 for the relevant time periods. (*Id.* ¶ 25.) This process involved filtering the data based on the start and end dates of each clinician's use of version 11. (*Id.* ¶ 16.) This analysis reduces the Relators' damages under Ms. Wolfston's model (method 1) to a maximum amount of $89 million. (*Id.* ¶ 25.)[5]

### D. Additional Critical Deficiencies in Ms. Wolfston's Damages Model: Failure to Address Resolved Technical Allegations.

Ms. Wolfston's model similarly cannot account for a scenario in which the jury finds for Relators on one or multiple technical allegations that it also concludes were remedied before the end of the damages period. To illustrate this issue, Dr. Baker was instructed to assume that only version 11 is at issue and the parties or the jury narrow the action to a technical allegation that was resolved by February 2019. For this analysis, Dr. Baker took the reduced maximum of $89 million (when only considering version 11) and applied an end date of February 10, 2019. (Baker Decl., ¶ 27.) This analysis reduces the Relators' damages to a maximum amount to $32,953. (*Id.* ¶ 28.)

## ARGUMENT

For expert testimony to be admissible under Rule 702 and *Daubert*, it must be reliable and relevant. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). To be "relevant," and thus assist the trier of fact, the expert's methodology must "fit" the facts of the case and "fit" the liability theory. *Simmons v. USI Ins. Servs.,* LLC, 721 F. Supp. 3d 1333, 1345 (M.D. Fla. 2024) ("To be admissible, expert testimony must be reliable, but it also must be relevant—that is, the testimony must 'fit' the facts and legal theories applicable in the case.").

---

[5] This reduction in damages addresses only the impact of filtering Ms. Wolfston's damages to reflect Relators' liability theory and does not address other legal or factual grounds on which Ms. Wolfston's damages may be further reduced or eliminated, including, but not limited to, those relating to identification of actual eCW customers and reweighting based on automatic exemptions under MIPS or other methodological adjustments. As noted in separate briefing filed today, additional problems of duplicate entries prevented a recalculation of Ms. Wolfston's second method. eCW reserves the right to assert all available grounds that Ms. Wolfston's estimates are unreliable and overstate alleged damages.

For a damages model proffered by a plaintiff's expert to "fit" the liability theory and the facts, it must correspond to the specific theory of liability that the plaintiff advances in the action and the facts to be presented at trial. *See Boca Raton Cmty. Hosp., Inc. v. Tenet Health Care Corp.*, 582 F.3d 1227, 1231–34 (11th Cir. 2009) (affirming district court's decision to exclude expert's damages model because it was not a "fit" with the liability theory, and therefore, failed to satisfy the *Daubert* standard); *KW Plastics v. U.S. Can Co.*, 131 F. Supp. 2d 1289, 1294 (M.D. Ala. 2001) (excluding damages expert because their opinions "fail[] the relevancy prong of the *Daubert* test, which require[] that the evidence fit the facts of the case").[6] Thus, a model that is not tied to Relators' theory of liability and the facts cannot be used to establish damages. *Boca Raton Cmty. Hosp., Inc.*, 582 F.3d at 1231–32.

The Court should exclude Ms. Wolfston's damages opinions under these principles because her opinions rest on a mistaken premise about which versions of the software remain at issue and thus do not "fit" that theory of liability. Indeed, Ms. Wolfston testified that her model could not account for this narrower theory of liability. In similar circumstances in *Boca*, the U.S. Court of Appeals for the Eleventh Circuit found that the damages expert's opinion did not align with the plaintiff's liability theory because the model included both aspects that were part of the liability case and aspects that were not. *Id*. The Court likened the damages model to an "oversized coat, the expert opinion covered too much"—and that warranted exclusion. *Id.*; *accord KW Plastics*, 131 F. Supp. 2d at 1292-93 (Damages expert's opinions were excluded because they

---

[6] *See also Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013) (holding in class action context that where a broader liability theory has been revised to narrower theory, "[i]t follows that a model purporting to serve as evidence of damages . . . measure[s] only those damages attributable to that theory"); *Ford Motor Co. v. Versata Software, Inc.*, No. 15-11624, 2018 WL 10733561, at *8 (E.D. Mich. July 9, 2018) (excluding expert damages opinion partially because the expert "failed to limit his damages calculation to the asserted trade secrets") (quotation marks omitted).

assumed lost profits based on 22.7 million gallons of paint, even though the facts related to 15.0 million gallons of paint.).

