UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>eCLINICALWORKS, LLC,<br><br>Defendant. | CASE NO. 5:18-CV-382 |

**RELATORS' MOTION TO STRIKE ECW'S UNTIMELY *DAUBERT* MOTIONS[1]**

On October 30, 2024, eCW moved to exclude the opinions of Relators' MIPS damages expert, Emily Wolfston, in a scattershot approach that challenged her qualifications, her methodology, and the fit of her opinions to the facts. Doc. 192. The Court denied eCW's motion in its entirety on June 4, 2025. Doc. 333. 82 days after the Court's Order, eCW filed **three new *Daubert* motions** targeting Ms. Wolfston's damages opinions on entirely new grounds. *See* Docs. 364, 365, 367. eCW's belated motions do nothing more than rehash arguments the Court expressly rejected[2] or make arguments that eCW could have made when it first sought Ms. Wolfston's exclusion.[3] eCW's motions are untimely and inappropriate motions for reconsideration that should be stricken for violating the Local Rules and this Court's scheduling Orders.

---

[1] Relators have filed a motion to extend the time to respond to eCW's motions and will provide substantive responses, if necessary, at the appropriate time.

[2] For example, eCW resurrects its argument that Ms. Wolfston's analysis is flawed because she did not account for various MIPS exceptions that were never triggered. *Compare* Doc. 192-1 at 16 (arguing Ms. Wolfston allegedly failed to account for MIPS hardship exception) *with* Doc. 365-1 at 2-3 (arguing Ms. Wolfston allegedly failed to account for MIPS exceptions, including the "hardship exception").

[3] For example, eCW argues Ms. Wolfston allegedly fails to account for software versions. Doc. 364-1. But eCW questioned Ms. Wolfston about this at her 2024 deposition. *Id.* at 3 (quoting Wolfston testimony about software versions). And despite eCW's statements to the contrary, discovery in this case has always focused on Version 11.

1

eCW had a full and fair opportunity to present its arguments to exclude Mr. Wolfston's damages testimony.  The Court denied eCW's motion.  Although eCW did not call its new filings motions for reconsideration, that is undoubtedly what they are.  Each new motion argues that some portion of Ms. Wolfston's damages model fails to meet the *Daubert* standard, precisely the argument eCW made last year and lost several months ago.  *Compare* Doc. 192 *with* Docs. 364, 365, 367.  If eCW wanted the Court to reconsider its Order denying Ms. Wolfston's exclusion, it had until June 18, 2025, to do so.  L.R. 7.6.  eCW missed that deadline by 68 days.  As a result, the motions should be stricken as untimely and contrary to the Local Rules.  *See*, *e.g., Allen v. BAC Home Loans Servicing LP*, No. 5:10-CV-181-MTT, 2010 WL 3950980, at *1 (M.D. Ga. Oct. 7, 2010) (J. Treadwell) (striking filing that did not comply with Local Rules); *Doe by & through Doe v. Colquitt Cty. Sch.*, No. 7:19-CV-210 (HL), 2020 WL 1929839, at *1 (M.D. Ga. Apr. 21, 2020) (same).

Even if eCW's rehashed *Daubert* motions were timely, eCW makes no effort to meet the standard for reconsideration.  "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."  *Bingham v. Nelson*, No. 5:08-CV-246 (CAR), 2010 WL 339806, at *1 (M.D. Ga. 2010) (internal quotation marks and citation omitted).  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived."  *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997).  Ms. Wolfston's reports and underlying data were produced and she was deposed at length by eCW's counsel before eCW filed its first motion to exclude her opinions in 2024.  *See* Doc. 192-

3 (Aug. 2, 2024 Wolfston Rep.); Doc. 192-6 (Oct. 15, 2024 Supp. Wolfston Rep.); Doc. 291-1 (Aug. 30, 2024 Wolfston Dep.).  eCW's experts then prepared and submitted two rebuttal reports.  Docs. 208-1, 294-1.  The arguments eCW makes in its second round of *Daubert* motions either mirror those already rejected by the Court (*e.g.,* significance of MIPS exceptions) or could have been made when eCW filed its first motion on October 30, 2024 (*e.g.,* arguments related to differing software versions and the inclusion of allegedly non-eCW customers).  It is improper for eCW to restate arguments it already made and lost and its strategic decision not to make new arguments for exclusion until after the Court rejected its first round of arguments does not warrant reconsideration of the Court's June Order.

