# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> eCLINICALWORKS, LLC, <br><br> Defendant. | No. 5:18-CV-382 <br><br> Honorable Marc T. Treadwell |

**eCLINICALWORKS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1 TO PRECLUDE RELATORS FROM INTRODUCING IRRELEVANT AND UNFAIRLY PREJUDICIAL EVIDENCE AND ARGUMENTS REGARDING *UNITED STATES EX REL. DELANEY v. eCLINICALWORKS***

Defendant eClinicalWorks, LLC ("eCW"), by and through its undersigned counsel, respectfully moves this Court *in limine* to preclude Relators from introducing irrelevant and unfairly prejudicial evidence, and making unfairly prejudicial arguments, regarding the complaint and settlement in *United States ex rel. Delaney v. eClinicalWorks*, No. 15-cv-00095 (D. Vt.) ("*Delaney*").

## BACKGROUND

As the Court is aware, in early 2017, eCW agreed to pay $155 million to settle *Delaney*, an intervened False Claims Act lawsuit alleging that eCW had falsely obtained certification of version 10 of its electronic health records ("EHR") software. eCW settled *Delaney* on a "no admit" basis, which means that while eCW agreed to settle the matter, it expressly denied any liability and does not agree with the allegations made against it. As part of the settlement, eCW also entered into a Corporate Integrity Agreement ("CIA") with the Department of Health and Human Services Office of the Inspector General ("OIG"). The CIA required eCW to appoint an independent Software Quality Oversight Organization ("SQOO") that had complete and unfettered access to eCW's source code, business records, and employees. During the CIA, the SQOO communicated regularly with OIG and the Office of the National Coordinator for Health Information Technology ("ONC") and, at times, provided information to the Department of Justice ("DOJ").

The fact that eCW was under a CIA—and, therefore, under extremely close supervision of the OIG and ONC—from June 2017 through June 2022 is obviously relevant to this case. And, to understand why eCW was under a CIA, the jury may need to be apprised that the CIA was part of a settlement of a prior dispute between the government and eCW. Beyond that, however, the details of *Delaney* are irrelevant to Relators' case-in-chief. Nevertheless, it is clear that Relators intend to use *Delaney* to unfairly prejudice eCW. Relators have included the *Delaney* settlement

agreement on their proposed exhibit list and have included in their proposed deposition designations deposition testimony that delves into irrelevant details of the *Delaney* complaint and settlement—including that the government's complaint accusing eCW of intentionally cheating on the certification test and that eCW paid $155 million to settle the matter.[1]

## ARGUMENT

Pursuant to Federal Rules of Evidence 402 and 403, as well as Rule 408, the Court should preclude Relators from introducing irrelevant and unfairly prejudicial details of *Delaney* or making unfairly prejudicial arguments regarding *Delaney*, including the nature of the government's allegations in *Delaney* and that eCW settled *Delaney* for $155 million.

***First***, the Court should preclude Relators from telling the jury that the government in *Delaney* accused eCW of cheating on the certification test for version 10 of its EHR software in 2014; arguing that eCW in fact "[c]heat[ed] to [o]btain [c]ertification of [v]ersion 10 [u]nder the 2014 [c]ertification [e]dition," (ECF No. 266-2, at 22); or asserting that eCW has previously violated the False Claims Act.  The government's test-cheating allegations in *Delaney* are not probative of any element of Relators' claims here—eCW did not admit to the allegations; the government did not prove the allegations; and the allegations in any event related to a different time period (2014), version of eCW's software (version 10), and certification criterion (45 C.F.R. § 170.314(b)(3)), and even an edition of the certification criteria (2014) that are irrelevant to Relators' claims.  For essentially the same reason, the Court should preclude Relators from introducing in their case-in-chief ***any*** details regarding the government's allegations in *Delaney*. Relators themselves have disclaimed that there is any "overlap" between *Delaney* and their claims.

---

[1]   Parties' exhibit lists and deposition designations will be submitted in accordance with the Court's Pre-Trial Deadlines Order, ECF No. 349.

(*See, e.g.*, ECF No. 266, at 34 ("There is no overlap between the cases . . . .").) Moreover, if Relators were permitted to use the government's allegations in *Delaney* to support their claims, it would certainly lead to a mini-trial (or worse) about whether the allegations were true.

