# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, et al., <br><br>    *Plaintiffs*, <br><br> v. <br><br> eCLINICALWORKS, LLC, <br><br>    *Defendant.* | Civil Action No. 5:18-CV-00382-MTT <br><br> Hon. Marc T. Treadwell |

**eCLINICALWORKS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 4 TO PRECLUDE RELATORS FROM INTRODUCING EVIDENCE AND ARGUMENTS INTENDED OR LIKELY TO INFLAME THE JURY, INCLUDING EXPLOITING JURORS' FEELINGS ABOUT DATA BREACHES, PUBLIC SAFETY, OR PAYING TAXES**

Through questioning of witnesses, court submissions, and other means, Relators have made it apparent that they intend to insert evidence that appeals to juror's emotions, prejudices, and sympathies—often referred to as "reptile theory" arguments—which is improper. Such tactics include, but are not limited to, attempts to suggest (i) that the jurors' own money (based on their status as taxpayers) is somehow implicated in this action; (ii) that eCW's conduct puts the jurors, their families, or their communities at risk; or (iii) that jurors should fear that their own protected health information is at risk as the result of eCW's conduct. Such suggestions have no bearing on the issues the Court has defined as relevant and pose a significant risk of unfair prejudice and delay. For both reasons, Defendant eClinicalWorks, LLC ("eCW") respectfully submits this motion *in limine* to exclude all such evidence, argument, and testimony from trial.

## BACKGROUND

Relators have repeatedly made statements or elicited testimony that, if deployed at trial, would plainly exploit jurors' fears or biases on a range of issues.

***First***, from the beginning of the case Relators have indicated an intent to exploit jurors' concerns about their own protected health information ("PHI") by referencing the privacy interests of "millions of Americans." (*See, e.g.*, 12/15/2023 Expert Report of Christopher S. Wheeler & Eric J. Rodighiero, ECF No. 218-7, ¶ 88 [REDACTED] (emphasis added); 4/30/2024 Ulrich Dep., 60:10-13, ECF No. 218-44 [REDACTED] Relators' Resp. to eCW's Mot. for Summ. J., ECF No. 266, at 1 ("Six years ago, Relators made the startling discovery that eCW, the electronic health records (EHR) software used by nearly all doctor's offices in middle Georgia,

contained security vulnerabilities that exposed the protected health information (PHI) of Relators' customers *as well as tens of millions of other Americans*.") (emphasis added).)

**Second**, Relators have similarly made repeated references to the ostensible impact that the bugs they claim to have found in eCW's software could have on public health or the integrity of the medical system as a whole. (*See* Relators' Resp. to eCW's Mot. Summ. J., ECF No. 266, at 3 ("Given that clear evidence, eCW leans entirely on the fact the government did not force a *massive disruption in this country's medical system* by decertifying eCW's software or stopping payments on the millions of claims submitted by innocent providers.") (emphasis added); 7/16/2024 Laycob Dep., 62:8-11, ECF No. 218-84 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

**Third**, by Relators' counsel's own admission, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Ex. A, 8/18/2025 Navani Dep., 143:9-14.) Relators have also made apparent in their pretrial submissions that they intend to exploit the jurors' status as taxpayers to make them feel as though their own money is somehow on the line in this case solely by virtue of the fact that Relators have alleged that the federal government paid money as a result of alleged false claims. (*See* Proposed Pre-Trial Order, Relators' Statement of the Case ("eCW's fraud has caused the submission of thousands of false claims and cost the United States taxpayers millions of dollars."); Relators Proposed Voir Dire Questions, at 1 ("Have you ever heard of the False Claims Act, the federal government's primary tool in combating fraud on the taxpayers?"; "This lawsuit involves allegations of fraud committed against the United States treasury. Under the False Claims Act, plaintiffs may file cases on behalf of the United States to recover money for the taxpayers and are eligible to receive a portion of the recovery in the case as

2

a bounty or reward.")[1]; *see also* Ex. A, 8/18/2025 Navani Dep., 143:20-144:1 ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████).)

