# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, *et al.*,<br><br>　　Plaintiffs,<br><br>v.<br><br>eCLINICALWORKS, LLC,<br><br>　　Defendant. | No. 5:18-CV-382<br><br>Honorable Marc T. Treadwell |

**eCLINICALWORKS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 5 TO PRECLUDE RELATORS FROM INTRODUCING RELATOR CHRISTOPHER WHEELER'S VIDEO DEMONSTRATIONS**

Relators Wheeler and Rodighiero have disclosed nine videos with a roughly 145 minutes of total runtime to accompany their expert reports and Second Supplemental Response and Objections to Defendant eClinicalWorks' Amended First Interrogatories (the "Relators' Videos").[1] More than two hours of these videos are Mr. Wheeler narrating his allegations about eCW's software, laced with inflammatory and irrelevant commentary denigrating eCW, such as:



(*Id.*) The videos contain several examples like these.

Relators' narrations also go far beyond the technical allegations relevant to the specific certification criteria at issue in this litigation. Mr. Wheeler's commentary includes, for example:



(*Id.*) Aspersions like these are entirely divorced from whether "eCW represented that its [electronic health record ("EHR")] software complied with 45 C.F.R. § 170.315(d)(1) through

---

[1] *See* Relators' Proposed Ex. List, Rels.' Revised 12/15/23 Rpt., Exs. 1, 4, 5, 20; Wheeler's Revised 5/31/24 Rebuttal Rep., Exs. 3, 29; Revised 10/1/24 Rels.' 2d Supp. Resp. To Am. Rrog No.1, Ex. A, REL000663; REL000664; REL000665. Because Relators have dropped their Filezilla technical allegations, eCW has not included the video demonstrations that accompany those allegations in this motion. *See* Relators' Proposed Ex. List, Rels.' Revised 12/15/23 Rep., Exs. 32, 33, 34.

(e)(2)." (Mot. Summ. J. Order at 32, ECF No. 345.)

This Court has warned Relators that "they are not going to" be permitted to offer testimony that is simply "trashing eCW." (6/4/25 *Daubert* Hr'g Tr. 25:19-26:1, ECF No. 334.) Relators' Videos fall squarely within this prohibition. Not only are these out-of-court statements inadmissible hearsay, but they are also irrelevant to whether Relators have "link[ed] the alleged flaw with the certification criterion that Relators' attorneys contend [] applies." (6/4/25 *Daubert* Hr'g Tr. 28:1-22.) Relators can offer testimony at trial consistent with the Court's limitations regarding relevant evidence. Their inadmissible videos should be excluded for three main reasons.

***First***, Relators' Videos are unquestionably out-of-court statements by Relators offered "in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). No exception or exemption applies to Relators' efforts to introduce their own videos of their own analyses of eCW's software. Courts routinely exclude such evidence. *See, e.g.*, *Foster v. United States*, No. 2023 WL 12083205, at *9 (E.D. Ky. Oct. 14, 2023) (excluding a video with an animation depicting aircraft flight path containing captions describing "altitude and timestamps" as hearsay); *In re Gen. Motors LLC Ignition Switch Litig.*, 2017 WL 2493143, at *4 (S.D.N.Y. June 9, 2017) (excluding product demonstration videos as hearsay); *Davies v. Benbenek*, 2014 WL 12660537, at *6 (N.D. Ill. May 28, 2014) (excluding an audio recording that narrates videos as hearsay); *Hill v. Hill*, 10 Neb. App. 570, 576 (2001) (affirming exclusion of a video of a seminar presentation as hearsay). Attempting to recharacterize their own narrations as "demonstrations" does not circumvent the hearsay rule. As courts explain, to use videos as "demonstratives" is to "use them to prove the truth of a matter asserted in violation of the rules against hearsay; labeling the videos 'demonstrative' rather than 'substantive' exhibits does not render that use any more permissible." *Gen. Motors*, 2017 WL 2493143, at *4.

