# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, et al., | Civil Action No. 5:18-CV-00382-MTT |
| *Plaintiffs*, | Hon. Marc T. Treadwell |
| v. | |
| eCLINICALWORKS, LLC, | |
| *Defendant.* | |

**eCLINICALWORKS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 6 TO PRECLUDE RELATORS FROM INTRODUCING EVIDENCE AND ARGUMENT CONCERNING ANY REFERENCES TO DISCOVERY DISPUTES**

Defendant eClinicalWorks, LLC ("eCW") submits this motion *in limine* to preclude Relators from offering evidence, testimony, or argument concerning or arising from any fact or expert discovery disputes and discovery related Court orders in this action (the "Discovery Disputes"). Relators' deposition designations, exhibit list, and proposed motions *in limine* make clear that they plan to create a trial within a trial about discovery disputes that are totally irrelevant to the claims and defenses in this case and have already been considered and addressed by the Court. Relators should not be allowed to confuse the issues in this case by presenting evidence or argument on subjects including, but not limited to (1) eCW's late discovery and production of certain JIRA tickets or (2) counsel's failure to consider the Quandary Peak settlement agreement as responsive to Relators' discovery requests. Any such attempt would run afoul of settled principles concerning the admissibility of discovery disputes at trial as well as this Court's admonition that "trashing eCW" is not an acceptable mode of proof at trial. (6/4/2025 *Daubert* Hr'g Tr. 25:19-26:1, ECF No. 334.) Relators should be precluded from injecting completely irrelevant matters into this trial that do nothing more than attempt to prejudice the jurors against eCW and its counsel.

## BACKGROUND

Despite their total lack of relevance to the claims and defenses in this case, Relators continue to reference Discovery Disputes in their pre-trial submissions, and it is abundantly clear that they will seek to distract the jurors from the real issues in this case—eCW's certification of its EHR software—by creating a mini-trial about various discovery disputes that have long-since been considered and addressed by the Court.

For example, it is clear Relators will seek to introduce evidence regarding eCW's late discovery and production of certain JIRA tickets ("JIRA Dispute") that was considered and addressed by the Court in October 2024. (Min. Order at 2, ECF No. 188.) Indeed, Relators have

designated dozens of pages of deposition testimony of James Mittenthal (eCW's electronic

discovery consultant) that relate solely to the issues surrounding the collection of the JIRA tickets.

(*See e.g.*, 4/17/24 Mittenthal Dep., ECF No. 218-4 (designated by Relators).)[1]   They have also

designated testimony of Rahul Jaiswal, eCW's head of application security, on the same topic.

(*See e.g.*, 6/18/24 Jaiswal Dep., ECF No. 218-5 (designated by Relators).)

As another example, on October 10, 2024, the Court ruled on a discovery dispute regarding

the Quandary Peak settlement agreement ("QP Dispute")—which the Court ordered to be

produced and has since been produced.  (Min. Order at 2, ECF No. 188.)  Regardless of the fact

that the QP Dispute was resolved, Relators have included the SQOO settlement agreement and

related correspondence in their proposed exhibit list, suggesting that they plan to accuse eCW of

delaying production of this evidence at trial.[2]  (*See, e.g.*, INTERIM_ECW_PER000000154, ECF

No. 266-41.)  Relators also examined former SQOO employee Brad Ulrich regarding the QP

Dispute at his trial preservation deposition (*See, e.g.*, Ex. B, 8/26/2025 Ulrich Dep. 8:14-9:7,

140:11-147:19), and eCW expects that they will designate from it.[3]

## ARGUMENT

Federal Rules of Evidence 401, 402 and 403 require the exclusion of evidence or testimony

relating to the Discovery Disputes, as they have zero relevance and would cause immense unfair

prejudice and waste of time.

---

[1]    Parties' exhibit lists and deposition designations will be submitted in accordance with the Court's Pre-Trial Deadlines Order, ECF No. 349.

[2]    Evidence concerning the SQOO settlement itself is inadmissible at trial for the reasons set forth in eCW's separately filed Motion *in limine* No. 2 to Preclude Relators from Introducing the Settlement Between eCW and Quandary Peak.

[3]    eCW believes that the Discovery Disputes discussed herein are the primary disputes about which Relators will seek to introduce evidence.  However, eCW objects to the introduction of evidence about any other discovery disputes on the grounds set forth herein.

## I.    EVIDENCE RELATED TO THE DISCOVERY DISPUTES MUST BE EXCLUDED AS IT IS IRRELEVANT.

Rule 402 provides that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant only if it makes any "fact . . . of consequence . . . more or less probable than it would be without the evidence." Fed. R. Evid. 401.

