UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>eCLINICALWORKS, LLC,<br><br>  Defendant. | No. 5:18-CV-382<br><br>Honorable Marc T. Treadwell |

**eCLINICALWORKS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 8 TO PRECLUDE RELATORS FROM INTRODUCING EVIDENCE AND ARGUMENTS RELATED TO IMPROPER USES OF THE 2018 DEPARTMENT OF JUSTICE LETTER**

On December 6, 2018, eClinicalWorks, LLC ("eCW") received a letter from the U.S. Department of Justice (the "DOJ"), which notified it about Relators' allegations about potential security vulnerabilities in its EHR software (The "2018 DOJ Letter"). The 2018 DOJ Letter contains a recitation of unsubstantiated allegations, devoid of any independent factual findings or investigative conclusions by the DOJ, and it is hearsay. Following eCW's response to the 2018 DOJ Letter, DOJ's own investigation, and DOJ's receipt of input from eCW's software quality oversight organization ("SQOO") and relevant federal agencies, the DOJ decided not to intervene in this action. Despite DOJ's ultimate decision not to pursue enforcement action, Relators have made clear that they intend to portray the DOJ's reaction to Relators' allegations in the form of the 2018 DOJ Letter as evidence of materiality—even while they seek to bar eCW from telling the other half of the story, which is that the DOJ took no further action and declined to intervene.

Such a slanted presentation of the evidence would neither be helpful to the jury nor fair to eCW and the Court should bar it on grounds of hearsay, relevance and prejudice.

*First*, the 2018 DOJ Letter is not admissible to prove the matters it asserts because it is classic hearsay. It is an unsworn, out-of-court statement prepared in anticipation of possible litigation. And it is not a public record because it does not contain any factual findings; to the contrary, the letter asks eCW to investigate the allegations itself and notes that the DOJ's own investigation and not yet commenced. Accordingly, the letter's relevance is limited to the question of notice.

*Second*, the 2018 DOJ Letter is not relevant to materiality. The materiality question turns on the government's payment decision, not actions taken by DOJ that may or may not even relate to the question whether eCW's software conforms to certification criteria (which it does

not mention). DOJ takes action for its own reasons that may be unrelated to the merits of a False Claims Act ("FCA") claim—indeed, this is the very reason relators routinely argue for exclusion of declination decisions. What is good for the goose is good for the gander: if the jury may not speculate as to why the DOJ did not intervene in this case, it should also not be permitted to speculate that its 2018 letter indicates any view on the materiality (if any) of Relators' allegations in an FCA case.

***Third***, allowing Relators to present the 2018 DOJ Letter as evidence of materiality would be misleading and unfairly prejudicial. It is the Center for Medicare & Medicaid Services ("CMS"), not DOJ, that makes the payment decision that is the heart of the materiality inquiry. As such, Relators should not be permitted to attempt to confuse the jury regarding materiality by focusing on DOJ's initial letter that conveyed hearsay allegations it had not substantiated. At a minimum, if Relators are permitted to make such arguments, then as a matter of basic fairness eCW must be permitted to put the inference Relators wish to draw from the 2018 DOJ Letter in perspective by explaining that the DOJ ultimately chose not to intervene.

## BACKGROUND

Based on Relators proposed exhibit list, Relators intend to introduce the 2018 DOJ Letter as evidence at trial. On December 6, 2018, eCW received a letter from the DOJ, the 2018 DOJ Letter, regarding ▮▮▮▮ of potential security vulnerabilities. (*See* ECW_GA000613791, ECF No. 218-110.)[1] The 2018 DOJ Letter suggested that eCW's ▮▮▮▮ ▮▮▮▮ that would ▮▮▮ the DOJ ▮▮▮▮ ▮▮ (*Id*. (emphases added).) The DOJ instructed eCW to investigate ▮▮▮▮

---

[1] Parties' exhibit lists and deposition designations will be filed in accordance with the Court's Pre-Trial Deadlines Order, ECF No. 349.

███████████████████████████████████ (*Id.*; *see also id.* ████████████

████████████████████████████████████████████████████████████████

█████████████████████ The ████████ referenced in the 2018 DOJ Letter came directly from Relators. But the 2018 DOJ Letter does not recite Relators' assertions that the issues presented have anything to do with the certification requirements established by the Office of the National Coordinator for Health Information Technology ("ONC") or CMS's Merit-based Incentive Payment System ("MIPS").

