# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> eCLINICALWORKS, LLC, <br><br> *Defendant.* | Civil Action No. 5:18-CV-00382-MTT <br><br> Hon. Marc T. Treadwell |

**eCLINICALWORKS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 11 TO PRECLUDE RELATORS FROM INTRODUCING EVIDENCE AND ARGUMENTS CONCERNING THE PARTIES' MOTION PRACTICE**

This Court has made clear that "the scope of relevant evidence" for trial is "whether the software met the relevant certification criteria." (6/4/25 *Daubert* Hr'g Tr. 6:21–7:1, ECF No. 334.) Despite that directive, Relators would instead like to try this case by relitigating the parties' motion practice before the jury. For example, as recently as August 12, 2025, Relators deposed eCW Chief Executive Officer Girish Navani about eCW's motion to transfer in this case: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. A, 8/12/25 Navani Dep. 19:15–23.) For some reason, Relators have designated this testimony to play before the jury.[1] Relators refused to withdraw these designations or agree they would not argue about prior motion practice like this before the jury. Accordingly, eCW is forced to bring this motion. Such evidence is irrelevant, a waste of time, and should be excluded from trial under Rules 401, 402, and 403.

*First*, the parties' past motion practice has no bearing on whether Relators can meet their burden to prove their allegations that "eCW's false attestations that its EHR software complied with ONC's certification criteria fraudulently induced providers to submit false claims." (Mot. Summ. J. Order at 30, ECF No. 345.) A motion is "'an application made to a court or judge to obtain a rule or order directing some act to be done in the applicant's favor in a pending case[.]'" *Ruhlen v. Holiday Haven Homeowners, Inc.*, 28 F.4th 226, 228 (11th Cir. 2022) (quoting 56 Am. Jur. 2d Motions, Rules, and Orders § 1 (2020)). Motions are not *evidence* that make Relators' allegation more or less likely.[2] *See Passmore v. Travelers Cas. & Sur. Co.*, 2021 WL 12103008,

---

[1] Parties' exhibit lists and deposition designations will be submitted in accordance with the Court's Pre-Trial Deadlines Order, ECF No. 349.

[2] For the avoidance of doubt, eCW does not dispute that a parties' pleadings could be admissible for impeachment or as a statement by a party opponent. *See Neagle v. Illinois Tool Works, Inc.*, 2011 WL 13173913, at *1 (N.D. Ga. Feb. 11, 2011) (holding that pleadings may only be used as a party admission or impeachment evidence). Relators' usage of the parties' past motion practice—like eCW's motion to transfer—has nothing to do with this scenario.

at *3 (S.D. Ga. Apr. 16, 2021) (granting motion *in limine* seeking to exclude evidence of prior court rulings because they are irrelevant). Indeed, "litigation conduct is not admissible." *Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, 2011 WL 470561, at *5 (M.D. Fla. Feb. 2, 2011); *see also Germany v. Slater*, 2023 WL 2520343, at *5 (N.D. Ala. Mar. 14, 2023) (dismissing case with prejudice as a sanction where, *inter alia*, plaintiff "repeatedly presented and elicited comments and testimony related to claims that were dismissed at summary judgment"). The fact that eCW filed a motion to transfer in 2022, or any other motion during the pendency of this case, is irrelevant. *See*, *e.g.*, *Compton v. Bach*, 374 F. Supp. 3d 1296, 1303 (N.D. Ga. 2019) (excluding any reference to the fact that motions *in limine* were filed); *Showan v. Pressdee*, 2017 WL 9400750, at *3 (N.D. Ga. Nov. 3, 2017) (same).

**Second**, injecting the parties' prior motion practice into the jury's deliberations will only cause unfair prejudice, confuse the issues, and mislead the jury. *Thomas v. Garcia*, 2013 WL 3773861, at *5 (E.D. Cal. July 17, 2013) ("[P]leadings . . . do not bear on the issues for the jury to decide[]"; "[t]hus, the pleadings are not evidence and according to Fed.R.Evid. 403, they must be excluded."); *see also Smith v. Carnival Corporation & PLC*, 2023 WL 8370478, at *9-10 (S.D. Fla. Dec. 4, 2023) (excluding evidence or argument related to "allegations raised in any of [party's] initial or amended complaints"). None of the issues that the jury must decide turn on the distinct legal standards, irrelevant procedural rules, and inadmissible argument in these motions. Debating these motions before the jury will require the parties to spend valuable trial time educating the jury about the appropriate legal standards, explaining why each party made certain legal arguments, why the law supported them, and the implications of the Court's ruling to the case—issues irrelevant to the jury's charge. And hearing that one party lost that motion will only unfairly

prejudice the losing side—even though that motion has nothing to do with merits of either side's claims or defenses.

That improper purpose is starkly illustrated by Relators' desire to introduce eCW's motion to transfer. Whether eCW met the standard in 28 U.S.C. § 1404(a) to merit transfer to the District of Massachusetts is patently irrelevant to "whether the software met the relevant certification criteria." (6/4/25 Hr'g Tr. 6:21–7:1.) Relators' only reason for presenting to the jury that eCW lost its effort to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is to inflame this jury against eCW—improperly implying that eCW did not want *this* jury to hear these claims, though this has no probative value as to whether Relators can prove their claims on the merits. (Ex. A, 8/12/25 Navani Dep. 19:15–23.) That is precisely what Rule 403 prohibits. *See Passmore*, 2021 WL 12103008, at *3.

## **CONCLUSION**

For these reasons, the Court should preclude Relators from offering evidence, testimony, or argument regarding the parties' motion practice, including eCW's motion to transfer.

Dated: September 9, 2025

Respectfully submitted,

*/s/ Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

Allison M. Brown (*pro hac vice*)
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, Pennsylvania 19103
Tel: (215) 268-5000

Geoffrey M. Wyatt (*pro hac vice)*
geoffrey.wyatt@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-3393

Martin L. Roth (*pro hac vice*)
martin.roth@kirkland.com
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Tel: (312) 862-7170

Aaron Katz (*pro hac vice)*
akatz@aaronkatzlaw.com
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, Massachusetts 02116
Tel: (617) 915-6305

*Counsel for Defendant eClinicalWorks, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 9, 2025, a copy of the foregoing was served on all parties of record via the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

/s/ *Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN
GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

*Counsel for Defendant eClinicalWorks, LLC*