# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> eCLINICALWORKS, LLC, <br><br> *Defendant.* | Civil Action No. 5:18-CV-00382-MTT <br><br> Hon. Marc T. Treadwell |

**eCLINICALWORKS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 12 TO PRECLUDE RELATORS FROM INTRODUCING EVIDENCE AND ARGUMENTS CONCERNING ALLEGATIONS THAT PREDATE THE RELEVANT TIME PERIOD**

This Court has already determined that version 11 of Defendant eClinicalWorks, LLC's ("eCW") software—released in December 2017—is the only electronic health record ("EHR") software at issue in this action. Nevertheless, Relators continue to attempt to introduce evidence and arguments concerning earlier versions of eCW's EHR software and company practices that predate December 2017. This includes evidence of technical issues related to eCW software antecedent to version 11—particularly involving technology that is ancillary to the EHR, and evidence related to the company's operations and management prior to December 2017, such as the chronology of when eCW formally created an Application Security department.

Accordingly, eCW submits this motion *in limine* to preclude Relators from offering evidence, testimony, or argument concerning or arising from irrelevant factual allegations that predate the relevant time period, which begins, at the earliest, in December 2017—i.e., when the software at issue was certified. Any argument regarding events or conduct that predate December 2017 are inadmissible pursuant to Federal Rules of Evidence 401, 402, and 403, as irrelevant to the factual disputes to be resolved by the jury at trial and would be confusing to the jury and highly prejudicial.

## BACKGROUND

Relators allege that eCW's EHR software contains security flaws that are not in compliance with software certification requirements established by the Office of the National Coordinator for Health Information Technology ("ONC"). (Relators' First Am. Compl. ¶ 8, ECF No. 34 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓) As this Court observed, "[v]ersion 11 of eCW's software was certified on December 28, 2017[.]" (Mot. Summ. J. Order at 32 n.40, ECF No. 345; *see* Mot. to Redact Order at 3, ECF No. 350 (noting that version 11 "was first released in December 2017").) And version 11 is what this case is about; as Relators have

noted, the relevant "time frame that matters" begins "December 2017 when Version 11 was certified based on eCW's fraudulent attestations[.]" (Relators' Resp. to eCW's Mot. Summ. J. at 6.)[1] Additionally, Relators do not claim—nor do they seek—damages for any claims predating 2017. (*See id.*, at 41 ("eCW argues the Relators cannot seek damages incurred before February 2017 when eCW settled *Delaney*. Relators aren't seeking such damages.").)

Although it is not possible at this pretrial stage to determine all possible evidence or testimony predating December 2017 that Relators may elect to introduce or reference, Relators have certainly indicated that they intend to introduce such evidence. Certain examples include:

- Reference to a 2010 interview in the recent deposition of eCW's CEO, Girish Navani. (*See* Ex. A, 8/12/25 Navani Dep. 64:15–21 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *id.*, at 137:10–15 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓)

- Relators' deposition designations of the alleged lack of an Application Security ("AppSec") Department prior to 2015 and alleged deficiencies with the AppSec Department once it was formed. (*See* Relators' Proposed Dep. Designations, 6/18/24 Jaiswal Dep. 42:2-44:6, 272:17-275:4, ECF No. 300-13; 4/30/24 Ulrich Dep. 52:19-55:19, 81:9-82:5, ECF No. 218-44 (designated by Relators).)[2]

- Relators' deposition designations and proposed documents in their exhibit list of information from 2015 pertaining to the Drummond group, including 2015 email communications and quarterly attestations to Drummond Group about the work that eCW did that predate December 2017. (*See* 4/19/24 Laycob Dep. 46:6–10, ECF No. 218-20 (designated by Relators); "April 2, 2015 Email from Alicia Morton (ONC) to Kyle Meadors (Drummond) re certified EHR Complaints"

---

[1] Both Relators and the Court have stated that this case is about version 11, which was certified under the ONC's 2015 Certification Standards in December 2017. (*See* Relators' Resp. to eCW's Mot. Summ. J. at 32, ECF No. 266 ("Relators' claims here are about Version 11 of eCW's software certified in December 2017[.]"); *see also* Mot. Summ. J. Order at 6 ("Version 11 of eCW's software is at issue here. From December 28, 2017 to December 28, 2021, Version 11 was eCW's only relevant software certified under the ONC's 2015 Certification Standards, 45 C.F.R. § 170.315.") (internal citations omitted).)

