# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, et al., | Civil Action No. 5:18-CV-00382-MTT |
| *Plaintiffs*, | Hon. Marc T. Treadwell |
| v. | |
| eCLINICALWORKS, LLC, | |
| *Defendant.* | |

## eCLINICALWORKS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 9 TO PRECLUDE RELATORS FROM ARGUING THAT eCW'S SUBSEQUENT REMEDIAL MEASURES PROVE SOFTWARE DESIGN DEFECTS OR CULPABILITY

As a software company with a longstanding commitment to product improvement and customer service, Defendant eClinicalWorks ("eCW") routinely updates and improves its software, including through the release of patches. In violation of Federal Rule of Evidence 407, Relators have sought to distort eCW's proactive improvements to its software as evidence of culpability. eCW therefore submits this motion *in limine* to preclude Relators from arguing that eCW's subsequent remedial measures—including its preparation of internal assessments regarding its compliance with the Corporate Integrity Agreement ("CIA"), its cooperation with the U.S. Government and the independent Software Quality Oversight Organization ("SQOO"), and its release of software patches (i.e., security or otherwise)—prove either that eCW's software was defectively designed or that eCW is liable under the False Claims Act.

## **BACKGROUND**

As virtually all cloud-based software companies do, eCW regularly releases patches to improve its products. (*See* 6/18/24 Jaiswal Dep. 91:23–92:1, ECF No. 218-5 █████████████ █████████████████████████████████████████████████████████████████████ █████████████████; 1/5/24 Expert Rep. of Eric Cole ¶ 95, ECF No. 218-102 (noting Relators observed at least 126 eCW patches spanning more than nine years).) As Relators' expert Eric Cole opined: ███████████████████████████████████████████████████ ███████████████████████████████████████████ (*Id.* ¶ 94; *see id.* ¶ 97 ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ████████████████████████████████.)

Federal Rule of Evidence 407 makes clear that a defendant's subsequent remedial measures may not be used to prove either a design defect or culpable conduct. In prior submissions to the Court, however, Relators have made assertions and arguments suggesting that it intends to argue

at trial that eCW's proactive remedial measures—including its release of patches—prove liability under the False Claims Act.  For example, Relators have argued that patches eCW has released since the filing of Relators' complaint ███████████████ that address only ███████ ████████████████████████████████████ (First Am. Compl., ECF No. 17, at 4–5.)  Relators clearly intend to suggest that these patches are proof that eCW's EHR software is defectively designed, just as Relators claim it is.  Indeed, Relators have argued that eCW's patches were ████████████████████████████ ████████  (Cole Rep. ¶ 99.)

## ARGUMENT

Rule 407 provides that "'[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence, culpable conduct, a defect in a product or its design, or a need for a warning or instruction.'"  *Polypack, Inc. v. Nestle USA, Inc.*, 2025 WL 1148684, at *3 (M.D. Fla. Apr. 18, 2025).  "The use of the phrase 'remedial measures' is designed to bring within the scope of the rule any post-accident change, repair or precaution."  *Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1567 n.14 (11th Cir. 1991) (internal citations omitted).

Relators' arguments that eCW's remedial measures prove that eCW's software in fact was defectively designed or violated the federal certification criteria, or that eCW in fact is culpable under the False Claims Act, are squarely prohibited under this Rule.  The Court therefore should preclude, for example, Relators' expert Eric Cole from asserting that eCW's release of a security ████████████████████████████████████ (Cole Rep. ¶ 97).  The Court also should preclude Relators from arguing that eCW's release of patches demonstrates that the company was negligent or reckless in its initial design of the software.  *See, e.g.*, *Wilkinson*, 920 F.2d at 1568-69 (ordering a new trial where "witnesses' testimony" regarding the defendant's remedial

measures "likely gave rise to the precise inference of negligence[] that Rule 407 was designed to avoid"); *Radford v. Seaboard Sys. R.R.*, 828 F.2d 1552, 1554 (11th Cir. 1987) (affirming exclusion of evidence of a railroad's subsequent warning measures because "Rule 407 of the Federal Rules of Evidence prohibits the introduction of subsequent remedial measures to prove negligence"); *Perau v. Barnett Outdoors, LLC*, 2019 WL 2145467, at *1 (M.D. Fla. May 15, 2019) (holding that evidence of "modifications to the [underlying product] after the injury is inadmissible as a subsequent remedial measure") (citation omitted).  For similar reasons, the Court should preclude Relators from arguing that eCW's release of patches has any tendency to prove that its software did not comply with the federal certification criteria.[1]

## **CONCLUSION**

For the foregoing reasons, the Court should grant eCW's motion *in limine* to preclude Relators from arguing that eCW's adoption of subsequent remedial measures proves that the company's software was defectively designed or violated the federal certification criteria, or proves that the company is culpable under the False Claims Act.

---

[1]    To be sure, eCW's release of patches to remediate either vulnerabilities to which the Department of Justice or the SQOO alerted the company or that the company identified on its own helps demonstrate eCW's lack of scienter.  Thus, eCW is not asserting that its subsequent remedial measures are irrelevant for any purpose.  But they may not be argued to be evidence of technical deficiencies or certification nonconformities.

Dated: September 9, 2025

Respectfully submitted,

*/s/ Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

Allison M. Brown (*pro hac vice*)
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, Pennsylvania 19103
Tel: (215) 268-5000

Geoffrey M. Wyatt (*pro hac vice*)
geoffrey.wyatt@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-3393

Martin L. Roth (*pro hac vice*)
martin.roth@kirkland.com
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Tel: (312) 862-7170

Aaron Katz (*pro hac vice*)
akatz@aaronkatzlaw.com
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, Massachusetts 02116
Tel: (617) 915-6305

*Counsel for Defendant eClinicalWorks, LLC*

1

## CERTIFICATE OF SERVICE

I hereby certify that, on September 9, 2025, a copy of the foregoing was served on all parties of record via the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

/s/ *Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN
GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

*Counsel for Defendant eClinicalWorks, LLC*