UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, *et al.*,<br><br>　　　Plaintiffs,<br><br>v.<br><br>eCLINICALWORKS, LLC,<br><br>　　　Defendant. | No. 5:18-CV-382<br><br>Honorable Marc T. Treadwell |

**eCLINICALWORKS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 10 TO EXCLUDE EVIDENCE AND ARGUMENTS REGARDING NATIONALITIES AND LOCATIONS OF, AND RELATIONSHIPS BETWEEN, eCW, eCW'S CO-FOUNDERS, eCW'S EMPLOYEES, AND eCW'S OFFICES**

Relators have consistently sought to inject into this litigation irrelevant issues related to the nationalities, familial relationships, and geographic locations of eClinicalWorks, LLC ("eCW") and its employees, including by questioning multiple company witnesses about these issues at depositions. In two of the three recent trial-preservation depositions of eCW witnesses, for example, such questioning featured prominently. Indeed, Relators *opened* their deposition of eCW's CEO, Girish Navani, by demanding that he name ████████████████ ████████████████████████████████████████ followed a short time later by questions whether eCW ████████████████ and whether ████████████ ████████████████████████ as contrasted with Relators' own ████████████████ ██████.

None of this evidence is admissible under Federal Rule of Evidence 401 because it is entirely irrelevant to: (1) whether eCW's software met the relevant certification requirements; or (2) whether any element of the Relators' claims is satisfied. As a result, the only conceivable reason to raise such evidence and argument at trial would be to stoke juror bias against foreign nationals and companies that employ foreign workers, which is indisputably improper under Federal Rule of Evidence 403. Accordingly, inflammatory evidence, testimony and argument related to the nationality and location of eCW, its officers and its employees—as well as the familial relationships of certain eCW personnel—should be excluded as a matter of law.

## BACKGROUND

eCW is headquartered in Massachusetts, with offices in the United States. eCW also has offices abroad in Mumbai, India, meaning that certain of eCW's employees are located there. Mr. Navani, eCW's CEO and co-founder, was born in India and moved to the United States to study engineering in 1988. eCW's other co-founders are similarly from India, and certain of eCW employees are related to Mr. Navani or other co-founders of the company.

Relators have made clear throughout that they intend to raise at trial the foreign location and nationality of, as well as familial relationships among, eCW officers and employees—as they have designated some of this testimony as part of their proposed deposition designations.[1] As noted above, Relators peppered Mr. Navani at his deposition with irrelevant and harassing questioning about eCW's offices in India and the work performed there, and included this testimony as part of their proposed deposition designations. (*See, e.g.*, Ex. A, 8/12/2025 Navani Dep. at 23:24-24:3 (designated by Relators) ▮▮▮▮▮▮▮▮▮▮▮▮.) Relators also asked Mr. Navani highly prejudicial questions clearly designed to appeal to politicized ideas about outsourcing American jobs and to invoke baseless and stereotypical ideas about the quality of Indian labor. (*See, e.g., id.* at 24:8–13 ▮▮▮▮▮▮▮▮▮▮▮▮; *id.* at 24:17-22 ▮▮▮▮▮▮▮▮▮▮▮▮.) Further, Relators asked Mr. Navani questions about familial relationships between certain eCW officers and employees that were designed to suggest that the company engaged in nepotism with respect to hiring practices, and designated the resulting testimony for use at trial. (*See id.* at 14:14-23 (designated by Relators) ▮▮▮▮▮▮▮▮▮▮▮▮.) To be

---

[1] Parties' exhibit lists and deposition designations will be submitted in accordance with the Court's Pre-Trial Deadlines Order, ECF No. 349.

clear, eCW hires and promotes employees based solely on merit, without regard to nationality, familial relationships, or any other considerations Relators' have tried to imply.

Relators have similarly designated irrelevant deposition testimony from other eCW witnesses about eCW's offices in India, employment of individuals of Indian nationality and descent, and the family relationships between certain eCW employees. (*See, e.g.*, 4/19/2024 Laycob 30(b)(6) Dep. 8:11-13, ECF No. 218-20 (designated by Relators) ███; 6/18/2024 Jaiswal Dep. 35:15-19, ECF No. 218-5 ███; *id.* 36:7-12 (designated by Relators) ███.) None of this highly prejudicial evidence, however, has any relevance to the issues that the jury must resolve in this case and is therefore inadmissible.

