**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, et al., | Civil Action No. 5:18-CV-00382-MTT |
| *Plaintiffs*, | Hon. Marc T. Treadwell |
| v. | |
| eCLINICALWORKS, LLC, | |
| *Defendant.* | |

**eCLINICALWORKS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION *IN LIMINE* NO. 13 TO PRECLUDE RELATORS FROM INTRODUCING**
**EVIDENCE AND ARGUMENTS CONCERNING FINANCIAL CONDITION**

Defendant eClinicalWorks, LLC ("eCW") submits this motion *in limine* to preclude Relators from offering evidence, testimony, or argument, or references concerning the size, wealth, financial condition, net worth, or profit information of eCW. Any such evidence regarding eCW's financial condition is inadmissible pursuant to Federal Rules of Evidence 401, 402, and 403, because it is irrelevant to the factual disputes to be resolved by the jury at trial, and the only purpose of such argument would be to unfairly prejudice eCW in the eyes of the jury.

## BACKGROUND

Relators have made clear that they intend to solicit or use existing testimony and evidence concerning eCW's financial condition at trial. For example, Relators' proposed designations of eCW's CEO Girish Navani includes testimony regarding the growth and profits of eCW over time. (*See* Ex. A, 8/12/2025 Navani Dep. 140:20–141:4 ███████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████[1]

Relators also apparently intend to elicit or use testimony regarding the value of eCW, including its revenue figures. (*See* Ex. A, 8/12/2025 Navani Dep. 141:5–18 ████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████

---

[1]     Parties' exhibit lists and deposition designations will be submitted in accordance with the Court's Pre-Trial Deadlines Order, ECF No. 349.

And Relators have included at least one exhibit in their exhibit list that is a hearsay article intended solely to show eCW's revenue.  (*See* "Fast 50 (Fastest-Growing Private Companies in Mass.), May 13, 2025 / Revised: June 2, 2025," https://www.bizjournals.com/boston/subscriber-only/2025/05/13/fast-50-fastest-growing-private-companies-in-mass.html.)

In pretrial discussions, Relators have indicated that their position is that such evidence is relevant to show eCW's motivations—even though it is self-evident that any defendant would be motivated to avoid an adverse monetary judgment at trial.  At the same time, Relators have indicated that they view all evidence tending to show Relators' own financial motivations for bring this suit as irrelevant and inadmissible—even though it is not obvious to a jury that Relators stand to keep 25-30% of any recovery in this case.

## ARGUMENT

### I.    PRESENTATION OF EVIDENCE REGARDING THE FINANCIAL CONDITION OF ECW IS IRRELEVANT.

Rule 402 provides that "'[e]vidence which is not relevant is not admissible.'"  *Anderson v. FCA U.S., LLC*, 2019 WL 826479, at *5 (M.D. Ga. Feb. 21, 2019) (quoting Fed. R. Evid. 402).  Evidence is relevant only if it makes any "fact . . . of consequence . . . more or less probable than it would be without the evidence."  Fed. R. Evid. 401(a).

"The general rule is that, during trial, 'no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the other's.'"  *Bryant v. Mascara*, 2023 WL 11956143, at *6 (S.D. Fla. June 21, 2023), *aff'd*, 2024 WL 4458382 (11th Cir. Oct. 10, 2024) (quoting *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1178 (11th Cir. 2002)).  "'The erroneous admission of such evidence can constitute reversible error.'"  *Bryant*, 2023 WL 11956143, at *6 (quoting *Brough*, 297 F.3d at 1178).  While there are exceptions to the general

rule, evidence of wealth or financial status should only be admitted where financial condition is "probative to one or more issues in the case[.]"  *Brough*, 297 F.3d at 1179.[2]

eCW's financial condition has no probative value in this case.  The jury will be tasked with determining whether the software at issue, version 11, met regulatory requirements.  (*See* 6/4/2025 *Daubert* Hr'g Tr. 5:21–22, ECF No. 334  (noting that "the ultimate question" that the jury will decide is "whether the software met regulatory requirements").)  The financial condition of eCW does not provide any probative value as to what the certification criteria are or whether eCW's software conformed to those criteria.  Because eCW's financial condition cannot assist the jurors in answering the "ultimate" questions of the case, they are irrelevant and must be excluded.  *See, e.gs.*, *Casey v. 1400 Northside Drive, Inc.*, 2018 WL 5003471, at *2 (N.D. Ga. Apr. 4, 2018) (excluding evidence of financial condition as "[s]uch evidence would clearly be irrelevant to whether Defendants believed they were complying with the FLSA during the relevant time period"); *Castellanos v. Portfolio Recovery Assocs., LLC*, 2017 WL 7796303, at *2 (S.D. Fla. Oct. 31, 2017) (citing Fed. R. Evid. 402 as a basis to exclude "any evidence concerning size of Defendant's company [and] the financial condition of Defendant's company"); *Khan v. H & R Block E. Enters., Inc.*, No. 11-20217-CIV, 2011 WL 4715201, at *2 (S.D. Fla. Oct. 5, 2011) ("Because any evidence of Defendant's or Defendant's counsel's relative wealth, financial condition, power, or size and any relative disparity between the parties is irrelevant and immaterial to any material facts at issue, no party shall make any such reference during trial.").

