# CANNELLA | SNYDER

Phone: 404.800.4828 • cannellasnyder.com • Fax: 404.393.0365
315 W. Ponce de Leon Ave., Suite 885, Decatur, GA 30030

September 12, 2025

**VIA ECF & EMAIL**

Hon. Marc Treadwell
kim_tavalero@gamd.uscourts.gov

Re: *United States ex rel Permenter et al. v. eClinicalWorks LLC*

Dear Judge Treadwell:

I write seeking guidance with respect to the parties' now-pending pre-trial motions and trial briefs. The parties filed their Motions in Limine and Trial Briefs on September 9, 2025. Along with a trial brief covering potential trial issues, Relators filed three consolidated motions in limine grouped by category (totaling 45 pages). Docs. 382, 385, 386-387. eCW filed 14 motions in limine (totaling 99 pages). Docs. 388, 391, 393, 395, 397, 398, 400, 402, 404, 406, 408, 410, 412, and 414, eCW also filed a "trial brief" that was largely recycled summary judgment arguments. Doc. 289. With trial briefs, the parties made 19 total filings.[1]

eCW believes full briefing is appropriate for the motions and trial briefs, *i.e.* that each party is entitled to a response and reply as with any other motion. If allowed, that will result in up to 38 additional filings. Relators are sensitive to the burden that this case has placed and continues to place on the Court. Up to 57 total filings for motions in limine and trial briefs is, frankly, absurd. The Court's order is silent as to motion in limine responses and only states that: "[p]articipants at the pretrial conference should be prepared to discuss the merits of the motion." Doc. 349, ¶ 6. There also is no provision suggesting that a response to trial briefs is desired or allowed.

Relators do not believe that responses are necessary to many of the motions in limine[2] or that reply briefs are needed. Nor do they believe that a response and reply to either party's trial brief is appropriate or necessary. However, they want to be as helpful to the Court as possible.

Relators therefore respectfully ask the Court to the provide guidance as to what would be the most helpful: either by placing some limitation on the forthcoming briefing or telling the parties that they may file responses and replies as with any other motions.

---

[1] This does not include the six already pending motions with briefing completed or underway: eCW's three untimely "damages" motions and Relators' motion to strike the same, Docs. 364-366, 372; eCW's so-called "Technical Brief" (another rehashed summary judgment motion), Doc. 378; and Relators' renewed motion to strike eCW expert Oren Wortman, Doc. 357.

[2] The parties cross-moved on several issues. For example, Relators filed an affirmative MIL seeking a ruling that the *Delaney* settlement and underlying facts are admissible. Doc. 382, MIL No. 1. eCW filed a motion to exclude that same evidence. Doc. 388. There are other examples.

September 12, 2025
Page 2 of 2

                                                Sincerely,

                                                CANNELLA SNYDER LLC

                                                Robert H. Snyder, Jr.

cc: All counsel of record by ECF