# KIRKLAND & ELLIS LLP

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

+1 202 389 5000

www.kirkland.com

Geoffrey M. Wyatt, P.C.
To Call Writer Directly:
+1 202 389 3393
geoffrey.wyatt@kirkland.com

Facsimile:
+1 202 389 5200

September 12, 2025

Hon. Marc Treadwell

Re:  5:18-cv-00382-MTT - *PERMENTER et al. v. ECLINICALWORKS LLC*

Dear Judge Treadwell:

    I write in response to Relators' counsel's letter of today.  Although the parties have met and conferred on the briefing schedule, Relators had not previously suggested what they now propose—dispensing with responses or replies on some (unspecified) motions *in limine* and barring responses to trial briefs.  Had they done so, it is conceivable the parties could have reached a compromise on at least some of these proposals, as we too wish to reduce burdens on the Court where feasible.  It seems reasonable to us, for example, to generally restrict *in limine* briefing to an opening and response brief (i.e., no replies without leave), especially if the motions will be discussed at the pretrial conference.

    We submit, however, that opposition briefing as to the motions *in limine* is necessary and that it will help streamline the pretrial conference for both sides to have set forth their positions on each issue in advance of that hearing.  The motions *in limine* raise substantial issues that bear significantly on the likely shape of trial.  Relators apparently seek to minimize the impact of these motions by noting that they filed only three briefs comprising 45 pages, but in truth those three briefs comprise 26 motions, many of which concern weighty subjects, such as the relevance of government inaction, the admissibility of eCW's damages arguments, and whether plaintiffs may present at least four separate witnesses on a topic this Court previously described as a "quagmire."  Similarly, while Relators now wish to cut off responses to trial briefs (despite indicating no objection to our filing a response just two days ago), Relators' trial brief contains multiple de facto motions *in limine* and what is effectively a summary judgment motion on eCW's affirmative defenses.  And it is impossible to discern from Relators' proposal a clear principle governing when responses are or are not appropriate; for example, they do not propose an absolute bar on further *in limine* briefing, or any bar on responses to eCW's motions addressing the changed circumstances concerning damages or Relators' failure to comply with the Court's order regarding their technical allegations.

**KIRKLAND & ELLIS LLP**

Judge Treadwell
September 12, 2025
Page 2

    We too seek the Court's guidance on the mode of proceeding that would most efficiently advance the issues and reduce burden on the Court.  Page limitations, minimization of reply briefing on motions *in limine*, and an order clarifying that a party need not file a responsive brief in order to preserve arguments in opposition to a motion for the hearing are tools we can think of that would promote that end.  But this is a significant case in which Relators are claiming hundreds of millions of dollars in damages, and we submit that the Court should at least permit the parties to file written responses to motions *in limine* and trial briefs. As to motions *in limine*, we request the ordinary 21 days for responsive briefing; and as to trial briefs, we note that the parties had previously agreed to September 19 as a due date for any responses to trial briefs (i.e., ten days following the opening briefs) and propose to abide by that agreement.

    We appreciate the Court's attention to these matters.

Sincerely,

Geoffrey M. Wyatt