UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>eCLINICALWORKS, LLC,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NUMBER 5:18-CV-382 |

**RELATORS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE
eCW'S UNTIMELY *DAUBERT* MOTIONS**

eCW has offered no reason why its second, third, and fourth *Daubert* motions, Docs. 364, 365, 367, again seeking to exclude Relators' expert Ms. Wolston, should not be struck. Instead, it has offered a mess of contradictory positions and half-truths.

For example, eCW argues that its motions are timely under the original scheduling order, but it does not explain why it moved to exclude Ms. Wolfson last year (along with Relators' other experts) if the scheduling Order did not require the filing of damages related *Daubert* motions then. eCW also offers no support for its argument that it is proper to file a motion, lose, and then seek the same relief in three new motions, other than the "Scheduling Order makes no … proviso" against successive motions. Doc. 426 at 2. Relators' counsel are unfamiliar with the "try, try, try again" rule that eCW appears to be relying on.[1]

---

[1] eCW did the same thing with its so-called technical allegation motion, when it sought reconsideration of both the Court's order allowing Michael Arrigo to testify and denying summary judgment on falsity. Doc. 432 (Rels. Resp. to eCW'S Mot. for Recon. Misleadingly Titled as a "Motion to Exclude Relators Technical Allegations").

eCW cannot even keep its own arguments straight. In its motion relating to Version 11 of the software, Doc. 364-1 at 6, n.8, eCW expressly asks the Court to limit "Ms. Wolfston's model" to Version 11 users. But when Relators agreed to limit the model to Version 11 users (and to address other issues raised in eCW's motions), eCW objected to any supplementation as "untimely."[2] And while eCW admits that its MIPS exception motion,[3] Doc. 365-1, is "somewhat overlapping conceptually with eCW's original Daubert motion," Doc. 426 at 7, it argues that it can raise those untimely, and rejected arguments because Ms. Wolfston's model will "***have to be revised*** to address the inclusion of irrelevant versions and noncustomers." Doc. 426 at 7 (emphasis added).

So, eCW is asking the Court to order Ms. Wolfston to supplement her model, while also claiming all supplementation is improper,[4] and using the supplementation it opposes to justify its untimely reconsideration arguments.[5]

This is the truth. eCW does not want a revised damages model that accounts for the issues it now claims are so important. Instead, it wants the Court to use these untimely arguments to exclude Ms. Wolfston entirely. But that relief is precisely what the Court rejected

---

[2] Doc. 434-1 (Sept. 2025 emails between Wyatt and Snyder) (denying consent to supplement because "[t]he changes you propose would constitute new opinions well past the deadline for expert disclosures and are therefore improper under Rule 26(e)."). Relators have been forced to file a motion to supplement to account for the issues eCW raises and well as other "changed circumstances." Doc. 434.

[3] This motion asks the Court to exclude Ms. Wolfston's testimony for "failing" to account for MIPS exceptions, which is precisely the same motion the Court rejected in June 2025. *Compare* Doc. 192-1 at 16 (arguing Ms. Wolfston allegedly failed to account for MIPS hardship exception) *with* Doc. 365-1 at 2-3 (arguing Ms. Wolfston allegedly failed to account for MIPS exceptions, including the "hardship exception") *and* Jun. 4, 2025, Hrg. Tr. at 101:16-102:2 (rejecting eCW's exception based "thought experiment").

[4] eCW claims supplementation would be untimely, but refuses to acknowledge that its own motions rely on an untimely, 35-paragraph rebuttal report from its expert. eCW neither asked Relators to agree to, nor sought Court permission to file that untimely supplement. *See* Docs. 364-3, 365-3, 367-3 (Dr. Baker's declaration criticizing Ms. Wolfston's model and purporting to re-quantify damages). Apparently, the scheduling order only applies to Relators.

[5] eCW also argues that Ms. Wolfston should be excluded for failing to consider when it patched its software, while simultaneously arguing that evidence of patches should be excluded as subsequent remedial measures. *Compare* Doc. 364-1 with Doc. 408-1 (MIL 9). There are many more examples.

2

on June 4, 2025, when it ruled that Ms. Wolfston can testify at trial.  Doc. 333 at 2.  If eCW wanted the Court to reconsider that ruling, it had until June 18, 2025 to so move.  L.R. 7.6.  It did not, so all three motions should be struck as contrary to the Local Rules.

