UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>eCLINICALWORKS, LLC,<br><br>Defendant. | CASE NO. 5:18-CV-382 |

**RELATORS' RESPONSE TO ECW'S MOTION IN LIMINE NO. 14
FOR PREADMISSION OF EVIDENCE AND ARGUMENT CONCERNING
RELATORS' NONDISCLOSURE OF THEIR ALLEGATIONS IN THIS CASE,
AND TO PRECLUDE RELATORS FROM PRESENTING EVIDENCE OR
ARGUMENT TO THE CONTRARY**

eCW's MIL 14 seeks to preclude Relators from testifying that they had "communications with the[ir] customers regarding this case or any specific eCW security vulnerabilities" and for pre-admission of two HIPAA security risk assessments ("SRAs") performed by Mr. Rodighiero.

The first issue is simple. Relators will not testify about conversations with their customers and have moved in limine to exclude all such evidence. Doc. 384 at 17-18. If such evidence is allowed to be introduced on cross-examination, Relators will not testify that they spoke to customers about this case, or about any specific eCW security vulnerabilities, because that is the truth repeatedly stated in their interrogatory responses. eCW argues Mr. Permenter contradicted those responses when he testified on cross-examination that he has "told clients that [he] did not think [eCW] was secure piece of software," but "did not go into a lot of detail." Doc. 414-1 at 9. That testimony does not contradict Relators' interrogatory responses as it has nothing to do with this *case* or with any *specific eCW vulnerabilities*, just as Relators have

repeatedly stated.  If eCW is allowed to ask about this irrelevant and prejudicial issue, then Mr. Permenter should be allowed to truthfully testify about his interactions with customers.

Stripped of eCW's unsupported allegations that Relators did something improper in discovery, the second issue is also simple.  eCW asks the Court to "preadmit" two HIPAA SRAs that Mr. Rodighiero helped Tier2 customers perform.  Relators' business used to help its customers perform HIPAA security risk assessments but has not done so for a very long time.  After much searching, Relators were able to locate in very old emails two SRAs that Mr. Rodighiero helped customers perform: one from December 2017 and one from December 2018.

Those SRAs are inadmissible for several reasons.  *First*, they are irrelevant, and their introduction would be a confusing waste of the jury's time.  The Court granted eCW's motion for summary judgment as to Relators' HIPAA based claim.  Doc. 345 at 59.  The SRAs do not have anything to do with any issue remaining in the case and should be excluded under Federal Rule of Evidence 402.  Even if the SRAs had some marginal relevance, the risk of jury confusion and undue delay caused by admitting these documents also bars admission under Rule 403.  If eCW is allowed to introduce the SRAs, Relators (and presumably their experts) would necessarily have to explain what a HIPAA SRA is, and what the assessment looks for and does not look for, so the jury can put the SRAs in the proper context.  That will confuse the jury and waste time on a needless detour into issues the Court has already dismissed from the case.

*Second,* the SRAs are irrelevant and prejudicial.  eCW claims the SRAs can be used to demonstrate Relators' either did not believe their own allegations, or caused their customers to fraudulently fill out a HIPAA SRA.  There are multiple problems with eCW's planned use of the SRAs.

*First*, Relators' conduct is not at issue in this case, a fact that eCW continually ignores. *U.S. ex rel. Feldman v. van Gorp*, No. 03 CIV. 8135 (WHP), 2010 WL 2911606, at *5 (S.D.N.Y. July 8, 2010) (excluding "distractive detours into irrelevant aspects of Relator's life" because government is the real party in interest and "the acts that make a person liable under [the False Claims Act] focus on the use of fraud to secure payment from the government") (quotation omitted). Even if Mr. Rodighiero had done something wrong in the way he helped fill out the SRAs, his alleged conduct has nothing to do with whether eCW violated the False Claims Act.

*Second*, the December 2017 SRA says nothing and proves nothing about what Relators believed when they filed this case or what they believe now. December 2017 was more than nine months before Relators discovered eCW's irresponsibly lax security and thus proves nothing other than eCW was good at concealing its fraud.

*Third*, the December 2018 SRA is also irrelevant and prejudicial. It is irrelevant because it says nothing about the certification requirements. For example, the SRA asks whether the practices' system is "capable of audit logs, access reports and security incident tracking." Mr. Rodighiero's response that the EHR is "capable of audit logs, access reports and security incident tracking" says nothing about whether those logs and reports meet the specific requirements of 45 C.F.R. § 170.415(d)(2) and (3). Even if his statements spoke to certification, **at eCW's express request**, the Court barred Relators from opining at all about whether the software met the certification requirements.[1] *See* June 4, 2025 Hrg. Tr. at 26:7-11.

Even if slightly relevant, the December 2018 SRA is prejudicial because to respond to eCW's argument that Mr. Rodighiero should have said something different in the SRA (or is lying now), Relators will necessarily need to explain *why* they did not reveal the massive

---

[1] The other questions and responses eCW claims are relevant also do not speak to the certifications including a response that the EHR can "ascertain who is logged in at all times."

3

security flaws in eCW's software to anyone other than the DOJ. Relators did not raise eCW's security vulnerabilities with their customers for several reasons, including their duty not to violate the Court's seal. Even aside from the seal,[2] Relators were highly concerned that any disclosure of the software's vulnerabilities could put the PHI of millions of Americans at risk. But the Court has ruled that "opinions about disclosure risk to thousands or millions of individuals are speculative and . . . inadmissible." June 4, 2025 Hrg. Tr. at 44:6-13. Thus, when confronted with this irrelevant and confusing issue on cross-examination, Mr. Rodighiero will not be able to truthfully respond that he and the other Relators decided not to say a word about eCW's security problems to anyone other than DOJ for fear of causing a massive security breach—the very thing they hoped this case would prevent. Allowing eCW to rely on unrebutted evidence is irrelevant, confusing, and unfairly prejudicial. Fed. R. Evid. 403.

Respectfully submitted this 2nd day of October, 2025.

/s/ Robert H. Snyder, Jr.
Robert H. Snyder, Jr.
Georgia Bar No. 404522
rob@cannellasnyder.com
Alexandra "Sachi" Cole
Georgia Bar No. 696892
sachi@cannellasnyder.com
Hannah Drosky Amanuel
Georgia Bar No. 922743
hannah@cannellasnyder.com
CANNELLA SNYDER LLC
315 W. Ponce de Leon Ave, Suite 885
Decatur, Georgia 30030
Tel: (404) 800-4828
Fax: (404) 393-0365

---

[2] *See* 31 U.S.C. § 3730(b)(2) (seal on FCA cases).

4

Brian P. Adams
Georgia Bar No. 142474
brian@brianadamslaw.com
Mary Beth Hand
Georgia Bar No. 322836
mbhand@brianadamslaw.com
ADAMS LAW FIRM
598 D.T. Walton Sr. Way
Post Office Box 142
Macon, Georgia 31202
Tel: (478) 238-0231
Fax: (478) 216-9188

Anna Green Cross
Georgia Bar No. 306674
anna@crosskincaid.com
Meredith C. Kincaid
Georgia Bar No. 148549
meredith@crosskincaid.com
CROSS KINCAID LLC
315 W. Ponce de Leon Ave, Suite 715
Decatur, Georgia 30030
Tel: (404) 948-3022

*Counsel for Relators/Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing by electronically mailing a copy of the same to counsel of record, who, by registering with the Court's CM/ECF system, has consented to electronic service.

This 2nd day of October, 2025.

*/s/ Robert H. Snyder, Jr.*
Robert H. Snyder, Jr.
Georgia Bar No. 404522

*Counsel for Relators/Plaintiffs*