UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>eCLINICALWORKS, LLC,<br><br>Defendant. | CASE NO. 5:18-CV-382 |

**RELATORS' RESPONSE TO eCW's MOTION IN LIMINE NO. 13
TO PRECLUDE RELATORS FROM INTRODUCING
EVIDENCE AND ARGUMENTS CONCERNING FINANCIAL CONDITION**

Relators agree that evidence of eCW's wealth is inadmissible to show that it could pay a judgment in the case or to contrast eCW's resources with Relators'. Relators will not offer evidence of eCW's profits for those purposes and will not argue to the jury that it should find for Relators because eCW has made a lot of money. Financial evidence, however, is admissible when it is probative of at least one or more issues in the case. *See Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1179 (11th Cir. 2002) (evidence of property values and profitability of company admissible as probative of damages and authenticity of key contract). The evidence at issue here is of eCW's revenues and growth. Evidence of eCW's revenue growth is probative of at least three issues: (1) to prove eCW's intent to defraud; (2) to rebut eCW arguments that it was forced to prioritize patient safety issues over security vulnerabilities; and (3) to prove the bias of eCW owner Girish Navani's and his financial interest in the outcome of the case.

***Intent:*** eCW's growth, which is reflected in the company's year over year increasing profits, is probative circumstantial evidence of its intent and motivation to defraud. Intent is almost always proven through circumstantial evidence. *E.g., Sluder v. Amatucci*, No. 4:18-CV-

1

284-RH/MJF, 2020 WL 4804841, at *3 (N.D. Fla. July 17, 2020), report and recommendation adopted, 2020 WL 4803272 (N.D. Fla. Aug. 18, 2020) (plaintiffs must "usually must rely on circumstantial evidence and inferences to allege and establish a mental element").  Mr. Navani admitted as far back as 2010 that federal government subsidies paid to doctors for using certified EHR would result in tremendous growth for his company.  Ex. 1, PX 307 (stating eCW would grow "five to tenfold" because of introduction of federal subsidies).  To maintain and achieve that growth, eCW had to get and keep federal certification because EHR software is not marketable if it is not certified.  *See, e.g.,* Doc. 238, Aug. 22, 2024 Meadors Dep. at 101:17-102:17 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

eCW's large revenues and year-over-year growth are probative circumstantial evidence of eCW's intent and motive to fraudulently obtain and keep certification of its software.  *See United States v. Naranjo*, 634 F.3d 1198, 1207 (11th Cir. 2017) ("Evidence that the defendant personally profited from a fraud may provide ***circumstantial evidence of an intent to participate in that fraud***.") (emphasis added)  *United States v. Reyes*, 660 F.3d 454, 464 (9th Cir. 2011) (evidence in securities fraud case about defendant's personal, monetary gain was admissible because it was probative of the defendant's "motive, knowledge, and intent to participate in the backdating scheme and its admission into evidence fell far short of meeting the level required to find unfair prejudice."); *USA v. Schena,* No. 5:20-CR-00425-EJD-1, 2022 WL 2910185, at *17 (N.D. Cal. July 23, 2022) (denying motion in limine to exclude evidence of financial condition where relevant to motive to commit crimes).

***Feasibility of Selling Compliant Software:*** eCW's witnesses have testified (and its lawyers have suggested) that eCW's conflicts with the SQOO and the existence of various

software vulnerabilities were caused, in part, by eCW's decision to prioritize patient safety concerns over identifying and fixing vulnerabilities. *See* Sep. 3, 2025 Jaiswal Dep. at 163:24-165:24 ███████████████████████████████████████████

██████ May 14, 2024 Dep. of Dr. Eric Cole ███████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████ eCW's large and growing revenues help establish that it had the resources to sell secure compliant software and address patient safety concerns at the same time.

**Bias of Mr. Navani:** The quotations eCW includes in its motion are Relators' trial deposition of eCW CEO and one-third owner Girish Navani's. Mr. Navani will testify during both Relators' and eCW's cases in chief. Evidence of eCW's revenues are admissible to show bias based on Mr. Navani's financial interest in keeping the software certified and winning this case. *See United States v. Abel*, 469 U.S. 45, 50–51 (1984) ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he testified less probable in the eyes of the jury."). "Pecuniary interest may be shown to prove bias," including the amount of money at issue, "because the jury may reasonably believe that the willingness of a witness to lie or shade testimony would be affected, not only by ***whether the results may benefit him, but also by how much***." *United States v. Harris*, 185 F.3d 999, 1008 (9th Cir. 1999) (emphasis added). Because Mr. Navani has a direct, personal, financial interest in this case and will testify at trial, evidence of eCW's revenues and growth are admissible to prove his bias.

MIL 13 should be denied.

Respectfully submitted this 2nd day of October, 2025.

/s/ Robert H. Snyder, Jr.
Robert H. Snyder, Jr.
Georgia Bar No. 404522
rob@cannellasnyder.com
Alexandra "Sachi" Cole
Georgia Bar No. 696892
sachi@cannellasnyder.com
Hannah Drosky Amanuel
Georgia Bar No. 922743
hannah@cannellasnyder.com
Chase Lyndale
Georgia Bar No. 183762
chase@cannellasnyder.com
CANNELLA SNYDER LLC
315 W. Ponce de Leon Ave, Suite 885
Decatur, Georgia 30030
Tel: (404) 800-4828
Fax: (404) 393-0365

Brian P. Adams
Georgia Bar No. 142474
brian@brianadamslaw.com
Mary Beth Hand
Georgia Bar No. 322836
mbhand@brianadamslaw.com
ADAMS LAW FIRM
598 D.T. Walton Sr. Way
Post Office Box 142
Macon, Georgia 31202
Tel: (478) 238-0231
Fax: (478) 216-9188

Anna Green Cross
Georgia Bar No. 306674
anna@crosskincaid.com
Meredith C. Kincaid
Georgia Bar No. 148549
meredith@crosskincaid.com
CROSS KINCAID BASKAM LLC
315 W. Ponce de Leon Ave, Suite 715
Decatur, Georgia 30030

Tel: (404) 948-3022

*Counsel for Relators/Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing by electronically mailing a copy of the same to counsel of record, who, by registering with the Court's CM/ECF system, has consented to electronic service.

This 2nd day of October 2025.

                                                  */s/ Robert H. Snyder, Jr.*
                                                  Robert H. Snyder, Jr.
                                                  Georgia Bar No. 404522

                                                  *Counsel for Relators/Plaintiffs*