UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>eCLINICALWORKS, LLC,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 5:18-CV-382 |

**RELATORS' RESPONSE TO eCW's MOTION IN LIMINE NO. 11
TO PRECLUDE RELATORS FROM INTRODUCING EVIDENCE AND
ARGUMENTS CONCERNING THE PARTIES' MOTION PRACTICE**

eCW seeks to exclude all evidence and arguments concerning the parties' motions practice and supports that relief only with passing references to Rules 401, 402 and 403. eCW's motion is overinclusive and vague and thus could be denied outright. *See Underwood v. Scarbrough*, No. 7:21-CV-00040 (WLS), 2023 WL 2392733, at *4 (M.D. Ga. Mar. 7, 2023) (quotation omitted) ("Motions in limine that are 'broad, vague,' and include 'speculative categories of evidence and argument of which the Court cannot predetermine the admissibility' are due to be denied.").

Relators addressed the admissibility of pleadings in their trial brief (Doc. 387 at 1-3), and provided therein authority supporting the admission of statements made by a litigant in discovery responses and briefing as admissions *in judicio*. *See id.*, citing *In re Malia*, No. 09-42273-MGD, 2012 WL 909738, at *2 (Bankr. N.D. Ga. Feb. 8, 2012) ("clear, deliberate, and unequivocal factual assertions—whether made in pleadings, stipulations, responses to discovery, or orally in trial or court proceedings" constitute binding admissions *in judicio*); *Smith v. MTI Limo & Shuttle, Inc.*, No. 1:10-CV-448-AT, 2011 WL 13272825 (N.D. Ga. Sep. 12, 2011) ("A party is

normally bound by facts asserted in a pleading."); *Rahn v. Olens*, No. 1:14-cv-3660-RWS, 2015 WL 4717448, at *3 (N.D. Ga. Aug. 7, 2015) (admissions or allegations "appearing in pleadings are treated as admissions in judicio and, if not withdrawn, are conclusive of the facts contained therein."). Relators also briefed the admissibility of eCW's sanctionable conduct and the filings related to that conduct in their affirmative Motion in Limine Number 2, so will not repeat those arguments here. Doc. 382 at 5-8.

The only actual motion eCW refers to specifically is its denied Motion to Transfer. Doc. 49. In that motion, eCW primarily argued that trying this case here would be inconvenient for the company and its executives. *Id.*; *see also* Doc. 63 ("The Convenience of the Key eClinicalWorks' Executives and Employees Is Entitled to Meaningful Weight."). eCW's argument that it would be inconvenienced by defending its fraud in Macon even though eCW has sold its software to nearly every doctor's office in this area *is* relevant to impeach its credibility. In fact, the two questions at Mr. Navani's deposition that reference eCW's motion to transfer were immediately followed by questions about eCW's connection to Macon and the use of its software here. Ex. 1, Aug. 12, 2025 Dep. of Girish Navani at 19:6-21:25. That is relevant to eCW's credibility and there is no **undue** risk of prejudice under Rule 403.

Additionally, eCW made statements in its motion to transfer briefing that directly contradicts arguments and evidence it now seeks to introduce at trial. *First*, in its reply in support of its motion to transfer, eCW argued that the Relators' or their clients' "frustrating experiences with eClinicalWorks' customer service … would not be probative to any of the False Claims Act elements that the relators need to prove." Doc. 63, p. 10 n. 6. Nonetheless, eCW included **more than two hundred** call recordings between Relators employees with eCW customer service representatives on their exhibit list. *Second*, eCW insists that it should be able

2

to cross examine the Relators about their supposed failure to advise their customers to switch EHR companies after discovering the security vulnerabilities at issue. Doc. 414-1. But, in its motion to transfer, eCW argued "[t]he ultimate question that the qui tam complaint presents is not whether physicians would have chosen to use another company's EHR software had they known of the alleged cybersecurity vulnerabilities…" Doc. 49-1, p. 16. If eCW is allowed to argue that Relators should have advised their customers to switch EHR vendors or to introduce any of the customer service calls, Relators should be permitted to introduce eCW's own statements contradicting those arguments.

Finally, the statements and the declarations submitted in support of the Motion to Transfer from Mr. Laycob, Mark Speyer, Mr. Satyanaryan, and eCW counsel (Docs. 49-2 through 49-5) are also admissible. Those documents provide under oath admissions and admissions *in judicio* relevant to the location of eCW's employees and operations, and eCW's assessment of allegedly important trial witnesses, and may also be admissible for impeachment purposes. *In re Malia,* 2012 WL 909738, at *2.

Respectfully submitted this 2nd day of October, 2025.

/s/ *Robert H. Snyder, Jr.*
Robert H. Snyder, Jr.
Georgia Bar No. 404522
rob@cannellasnyder.com
Alexandra "Sachi" Cole
Georgia Bar No. 696892
sachi@cannellasnyder.com
Hannah Drosky Amanuel
Georgia Bar No. 922743
hannah@cannellasnyder.com
CANNELLA SNYDER LLC
315 W. Ponce de Leon Ave, Suite 885
Decatur, Georgia 30030
Tel: (404) 800-4828
Fax: (404) 393-0365

Brian P. Adams
Georgia Bar No. 142474
brian@brianadamslaw.com
Mary Beth Hand
Georgia Bar No. 322836
mbhand@brianadamslaw.com
ADAMS LAW FIRM
598 D.T. Walton Sr. Way
Post Office Box 142
Macon, Georgia 31202
Tel: (478) 238-0231
Fax: (478) 216-9188

Anna Green Cross
Georgia Bar No. 306674
anna@crosskincaid.com
Meredith C. Kincaid
Georgia Bar No. 148549
meredith@crosskincaid.com
CROSS KINCAID BASKAM LLC
315 W. Ponce de Leon Ave, Suite 715
Decatur, Georgia 30030
Tel: (404) 948-3022

*Counsel for Relators/Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing by electronically mailing a copy of the same to counsel of record, who, by registering with the Court's CM/ECF system, has consented to electronic service.

This 2nd day of October, 2025.

*/s/ Robert H. Snyder, Jr.*
Robert H. Snyder, Jr.
Georgia Bar No. 404522

*Counsel for Relators/Plaintiffs*