UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>eCLINICALWORKS, LLC,<br><br>Defendant. | CASE NO. 5:18-CV-382 |

**RELATORS' RESPONSE TO eCW's MOTION IN LIMINE NO. 7
TO PRECLUDE RELATORS FROM INTRODUCING EVIDENCE
AND ARGUMENTS CONCERNING PATIENT SAFETY**

eCW's MIL No. 7 seeks to exclude "evidence and arguments concerning patient safety issues," an extremely broad category that would exclude a whole swath of evidence relevant to this case. To be clear, Relators do not plan to introduce evidence of, or argue that: (1) eCW's software was unsafe;[1] (2) or that it had ***any*** specific patient safety issue. But evidence that eCW was focused on resolving the thousands of patient safety issues with its software is relevant to whether eCW was reckless in attesting to its software's certification compliance or knowingly allowed certification non-conformities in the software to exist. It is also relevant to what the SQOO, ONC, and HHS were focused on and aware of during the relevant time. In addition, many of the specific documents eCW seeks to exclude (SQOO reports and OIG stipulated penalties demands) are relevant to many other issues in the case. To avoid this MIL, Relators stated they would be willing to redact various documents to remove discussion of specific patient

---

[1] eCW cites to allegations in Relators' complaint from seven years ago. Relators are not going to talk about patient safety risks given the Court's rulings. They note, however, that their complaints are on eCW's trial exhibit list. *See* eCW's 2025-09-09 Trial Exhibit List at D5984, D5986, D5989.

safety defects in eCW's software, but eCW declined that offer and sought wholesale exclusion. That is too broad, too vague, and should be denied. *See Underwood v. Scarbrough*, No. 7:21-CV-00040 (WLS), 2023 WL 2392733, at *4 (M.D. Ga. Mar. 7, 2023) (quotation omitted) ("Motions in limine that are 'broad, vague,' and include 'speculative categories of evidence and argument of which the Court cannot predetermine the admissibility' are due to be denied.").

A. <u>Evidence about the Volume of Patient Safety Issues Is Admissible</u>

During the CIA, eCW reported thousands of patient safety reportable events. The volume and frequency of those events are relevant to issues the jury must decide for at least three reasons. *First*, the presence of so many potential software defects that could harm patients makes it more likely that the software also contained certification non-conformities and proves the company lacked adequate controls, processes and procedures.

*Second,* eCW itself has injected the issue of patient safety concerns into the case by testifying that it "prioritized" resolving patient safety issues over security vulnerabilities, including those that impacted certifications. *See* Doc. 416-3, 2025-09-03 Dep. of Rahul Jaiswal at 163:24-165:24 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; *see also* Doc. 218-3, 2024-05-14 Dep. of Dr. Eric Cole at 152:22-153:2 (eCW counsel asking expert whether "sitting here today, you don't know whether ECW was putting all hands on deck on patient safety vulnerabilities and that's why the cybersecurity vulnerabilities might not have all been fixed as quickly as you might have wanted to see"). Relators must be able to respond to those arguments by discussing those issues.

*Third,* eCW intends to argue that the SQOO did not flag Relators' vulnerabilities as reportable events and that the ONC never decertified eCW's software based on the vulnerabilities Relators disclosed. To address those arguments, Relators must put the SQOO's

role and the government's oversight in the proper context. There is evidence that ONC and the SQOO were very concerned about the number of patient safety reportable events and were "buckling under the torrent"[2] of patient safety issues with eCW's software. Doc. 266-2, ¶ 328. The "cornucopia" of patient safety reportable events[3] the SQOO, ONC, and eCW's certification body (Drummond Group) were forced to contend with directly undermines eCW's argument that those entities "knew everything and did not care." Instead, the jury can conclude those groups had limited resources and were forced to decide where to spend their resources. Ex. 1, 2025-08-26 Ulrich Dep. at 167:2-16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Like eCW claims it did, the SQOO, Drummond, and ONC may have prioritized fixing issues with eCW's software that could actually kill patients, so there is no conclusion that can be drawn from alleged "non-action" related to Relators' issues. In short, evidence establishing the volume and frequency of patient safety issues is relevant and is not unduly prejudicial. *United States v. Heatherly*, 985 F.3d 254, 266 (3rd Cir. 2021) (Rule 403 "bar[s] not all prejudice, but only unfair prejudice. It does not protect defendants from devastating evidence in general.").

