UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>eCLINICALWORKS, LLC,<br><br>Defendant. | CASE NO. 5:18-CV-382 |

### RELATORS' RESPONSE TO eCW's MOTION IN LIMINE NO. 6 TO PRECLUDE RELATORS FROM INTRODUCING EVIDENCE AND ARGUMENTS CONCERNING ANY REFERENCES TO DISCOVERY DISPUTES

Evidence of eCW's discovery misconduct, including its decision to conceal incriminating evidence from Relators, is probative of several issues and therefore admissible. eCW's MIL No. 6 overlaps with Relators' affirmative MIL No. 2 (Doc. 382 at 5-7). For the reasons outlined in Relators' affirmative motion and the authority cited therein[1], evidence of eCW's discovery misconduct, for which it has already been sanctioned, is properly admitted. ECW's failure to timely produce (1) the AppSec Jira tickets, (2) the Quandary Peak settlement agreement, and (3) the testing conducted by Daniel Litwak and used by defense expert Oren Wortman, provides evidence the jury may use to determine eCW's credibility, its knowledge, and its intent.[2]

---

[1] Unlike Relators' Affirmative Motion in Limine, eCW relies exclusively on unpublished caselaw. Doc. 398-1 at 4-8. Two of the cases it cites are about motions in limine where the motion was unopposed. *See* Doc. 398-1 at 4-5 citing *Swoope v. CSX Transp., Inc.*, 2015 WL 12564948, at *5 (N.D. Ga. July 29, 2015) and *United States v. Macrina*, 2022 WL 4594993, at *2 (N.D. Ga. Sept. 30, 2022).

[2] eCW ignores Relators' pending renewed Motion to Exclude Oren Wortman related to eCW's improper concealment of the Litwak report, but Relators described those issues as "discovery disputes" properly admitted into evidence in their affirmative Motion in Limine No. 2. Doc. 382 at 5-7 (Affirmative MIL); Doc. 358 (Suppl. Br. in Support of Mot. to Exclude Oren Wortman), Doc. 371 (Reply).

The long concealed AppSec tickets are probative evidence of eCW's intent. The tickets demonstrate eCW's longtime knowledge of specific EHR security vulnerabilities that overlap with vulnerabilities Relators identified independently (which eCW continues to deny). eCW's concealment of this clearly discoverable and damaging evidence from Relators bears directly on its credibility and that of its employees who will testify to eCW's good faith efforts to comply with the certification criteria. If eCW defends itself before the jury with the excuses it proffered to the Court, e.g., "we forgot about this damning evidence," then the jury can and should also infer that eCW's internal systems and structures are so flawed that eCW "forgot" about more than 12,000 JIRA tickets related to security vulnerabilities *in a case focused on those issues*. A company that does that is certainly more likely to engage in the reckless disregard and deliberate ignorance that supports scienter under the FCA. See 31 U.S.C. § 3729(b)(1); *Yates v. Pinellas Hematology & Oncology, P.A.*, 21 F.4th 1288, 1303 (11th Cir. 2021) (reckless disregard is tantamount to gross negligence, intended to capture "the ostrich type situation where an individual has buried his head in the sand and failed to make simple inquiries which would alert him that false claims are being submitted."). In either scenario, eCW's intentional concealment or its gross negligence is evidence of its intent and its credibility.

Similarly, eCW's deliberate concealment of its settlement agreement with Quandary Peak is relevant to eCW's credibility, knowledge, and intent. The evidence rebuts eCW's claims of cooperation with the SQOO and the government. In reality, eCW's secret agreement removed several of the most important team members and its leader, who had been highly critical of the company. That eCW did so with a nondisclosure clause that prohibited those individuals from voluntarily disclosing information to the government about eCW's conduct, and that precluded the remaining team members from even asking any former team members questions about the

work previously done, is relevant to rebut eCW's arguments that the SQOO knew everything there was to know about eCW's software. The jury may well arrive at their own conclusions about eCW's attitude toward the SQOO based on those documents. And the extraordinary lengths Relators had to go through to even learn about the settlement agreements is further evidence of eCW's lack of credibility and its intent to defraud.

Finally, eCW's continued and ongoing attempts to conceal the work done by its expert consultants at Sygnia are relevant to both Mr. Wortman's and eCW's credibility. It was only after Relators raised so-called "discovery disputes" that they were allowed to depose Mr. Litwak, which resulted in eCW being forced to produce the "Litwak report," which then revealed contradictions between Mr. Litwak's and Mr. Wortman's opinions regarding the vulnerabilities discovered by Relators, and which forced Mr. Wortman to withdraw one of his opinions based on under oath misrepresentations. Doc. 363 at 4, n. 5. If Mr. Wortman is permitted to testify, Relators must be allowed to cross him on the failure to produce the Litwak report as well as his misrepresentations about the work Mr. Litwak did. Even if Mr. Wortman is excluded, as he should be, eCW's repeated misstatements related to this issue are relevant to impeach its credibility and to contradict its own trial presentation on the vulnerabilities described by Relators.

As noted in their affirmative motion, Relators do not intend to conduct a "minitrial of the sanctions issues" and will limit presentation of these issues to the bare minimum needed. Doc. 381 at 8. As there is no risk of jury confusion or unfair prejudice, the evidence is both relevant and admissible. *United States v. Heatherly*, 985 F.3d 254, 266 (3rd Cir. 2021) (Rule 403 "bar[s] not all prejudice, but only unfair prejudice. It does not protect defendants from devastating evidence in general.").

Respectfully submitted this 3rd day of October, 2025.

/s/ Robert H. Snyder, Jr.
Robert H. Snyder, Jr.
Georgia Bar No. 404522
rob@cannellasnyder.com
Alexandra "Sachi" Cole
Georgia Bar No. 696892
sachi@cannellasnyder.com
Hannah Drosky Amanuel
Georgia Bar No. 922743
hannah@cannellasnyder.com
CANNELLA SNYDER LLC
315 W. Ponce de Leon Ave, Suite 885
Decatur, Georgia 30030
Tel: (404) 800-4828
Fax: (404) 393-0365

Brian P. Adams
Georgia Bar No. 142474
brian@brianadamslaw.com
Mary Beth Hand
Georgia Bar No. 322836
mbhand@brianadamslaw.com
ADAMS LAW FIRM
598 D.T. Walton Sr. Way
Post Office Box 142
Macon, Georgia 31202
Tel: (478) 238-0231
Fax: (478) 216-9188

Anna Green Cross
Georgia Bar No. 306674
anna@crosskincaid.com
Meredith C. Kincaid
Georgia Bar No. 148549
meredith@crosskincaid.com
CROSS KINCAID BASKAM LLC
315 W. Ponce de Leon Ave, Suite 715
Decatur, Georgia 30030
Tel: (404) 948-3022

*Counsel for Relators/Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that I have this day served a true and correct copy of the foregoing by electronically mailing a copy of the same to counsel of record, who, by registering with the Court's CM/ECF system, has consented to electronic service.

    This 3rd day of October, 2025.

                                                    */s/ Robert H. Snyder, Jr.*
                                                    Robert H. Snyder, Jr.
                                                    Georgia Bar No. 404522

                                                    *Counsel for Relators/Plaintiffs*