UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>eCLINICALWORKS, LLC,<br><br>Defendant. | CASE NO. 5:18-CV-382 |

**RELATORS' RESPONSE TO eCW'S MOTION IN LIMINE NO. 10 TO EXCLUDE EVIDENCE AND ARGUMENTS REGARDING NATIONALITIES AND LOCATIONS OF, AND RELATIONSHIPS BETWEEN, eCW, eCW'S CO-FOUNDERS, eCW'S EMPLOYEES, AND eCW'S OFFICES**

eCW argues that Relators should be prohibited from presenting evidence or argument "related to the nationality and location of eCW, its officers and its employees—as well as the familial relationships of certain eCW personnel" on relevance and Rule 403 grounds. *See* Doc. 410-1 at 2. Its motion focuses on three issues that eCW claims are irrelevant: that (1) eCW has offshore employees in India; (2) Mr. Navani and other company co-founders were born in India; and (3) certain eCW co-founders and employees are related. *Id.* at 4.

Relators agree that Category 2—the national origin of Mr. Navani and other company co-founders[1]—is irrelevant. In fact, they have never raised that issue in any deposition, discovery, or pleading, so it raises the question why eCW included it other than to unfairly attempt to paint

---

[1] During Mr. Jaiswal's first deposition, there was brief discussion of his undergraduate degree in India during examination about his background and qualifications, and Mr. Jaiswal raised his emigration to the United States while explaining his relationship with Dr. Raj Dharampuriya. Jaiswal is not a company founder, but Relators don't intend to say anything about where he was born.

Relators and Relators' counsel as prejudiced.  Regardless, Relators agree that they will not offer argument or evidence about where the founders were born.

Relators disagree however about the relevance of categories 1 and 3: eCW's extensive operations in India and the familial relationships among the company's founders and key personnel.  Relators must show eCW acted with the requisite "knowing" scienter, which the FCA defines as encompassing three mental states: having "actual knowledge of the information," "act[ing] in deliberate ignorance of the truth or falsity of the information," or "act[ing] in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A)(i)-(iii).  That intent is almost always proven through circumstantial evidence.[2]

eCW's insular management structure, its policy of hiring family members instead of qualified individuals, and its disjointed operations with its entire compliance structure in the U.S. and majority of its employees on a different continent are relevant and admissible.  That evidence has nothing to do with nationality but goes to corporate dysfunction.

The facts are the facts—and most are undisputed.  Relators' business is located in Macon, GA.  *See* Ex. A to PTO (stipulated undisputed facts) at 1.  eCW has its principal place of business in Massachusetts.  *Id*.  eCW is privately held and owned by cousins, Girish Navani (CEO) and Mahesh Navani (COO), and Dr. Raj Dharampuriya (CMO), Mahesh Navani's brother-in-law.  Doc. 266-2 ¶ 1; Doc. 266-34 at 1.  They live on the same street and internally are known collectively as "MGR." *Id.*; Doc. 13 at 20-222.  A host of other owner relatives work at the company, including some, like Mr. Jaiswal, who were unqualified.[3]

---

[2] *Sluder v. Amatucci*, No. 4:18-CV-284-RH/MJF, 2020 WL 4804841, at *3 (N.D. Fla. July 17, 2020), R&R adopted, 2020 WL 4803272 (N.D. Fla. Aug. 18, 2020) ("[P]laintiffs cannot readily gain access to the minds of defendants" and "usually must rely on circumstantial evidence and inferences to allege and establish a mental element.").

[3] At his trial deposition, Mr. Navani could not give the names of all his relatives who worked at eCW stating "I won't be able to read them out. There are quite a few."  Doc. 416-1, Aug. 12, 2025 Dep. of G. Navani at 12:5-21.

Before the CIA, eCW had no compliance structure, no documented risk-management plan, as well as systemic issues in eCW's quality assurance processes. Doc. 346, MSJ Order at 41-42. In discussing those issues, eCW's hand-picked SQOO identified one of eCW's biggest problems as an "[e]xtremely flat management structure," noting that "[m]ost decisions run through Girish Navani (CEO), Dr. Raj Dharampuriya (CMO), or Mahesh Navani (head of operations)." See Doc. 266-34 at 1. As the ousted SQOO team leader Mr. Ulrich testified, a flat management structure in general is problematic because "███████████████████████ ███████████████████████████████████." Doc. 416-2, 2025-08-26 Ulrich Dep. at 191:12-13. Specifically, "█████████████████████ ████████████████████████████████████████ █████████████████." Id. at 191:14-192:1. eCW's own employees raised the company's insular culture and continued practice of promoting from within as the cause of eCW's ongoing security issues. See, e.g., Ex. 1 (Mar. 18, 2019 email from Paul Dittrich to Matt Lewis: ████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████."). 

The SQOO also often criticized Application Security officer Rahul Jaiswal—a relative of Dr. Raj Dharampuriya (CMO) who was picked to form and lead the application security team despite having no training or experience—as having a ██████████████████████ ████████████ and who did ███████████████████████ ██████████████████████████." Doc. 266-34 at 3; Doc. 416-3, Sept. 3, 2025 Dep.

of R. Jaiswal at 18:5-18 (relation described); *see also* Doc. 266-4, Jun. 18, 2024 30(b)(6) Dep. of eCW (Jaiswal) at 40:2-41:21 (no training or background in application security).[4]

Because the familial and "close" relationships at the top of eCW directly contributed to eCW's reckless conduct, they are highly relevant. The mere fact that the company founders and leadership are related is not unfairly prejudicial. *See, e.g.*, *United States v. Guo*, No. 23 CR 118 (AT), 2024 WL 1939221, at *9 (S.D.N.Y. May 2, 2024) (denying motion to exclude "elements of Defendants' family backgrounds or health [that] could be relevant to the merits of the case" where the government objected on Rule 403 grounds); *United States v. Warnock*, No. 3:21-CR-130-KHJ-ASH, 2025 WL 1756855, at *9 (S.D. Miss. June 25, 2025) (evidence that defendant tried to have his wife and other family members hired admissible over Rule 403 objection). Relators should be allowed to offer evidence of eCW's insular management.

