# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>eCLINICALWORKS, LLC,<br><br>Defendant. | CASE NO. 5:18-CV-382 |

### RELATORS' RESPONSE TO ECW'S MOTION IN LIMINE NO. 9 TO PRECLUDE RELATORS FROM ARGUING THAT ECW'S SUBSEQUENT REMEDIAL MEASURES PROVE SOFTWARE DESIGN DEFECTS OR CULPABILITY

eCW's motion does not identify what alleged "subsequent remedial measures" it asks the Court to exclude, other than to offer a vague reference to "software patches."[1]  *See Robbins v. Robertson*, 2022 WL 2987890, at *5 (M.D. Ga. July 28, 2022) ("Motions in limine that are 'broad, vague,' and include 'speculative categories of evidence and argument of which the Court cannot predetermine the admissibility' are due to be denied, as 'the real purpose of a motion in limine is to avoid the introduction of evidence at trial that is 'clearly inadmissible on all potential grounds' and could irretrievably impact the fairness of the trial.'").  That utter lack of specificity should result in the outright denial of the motion.

eCW also assumes, with no citation to any relevant case, that the subsequent remedial measures rule applies to this statutorily based, fraud-on-the-government case.  *See United States ex rel. Jordan v. Northrop Grumman Corp.*, CV 95-2985 ABC (EX), 2003 WL 27366250, at *3

---

[1] It also confusingly suggests that it routinely releases patches, as opposed to the fix subsequent to injury that Rule 407 contemplates.  Regardless, eCW has released hundreds of patches during the relevant time period.  eCW singles out none of those in its motion.

1

(C.D. Cal. Mar. 10, 2003) ("Although Defendant insists that the 'event' or 'occurrence' giving rise to the Red Team Audit was 'multiple Product Quality Deficiency Reports issued by the Navy,' the Court is not persuaded that the issuance of these Product Quality Deficiency Reports is an event of the nature contemplated by Rule 407, which generally encompasses accidents."). The policy behind the subsequent remedial measures rule is to encourage defendants to fix safety defects and prevent a similar injury, without fear that doing so will be evidence of negligence in a later case. Fed. R. Evid. 407, Adv. Comm. Notes ("more impressive ground for exclusion rests on a social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety."). What accident or injury did eCW seek to prevent from happening *again* when it allegedly patched its software? It doesn't say in this motion, but it has argued repeatedly that there is no evidence of any breach of its software (presumably the injury its patches were meant to avoid). And the injury at issue in this case is the fraud eCW perpetrated on the government. There is no evidence that eCW agreed it had injured the government and patched its software to prevent future injury to the government. Instead, eCW continues to deny that it committed fraud at all. Rule 407 has nothing to do with this case.

  eCW is also continuing to argue out of every side of its mouth. On one side, it seeks to exclude Ms. Wolfston's damages methodology because she allegedly fails to account for when eCW patched its software, and (according to eCW) thus fixed the certification non-conformities. Doc. 364-1 at 4. While on the other side, it argues here that Relators should be precluded from arguing that any patch was evidence of a certification non-conformity. Doc. 408-1 at 3, n.1. eCW also confusingly adds a third side by arguing that evidence that it patched its software can be admitted to prove its "lack of scienter." *Id.* At this point, Relators cannot keep the argument straight and can't even tell whether eCW thinks patches are admissible.

Even assuming Rule 407 applies, the remedial measures must be "subsequent" to something—meaning changes had to take place after the injury at issue.  *See* Fed. R. Evid. 407.  eCW's broad motion seeking to exclude all evidence of patching (including patches that occurred before this case was filed) ignores that basic fact of the Rule.  *See Chase v. General Motors Corp.*, 856 F.2d 17, 21–22 (4th Cir. 1988) (evidence of measures taken by the defendant before "event" causing injury or harm do not fall within the exclusionary scope of Rule 407 even if they occurred after the manufacture or design of the product).  The motion would also exclude reference to patches unrelated to this case, including patches resulting from internal testing or SQOO recommendations instead of a specific injury.

