UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>eCLINICALWORKS, LLC,<br><br>Defendant. | CASE NO. 5:18-CV-382 |

**RELATORS' RESPONSE TO eCW's MOTION IN LIMINE NO. 8 TO PRECLUDE RELATORS FROM INTRODUCING EVIDENCE AND ARGUMENTS RELATED TO <u>IMPROPER USES OF THE 2018 DEPARTMENT OF JUSTICE LETTER</u>**

Although not entirely clear, eCW appears not to argue that the December 2018 DOJ letter to eCW is inadmissible. eCW's motion (like several others) seeks only to avoid "improper argument" about the letter. But eCW deems any argument it disagrees with to be "improper," while maintaining that any argument it will use to support its so-called defenses is fair game. That is not how the rules of evidence work.

eCW also recycles a materiality argument the Court expressly rejected in its summary judgment Order. eCW argued on summary judgment that the December 2018 DOJ letter could not prove materiality because it was separate from payment decisions. Doc. 300 at 7. The Court expressly rejected that argument when it ruled the DOJ letter was evidence of "significant government action" that, along with other similar action, supported a finding of materiality. Doc. 346 at 48. eCW simply cannot stop attempting to relitigate issues it has already lost.

A. <u>Background</u>

On December 6, 2018, shortly after Relators filed the complaint under seal in this action, the Department of Justice sent its letter to eCW noting potentially "dangerous security

1

vulnerabilities … so that [eCW] can immediately address any such security vulnerabilities." Doc. 218-110 ("2018 DOJ letter") at 1. The government further explained, "[i]f these allegations prove true, the severity of these possible security issues, and the potential for patient harm, alarm us." *Id.* at 2. eCW was instructed to "[p]lease confirm no later than December 10, 2018, that [it was] acting with all due speed to investigate *and* address such issues." *Id.* at 3 (emphasis added). As the Court already acknowledged, the DOJ Letter "prompted eCW to address some issues within 12 hours." Doc. 345 (Order Granting in Part and Denying in Part Summ. Judgment) at 48.[1]

B. The DOJ Letter Is Not Inadmissible Hearsay

eCW's hearsay arguments fail because Relators do not seek to use the letter for the truth of the matter asserted, i.e., to prove the issues in the letter are true. *See* Doc. 408-1 at 5. They can do that through their technical testimony. Instead, the letter demonstrates that in response to simply learning of Relators allegations, the government had multiple meetings with ONC and OIG to discuss the security concerns raised by Relators and then took an unprecedented (in Relators' counsel's experience) step of immediately instructing eCW to address the alleged issues. Doc. 346 at 48. The government's *response* to learning of the allegations is the relevant evidence, not whether the allegations are in fact true. They of course are, but Relators do not need to use the letter to prove that. The 2018 DOJ Letter also proves when eCW received notice of the allegations, helps to put eCW's reaction in context, including its first ever security patch issues two weeks later, and is admissible to impeach the company's credibility. The DOJ letter is not hearsay.[2]

---

[1] *Citing* Doc. 316-1 at 4; *see* Docs. 216-2 ¶¶ 322-29; 266-1 ¶¶ 322-29.
[2] The portions of the letter that eCW claim are hearsay qualify for both the "records of a regularly conducted activity" exception (*see* Fed. R. Evid. 803(6)), as well as residual exception of Federal Rule of Evidence 807. The general purpose of excluding business records created in anticipation of litigation is not present here, where eCW is

C. The DOJ Letter Is Directly Relevant to Materiality

eCW argues the 2018 DOJ Letter is not relevant to materiality because the "DOJ did not generate any factual evidence pursuant to an independent investigation at the time of the 2018 DOJ Letter's issuance" and does not "indicate[] the reasons motivating DOJ's statements beyond a generalized concern about patient safety and information security." Doc. 402-1 at 8, 9. As the Court noted in rejecting that argument the first time eCW made it, materiality under the FCA "turns on whether misrepresentations had a natural tendency to influence payment—not whether the government eventually took formal or the most severe enforcement action available." Doc. 345 (MSJ Order) at 46-47 (quoting *United States ex rel. Bibby v. Mortg. Invs. Corp.*, 987 F.3d 1340, 1351-52 (11th Cir. 2021), *cert. denied*, 141 S. Ct. 2632 (2021); citing *United States ex rel. Fahn v. GardaWorld Fed. Servs. LLC*, 2024 WL 1605313, at *12 n.8 (M.D. Ga. Apr. 12, 2024)). And the DOJ letter is evidence that the government did in fact take significant action upon learning of Relators' allegations. Doc. 345 at 48-49.

Of course, relevancy is a low bar and easily cleared here. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Materiality turns on the importance of fraudulent activity to the government—that is not limited to whether or not that resulted in a decision not to pay the fraudulent claims. When the government learned of Relators' allegations, it commanded eCW to address the problems, and eCW immediately agreed to do so, while fixing some of them almost immediately. That is remarkably probative evidence

---

attempting to exclude evidence that it received notice of the allegations in the first place and where it has made the government's actions and communications a critical issue in the case. The letter also falls within Federal Rule 803(6)'s exclusion for government investigations as the letter was sent after several months of government investigation prompted by Relators' filing and submission of their detailed disclosure statements and attachments.

