# EXHIBIT A

**From:** Robert Snyder <rob@cannellasnyder.com>
**Sent:** Tuesday, July 23, 2024 9:46 AM
**To:** Bernardo, Richard T (NYC) <Richard.Bernardo@skadden.com>; Sachi Cole <sachi@cannellasnyder.com>; Hannah Drosky Amanuel <hannah@cannellasnyder.com>
**Cc:** Wyatt, Geoffrey M (WAS) <Geoffrey.Wyatt@skadden.com>
**Subject:** [Ext] RE: Permenter -- PII disclosure

Rich,

I don't think ECW is contending that this is PHI that might trigger HIPAA reporting obligations.  The personally identifying information is not coupled with: 1) information relating to the physical or mental health or condition of the patient; 2) health care provided to the individual (such as diagnosis, treatment notes, etc…); or 3) payment for health care charges.  (See attached ECW PHI HIPAA Form which tracks HIPAA language).  There is nothing to report or consider reporting if there is no PHI involved.  None of the details included in the exhibits provides any information in categories 1-3.  So, we don't believe that the HIPAA breach rule even applies.  Even if it did, then it is unlikely this would be a breach.  The information was provided to ECW through its lawyers.  ECW is a business associate of these practices, as are the Relators.  ECW does access PHI in the on-prem practices frequently.  Regardless of whether the practice must agree to that access, no notice is given to the patients when ECW does so.  The only other people who had access to the information provided are in express contractual relationships with either the Relators or eCW that involve confidential handling of materials.  Based on your email it's unclear if the information was actually viewed by eCW's experts before it was replaced with redacted copies.  So, even if this is PHI, the "disclosure" either falls into the breach exceptions for "unintentional acquisition, access, or use of protected health information by a workforce member *or person acting under the authority of a covered entity or a business associate, if such acquisition, access, or use was made in good faith*" or  "the inadvertent disclosure by a person who is authorized to access protected health information at a covered entity or business associate to another person authorized to access protected health information at the same covered entity or business associate" or "disclosure of protected health information where a covered entity or business associate has a good faith belief that an unauthorized person to whom the disclosure was made would not reasonably have been able to retain such information"  45 C.F.R. § 164.402(1).  And even if not specifically excepted, then I firmly believe this falls into the "low probability of compromise" category under all of the factors listed in § 164.402(2)(i)-(iv), thereby making the possibility that this might be considered a breach, even if it is PHI, almost non-existent.

We're not aware of any general PII reporting law that would or does cover this type of potential issue.   Georgia's Personal Identity Protection Act does not apply as no-one involved is a data broker or information collector.

Given all that, we do not believe that there has been a breach or that there is any reporting obligation.

As you have already sanitized and replaced the exhibits for ECW's use, we won't provide new versions and run the risk that ECW disagrees with our redactions.   If you would like us to provide redacted versions, let us know.

We will triple check everything going forward to make sure that any comparable information is fully redacted before production.  We will also specifically mark all exhibits as highly confidential, even when the document to which the exhibits are attached is also marked highly confidential.

If ECW disagrees with this approach and intends to handle this issue in some other way, then please let us know so we can discuss it.

Thanks.

Rob Snyder
Cannella Snyder LLC
<Richard.Bernardo@skadden.com>
**Sent:** Monday, July 22, 2024 11:00 AM
**To:** Robert Snyder <rob@cannellasnyder.com>; Sachi Cole <sachi@cannellasnyder.com>; Hannah Drosky Amanuel <hannah@cannellasnyder.com>
**Cc:** Wyatt, Geoffrey M <Geoffrey.Wyatt@skadden.com>
**Subject:** RE: Permenter -- PII disclosure

Hi Rob:

See below (in red)

Regards,

Rich

**From:** Robert Snyder <rob@cannellasnyder.com>
**Sent:** Friday, July 19, 2024 3:00 PM
**To:** Bernardo, Richard T (NYC) <Richard.Bernardo@skadden.com>; Sachi Cole <sachi@cannellasnyder.com>; Hannah Drosky Amanuel <hannah@cannellasnyder.com>
**Cc:** Wyatt, Geoffrey M (WAS) <Geoffrey.Wyatt@skadden.com>
**Subject:** [Ext] RE: Permenter -- PII disclosure

Sorry, I left 18 off the list.