Similarly, here, Ms. Wolfston puts forth a model that spans several years—and is inclusive of multiple versions of the eCW EHR software. This model is not aligned with Relators' revised liability theory and the relevant facts—which now only concern version 11. Nor does her model provide the jury with any method by which to segregate or isolate the damages attributable to version 11, as she conceded. (Wolfston Dep., Tr. 163:16-22, ECF No. 218-24.) Thus, even accepting the fundamental flaws in Ms. Wolfston's model, her analysis does not fit the case. Exclusion of Ms. Wolfston's damages opinions is therefore necessary "to avoid 'exposing the jury to an exaggerated sum of damages.'" *Simmons v. USI Ins. Servs., Inc.*, 721 F. Supp.3d 1333, 1340 (M.D. Fla. 2024) (quoting *Children's Broadcasting Corp. v. The Walt Disney Co.*, 245 F.3d 1008, 1017-18 (8th Cir. 2001)).[7] The Court should therefore exclude her opinion or, at minimum, limit Ms. Wolfston's model to Relators' theory of liability, the relevant facts and the actual finding of liability (if any)—so that it is a "fit."[8]

## CONCLUSION

WHEREFORE, eCW respectfully requests that the Court issue an order excluding the evidence described herein from trial.

---

[7] As previously noted, a key flaw in Ms. Wolfston's model is her assumption that eCW's EHR customers did not receive a promoting interoperability hardship exception. (*See* Rebuttal Rep. of Laurence C. Baker and David C. Grabowski ("Baker & Grabowski Rep."), ¶ 23, Sept. 16, 2024, ECF No. 192-18; Motion to Exclude Testimony of Emily C. Wolfston, ECF No. 192, 4-5, 16.) If the model were revised to assume these exceptions were granted for customers using version 11, damages fall to negative $7 million—in other words, no damages. (Baker Decl., ¶ 29.)

[8] To the extent the Court permits Relators to submit a revised model to align with their theory of liability, eCW's damages rebuttal experts, Dr. Baker and Dr. Grabowski, should likewise be permitted to offer revised opinions that adjust their prior opinions to Relators' new theory of liability, including those set forth in the attached Baker Declaration. These opinions should address the "fit" between the model and the liability theory and the relevant facts, as well as alternative scenarios set forth in the Baker Declaration.

Dated: August 25, 2025            Respectfully submitted,

                                       */s/ Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
Donia Michel Meier
Georgia Bar No. 257282
dmeier@jamesbatesllp.com
JAMES BATES BRANNAN GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

Geoffrey M. Wyatt (*pro hac vice*)
geoffrey.wyatt@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-3393

Jessica Davidson (*pro hac vice*)
jessica.davidson@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800

Allison M. Brown (*pro hac vice*)
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, Pennsylvania 19103
Tel: (215) 268-5000

Aaron Katz (*pro hac vice*)
akatz@aaronkatzlaw.com
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, Massachusetts 02116
Tel: (617) 915-6305

                                      Richard T. Bernardo (*pro hac vice*)
                                      richard.bernardo@skadden.com
                                      SKADDEN, ARPS, SLATE, MEAGHER &
                                      FLOM LLP
                                      One Manhattan West
                                      New York, NY 10001
                                      Tel: (212) 735-3000
                                      Fax: (917) 777-2000

                                      *Counsel for Defendant eClinicalWorks, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 25, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this matter.

/s/ *Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN
GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720