eCW attempts to avoid that obvious conclusion by suggesting that it is not seeking reconsideration, but is instead filing motions contemplated by an earlier version of the Scheduling Order that provided for staggered *Daubert* deadlines for liability and damages experts.  *See* Doc. 364-1 at 1, n.1 (citing Doc. 100 and stating "*Daubert* motions challenging an expert proffer pertaining solely to the quantification of alleged damages shall be filed by no later than 60 days after the Court rules on dispositive motions").  eCW's argument fails for at least two reasons.  *First,* while the Court's original scheduling Order included staggered *Daubert* deadlines, none of its later Orders maintained separate deadlines and the operative scheduling Order required that all *Daubert* motions be filed on or before October 30, 2024.  Doc. 119 at 2 (setting one *Daubert* deadline of October 30, 2024).[4]  Thus, eCW's new and rehashed *Daubert* motions were untimely by 299 days.  *Second,* even if the Court's scheduling Order included an

---

[4] On December 5, 2023, the Court amended various deadlines, setting one deadline for "Daubert motions" on August 31, 2024.  *See, e.g.*, Doc. 119 at 2.  On February 19, 2024, the parties filed a "Joint Motion to Modify Internal Discovery Deadlines" which proposed amending "some of the deadlines in the discovery schedule, ***without altering the August 31, 2024 deadline for dispositive and Daubert motions***."  Doc. 134 at 1 (emphasis in original).  The next day the Court granted that motion and, on its own initiative, extended the August 31, 2024 deadline for "Daubert motions" to October 30, 2024.  Doc. 135 (letter order) at 2 ("Finally, the following deadlines are extended by 60 days . . . Dispositive and Daubert motions are due by October 30, 2024.").

3

*implied* staggered filing deadline for damages-only *Daubert* briefs, eCW abandoned any right to hold certain damages arguments until after summary judgment was denied when it made the strategic decision to move to exclude Ms. Wolfston's "quantification of alleged damages" at the first deadline.  There was never a provision in any scheduling Order allowing eCW to seek to exclude Relators' "quantification of alleged damages" ***twice***, and allowing eCW to file serial *Daubert* motions to test new arguments is a needless waste of this Court's and Relators' time.[5]  As a result, eCW's motions should be stricken as untimely and improper under the Court's scheduling Orders.  *See Enwonwu v. Fulton-Dekalb Hosp. Auth.*, 286 F. App'x 586, 595 (11th Cir. 2008) ("District courts 'enjoy broad discretion in deciding how best to manage the cases before them,' and that discretion extends to whether to consider untimely motions . . . ." (citations omitted)); *Evans v. CMFG Life Ins. Co.*, No. 1:23-CV-107 (LAG), 2025 LX 182835, at *10 (M.D. Ga. Mar. 31, 2025) (declining to consider untimely motion).

In short, eCW's successive, untimely motions to exclude or limit Ms. Wolfston's MIPS damages analysis violate the Local Rules and this Court's Scheduling Orders.  They should be stricken so the parties can focus on issues this Court has not already decided.

Respectfully submitted this 28th day of August, 2025.

*/s/ Meredith C. Kincaid*
Anna Green Cross
Georgia Bar No. 306674
anna@crosskincaid.com
Meredith C. Kincaid
Georgia Bar No. 148549
meredith@crosskincaid.com
CROSS KINCAID LLC
315 W. Ponce de Leon Ave, Suite 715

---

[5] *See* Fed. R. Civ. Pr. 1 (Federal rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"); *McBride v. Houston Cnty. Health Care Auth.*, No. 1:12CV1047-MHT, 2015 WL 3648995, at *1 (M.D. Ala. June 11, 2015) (allowing party to file successive *Daubert* motions would result in "lack of incentive to complete" due diligence before filing).

Decatur, Georgia 30030
Tel: (404) 948-3022

Robert H. Snyder, Jr.
Georgia Bar No. 404522
rob@cannellasnyder.com
Alexandra "Sachi" Cole
Georgia Bar No. 696892
sachi@cannellasnyder.com
Hannah Drosky Amanuel
Georgia Bar No. 922743
hannah@cannellasnyder.com
CANNELLA SNYDER LLC
315 W. Ponce de Leon Ave, Suite 885
Decatur, Georgia 30030
Tel: (404) 800-4828
Fax: (404) 393-0365

Brian P. Adams
Georgia Bar No. 142474
brian@brianadamslaw.com
Mary Beth Hand
Georgia Bar No. 322836
mbhand@brianadamslaw.com
ADAMS LAW FIRM
598 D.T. Walton Sr. Way
Post Office Box 142
Macon, Georgia 31202
Tel: (478) 238-0231
Fax: (478) 216-9188

*Counsel for Relators/Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the foregoing by electronically mailing a copy of the same to counsel of record, who, by registering with the Court's CM/ECF system, has consented to electronic service.

This 28th day of August, 2025.

                                            */s/ Meredith C. Kincaid*
                                            Meredith C. Kincaid
                                            Georgia Bar No. 148549

                                            *Counsel for Relators/Plaintiffs*