*Second*, the Court should preclude Relators from introducing the amount that eCW paid to settle *Delaney*. The amount that eCW paid to settle *Delaney* is not probative of any element of Relators' claims, nor does the amount that eCW paid to settle *Delaney* have any bearing on the truth of the government's allegations in *Delaney*. Relators' only purpose in introducing the settlement amount would be to insinuate that eCW must have been "guilty" of the government's allegations, suggest that eCW is a recidivist violator of the False Claims Act, and imply that the jury in this case should return a substantial monetary award. That is precisely the type of unfair prejudice that the Federal Rules of Evidence do not permit.

## I. THE GOVERNMENT'S ALLEGATIONS IN *DELANEY* ARE IRRELEVANT TO RELATORS' CLAIMS AND UNFAIRLY PREJUDICIAL.

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Here, the allegations that the government made in *Delaney* are not probative of any element of Relators' claims.

It is well established under Eleventh Circuit law that "allegations [in a complaint] are not evidence of the truth of what is alleged." *Wright v. Farouk Sys., Inc.*, 701 F.3d 907, 911 n.8 (11th Cir. 2012). Thus, the government's ***allegations*** that eCW engaged in certification test cheating are not evidence that eCW in fact engaged in that conduct. And the mere fact that the government made such allegations is not probative of any aspect of Relators' claims. Thus, even setting aside that the *Delaney* complaint related to a different time period, a different version of eCW's software, and different certification criteria, the government's allegations in *Delaney* are not themselves probative of any aspect of Relators' claims.

3

That eCW settled *Delaney* does not change things.  Eleventh Circuit law is clear that the settlement of a prior matter cannot be used to prove the validity of a plaintiff's claim in a subsequent matter.  *See Simon ex rel. Fla. Rehab. Assocs., PLLC v. Healthsouth of Sarasota Ltd. P'ship*, 2022 WL 3910607, at *8 (11th Cir. Aug. 31, 2022).  In *Simon*, the plaintiff claimed that HealthSouth retaliated against her for raising her concerns that HealthSouth was engaged in violations of the False Claims Act.  *Id.* at *1.  The district court granted summary judgment for HealthSouth on the ground that the plaintiff had failed to show an objectively reasonable belief that HealthSouth was, in fact, violating the False Claims Act, as required by the applicable anti-retaliation statute.  *Id.* at *4.  On appeal, the plaintiff argued that HealthSouth's False Claims Act settlement with the government, as well as the government's press release announcing that settlement, demonstrated "that her belief in the [alleged] False Claims Act violation was objectively reasonable."  *Id.* at *8.  The Eleventh Circuit disagreed, holding that "'courts don't consider settlements as evidence of the validity of underlying claims.'"  *Id.* (quoting *Morrissey v. United States*, 871 F.3d 1260, 1271 (11th Cir. 2017)).

To be sure, evidence of the allegations in the *Delaney* complaint may be relevant to an affirmative defense—the public disclosure bar—that eCW might raise at trial.  eCW, however, has not yet determined whether to assert a public disclosure bar defense at trial.  Moreover, even if eCW were to use portions of the *Delaney* complaint to support a public disclosure bar defense—for example, the portion of the *Delaney* complaint that alleges audit log deficiencies in version 10 of eCW's EHR software—that would not open the door for Relators to use ***other portions*** of the *Delaney* complaint that have no relevance whatsoever to any public disclosure bar defense, such as the inflammatory (and disputed) test-cheating allegations that Relators clearly want to put in front of the jury.

4

eCW anticipates that Relators may argue that the *Delaney* settlement provides context for the CIA, which the jury clearly will learn about at trial. But the specifics of the allegations in *Delaney* need not be explored for this purpose. If the Court believes that the jury needs to have some context for why eCW entered into the CIA, it would be sufficient for the Court to explain to the jury, either via a stipulation or an instruction, that the CIA was part of a settlement that eCW and the government entered into to resolve a prior dispute. The jury does not need to be apprised of the specific details of the prior dispute (i.e., that it involved allegations of test cheating) or further details of how that dispute was resolved.