## ARGUMENT

The Court should exclude evidence, argument, and testimony regarding data privacy, public health, taxpayer status and similar topics that is designed to appeal to jurors' emotions rather than the evidence before them. These types of tactics go by various names—e.g., "reptile theory," and appeals to "send a message" or act as the "conscience of the community"—and are widely regarded as improper. *See, e.g.*, *Brooks v. Caterpillar Glob. Mining Am., LLC*, 2017 WL 3401476, at *8 (W.D. Ky. Aug. 8, 2017) (the goal of "reptile" strategies is to incite "jurors to decide a lawsuit 'based upon fear, generated by plaintiff's counsel, that a verdict in favor of the defendant will harm the safety of the community, and, thus, the juror.'") (citation omitted); *id.* at *9 (excluding "any argument . . . that attempts to urge the jury to render a verdict against [d]efendant on the basis of fear for the safety of the community or fear for the safety of the jury and their families"); *Lopez v. Costco Wholesale Corp.*, 2022 WL 19331090, at *2 (S.D. Fla. June 23, 2022) (granting reptile theory motion *in limine*). Similarly, "'golden rule' arguments requesting the jury 'to place itself in a party's shoes with respect to damages' are impermissible." *Benson v. Facemyer*, 2017 WL 1400558, at *6 (N.D. Ga. Apr. 19, 2017) (citation omitted). Consistent with the conclusions of other courts that have addressed similar topics, the Court should exclude such arguments here because they are (1) irrelevant and (2) unfairly prejudicial.

---

[1] The parties' deposition designations, exhibit lists, voir dires, and statements of the case will be submitted in accordance with the Court's Pre-Trial Deadlines Order, ECF No. 349.

3

I.   **EVIDENCE AND ARGUMENT THAT APPEAL TO JURORS' EMOTIONS ARE IRRELEVANT.**

The most fundamental rule of evidence is that of relevance: evidence is only admissible if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Evidence appealing to jurors' emotions is irrelevant because it does not go to issue of liability. Courts have rejected these types of arguments as irrelevant to liability. *See, e.g.*, *Maley v. Corizon Health, Inc.*, 2019 WL 1370860, at *7 (S.D. Ga. Mar. 26, 2019) (deferring ruling but agreeing that "any potential harm caused by [defendant] to the greater society is not relevant to the issues in this case").

Tracking this logic, this Court has already held that the question before the jury here is "whether the software met the certification requirements" (*see* 6/4/2025 *Daubert* Hr'g Tr. 44:18-19, ECF No. 334), and "trashing eCW" is not relevant to this question and is "clearly" something Relators may not do at trial (*id.*, at 25:19-26:1). That ruling applies directly to evidence relating to, for example, whether eCW protects the health information of a patient or whether eCW puts such information at risk as a result of its conduct.

The same legal principle and reasoning apply to, for example, whether the alleged damages attributed to eCW are in any way connected to or derived from the funds paid by taxpayers. While Relators' theory is that eCW has caused the government to pay claims it otherwise would not have, rhetorical sidebars that highlight that (as a general matter) the government's money comes from taxpayers adds nothing relevant to that assertion. Other courts have recognized this reality and excluded similar arguments. *See Corizon Health, Inc.*, 2019 WL 1370860, at *7; *see also, e.g.*, *U.S. v. Palma*, 473 F.3d 899, 902 (8th Cir. 2007) ("Remarks invoking the individual pecuniary interests of jurors as taxpayers are universally viewed as improper.") (collecting cases); *U.S. v.*

4

*Ahmed*, 2016 WL 3647686, at *11 (E.D.N.Y. July 1, 2016) (precluding the government from using the term "taxpayers" in its description of the Medicare program in Medicare fraud case). And exclusion is particularly appropriate here, where the suggestion that there would be some impact on taxpayers as false in light of the fact that MIPS is a budget-neutral program.

Accordingly, consistent with this ruling, and for the reasons explained below, the Court should exclude all evidence, argument, and testimony appealing to jurors' emotions rather than evidence of liability.

**II.   EVIDENCE AND ARGUMENT THAT APPEAL TO JURORS' EMOTIONS ARE UNDULY PREJUDICIAL.**

Arguments based on emotional appeal should also be excluded because they run afoul of Rule 403 by creating the risk of unfair prejudice and misleading the jury. Fed. R. Evid. 403 (even relevant evidence should be excluded if its "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence").