2

***Second***, Relators' hours of videos are not tailored to the specific technical allegations relevant to the specific certification criteria at issue in this litigation. As this Court made clear, "the scope of relevant evidence is precisely . . . whether the software met the relevant certification criteria." (6/4/25 *Daubert* Hr'g Tr. 6:21-23.) Even putting aside the generalized grievances, speculative assertions, and personal attacks on eCW, Relators' Videos are replete with technical allegations unrelated to any certification criteria for which Relators' putative certification expert (Michael Arrigo) has offered an admissible expert opinion. For example, Relators' October 1, 2024 videos contained in Relators' proposed exhibit list[2] purport to demonstrate through ████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████ Mr. Arrigo lacks any opinion about how this broad allegation or the ████████ utilized in Relators' hacking attacks relate to any certification criteria. (*See* eCW's Mem. in Supp. of Mot. to Exclude Tech. Allegations, ECF No. 376-1.) Because videos of Relators' discussions of technical allegations that are not "link[ed] … with [any] certification criterion" are inadmissible, none of this evidence is relevant or should be admitted at trial. (6/4/25 *Daubert* Hr'g Tr. 28:16-18.)

***Third***, Relators' Videos must be excluded under Rule 403. *See Graves v. Toyota Motor Corp.*, 2012 WL 13019013, at *4 (S.D. Miss. Jan. 12, 2012) (excluding video which was "too dissimilar to be a reenactment . . . and too similar to be a mere demonstration of basic scientific or vehicle handling principles" and "is more prejudicial than probative"). "[D]emonstrative exhibits tend to leave a particularly potent image in the jurors' minds," which is why district courts "must take special care to ensure that [a] demonstration fairly depicts the events at issue." *Burchfield v.*

---

[2] Parties' exhibit lists and deposition designations will be filed in accordance with the Court's Pre-Trial Deadlines Order, ECF No. 349.

*CSX Transp., Inc.*, 636 F.3d 1330, 1337–38 (11th Cir. 2011) (reversing district court for admitting video evidence). Those concerns are heightened here because Relators' Videos "trash[] eCW" and raise technical allegations that have no bearing on any certification criteria. (*See* 6/4/25 *Daubert* Hr'g Tr. 25:19-26:1.) Such tactics will only waste time, unfairly prejudice eCW, and confuse the jury. *See Graves*, 2012 WL 13019013, at *4 (excluding video evidence because "it would confuse the jury and is more prejudicial than probative").

At bottom, there is no need to admit Relators' hearsay, irrelevant, and improper videos because Mr. Wheeler will testify at trial. *See, e.g.*, *Dugas v. 3M Co.*, 2016 WL 3946802, at *6 (M.D. Fla. June 21, 2016) (excluding video to support expert's opinion where "the video offers little probative evidence, but invites a plethora of unfair inferences"); *Fox v. Gen. Motors LLC*, 2019 WL 3483171, at *20 (N.D. Ga. Feb. 4, 2019) (limiting expert to oral testimony only and excluding videos and demonstrative exhibits). He can offer testimony in court, subject to cross examination, and consistent with this Court's rulings and the Federal Rules of Evidence. Relators' Videos—which do not satisfy any of these requirements—have no place at trial.

## **CONCLUSION**

For these reasons, eCW respectfully requests that the Court exclude Relators' Videos.

Dated: September 9, 2025

Respectfully submitted,

*/s/ Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

Allison M. Brown (*pro hac vice*)
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, Pennsylvania 19103
Tel: (215) 268-5000

Geoffrey M. Wyatt (*pro hac vice)*
geoffrey.wyatt@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-3393

Martin L. Roth (*pro hac vice*)
martin.roth@kirkland.com
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Tel: (312) 862-7170

Aaron Katz (*pro hac vice)*
akatz@aaronkatzlaw.com
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, Massachusetts 02116
Tel: (617) 915-6305

*Counsel for Defendant eClinicalWorks, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 9, 2025, a copy of the foregoing was served on all parties of record via the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

/s/ *Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN
GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

*Counsel for Defendant eClinicalWorks, LLC*