Relators' sole surviving claim is that "eCW's false attestations that its EHR software complied with ONC's certification criteria fraudulently induced providers to submit false claims." (Mot. Summ. J. Order at 30, ECF No. 345.) Thus, to be admissible, evidence to be presented in this case must make a fact of consequence related to the allegation that "eCW's fraudulent conduct caused the government to pay false claims" more or less probable. (*Id.* at 50). Evidence of Discovery Disputes will not do that, as courts have repeatedly recognized in similar circumstances. *See, e.g.*, *Swoope v. CSX Transp., Inc.*, 2015 WL 12564948, at *5 (N.D. Ga. July 29, 2015) (excluding references to discovery disputes because *inter alia* "discovery disputes or alleged refusals to produce evidence or documents are irrelevant."); *Gonzalez v. GEICO Gen. Ins. Co.*, 2016 WL 7157551, at *4 (M.D. Fla. Dec. 8, 2016) (excluding discovery dispute evidence because "the contentious discovery disputes in this case are irrelevant to a determination of [the underlying liability issue]"). The details of the individual Discovery Disputes detailed above confirm they have no relevance to what Relators must prove at trial and should therefore be excluded.

*First*, any evidence regarding the circumstances of the production of JIRA tickets is completely irrelevant to the issue in this case—whether eCW's software conformed with ONC certification requirements. eCW anticipates that Relators will claim that evidence and argument regarding the JIRA Dispute is somehow relevant to show scienter—e.g., they will claim that eCW tried to hide these tickets from Relators (which they did not) and therefore the jury should conclude

that eCW similarly tried to hide information about alleged security vulnerabilities from the government.

That is not an appropriate trial tactic. Indeed, courts in this Circuit routinely reject similar attempts to weaponize discovery disputes. *See United States v. Macrina*, 2022 WL 4594993, at *2 (N.D. Ga. Sept. 30, 2022) (holding that all discovery issues will be addressed outside of the jury's presence and affirming the parties' contention that, "such issues 'are irrelevant to the jury's function and may create the impression that one party has suppressed information to seek an unfair tactical advantage at trial'"); *Borden v. Saxon Mortg. Servs., Inc.*, 2010 WL 3834609, at *1-2 (S.D. Fla. Sept. 28, 2010) (excluding the presentation of any testimony or evidence regarding "any discovery disputes between the parties" and rejecting Plaintiff's argument that "evidence of discovery disputes is necessary to show the jury the Defendants' efforts to frustrate their pursuit of justice"). And such trial tactics would be doubly improper here because the inference Relators would have the jury draw from such a presentation is that eCW has a "propensity" to hide evidence—i.e., that the failure to produce certain JIRA tickets in discovery in this case "show[s] that on a particular occasion," it must have "acted in accordance with [this] character" when dealing with the government or the SQOO. Fed. R. Evid. 404(b)(1). Such propensity arguments are squarely foreclosed by the rules of evidence. *See id.*

Relators are free to argue whatever they wish based on the ***substance*** of the discovery they received as a result of the JIRA Dispute. But the ***process*** by which they received it—i.e., the JIRA Dispute itself—is simply not relevant, as courts in this Circuit have routinely held. *See Fox v. Gen. Motors LLC*, 2019 WL 13060148, at *7 (N.D. Ga. Oct. 31, 2019) (holding that "discovery issues and disputes are not relevant to the claims to be tried"); *United States v. Lepore*, 2016 WL 4473125, at *7 (N.D. Ga. Aug. 25, 2016) ("Discovery issues are not relevant to the jury's function

and will, if necessary, be addressed outside the jury's presence."); *United States v. Cochran*, 2014 WL 12695800, at *4 (N.D. Ga. Nov. 17, 2014) ("The Court will require the Parties to take up any comments or issues relating to discovery outside the presence of the jury.").

*Second*, evidence regarding counsel's failure to consider the QP settlement agreement in connection with Relators' discovery requests is similarly irrelevant to claims in this case. eCW anticipates that Relators will also assert that evidence and argument related to the QP Dispute is relevant to scienter. But this Discovery Dispute is if anything even less relevant than the JIRA Dispute insofar as it involves ***counsel's judgment—not eCW's—***regarding a discovery request. It has nothing to do with any decision of eCW. Even assuming the QP settlement agreement and related documents were admissible at trial—which they are not—evidence and argument regarding the QP Dispute itself clearly is not. The fact that counsel for eCW did not consider the QP settlement agreement as a document responsive to Relators' discovery requests is completely irrelevant to any claims in this case and is the very kind of discovery dispute that courts have precluded parties from introducing into evidence. *See, e.g.*, *Fox*, 2019 WL 13060148, at *7; *Lepore*, 2016 WL 4473125, at *7; *Macrina*, 2022 WL 4594993, at *2.

In sum, neither of the Discovery Disputes are relevant to the remaining issues in this case, and therefore no evidence or argument regarding any of them should be admitted.

## II.    REFERENCE TO OR EVIDENCE OF DISCOVERY DISPUTES IS UNFAIRLY PREJUDICIAL AND LIKELY TO CONFUSE AND MISLEAD THE JURY.