In response to the 2018 DOJ Letter, eCW ████████████████████████████ ████████████████ (ECW_GA000613790, ECF No.218-12.) And on December 11, 2018, eCW notified the Office of the Inspector General at HHS ("OIG"), ONC and SQOO of the 2018 DOJ Letter and eCW's investigation into the issues raised in the letter. (*Id.*; ECW_GA000613789.) In the period that followed, DOJ sought input from ONC and the SQOO and investigated Relators' allegations itself through ████████████████████ (*See* eCW Summ. J. Statement of Undisputed Material Facts, ECF No. 216-2, ¶ 340; *see also* Email from Todd Swanson, et al. to Geoffrey Wyatt (July 29, 2024), ECF No. 217-172, ████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████ On October 26, 2021, the DOJ emailed eCW a letter ████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████ (ONC_eCW2023_0014674, ECF No. 218-139.)[2] On November 8, 2021, the DOJ sent eCW a letter (the "2021 DOJ Letter")

---

[2]    The arguments for exclusion of the 2018 DOJ Letter are equally applicable to the October 26, 2021 DOJ letter.

3

to inform eCW that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

(ECW_PER001933188, ECF No. 218-140.)

## ARGUMENT

The Court should preclude argument or suggestion that the 2018 DOJ Letter has any relevance to materiality because: (1) it is hearsay for which no exception applies and thus cannot be used to prove the truth of any of the matters it asserts; and (2) it is irrelevant to the element of materiality under the FCA and would be unduly prejudicial to eCW without allowing proper context of the DOJ's decision not to intervene in this action.

**I.  THE 2018 DOJ LETTER CONSTITUTES HEARSAY AND IS INADMISSIBLE AS PROOF OF MATERIALITY, WHICH WOULD TURN ON THE TRUTH OF THE MATTERS IT ASSERTS.**

The 2018 DOJ Letter is hearsay.  Under the Federal Rules of Evidence, "hearsay" is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801.  And that is what the letter is:  it contains out-of-court statements by a DOJ official who is an attorney of record in this case and obviously will not be testifying as a witness.  As such, it cannot be offered to prove the truth of the matters it asserts, Fed. R. Evid. 802, as would be necessary in order for the letter to have any probative value on the question of materiality.[3]

eCW anticipates that Relators will argue the letter is otherwise admissible under the public records or business records exceptions to the rule against hearsay for the truth of the matter asserted.  *See* Fed. R. Evid. 803(6) (business records); Fed. R. Evid. 803(8) (public records).  These arguments should be rejected because (1) the business and public records

---

[3]   eCW does not object to the use of the 2018 DOJ Letter to show what the company had notice about the alleged technical issues with its software at the time the company received it.

4

exceptions do not apply where, as here, the document was prepared amidst ongoing and anticipated litigation; and (2) the public records exception does not apply to the 2018 DOJ Letter because it does not contain factual evidence pursuant to an investigation.

> **A.     The 2018 DOJ Letter Is Not Admissible To Prove Liability Pursuant To Any Hearsay Exception Because It Was Prepared In Anticipation Of Litigation.**

The 2018 DOJ Letter may not be admitted under the public or business records hearsay exceptions for purposes of proving materiality.  Courts are clear that "a document specifically prepared . . . by an enforcement agency in anticipation of litigation . . . would not fall within the business or public records exception."  *United States v. Dickerson*, 2011 WL 2160950, at *2 (C.D. Ill. June 1, 2011) (citing *Melendez–Diaz v. Massachusetts*, 129 S.Ct. 2527, 2538 (2009)); *see also United States v. Vozniuk*, 2021 WL 5264655, at *3 n.1 (11th Cir. Nov. 12, 2021) ("[B]usiness records made in anticipation of litigation are not admissible under Rule 803(6)."); *Watson v. Boyd*, 447 F. Supp. 3d 924, 935 (E.D. Mo. 2020), *vacated in part on other grounds* ("The Court finds that the DOJ Report lacks a proper indicium of reliability to be used in support of summary judgment and contains inadmissible hearsay. The Court finds that the DOJ Report was clearly prepared in anticipation of litigation[.]"); *M.H. v. Akron City Sch. Dist. Bd. of Educ.*, 2019 WL 4346274, at *8 (N.D. Ohio Sept. 12, 2019) ("Investigative reports that were created in reasonable anticipation of litigation are not public records.").  This is so because documents "prepared in anticipation of a lawsuit" can appear "more like advocacy and less like neutral fact-finding."  *Bailey v. City of Chicago*, 2012 WL 850741, at *5 (N.D. Ill. Mar. 9, 2012).