[2] Parties' exhibit lists and deposition designations will be submitted in accordance with the Court's Pre-Trial Deadlines Order, ECF No. 349.

(ONC_eCW2023_0000029); "April 7, 2015 Email from Alicia Morton (ONC) to Steven Posnack forwarding April 7, 2015 Email from Kyle Meadors (Drummond) to Alicia Morton (ONC) re certified EHR complaints" (ONC_eCW2023_0000096).)

- Documents relating to version 10 on Relators' deposition designations and proposed exhibit list. (*See*, 5/10/24 Lewis Dep. 60:7-61:7, ECF No. 218-2 (designated by Relators); "Shah, Bhakti (2015) eClinicalWorks Announces 10e, eclinicalworks.com" (REL001954-1956).)

- Relators' proposed exhibit list includes eCW EHR software information, including email communications, that pre-date 2017. (*See* "2016-02-22 P. Dittrich to A. Tikekar and ITSS Security re how bad is CVE-2015-7547" (ECW_GA000731799); "2016-04-04 P. Dittrich to V. Vora and Z. Razzaque re ecwhieprodapp01" (ECW_GA000731942).)

## ARGUMENT

**I.    PRESENTATION OF EVIDENCE REGARDING PRE-DECEMBER 2017 FACTUAL ALLEGATIONS ARE IRRELEVANT UNDER RULES 401 AND 402**.

Rule 402 provides that "'[e]vidence which is not relevant is not admissible.'" *Anderson v. FCA U.S., LLC*, 2019 WL 826479, at *5 (M.D. Ga. Feb. 21, 2019) (quoting Fed. R. Evid. 402). Courts in the Eleventh Circuit have issued blanket exclusions of temporally irrelevant factual allegations where they do "not have any tendency to make [the underlying relevant issue] more or less probable." *Novello v. Progressive Express Ins. Co.*, 2021 WL 1845241, at *4 (M.D. Fla. May 7, 2021); *see, e.g.*, *McCaskill v. Ray*, 279 F. App'x 913, 915 (11th Cir. 2008) (reasoning that evidence dated "after the relevant time frame in [the] case" should have been excluded pursuant to Rule 402); *Casey v. 1400 Northside Drive, Inc.*, 2018 WL 5003471, at *2 (N.D. Ga. Apr. 4, 2018) (excluding evidence because "[s]uch evidence would clearly be irrelevant to whether Defendants believed they were complying with the FLSA during the relevant time period"); *see also G.H. v. Marstiller*, 2020 WL 13228155, at *3 (N.D. Fla. Mar. 24, 2020) ("[T]here is an inverse relationship between time on one side, and relevance and proportionality on the other . . . the more distant in time the information is, the less relevant it is[.]"). Without relevance to the proceeding, any references to factual allegations predating December 28, 2017 must be excluded. *United States*

3

*v. Ray*, 681 F. App'x 807, 809 (11th Cir. 2017) ("Irrelevant evidence is inadmissible.") (citing Fed. R. Evid. 402).

December 28, 2017, is when version 11 became certified. Conduct by eCW personnel, the existence of departments or the lack thereof, and other factual allegations that ***pre-date*** December 28, 2017 (in many cases by multiple years) do not have a tendency to make any fact or issue more or less probable than it would be without the evidence and are of no consequence in determining whether Relators can prove that eCW fraudulently obtained federal certification of its software. (*See* 6/4/25 Hr'g Tr. 5:21–22, ECF No. 334 (noting that "the ultimate question of whether the software met regulatory requirements").) For this reason alone, the Court should exclude evidence or argument that relates to matters that predate the time period at issue.

## II. ADDITIONALLY, REFERENCES TO PRE-DECEMBER 2017 FACTUAL ALLEGATIONS ARE UNFAIRLY PREJUDICIAL AND SHOULD BE EXCLUDED PURSUANT TO RULE 403.