## ARGUMENT

The Court should bar Relators from soliciting or offering any testimony, evidence, or argument regarding the nationalities of eCW's founders, foreign location of certain eCW offices and employees, and familial relationships among certain employees because these topics: (1) have zero bearing on the relevant issues in the case; and (2) would only serve to inflame prejudices that Relators apparently assume will be harbored by some jurors with respect to foreign nationals and companies employing foreign personnel.

***First***, evidence or testimony that: (1) eCW has offshore employees in India; (2) Mr. Navani and other company co-founders were born in India; or (3) certain eCW co-founders and employees are related is inadmissible because it is completely irrelevant to any claims or defenses at issue in this case. *See* Fed. R. Evid. 401. Relators' claims in this case are focused on "whether

4

the software met the relevant certification criteria." (6/04/25 Hr'g Tr. 6:21–7:1, ECF No. 334.) This claim does not in any way related to the location of eCW's offices or employees, or the nationality or familial relationships of its co-founders.

Indeed, courts addressing False Claims Act claims have expressly held that evidence related to the foreign presence of a corporate defendant has no legitimate probative value. *See, e.g.*, *United States ex rel. Kiro v. Jiaherb, Inc.*, 2019 WL 2869186, at *7 (C.D. Cal. July 3, 2019) (precluding as "irrelevant, cumulative, and carr[ying] a high risk of undue prejudice" evidence in False Claims Act case that Defendant's company had a Chinese presence). This case is no different. The fact that eCW has employees in India (and the baseless implication that employees in India are less competent than American workers or take jobs away from Americans) does not make any fact that could support any element of Relators' causes of action—including falsity, causation, materiality, or scienter—more or less likely. Nor does the nationality of eCW's co-founders or their familial relationships. Accordingly, evidence and argument about these topics should be excluded for this reason alone.

***Second***, even if it had some arguable relevance, evidence relating to eCW's presence in India, the Indian nationality of certain employees and officers, and family relationships between Indian employees and officers is barred under Rule 403 because it would only serve to prejudice and inflame the jury, all while unnecessarily prolonging the trial.

As courts have recognized, evidence and argument centered on the foreign nationality of a party or its employees serves no purpose other than to "prejudicially appeal to xenophobia." *Gearhart v. Uniden Corp. of America*, 781 F.2d 147, 153 (8th Cir. 1986) ("[R]eferences to Far Eastern parent corporations and 'foreign goods' or 'foreign products' . . . should not be permitted on retrial."). As a result, courts regularly exclude evidence about a defendant's race or nationality

5

as unduly prejudicial. *See, e.g.*, *United States v. Blankenship*, 382 F.3d 1110, 1126–27 (11th Cir. 2004) (affirming exclusion of evidence that appealed to racial tensions as "collateral, immaterial, and intrinsically inflammatory"); *Boyle v. Mannesmann Demag Corp.*, 991 F.2d 794 (6th Cir. 1993) (holding that district court should have excluded reference to German nationality of company because "repeated references to a party's citizenship or nationality can be unduly prejudicial to that party"); *Combs v. Cordish Companies, Inc.*, 2018 WL 1464033, at *9 (W.D. Mo. Mar. 23, 2018) (granting motion in limine to exclude evidence related to corporation's foreign status); *Green v. Logan's Roadhouse, Inc.*, 2015 WL 200977, at *2 (S.D. Miss. Jan. 14, 2015) (granting motion in limine to exclude evidence related to location of corporation because "arguments which appeal to geographical location are intended to prejudice the jury"). And because issues of race are so emotionally charged, the admission of such evidence risks reversible error. *Cf. In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 786-87 (5th Cir. 2018) ("seriously distracting" reference to claims of racial discrimination that had nothing to do with merits "fortifies our conviction that a new trial is required").