---

[2]    For example, courts have held that financial condition of a defendant may be relevant and admissible where it is "a factor to be used in determining the amount of punitive damages" in a case where such damages are at issue. *E.g.*, *Stallworth v. Sourcecorp*, 2006 WL 2331093, at *1 (M.D. Ala. Aug. 10, 2006).  But this is not such a case. Relators have no ability to seek punitive damages under the FCA, § 10:90. *Double or treble damages under False Claims Act*, 5B Fed. Proc., L. Ed. § 10:90 ("Although the trebling of the actual loss is a significant enhancement and punitive in nature,[] it is not the equivalent of classic punitive damages."), and they do not purport to do so.  And where punitive damages are not available, courts generally exclude such evidence. *E.g.*, *Dodgson v. First Advantage Background Servs. Corp.*, 2019 WL 2306131, at *4 (N.D. Ga. Mar. 7, 2019) (excluding evidence of financial condition where punitive damages were not available).

While Relators have asserted that references to financial condition are necessary to demonstrate eCW's motivations, that argument lacks merit. Any defendant would be motivated to avoid a judgment of the size Relators claim is at issue in this case, regardless of the specifics of their past or present financial condition. As such, reference to the significant financial damages Relators seek will satisfy the purpose Relators claim, in a much less attenuated way. (*See* eCW SUMF, ECF No. 215-2, at ¶ 312 (observing that Relators' expert updated estimates of total damages "would have been approximately either $215 million or $388 million, depending on which of two alternative assumptions she proposes is used to estimate each customer's Medicare payments").)

## II.    PRESENTATION OF EVIDENCE REGARDING THE FINANCIAL CONDITION OF ECW IS UNDULY PREJUDICIAL.

Even relevant evidence should be excluded where "the probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury[.]" *Anderson*, 2019 WL 826479, at *5 (citing Fed. R. Evid. 403). Where, as here, probative value is absent, courts have excluded evidence of Defendants' financial condition based on its inherently prejudicial nature. *See, e.g.*, *Patton v. PMTD Restaurants LLC*, 2020 WL 10185428, at *1 (N.D. Ala. Nov. 3, 2020) ("The court finds the evidence of [Defendant]'s financial condition (or Plaintiff's relative financial condition) should generally be excluded under Rule 403 because the probative value of that evidence is substantially outweighed by a danger of unfair prejudice to Defendant."); *Ruberti v. Ethicon, Inc.*, 2022 WL17875833, at *8 (M.D. Ala. Dec. 22, 2022) ("[E]vidence of a defendant's wealth is highly prejudicial and, therefore, inadmissible.") (internal citation omitted).

These rulings are well-founded. Even where punitive damages are at issue—which is not the case here—the Supreme Court has cautioned that "the factfinder must be guided by more than

the defendant's net worth . . . plaintiffs do not enjoy a windfall because they have the good fortune

to have a defendant with a deep pocket." *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 22 (1991).

Indeed, "Courts long have recognized that jurors may view large corporations with great disfavor."

*TXO Prod. Corp. v. All. Res. Corp.*, 509 U.S. 443, 490 (1993) (O'Connor, J. dissenting).

Gratuitous references to eCW's financial condition here implicate these very concerns.

And that appears to be the point.  In the recent deposition of Mr. Navani, for example, Relators

addressed the contrast between eCW—the large, out-of-state company with offices and employees

overseas—and Relators' ███████████████████████ (*see* Ex. A, 8/12/2025 Navani

Dep. 17:25–18:2, 23:24–25:20)—with the evident purpose of invoking jurors' biases against

financially strong out-of-state businesses.  Courts routinely reject such references as unfairly

prejudicial, and this Court should do the same.  *See, e.g.*, *St. Cyr v. Flying J Inc.*, 2007 WL

2696791, at *2 (M.D. Fla. Sept. 12, 2007) ("As punitive damages are not an issue in this case, this

Court finds that it would be inappropriate, and unfairly prejudicial to Defendant to allow the

Plaintiffs to refer to Defendant's net worth, revenues, profits, and financial condition."); *Frank*

*Betz Assocs., Inc. v. Scenic Homes, Inc.*, No. 1:08-CV-1216-ODE, 2010 WL 11507151, at *3 (N.D.

Ga. Aug. 17, 2010) ("Considering that this information has no clear relevance to the question of

what profits can be attributed to the infringement alleged in this case, its probative value is

outweighed by the significant chance that it might prejudice Defendants by allowing the jury to

seek proportionality between its damages award and Defendants' overall financial condition.").

## CONCLUSION

For the foregoing reasons, the Court should grant eCW's motion *in limine* to preclude

Relators from offering evidence, testimony, or argument concerning or arising from eCW's size,

wealth, financial health, net worth per sale, profit information or nationwide or international sales

as such tactics are barred by Rules 401, 402, and 403.

Dated: September 9, 2025

Respectfully submitted,

*/s/ Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

Allison M. Brown (*pro hac vice*)
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, Pennsylvania 19103
Tel: (215) 268-5000

Geoffrey M. Wyatt (*pro hac vice*)
geoffrey.wyatt@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-3393

Martin L. Roth (*pro hac vice*)
martin.roth@kirkland.com
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Tel: (312) 862-7170

Aaron Katz (*pro hac vice*)
akatz@aaronkatzlaw.com
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, Massachusetts 02116
Tel: (617) 915-6305

*Counsel for Defendant eClinicalWorks, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 9, 2025, a copy of the foregoing was served on all parties of record via the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

<div style="margin-left: 50%;">

<u>/s/ *Duke R. Groover*</u>
Duke R. Groover
Georgia Bar No. 313225
<u>dgroover@jamesbatesllp.com</u>
JAMES BATES BRANNAN
GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

*Counsel for Defendant eClinicalWorks, LLC*

</div>