Even if the motions were timely, eCW could never meet the standard for reconsideration because eCW could have made every argument it now makes last year, when it first moved to exclude Ms. Wolfston.  Relators produced Ms. Wolfston's report and all the underlying data and scripts in August 2024.  Doc. 192-3 (Aug. 2, 2024 Wolfston Rep.).  eCW deposed her, then produced a rebuttal report from its own experts in September 2024.  Doc. 291-1 (Aug. 30, 2024 Wolfston Dep.); Docs. 208-1 (Sept. 16, 2024 Drs. Baker and Grabowski's Reb. Rep.).  When Ms. Wolfston supplemented to account for new data produced by eCW, eCW produced another rebuttal report.  Doc. 192-6 (Oct. 15, 2024 Supp. Wolfston Rep.);  Doc. 294-1 (Nov. 14, 2024 Drs. Baker and Grabowski's 2nd Reb. Rep.).  And when eCW moved to exclude Ms. Wolfston, it did not argue then (or at any time since) that it lacked adequate time (or ability) to review her reports and respond.

That should be the end of eCW's motions.  eCW knew that Ms. Wolfston's models did not segregate practices by software version, because its lawyer asked her about that issue at her 2024 deposition.[6]  eCW also knew all about the automatic Covid MIPS exception it now asks the Court to consider, because its lawyer asked her about those exceptions at the same deposition.[7]  And eCW surely could have identified any alleged non-customers in the damages model in less

---

[6] Doc. 291-1, (Wolfston Dep.) at 163:11-164:7 ("Q: Are you aware of the fact that ECW customers have used different versions of the software during the relevant time period? …Q: So suppose the jury decides that there is a problem certification-wise with one version of the software, but not others during the relevant time period. Does your damages model account for that outcome?").  At the end of her deposition, Ms. Wolfston agreed that she could sort her model by version number if asked to.  *Id.* at 242:3-6.

[7] *Id.* at 228:22-229:11 (reading MIPS manual about "automatic" Covid exception and then asking if Ms. Wolfston did "anything in [her] analysis to parse out whether the scores that were assigned, were assigned because of the COVID policy or because the clinicians submitted new data.").

3

than thirteen months.[8]

      This case will never get to trial if eCW continues to view every Order as a mere suggestion, subject to endless requests for reconsideration.  The Court does not have to tolerate such behavior.  The motions should be struck, so the Court (and the parties) can focus on issues that actually must be resolved before trial.

      Respectfully submitted this 1st day of October, 2025.

*/s/ Robert H. Snyder, Jr.*
Robert H. Snyder, Jr.
Georgia Bar No. 404522
rob@cannellasnyder.com
Alexandra "Sachi" Cole
Georgia Bar No. 696892
sachi@cannellasnyder.com
Hannah Drosky Amanuel
Georgia Bar No. 922743
hannah@cannellasnyder.com
CANNELLA SNYDER LLC
315 W. Ponce de Leon Ave, Suite 885
Decatur, Georgia 30030
Tel: (404) 800-4828
Fax: (404) 393-0365

Brian P. Adams
Georgia Bar No. 142474
brian@brianadamslaw.com
Mary Beth Hand
Georgia Bar No. 322836
mbhand@brianadamslaw.com
ADAMS LAW FIRM
598 D.T. Walton Sr. Way
Post Office Box 142
Macon, Georgia 31202
Tel: (478) 238-0231
Fax: (478) 216-9188

Anna Green Cross
Georgia Bar No. 306674
anna@crosskincaid.com

---

[8] The specific matching issue eCW identified is vastly overstated and affects fewer than 10% of the practices in Ms. Wolfston's model.

Meredith C. Kincaid
Georgia Bar No. 148549
meredith@crosskincaid.com
CROSS KINCAID LLC
315 W. Ponce de Leon Ave, Suite 715
Decatur, Georgia 30030
Tel: (404) 948-3022

*Counsel for Relators/Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that I have this day served a true and correct copy of the foregoing by electronically mailing a copy of the same to counsel of record, who, by registering with the Court's CM/ECF system, has consented to electronic service.

    This 1st day of October, 2025.

                                                    */s/ Robert H. Snyder, Jr.*
                                                    Robert H. Snyder, Jr.
                                                    Georgia Bar No. 404522

                                                  *Counsel for Relators/Plaintiffs*