B. <u>SQOO Reports and OIG Demands for Stipulated Penalties Are Admissible</u>

In its motion, eCW identifies the SQOO reports and OIG's various stipulated penalties demands as examples of prejudicial documents related to patient safety issues. Those documents are admissible. The Court knows about the SQOO reports and often referred to them in its summary judgment order. Those reports are relevant to prove the existence of vulnerabilities, problems with eCW's certification and vulnerability processes, dysfunction in management and operations, as well as many other issues relevant to proving falsity and intent. Relators offered

---

[2] Doc. 266-115, 2021-11-29 Hunt to SQOO re Cornucopia of REs.
[3] Doc. 266-117, 2022-02-09 Hunt to SQOO re Buckling at REs.

to redact the contents of the patient safety chapter from the SQOO reports to avoid this issue, but eCW refused that offer.

OIG's multiple stipulated penalties demands are also relevant to several issues in the case. Generally, the demands rebut eCW's argument that it was cooperative with the SQOO and the government, and that it had a robust compliance program. *See* Doc. 345 at 20-21 (MSJ Order discussing penalties demands). More specifically, the October 1, 2019 Stipulated Penalties demand from HHS-OIG specifically faults eCW for not establishing a Quality Assurance Program to oversee "whether eCW is taking all other reasonable actions to timely and effectively identify and address Patient Safety Issues *and* Certification Issues with the EHR." Doc. 86-1 at 1 (emphasis added). The demand also faulted eCW specifically for not following the "recommendations of the SQOO." *Id.* at 2. Those issues are relevant to proving eCW's recklessness, its lack of any compliance procedures, and its overall inability to produce a reliable and compliant EHR. Finally, the October 1, 2019 Stipulated Penalties demand is also admissible to impeach eCW's credibility given its repeated representations to the Court that "there had been no demand for stipulated penalties under the CIA." Doc. 346 at 26, n.37 (MSJ Order).

Respectfully submitted this 2nd day of October, 2025.

/s/ *Robert H. Snyder, Jr.*
Robert H. Snyder, Jr.
Georgia Bar No. 404522
rob@cannellasnyder.com
Alexandra "Sachi" Cole
Georgia Bar No. 696892
sachi@cannellasnyder.com
Hannah Drosky Amanuel
Georgia Bar No. 922743
hannah@cannellasnyder.com
CANNELLA SNYDER LLC
315 W. Ponce de Leon Ave, Suite 885
Decatur, Georgia 30030
Tel: (404) 800-4828

4

Fax: (404) 393-0365

Brian P. Adams
Georgia Bar No. 142474
brian@brianadamslaw.com
Mary Beth Hand
Georgia Bar No. 322836
mbhand@brianadamslaw.com
ADAMS LAW FIRM
598 D.T. Walton Sr. Way
Post Office Box 142
Macon, Georgia 31202
Tel: (478) 238-0231
Fax: (478) 216-9188

Anna Green Cross
Georgia Bar No. 306674
anna@crosskincaid.com
Meredith C. Kincaid
Georgia Bar No. 148549
meredith@crosskincaid.com
CROSS KINCAID BASKAM LLC
315 W. Ponce de Leon Ave, Suite 715
Decatur, Georgia 30030
Tel: (404) 948-3022

*Counsel for Relators/Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the foregoing by electronically mailing a copy of the same to counsel of record, who, by registering with the Court's CM/ECF system, has consented to electronic service.

This 2nd day of October, 2025.

*/s/ Robert H. Snyder, Jr.*
Robert H. Snyder, Jr.
Georgia Bar No. 404522

*Counsel for Relators/Plaintiffs*