The same is true for eCW's decision to split its operations between two continents. The majority of eCW's employees are not in the United States, with approximately two-thirds of its software developers located in India. Doc. 236, July 16, 2024 Dep. of M. Laycob at 13:9-14:3; Doc. 416-3, Sept. 3, 2025, Jaiswal Dep. at 23:9-16. Of the approximately 56 people on the application security team in 2024, only six were in the United States with the rest in India. Doc. 416-3, Sept. 3, 2025, Jaiswal Dep. at 19:7-20:24.[5] Despite most of his team being in India, Mr. Jaiswal does not travel to India " ██████████████████ Doc. 266-4, Jun. 16, 2024, Jaiswal Dep. at 64:1-2.

---

[4] The SQOO also noted Mr. Jaiswal's unhelpful role with respect to an anonymous internal report that security reports submitted to the SQOO were being falsified. Doc. 266-10 (Ulrich Dep. Tr.) at 275:4-276:9 (the SQOO was getting "██████████████████████████████████████████████████████████████████████"). Yet Mr. Jaiswal remains in his role to this day.
[5] Currently the team has "████████████████" of the application security team, with only six in the United States. Doc. 416-3, Sept. 3, 2025, Jaiswal Dep. at 20:4-6.

4

The SQOO identified the disparate locations of key individuals as problematic for compliance and security. In March 2018, it noted that eCW had "[v]ery little local oversight of employees." Doc. 266-34 at 1. In another example (that eCW seeks to exclude), the SQOO investigated anonymous reports that two eCW employees in India were falsifying security reports. Doc. 266-2, ¶ 280. The SQOO never received any explanation for how the falsified reports went unnoticed for three months, and never got a "clear answer" on whether Mr. Jaiswal was involved in the falsification. *Id.*; Doc. 266-101 at 2. The jury could reasonably conclude that attempting to supervise a team working on a different continent *might* have played a role in that issue.

And contrary to eCW's arguments, this issue is not limited to eCW's employees in India. eCW's first (and only) Compliance Officer Michael Laycob has never lived in the same state or time zone as eCW. As the SQOO noted in 2018, "[h]e currently resides in [] St. Louis, MO," "has limited knowledge of the inner workings of the company," and other than "one direct report whose role is mostly as an administrative assistant," "[a]ll of the other folks involved in compliance activities report directly to MGR (mostly Girish)." Doc. 266-34 at 2. Despite purportedly being in charge of compliance company wide, Mr. Laycob has only visited India one time in his more than eight years with the company. Doc. 236, July 16, 2024, Laycob Dep. at 14:9-12. eCW seemingly omitted any mention of Mr. Laycob's disparate United States location that Relators have highlighted in an attempt to bolster its argument that Relators are seeking to inflame the jury based on national origin.

But this is not an issue of "nationality" but a practical issue of company management and structure. The physical distance between eCW's leadership and the majority of its employees resulted in "very little local oversight" and contributed to eCW's recklessness. eCW's motion

improperly frames these issues as one related to nationality and foreign workforce when it is not. The evidence is relevant and admissible and not unfairly prejudicial under Rule 403. *United States v. Heatherly*, 985 F.3d 254, 266 (3rd Cir. 2021) (Rule 403 "bar[s] not all prejudice, but only unfair prejudice.").

Respectfully submitted this 3rd day of October, 2025.

/s/ Robert H. Snyder, Jr.
Robert H. Snyder, Jr.
Georgia Bar No. 404522
rob@cannellasnyder.com
Alexandra "Sachi" Cole
Georgia Bar No. 696892
sachi@cannellasnyder.com
Hannah Drosky Amanuel
Georgia Bar No. 922743
hannah@cannellasnyder.com
Chase Lyndale
Georgia Bar No. 183762
chase@cannellasnyder.com
CANNELLA SNYDER LLC
315 W. Ponce de Leon Ave, Suite 885
Decatur, Georgia 30030
Tel: (404) 800-4828
Fax: (404) 393-0365

Brian P. Adams
Georgia Bar No. 142474
brian@brianadamslaw.com
Mary Beth Hand
Georgia Bar No. 322836
mbhand@brianadamslaw.com
ADAMS LAW FIRM
598 D.T. Walton Sr. Way
Post Office Box 142
Macon, Georgia 31202
Tel: (478) 238-0231
Fax: (478) 216-9188

Anna Green Cross
Georgia Bar No. 306674
anna@crosskincaid.com
Meredith C. Kincaid

              Georgia Bar No. 148549
              meredith@crosskincaid.com
              CROSS KINCAID BASKAM LLC
              315 W. Ponce de Leon Ave, Suite 715
              Decatur, Georgia 30030
              Tel: (404) 948-3022

              *Counsel for Relators/Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the foregoing by electronically mailing a copy of the same to counsel of record, who, by registering with the Court's CM/ECF system, has consented to electronic service.

This 3rd day of October, 2025.

*/s/ Robert H. Snyder, Jr.*
Robert H. Snyder, Jr.
Georgia Bar No. 404522

*Counsel for Relators/Plaintiffs*