Even if eCW had identified the injury triggering a "remedial" patch, eCW's patches would be admissible under the broad exceptions for subsequent remedial measures.  Fed. R. Evid. 407 ("the court may admit this evidence *for another purpose*, such as impeachment or – if disputed-proving ownership, control, or the feasibility of precautionary measures.") (emphasis added).  eCW acknowledges these wide exceptions and itself agrees that patches would be admissible for purposes other than to prove its liability.  *See* Doc. 408-1 at 3, n 1.[2]

One clearly relevant use is to prove that a specific vulnerability existed at a specific time.  The Court has made clear that whether a vulnerability was exploited and the potential severity of a breach are inadmissible.  But Relators must prove that the software had vulnerabilities that relate to certification requirements.  Evidence that eCW fixed a specific issue on a certain date establishes the issue existed in the software before that fix.  Proving that does not invade the

---

[2] "To be sure, eCW's release of patches to remediate [] vulnerabilities …helps demonstrate eCW's lack of scienter.  Thus eCW is not asserting that its subsequent remedial measures are irrelevant for any purpose. But they may not be argued to be evidence of technical deficiencies or certification nonconformities."

3

liability determination that Rule 407 seeks to protect. Instead, Relators' certification expert will still need to opine (and eCW can dispute) whether that issue made the software non-compliant.

Even patches issued by eCW in direct response to Relators' allegations are admissible to prove notice to the company,[3] feasibility of the fix,[4] and eCW's control over the issue.[5] Fed. R. Evid. 407. And representations eCW made about its fixes are also admissible to impeach the company and its witnesses' credibility.[6]

In short, eCW's motion is too vague to be granted, the Rule it seeks to apply is irrelevant, and even if the Rule applies, numerous exceptions to the Rule allow the evidence's introduction.

Respectfully submitted this 3rd day of October, 2025.

/s/ Robert H. Snyder, Jr.
Robert H. Snyder, Jr.
Georgia Bar No. 404522
rob@cannellasnyder.com
Alexandra "Sachi" Cole
Georgia Bar No. 696892
sachi@cannellasnyder.com
Hannah Drosky Amanuel
Georgia Bar No. 922743
hannah@cannellasnyder.com
Chase Lyndale
Georgia Bar No. 183762
chase@cannellasnyder.com
CANNELLA SNYDER LLC
315 W. Ponce de Leon Ave, Suite 885
Decatur, Georgia 30030
Tel: (404) 800-4828
Fax: (404) 393-0365

---

[3] Relators will present evidence that despite being told about Relators' issues, eCW did not fix them, or did so poorly.

[4] That eCW was able to fix several issues raised in the December 2018 DOJ letter in less than a day proves that those fixes were feasible and easy. Doc. 345 at 47 (noting that DOJ letter "prompted eCW to address some issues within 12 hours.")

[5] [redacted] See Doc. 218-5, Jun. 18, 2024 30(b)(6) Dep. of eCW (Jaiswal) at 228:25-229:20.

[6] E.g., Doc. 416-1 (Navani Dep.) at 121:9-126:7 [redacted]

4

Brian P. Adams
Georgia Bar No. 142474
brian@brianadamslaw.com
Mary Beth Hand
Georgia Bar No. 322836
mbhand@brianadamslaw.com
ADAMS LAW FIRM
598 D.T. Walton Sr. Way
Post Office Box 142
Macon, Georgia 31202
Tel: (478) 238-0231
Fax: (478) 216-9188

Anna Green Cross
Georgia Bar No. 306674
anna@crosskincaid.com
Meredith C. Kincaid
Georgia Bar No. 148549
meredith@crosskincaid.com
CROSS KINCAID BASKAM LLC
315 W. Ponce de Leon Ave, Suite 715
Decatur, Georgia 30030
Tel: (404) 948-3022

*Counsel for Relators/Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the foregoing by electronically mailing a copy of the same to counsel of record, who, by registering with the Court's CM/ECF system, has consented to electronic service.

This 3rd day of October, 2025.

>*/s/ Robert H. Snyder, Jr.*
>Robert H. Snyder, Jr.
>Georgia Bar No. 404522
>
>*Counsel for Relators/Plaintiffs*