3

of materiality. *See e.g., Bibby*, 987 F. 3d at 1351 (citing government actions such as the VA directing lenders to issue refunds as probative of materiality).

eCW's argument that the 2018 DOJ Letter has "no relevance on the materiality inquiry because the DOJ does not make certification or payment decisions," Doc. 402-1 at 9, is the same argument the Court already rejected. There is no requirement that the government's communication come from one particular arm before it can be relevant to materiality. And here the DOJ, ONC, and the SQOO together monitored eCW's progress in addressing the vulnerabilities. Doc. 345 at 48.[3] The 2018 DOJ Letter readily clears Rule 401's low threshold for relevancy.[4] And the Court has now twice relied on the DOJ Letter, the DOJ's instructions to eCW, and the DOJ's interactions with eCW in conjunction with other government agencies, to deny eCW's materiality arguments. Doc. 90 at 25; Doc. 345 at 48-49.

In addition, the DOJ letter (and eCW's response) is relevant to show that eCW misled the government. Specifically, one of the vulnerabilities raised in the 2018 DOJ letter included ▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Doc. 218-110 at 2 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ In response to this, eCW stated that it was ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[3] For example, in May 2021, when Relators disclosed additional vulnerabilities, ONC stepped in and instructed the SQOO to investigate and confirm the vulnerabilities were being fixed. Doc. 266-2, ¶ 245. The SQOO conducted a two-month investigation and reported its results to ONC, largely confirming the issues were being fixed. Doc. 266-2, ¶¶ 248-249.

[4] eCW has taken the position that its public disclosure bar affirmative defense is ultimately a matter to be decided by the jury. *See, e.g.*, Joint Pre-Trial Order submission, Attachment J (eCW's proposed additional jury charges), Instruction 34. eCW's position is not correct. *See* Doc. 387 (Relators' Motions in Limine) at 15-16 ("Government action and public disclosure bars are not jury issues."). If, however, eCW were correct that a jury determination is required to decide whether Relators have satisfied the public disclosure bar, then the DOJ's December 2018 letter identifying Relators' allegations as information it "recently received," Doc. 218-110 at 1, is admissible for the additional reason that it is relevant to this affirmative defense.

4

Doc. 316-1 at 8.  This statement by eCW to the government in response to the 2018 DOJ Letter was false.  Ex. 1, 2025-09-03 Jaiswal Trial Dep., at 67:23-68:2; 70:6-24-71-9.  Over a year after the 2018 DOJ Letter, ███████████████████████████  *Id*. at 73:10-18; 74:9-15.  The same was true almost two years later.  *Id*. at 81:2-7.

In short, the DOJ's December 2018 letter is relevant to materiality.

D. <u>Admission Of The DOJ Letter Is Separate From The Declination Decision</u>

The admissibility of the 2018 DOJ Letter does not make the government's intervention decision admissible or subject eCW to undue prejudice.  As argued in Relators' Omnibus MIL Number 2, the government's intervention decision is "not relevant in an FCA action brought by a private party."  Doc. 385 at 4-5, quoting *U.S. ex rel. Ubl v. IIF Data Solution*s, 650 F.3d 445, 457 (4th Cir. 2011).  The government declines to intervene for all sorts of reasons that have nothing to do with the merits of a case.  *See U.S. ex rel. Atkins v. McInteer*, 470 F. 3d 1350, 1360 n.17 (11th Cir. 2006) ("In any given [FCA] case, the government may have a host of reasons for not pursuing a claim.").  There is absolutely no evidence that the government declined to intervene based on a conclusion that Relators' case lacked merit—indeed, the non-intervention decision came after three years of investigation, during which eCW (incorrectly) told DOJ it had fixed many of the problems identified by Relators.  There is also no reason to think the DOJ declined to intervene based on a conclusion of immateriality—the issue that the letter relates to.  Instead, DOJ itself filed a statement of interest supporting Relators' materiality arguments.  Doc. 292 at 7-11.

Respectfully submitted this 3rd day of October, 2025.

*/s/ Robert H. Snyder, Jr.*
Robert H. Snyder, Jr.
Georgia Bar No. 404522

rob@cannellasnyder.com
Alexandra "Sachi" Cole
Georgia Bar No. 696892
sachi@cannellasnyder.com
Hannah Drosky Amanuel
Georgia Bar No. 922743
hannah@cannellasnyder.com
Chase Lyndale
Georgia Bar No. 183762
chase@cannellasnyder.com
CANNELLA SNYDER LLC
315 W. Ponce de Leon Ave, Suite 885
Decatur, Georgia 30030
Tel: (404) 800-4828
Fax: (404) 393-0365

Brian P. Adams
Georgia Bar No. 142474
brian@brianadamslaw.com
Mary Beth Hand
Georgia Bar No. 322836
mbhand@brianadamslaw.com
ADAMS LAW FIRM
598 D.T. Walton Sr. Way
Post Office Box 142
Macon, Georgia 31202
Tel: (478) 238-0231
Fax: (478) 216-9188

Anna Green Cross
Georgia Bar No. 306674
anna@crosskincaid.com
Meredith C. Kincaid
Georgia Bar No. 148549
meredith@crosskincaid.com
CROSS KINCAID BASKAM LLC
315 W. Ponce de Leon Ave, Suite 715
Decatur, Georgia 30030
Tel: (404) 948-3022

*Counsel for Relators/Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a true and correct copy of the foregoing by electronically mailing a copy of the same to counsel of record, who, by registering with the Court's CM/ECF system, has consented to electronic service.

This 3rd day of October, 2025.

*/s/ Robert H. Snyder, Jr.*
Robert H. Snyder, Jr.
Georgia Bar No. 404522

*Counsel for Relators/Plaintiffs*