Rob Snyder
Cannella Snyder LLC

**From:** Robert Snyder
**Sent:** Friday, July 19, 2024 2:57 PM

**To:** Bernardo, Richard T <Richard.Bernardo@skadden.com>; Sachi Cole <sachi@cannellasnyder.com>; Hannah Drosky Amanuel <hannah@cannellasnyder.com>
**Cc:** Wyatt, Geoffrey M <Geoffrey.Wyatt@skadden.com>
**Subject:** RE: Permenter -- PII disclosure

You raised this issue yesterday again.  We are looking into this further and will be sending redacted versions of the exhibits.

By our review the only exhibits that may contain PII are Exhibits 6.1, 8, 10, 13, 15, 17 and 19.  Let me know if you disagree.   <span style="color:red">We agree subject to your addition of Exhibit 18 in the email above.</span>

We don't agree with your description of what Mr. Wheeler did to generate these searches, but that is not relevant at the moment.

In the interim, please let us know who was given a copy of the exhibits.  If you want to do that by category that is fine.  (Eg lawyers at Skadden, consultants retained by ECW at Sygnia, etc....)

<span style="color:red">No one was given a copy.   Rather it was made available through an FTP to Skadden attorneys, eCW, Oren Wortman, and three other experts who will be providing reports.   The version that was on the FTP was replaced with a correctly redacted version and we instructed those who had access to the FTP to delete the original version from their system if they had it and to retrieve and delete any they may have distributed.</span>

Please also confirm that the exhibits were treated consistently with the "highly confidential" designation given the to entire report.  <span style="color:red">Confirmed.   By way of clarification, we treated them as such because we knew what they were, not because the report was designated.   Pursuant to the PO, these should have been marked separately.  Please make sure on a forward-going basis that all exhibits that have confidential information are appropriately and separately designated.</span>

I will note that ECW is a business associate of all these practices and has the right to full access to anything within the practice's servers.  It does so every time there is an issue with the software that requires access.   When it accesses the servers that includes access to PHI and PII of patients.   <span style="color:red">It is my understanding that that is not correct with respect to on-prem customers; they have to grant access to eCW for a particular circumstance(s).  It is our understanding that all of the customers in Relators' exhibits were on-prem customers.</span>

Rob Snyder
Cannella Snyder LLC

**From:** Robert Snyder
**Sent:** Thursday, July 11, 2024 11:52 AM
**To:** Bernardo, Richard T <Richard.Bernardo@skadden.com>; Sachi Cole <sachi@cannellasnyder.com>; Hannah Drosky Amanuel <hannah@cannellasnyder.com>
**Cc:** Wyatt, Geoffrey M <Geoffrey.Wyatt@skadden.com>
**Subject:** RE: Permenter -- PII disclosure

We're looking in to it, but thank you for deleting it in the interim.

His entire report was marked highly confidential.

Rob Snyder
Cannella Snyder LLC

**From:** Bernardo, Richard T <Richard.Bernardo@skadden.com>
**Sent:** Thursday, July 11, 2024 9:49 AM
**To:** Robert Snyder <rob@cannellasnyder.com>; Sachi Cole <sachi@cannellasnyder.com>; Hannah Drosky Amanuel <hannah@cannellasnyder.com>
**Cc:** Wyatt, Geoffrey M <Geoffrey.Wyatt@skadden.com>
**Subject:** Permenter -- PII disclosure

Hi Rob:

This is to let you know that we discovered last night that when Mr. Wheeler formulated his query to generate Exhibits 6 -19 of his May 31, 2024 rebuttal report, he specifically enumerated the fields to be retrieved to include social security numbers, dates of birth, addresses and other personal identifying information. Because the exhibits were sent in CSV files, this was not immediately apparent. When comparing what he sent yesterday to Exhibits 6-19, we expanded the columns and noted the inclusion of this information for hundreds of patients   We are taking steps to replace these Exhibits with properly redacted versions and delete all copies of the original exhibits that we have distributed.

Regards,

Rich

**Richard T. Bernardo**
**Skadden, Arps, Slate, Meagher & Flom LLP**
One Manhattan West | New York | NY | 10001
**T: +1.212.735.3453** | **F: +1.917.777.3453**| **M: +1.917.626.4686**
richard.bernardo@skadden.com



-----------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

============================================================================

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

============================================================================