## II.     THE AMOUNT eCW PAID TO SETTLE *DELANEY* IS LIKEWISE IRRELEVANT AND UNFAIRLY PREJUDICIAL.

In their submissions to the Court, Relators have repeatedly invoked the amount that eCW paid to settle the *Delaney* matter ($155 million). Relators' list of proposed trial exhibits, as well as their deposition designations, make clear that Relators want to wave that settlement amount in front of the jury at trial as well—either to insinuate that eCW must have engaged in the conduct that the government alleged (or else eCW would not have paid so much money to settle the matter) or to imply that the jury should return a verdict for a substantial monetary sum in this case. The Court should not permit this.

"[P]arties settle cases for a multitude of reasons, many of which are not related to the validity or strength of the claims asserted." *El-Ad Residences at Miramar Condo. Ass'n, Inc. v. Mt. Hawley Ins. Co.*, 2011 WL 13174642, at *4 (S.D. Fla. Feb. 23, 2011). This is why "[w]ell established case law and the Federal Rules of Evidence prohibit the introduction of settlements or settlement negotiations into evidence to prove liability." *Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1042 (11th Cir. 1986). Thus, the amount for which eCW settled

*Delaney* is not admissible to prove the truth of the government's allegations in the *Delaney* complaint, nor to prove the truth of Relators' False Claims Act allegations.

If Relators were to apprise the jury that eCW settled *Delaney* for $155 million, it would at best confuse the jury and at worst prejudicially mislead them. This is precisely what the Federal Rules of Evidence do not permit. *See, e.g.*, *Trahan v. Martin*, 2005 WL 8244658, at *2 (N.D. Ga. June 23, 2005) (holding that "evidence as to prior lawsuits, claims, or settlements . . . is highly prejudicial to [d]efendants, and its prejudicial value substantially outweighs any probative value of the evidence"); *ADT LLC v. Vivint Smart Home, Inc.*, 2023 WL 3568117, at *11-12 (S.D. Fla. May 19, 2023) (holding that, if evidence of prior settlements were introduced, it would create "a risk that the primary focus of the trial would deviate from the instant case to a series of mini-trial addressing the validity of the unsubstantiated allegations in other lawsuits and investigations"); *Hyundai Motor Am. Corp. v. EFN W. Palm Motor Sales, LLC*, 2022 WL 16950475, at *2 (S.D. Fla. Nov. 15, 2022) (holding that evidence of prior settlements "would confuse the issues, mislead the jury, cause undue delay, and waste time"); *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2021 WL 848074, at *1 (N.D. Fla. Mar. 7, 2021) ("Further, the settlement amount is not probative of Plaintiffs' allegations and any probative value is substantially outweighed by the danger of undue prejudice and jury confusion.").

Allowing Relators to wield the *Delaney* settlement amount as a weapon also would violate Rule 404(b)'s bar on so-called "propensity evidence," as Relators clearly would be using the settlement to imply that eCW has a propensity to violate the False Claims Act. *See In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 785-86 (5th Cir. 2018) (holding that admission of a DePuy affiliate's deferred prosecution agreement violated Rule 404(b) and warranted a new trial given its potential to create unfair prejudice to the defendant). For all of

6

these additional reasons, the Court should bar any reference to the amount of the *Delaney* settlement.

## CONCLUSION

For the reasons set forth above, the Court should grant eCW's motion *in limine* to preclude Relators from introducing irrelevant and unfairly prejudicial evidence regarding the *Delaney* matter or from making unfairly prejudicial arguments regarding the *Delaney* matter.

Dated: September 9, 2025

Respectfully submitted,

*/s/ Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

Allison M. Brown (*pro hac vice*)
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, Pennsylvania 19103
Tel: (215) 268-5000

Geoffrey M. Wyatt (*pro hac vice*)
geoffrey.wyatt@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-3393

Martin L. Roth (*pro hac vice*)
martin.roth@kirkland.com
KIRKLAND & ELLIS LLP

333 West Wolf Point Plaza
Chicago, Illinois 60654
Tel: (312) 862-7170

Aaron Katz (*pro hac vice*)
akatz@aaronkatzlaw.com
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, Massachusetts 02116
Tel: (617) 915-6305

*Counsel for Defendant eClinicalWorks, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this matter.

/s/ *Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN
GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

*Counsel for Defendant eClinicalWorks, LLC*