Courts routinely exclude emotionally manipulative evidence on this basis because they risk motivating the jury to premise a verdict on improper grounds. *See, e.g.*, *Kirksey v. Schindler Elevator Corp.*, 2016 WL 7116223, at *11 (S.D. Ala. Dec. 6, 2016) (granting defendants' motion to preclude arguments "eliciting prejudicial sympathy from the jury by asking them to put themselves in the shoes of [plaintiff], his friends or his family, effectively suggesting to jurors that they could also be victims of defendants' alleged wrongdoing"); *Elkins v. Automatic Data Processing, Inc.*, 2023 WL 7354621, at *7 (C.D. Cal. Apr. 19, 2023) (precluding reptilian arguments because they "deflect the jury from their task"); *see also United States v. Hunte*, 559 F. App'x 825, 833 (11th Cir. 2014) ("There is no doubt that these 'golden rule' remarks were improper, as they directly suggested that the jurors had personal stakes in the outcome of the case

5

and they placed the prosecution together with the jury in a joint effort to combat fraud."). The reasoning of these cases compels exclusion of references to issues of jurors' PHI or public safety—references that can only have the purpose of scaring jurors into returning a verdict for Relators, which is improper.

Appeals to jurors' status as taxpayers implicate the same concerns have likewise been excluded under Rule 403. *See Buck v. Rigdon*, 2024 WL 3470372, at *2 (S.D. Ill. June 20, 2024) (granting motion *in limine* "to bar references to jurors' pecuniary interests as taxpayers... as such evidence is irrelevant and prejudicial"); *McGuire v. Cooper*, 2018 WL 3935053, at *4 (D. Neb. Aug. 16, 2018) ("All such arguments that appeal to the jurors as taxpayers should be barred under Rules 402 and 403"); *Peters v. Wakefield*, 1998 WL 904293, at *11 (Neb. Ct. App. Nov. 17, 1998) ("The general rule is that an argument addressed to the jurors appealing to their self-interest as taxpayers is improper in a civil case") (citing 75A Am. Jur. 2d Trial § 676 (1991)); *McCoy v. Mennerich*, 584 F. Supp. 3d 635, 641 (S.D. Ill. 2022) (acknowledging Plaintiff's argument that "reference to taxpayer liability would obviously create bias and prejudice against [the plaintiff]" and excluding reference to tax implications because "an appeal to jurors' pecuniary interests as taxpayers is improper") (citation omitted); *Hale Cnty. A & M Transp., LLC v. City of Kansas City, Mo.*, 2014 WL 545779, at *6 (W.D. Mo. Feb. 11, 2014) (ruling that "[c]ounsel and witnesses shall not appeal to jurors' self-interest as taxpayers" and granting motion *in limine* to exclude such evidence); *Chandler v. Bexar Cnty.*, 258 S.W.2d 439, 440 (Tex. Civ. App. 1953) (noting that it would "be improper for an attorney to appeal to jurors' personal pecuniary interests as taxpayers"); *Jordan v. Smith*, 2025 WL 1411121, at *1 (W.D. Wis. Apr. 4, 2025) (precluding a party from "referring to the jury as taxpayers or implying that an award would be funded by taxpayer dollars"); *Taylor v. Wexford Health Sources, Inc.*, 2024 WL 3098162, at *6 (S.D.W. Va. June 21, 2024)

(granting motion in limine "to bar any appeal to the jurors' interests as taxpayers"). And here, references to the taxpayers are especially problematic because they are also misleading in light of the fact that MIPS is designed to be a budget-neutral program.

Accordingly, the Court should also bar these and any other improper arguments that play on jurors' emotions or sympathies from trial as unfairly prejudicial.

## CONCLUSION

For these reasons, Defendant respectfully requests that the Court issue an order excluding the evidence described herein from trial.

Dated: September 9, 2025

Respectfully submitted,

*/s/ Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

Allison M. Brown (*pro hac vice*)
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, Pennsylvania 19103
Tel: (215) 268-5000

Geoffrey M. Wyatt (*pro hac vice)*
geoffrey.wyatt@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-3393

7

Martin L. Roth (*pro hac vice*)
martin.roth@kirkland.com
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Tel: (312) 862-7170

Aaron Katz (*pro hac vice*)
akatz@aaronkatzlaw.com
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, Massachusetts 02116
Tel: (617) 915-6305

*Counsel for Defendant eClinicalWorks, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 9, 2025, a copy of the foregoing was served on all parties of record via the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

/s/ *Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN
GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

*Counsel for Defendant eClinicalWorks, LLC*