Even if Relators could demonstrate that Discovery Disputes are relevant evidence—which they cannot—"relevant[] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

*United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1346–47 (S.D. Fla. 2010) (citing Fed. R. Evid. 403).  The Discovery Disputes implicate all of those concerns.

   ***First***, as explained above, it is abundantly clear that Relators' primary purpose of raising each of these three Discovery Disputes is to convince the jury that eCW is not to be trusted and has a propensity to lie and mislead and therefore must have committed fraud in order to obtain or maintain its certification.  The obvious propensity inference that can be derived from Discovery Disputes is precisely why evidence of such disputes is routinely excluded under Rule 403 and runs afoul of 404(b)(1).  *See, e.g.*, *Gaddy v. Terex Corp.*, 2018 WL 11350558, at *4 (N.D. Ga. Dec. 18, 2018) (excluding evidence related to "discovery disputes, including discovery motions, discovery objections, or the timing of document productions" because it "is improper and prejudicial" and barring party from "complain[ing] to the jury about allegedly insufficient responses or productions").

   ***Second***, evidence and argument concerning the Discovery Disputes would be unfairly prejudicial as they would present only a distorted fragment of the pretrial process without further context when the jury does not have an expertise of pretrial protocol and may be confused or misled.  As the court observed in *United States v. Lepore*, "commentary on discovery matters by either party in the presence of the jury could create the impression that the opposing party is withholding information."  2016 WL 4473125, at *7 (internal citation omitted).  Accordingly, any alleged deficiencies in responses to discovery requests should be resolved by "the Court's discovery dispute resolution process"—not through the presentation of discovery disputes before the jury at a trial.  *Greater Hall Temple Church of God in Christ, Inc. v. S. Mut. Church Ins. Co.*, 2021 WL 8533939, at *8 (S.D. Ga. Apr. 1, 2021) (collecting cases).  That is what happened here: the court spent considerable time and resources resolving each of the Discovery Disputes and

Relators should not be given another opportunity to relitigate the dispute.  Indeed, the Court already imposed a sanction in connection with the JIRA Dispute and ordered eCW to produce otherwise privileged communications as a sanction as to the QP Dispute.  (Min. Order, ECF No. 188 (granting attorney fees in connection with "APPSEC project not being produced"; ordering the production of "documents identified at Tab 60 of eCW's September 5, 2024 submission of documents for in camera review.").)  Allowing Relators to relitigate these issues again in front of the jury would amount to additional sanctions that are unwarranted.

*Third*, opening the door to evidence and argument concerning the Discovery Disputes would create an enormous side show and needlessly extend the proceedings.  It is evident from the deposition designations and exhibits listed that Relators are planning detailed presentations on these issues.  In response, eCW would have to call multiple witnesses to provide background and context from which the jurors can evaluate Relators' claims.  eCW's presentation would necessarily involve testimony regarding how the discovery process works; eCW's efforts to comply with it; the circumstances in which the JIRA tickets were first produced; and the circumstances surrounding the late discovery of the JIRA tickets—among many other issues that the Relators' designations raise.  These presentations could consume hours and hours of testimony, plainly derailing and distracting the jury from the ultimate questions at trial.  *See, e.g., Perez v. Fla. Pop, LLC*, 2022 WL 18023483, at *2 (S.D. Fla. Sept. 9, 2022) ("I find no valid reason and am aware of no authority which would allow any discovery disputes between the parties, including objections in discovery or efforts to compel discovery relating to [a case-specific issue] or otherwise, to be revisited at trial before the jury.").  Indeed, resolving the two discovery disputes at issue consumed multiple hours of a hearing—and that was without any live witness testimony.  Allowing evidence or argument on any of one of these Discovery Disputes will likely add hours,

if not days of additional trial time.  The Court should avoid this trial within a trial on Discovery

Disputes that have no relevance.

## **CONCLUSION**

For the foregoing reasons, the Court should grant eCW's motion *in limine* to preclude

Relators from offering evidence, testimony, or argument concerning or arising from the Discovery

Disputes.

Dated: September 9, 2025

Respectfully submitted,

*/s/ Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

Allison M. Brown (*pro hac vice*)
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, Pennsylvania 19103
Tel: (215) 268-5000

Geoffrey M. Wyatt (*pro hac vice)*
geoffrey.wyatt@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-3393

Martin L. Roth (*pro hac vice*)
martin.roth@kirkland.com
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Tel: (312) 862-7170

Aaron Katz (*pro hac vice)*
akatz@aaronkatzlaw.com
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, Massachusetts 02116
Tel: (617) 915-6305

*Counsel for Defendant eClinicalWorks, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 9, 2025, a copy of the foregoing was served on all parties of record via the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

/s/ *Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN
GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

*Counsel for Defendant eClinicalWorks, LLC*