As such, Federal Rule 803 only permits introduction of business records and public records "if the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness, i.e., documents prepared in anticipation of litigation."  *World Kitchen, LLC v. Am. Ceramic Soc'y*, 2016 WL 3568723, at *5

(N.D. Ill. June 30, 2016); *see also* Fed. R. Evid. 803(6)(E) (forbidding introduction of business record evidence where "the source of information or the method or circumstances of preparation indicate a lack of trustworthiness"); Fed. R. Evid. 803(8)(B) (forbidding introduction of public record evidence where "the source of information or other circumstances indicate a lack of trustworthiness").

Here, the 2018 DOJ Letter was prepared in the context of Relators' filed litigation, which undermines the reliability and trustworthiness of the documents. The DOJ was prompted to send the 2018 DOJ Letter after receiving ▮▮▮▮▮▮ from Relators about security vulnerabilities in eCW's EHR software, and merely contains a list of those ▮▮▮▮▮▮ which the DOJ had not yet investigated itself. (*See* ECW_GA000613791.) In short, admission of the letter to prove materiality would run afoul of the principle that "records made in anticipation of litigation are not admissible under Rule 803(6)" or Rule 803(8). *Vozniuk*, 2021 WL 5264655, at *3 n.1; *see also Dickerson*, 2011 WL 2160950, at *2. This should not be permitted.

> **B.  The 2018 DOJ Letter Is Also Not Admissible Pursuant To The Public Records Hearsay Exception Because It Does Not Include Factual Findings Pursuant To An Investigation.**

Rule 803(8) provides that "[a] record or statement of a public office" is "not excluded by the rule against hearsay" if it includes "factual findings from a legally authorized investigation" and it is not shown "that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8). In other words, "[o]pinions and conclusions in [governmental] reports may be admissible '[a]s long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement.'" *Johnson v. Baker*, 2009 WL 3486000, at *2 (W.D. Ky. Oct. 23, 2009) (quoting *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988)). "To determine the trustworthiness of a [governmental] report, courts must 'look at a nonexhaustive list including: the timeliness of the investigation, the investigator's

6

skill/experience, whether a hearing was held, and possible bias.'" *Giusto v. Int'l Paper Co.*, 571 F. Supp. 3d 1346, 1352 (N.D. Ga. 2021) (citation omitted).

The 2018 DOJ Letter is plainly not admissible for its truth pursuant to the public records hearsay exception because it does not contain factual evidence generated pursuant to any investigation, which is a fundamental requirement of Rule 803(8). *See* Fed. R. Evid. 803(8) (encompassing only "factual findings from a legally authorized investigation"). To the contrary, the 2018 DOJ Letter explicitly states that its contents are premised on mere ▉▉▉▉▉▉▉ from Relators of potential security vulnerabilities and instructs eCW to conduct its own investigation into ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ (*See* ECW_GA000613791.) The DOJ also states it would be ▉▉▉▉▉▉▉▉▉ the allegations prove true, evidencing the absence of any factual findings by the DOJ. *Id*. Courts have recognized that the absence of factual evidence generated as a result of an investigation render an agency's findings "untrustworthy." *See, e.g.*, *Wilson v. Jackson Nat'l Life Ins. Co.*, 2017 WL 10402587, at *4 (M.D. Fla. Dec. 27, 2017) (declining to apply the public records exception and excluding Coast Guard records as hearsay because "the fact remains that the Coast Guard conducted no investigation into Mr. Rodrigues's death" and therefore its "conclusion that Mr. Rodrigues is presumed dead appears untrustworthy"); *Johnson*, 2009 WL 3486000, at *3 (excluding DOJ letter as hearsay where "the letter provides no factual details regarding the incident or investigation").

Moreover, the lack of any factual findings by the DOJ is not surprising, given that prior to issuing the 2018 DOJ Letter, the DOJ did not hold a hearing or consider any evidence from eCW regarding the alleged vulnerabilities. Such "circumstances . . . do not bear adequate indicia of trustworthiness to justify [a document's] admission." *Ram v. New Mexico Dep't of Env't*, 2006 WL 4079622, at *3 (D.N.M. Dec. 11, 2006) (excluding DOJ letters where "the

7

circumstances surrounding these administrative materials do not bear adequate indicia of trustworthiness to justify their admission" because "[t]hey are not the product of hearings or of formal procedures aimed at developing a factual record and giving the parties the opportunity to respond to argument"); *see also Bailey*, 2012 WL 850741, at *5–6 (excluding DOJ letter after finding Rule 803(8) was inapplicable where "the DOJ did not conduct an evidentiary hearing" "and Cook County was not given an opportunity to respond before the DOJ letter was sent," which renders "the DOJ letter . . . as being more like advocacy and less like neutral fact-finding").