"Even if evidence is relevant, if the probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury, the relevant evidence should be excluded." *Anderson*, 2019 WL 826479, at *5 (citing Fed. R. Evid. 403). The introduction of such evidence implicates several significant concerns under Rule 403.

Courts in this Circuit have excluded evidence and argument about matters from irrelevant time periods where, as here, they could inject confusion or unfair prejudice into the case. *See, e.g.*, *King v. Cath. Charities of Nw. Fla., Inc.*, 2018 WL 3848819, at *2 (N.D. Fla. Aug. 12, 2018) (excluding medical evidence beyond a designated time period pursuant to Rule 403 because it introduces the "potential for significant confusion and misleading of the jury with respect to Plaintiff's medical condition during the relevant time period"); *In re Bard IVC Filters Prods. Liab. Litig.*, 2018 WL 4279833, at *3 (D. Ariz. Sept. 7, 2018) (excluding evidence related to earlier

generations of product at-issue under Rule 403); *Trinidad v. Moore*, 2017 WL 466551, at *2 (M.D. Ala. Feb. 1, 2017) (excluding evidence of post-incident conduct because "the probative value of the evidence is greatly diminished because it is relevant to a time period after the accident and, therefore, only minimally relevant to" the underlying issues); *Brown v. Bray & Gillespie III Mgmt. LLC*, 2008 WL 2397601, at *5 (M.D. Fla. June 10, 2008) (barring expert from testifying "as to events that occurred outside the relevant time period").

For example, in *In re Bard*, plaintiff was implanted with defendants' IVC filter, which she alleged was defective. Defendants sought to exclude any evidence related to alleged adverse events associated with earlier generations of their filter devices. Against plaintiffs' argument that exclusion of such evidence would unduly prejudice their ability to prove their claim, the court granted defendants' motion to exclude under Rule 403. *See* 2018 WL 4279833, at *3.

This Court should reach the same conclusion here for at least two reasons. **First**, there is a significant risk of unfair prejudice and confusion. The topics at issue predate the relevant time period in this case by as much as seven years. Several important changes occurred over that period: the company grew significantly; the applicable certification criteria and federal incentive programs changed; and the company was made aware of and settled the *Delaney* case and became subject to a Corporate Integrity Agreement, to name just a few. The jury will not be presented with a complete picture of all that came before the time period at issue, giving rise to a significant likelihood that it will not have the appropriate context to interpret isolated events cherry-picked by Relators, resulting in unfair prejudice to eCW.

**Second**, there is at minimum a risk of a significant waste of time as eCW will be forced to elicit testimony to provide relevant context for events and alleged conduct that have no direct relationship to what took place during the time period actually at issue in this case. The inevitable

result would be a series of "mini-trials" concerning eCW's conduct prior to the certification of version 11 that "would have limited probative value yet consume possibly days of testimony and likely inject jury confusion." *See Salinero v. Johnson & Johnson*, 2019 WL 7753438, at *5 (S.D. Fla. Sept. 25, 2019) (collecting cases); *Purdee v. Pilot Travel Centers, LLC*, 2010 WL 11537542, at *1 (S.D. Ga. Jan. 11, 2010) (excluding evidence of preceding conduct because it had "limited relevance, is of limited probative value, and would constitute a significant waste of time").

## **CONCLUSION**

For the foregoing reasons, the Court should grant eCW's motion *in limine* to preclude Relators from offering evidence, testimony, or argument concerning or arising from evidence predating the certification of version 11.

Dated: September 9, 2025

Respectfully submitted,

*/s/ Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

Allison M. Brown (*pro hac vice*)
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, Pennsylvania 19103
Tel: (215) 268-5000

Geoffrey M. Wyatt (*pro hac vice)*
geoffrey.wyatt@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-3393

Martin L. Roth (*pro hac vice*)
martin.roth@kirkland.com
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Tel: (312) 862-7170

Aaron Katz (*pro hac vice)*
akatz@aaronkatzlaw.com
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, Massachusetts 02116
Tel: (617) 915-6305

*Counsel for Defendant eClinicalWorks, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 9, 2025, a copy of the foregoing was served on all parties of record via the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

/s/ *Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN
GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

*Counsel for Defendant eClinicalWorks, LLC*