The same is true here. The only reason Relators have to focus on the Indian location and nationality of eCW and its employees—as well as familial connections between those employees—is to unfairly suggest that eCW's personnel do not meet the same quality standards as American workers or were hired because of nepotism instead of merit. Such baseless and inflammatory suggestions (which have zero relevance to the Relators' substantive claims) would necessarily inject undue prejudice into the trial. There is also a significant possibility that referring to large numbers of eCW employees working overseas will unfairly prejudice the jury by appealing to personal views about matters of foreign policy or concerns about the American job market in contravention of Rule 403. *See, e.g., Maxwell, Ltd v. Apple Inc.*, 2021 WL 3021253, at *10 (E.D.

Tex. Feb. 26, 2021) ("Evidence or references to Apple's foreign operations used to imply that Apple outsources American jobs, 'sources from abroad,' or otherwise unfairly prejudice the jury will be prohibited.") (citing Fed. R. Evid. 403).

In addition, injecting such irrelevant and inflammatory evidence and argument into the trial would only serve to unnecessarily complicate and prolong it. *See Bunch v. Pac. Cycle, Inc.*, No. 4:13-CV-0036-HLM, 2015 WL 11622952, at *7 (N.D. Ga. Apr. 27, 2015) (holding that the court "will not allow Plaintiffs to make the location of manufacture … the central focus of the trial or turn the matter into a mini-trial on an unrelated issue"). To the extent that Relators are allowed to suggest or imply that eCW's employees in India do not provide the same quality of work as those based in the United States, or that eCW outsources jobs to India to the detriment of American workers, eCW would be entitled to defend itself by presenting evidence relating to the necessity and skill of eCW's Indian employees. This would inevitably result in a complicated mini trial on irrelevant issues relating to the use of foreign labor that has no bearing on the merits of the case. *See id.*; *Chao v. Tyson Foods, Inc.*, 2009 WL 10687853, at *2 (N.D. Ala. Jan. 17, 2009) (excluding evidence related to immigration status because it would "have minimal probative value as background information" and "[i]t is not critical to any aspect of [the] case"). This is particularly true with respect to evidence and argument that certain eCW officers and employees are related, which would require eCW to put on its own evidence demonstrating the qualifications of those individuals, how and why they were hired, and the role that they play in the company. Once again, this will result in a confusing and time-consuming side show with no benefit in terms of resolving the merits of the case. For this reason, too, such irrelevant and prejudicial evidence should be excluded.

7

## **CONCLUSION**

For the reasons set forth above, the Court should grant eCW' motion *in limine* to exclude evidence or testimony regarding the nationalities, relationships, and locations of eCW's founders, employees, and offices.

Dated: September 9, 2025

        Respectfully submitted,

        */s/ Duke R. Groover*
        Duke R. Groover
        Georgia Bar No. 313225
        dgroover@jamesbatesllp.com
        JAMES BATES BRANNAN GROOVER LLP
        231 Riverside Drive
        Suite 100
        Macon, Georgia 31201
        Tel: (478) 742-4280
        Fax: (478) 742-8720

        Allison M. Brown (*pro hac vice*)
        alli.brown@kirkland.com
        KIRKLAND & ELLIS LLP
        2005 Market Street, Suite 1000
        Philadelphia, Pennsylvania 19103
        Tel: (215) 268-5000

        Geoffrey M. Wyatt (*pro hac vice)*
        geoffrey.wyatt@kirkland.com
        KIRKLAND & ELLIS LLP
        1301 Pennsylvania Avenue, N.W.
        Washington, D.C. 20004
        Tel: (202) 389-3393

        Martin L. Roth (*pro hac vice*)
        martin.roth@kirkland.com
        KIRKLAND & ELLIS LLP
        333 West Wolf Point Plaza
        Chicago, Illinois 60654
        Tel: (312) 862-7170

Aaron Katz (*pro hac vice*)
akatz@aaronkatzlaw.com
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, Massachusetts 02116
Tel: (617) 915-6305

*Counsel for Defendant eClinicalWorks, LLC*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on September 9, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this matter.

/s/ *Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN
GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

*Counsel for Defendant eClinicalWorks, LLC*