In short, because the 2018 DOJ Letter was drafted prior to completion of any investigation by the DOJ (or any other governmental agency) into the veracity of the allegations it contains, its contents are not trustworthy and cannot be admissible for the truth to prove materiality pursuant to the public records hearsay exception.[4]

## II. THE 2018 DOJ LETTER IS IRRELEVANT TO MATERIALITY AND HIGHLY PREJUDICIAL.

Setting aside hearsay issues, the Court should also bar use of the 2018 DOJ Letter to prove materiality because it is not relevant to that issue and any suggestion that it is would be unfairly prejudicial.

*First*, the 2018 DOJ Letter is irrelevant to the issue of materiality. For starters, and as set forth in detail above, the letter makes clear that the DOJ did not generate any factual evidence pursuant to an independent investigation at the time of the 2018 DOJ Letter's issuance. At most, at the time it wrote the letter the DOJ was only aware of Relators' "allegations" of security

---

[4] All of the same logic should bar use of the 2018 DOJ Letter as proof of falsity or causation. Either purpose would require the jury to accept the truth of the matters asserted in the 2018 DOJ Letter, which is not permissible for the same reasons that apply to any attempt to use it to prove materiality.

vulnerabilities. But because the relevant inquiry is knowledge of facts, not knowledge of mere allegations, *see U.S. ex rel. Escobar v. Univ. Health Serv. Inc.*, 842 F.3d 103, 112 (1st Cir. 2016) ("[M]ere awareness of allegations concerning noncompliance with regulations is different from knowledge of actual noncompliance."), such evidence is irrelevant to the issue of materiality.

Moreover, any alleged knowledge of security violations by the DOJ in the 2018 DOJ Letter can have no relevance on the materiality inquiry because the DOJ does not make certification or payment decisions. Rather, the knowledge inquiry should be focused on CMS (the entity that decides to approve or deny payments based on ONC's determinations of alleged non-conformity) and ONC (the entity that makes certification decisions), but the DOJ's letter does not speak to CMS's or ONC's knowledge. As such, the 2018 DOJ Letter does not—and cannot—constitute relevant evidence of materiality. *See, e.g.*, *Ram*, 2006 WL 4079622, at *3 (finding DOJ letters irrelevant because "the circumstances surrounding these administrative materials do not bear adequate indicia of trustworthiness to justify their admission in light of their limited probative value on the ultimate issues at trial"); *Johnson*, 2009 WL 3486000, at *4 (excluding DOJ letter and holding because the DOJ letter's conclusions were "not determinative, [] its probative value is minimal"); *Flores v. Pennsylvania State Police*, 2019 WL 196577, at *4 (E.D. Pa. Jan. 14, 2019) (excluding DOJ letter on the basis that it "does not include any information that tends to prove or disprove any element of [p]laintiff's case or [d]efendant's defense").

The letter additionally lacks probative value because it nowhere indicates the reasons motivating DOJ's statements beyond a generalized concern about patient safety and information security. The letter specifically does not mention MIPS or ONC's certification requirements. As this Court has noted, the relevant question in this case is conformity with certification criteria.

9

(6/4/25 Hr'g Tr. 6:21-23, ECF No. 334 (noting that "the scope of relevant evidence is … whether the software met the relevant certification criteria.").) But the jury would be left to guess that concern about MIPS or certification conformity had anything to do with DOJ's reasons for sending the letter. (*Cf. id.* at 102:8-12 ("[T]he question is what evidence do you have that … impacts the government's decision on what to do when it learns that misrepresentations may have been made to secure MIPS or C[EHR]T certification?").) Citing similar concerns about the absence of any concrete evidence as to DOJ's motives, courts have excluded references to DOJ's decision not to intervene in other FCA cases, as Relators will no doubt emphasize in their motion to exclude reference to DOJ's declination in this case. *See e.g., U.S. ex rel. Feldman v. van Gorp*, 2010 WL 2911606, at *2-3 (S.D.N.Y. July 8, 2010) (excluding evidence, under Rules 402 and 403, related to DOJ's decision not to intervene because "the government 'may have a host of reasons for not pursuing a claim'") (citation omitted). That logic, if accepted, must bind both sides in this case: if intervention is out, so must be any argument that DOJ's actions in this case bear on materiality.[5]

***Second***, even if the 2018 DOJ Letter had any marginal relevance pertaining to materiality, this evidence would still be unduly prejudicial, warranting exclusion under Rule 403. *See* Fed. R. Evid. 403. As courts have recognized, "the probability of misleading the jury or confusing the issues is high" with a DOJ letter because "[a]n official letter from a government agency … is likely to receive undue weight from the jury." *Johnson*, 2009 WL 3486000, at *4; *see also DeSantis v. Napolitano*, 2010 WL 2292592, at *24 (D.N.M. May 26, 2010) (excluding disability award letters and nothing concern "that the jury would decide that [plaintiff] is

---

[5] As with the hearsay argument, the relevance argument applies with equal force to any effort to use the 2018 DOJ Letter to prove falsity or causation. The 2018 DOJ Letter does not say anything about MIPS or conformity with ONC certification requirements—the jury would have to guess that such issues motivated DOJ's letter.

10

disabled not upon its own judgment and understanding of the evidence, but on the fact that an ostensibly smart person looked at some evidence—quite possibly evidence that is not presented to the jury—and came to that conclusion"). This is particularly problematic here because, as explained above, the 2018 DOJ Letter was prepared in the context of ongoing litigation and present information provided by Relators, thus seeking to impute statements to the DOJ that actually came directly from Relators. The risk of prejudice resulting from such evidence cannot be understated.

Exclusion of DOJ's declination decision would significantly amplify this prejudice because it would tell only half the story, allowing Relators to submit their speculation about the significance of the 2018 letter while barring eCW from arguing the jury should infer that DOJ concluded there was no merit when it declined to intervene in 2021 after years of investigation. Thus, at the very least, if this Court determines that the 2018 DOJ Letter is admissible for any purpose other than showing notice, then eCW should be afforded the opportunity to present the jury with evidence that the DOJ declined to intervene in litigation. (*See* ECW_PER001933188.) The DOJ's declination presents necessary and complete context to evidence about the DOJ's knowledge and decision-making. *See* Fed. R. Evid. 106; *United States v. Pacquette*, 557 F. App'x 933, 937 (11th Cir. 2014) (explaining that under the rule of completeness, additional material "should [be] admitted if it [is] relevant to an issue in the case and necessary to clarify or explain the portion received"). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Such context is necessary to avoid one-sided introduction of evidence.[6]

---

[6] The unfair prejudice arguments apply in the same manner to any attempt to use the 2018 DOJ Letter to prove falsity or causation. It has zero probative value for these issues, and because it is a government letter it poses
*(cont'd)*

11

## **CONCLUSION**

For the reasons set forth above, the Court should bar improper argument concerning the 2018 DOJ Letter.


Dated: September 9, 2025

                                    Respectfully submitted,

                                    */s/ Duke R. Groover*
                                    Duke R. Groover
                                    Georgia Bar No. 313225
                                    dgroover@jamesbatesllp.com
                                    JAMES BATES BRANNAN GROOVER LLP
                                    231 Riverside Drive
                                    Suite 100
                                    Macon, Georgia 31201
                                    Tel: (478) 742-4280
                                    Fax: (478) 742-8720

                                    Allison M. Brown (*pro hac vice*)
                                    alli.brown@kirkland.com
                                    KIRKLAND & ELLIS LLP
                                    2005 Market Street, Suite 1000
                                    Philadelphia, Pennsylvania 19103
                                    Tel: (215) 268-5000

                                    Geoffrey M. Wyatt (*pro hac vice)*
                                    geoffrey.wyatt@kirkland.com
                                    KIRKLAND & ELLIS LLP
                                    1301 Pennsylvania Avenue, N.W.
                                    Washington, D.C. 20004
                                    Tel: (202) 389-3393

                                    Martin L. Roth (*pro hac vice*)
                                    martin.roth@kirkland.com
                                    KIRKLAND & ELLIS LLP
                                    333 West Wolf Point Plaza

---

*(cont'd from previous page)*
a significant risk of having undue effect on the jury's assessment of those issues.  And if Relators are permitted to use the letter for those purposes, eCW must be permitted to put the letter in context by bringing out declination.

        Chicago, Illinois 60654
Tel: (312) 862-7170

Aaron Katz (*pro hac vice*)
akatz@aaronkatzlaw.com
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, Massachusetts 02116
Tel: (617) 915-6305

*Counsel for Defendant eClinicalWorks, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 9, 2025, a copy of the foregoing was served on all parties of record via the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

/s/ *Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN
GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

*Counsel for Defendant eClinicalWorks, LLC*
