# EXHIBIT B

**From:** Robert Snyder <rob@cannellasnyder.com>
**Sent:** Monday, December 4, 2023 9:19 AM
**To:** James W. Cobb <jcobb@caplancobb.com>; Kim_Tavalero@gamd.uscourts.gov
**Cc:** Bernardo, Richard T (NYC) <Richard.Bernardo@skadden.com>; Wyatt, Geoffrey M (WAS) <Geoffrey.Wyatt@skadden.com>; Aaron Katz <akatz@aaronkatzlaw.com>; Julia Stone <jstone@caplancobb.com>; Brian Adams <brian@brianadamslaw.com>; Mary Beth Hand <mbhand@brianadamslaw.com>; Hannah Drosky Amanuel <hannah@cannellasnyder.com>; William Ortiz <will@cannellasnyder.com>; Devin Mashman <devin@cannellasnyder.com>; Cathy Huff <cathy@cannellasnyder.com>; Swanson, Todd (USAGAM) <Todd.Swanson@usdoj.gov>; Klovers, Christelle (CIV) <Christelle.Klovers@usdoj.gov>
**Subject:** [Ext] RE: U.S. ex rel. Permenter et al. v. eClinicalWorks, Case No. 5:18-cv-00382-MTT

Ms. Tavalero,

Our very brief responses are below.

**ECW's customer list**
There is much more that can and should be said about this issue. ECW has not accurately stated the issue or Relators' concerns with the proposal that ECW essentially perform its own damages calculation while giving the Relators no ability to confirm that ECW is correct. I've never been involved in any case where the defendant gets to calculate its own damages. We will refrain from saying anything further until we are instructed by the Court but would welcome the opportunity to prepare a very short brief (of no more than three pages) on this issue for the Court's consideration.

**ECW's demand for additional details about an issue involving Mr. Wheeler from more than 13 years ago.**
ECW has not accurately stated Relators' objection to producing additional details about an incident involving Mr. Wheeler from when he was 21 years old that occurred more than 13 years ago. Relators object to producing additional information about that incident not only because it is irrelevant but also because it is a harassing request. Since this case was filed, ECW has attempted to smear the Relators as bad people because they had the audacity of discovering substantial flaws in ECW's security and disclosing those flaws to the government. (I must note that after those disclosures the government compelled ECW to fix many of the flaws identified by the Relators). ECW has even asserted and refused to withdraw a defense of so-called "unclean hands" (based on Relators' work in this case) that is absolutely barred by federal case law. The goal, it appears, is to paint the Relators as bad actors who did something wrong by discovering the flaws in ECW's security. This request is no different. While it is true that Mr. Wheeler will be a witness in this case, there are limits to what can be asked of any witness. As ECW knows, Mr. Wheeler's 13-year-old charge was adjudicated under the Georgia First Offender statute and thus any evidence of the charges against him are completely inadmissible under Federal Rule of Evidence 609 (and in particular subsection (c)). Even if ECW could show that Mr. Wheeler's incident would meet the definition of a prior act of untruthfulness under Rule 608, then ECW still cannot introduce any extrinsic evidence of that incident, but could only, at best, ask him questions about the incident. We will be filing a motion in limine at the appropriate time to exclude all evidence of the incident because it is totally inadmissible under Rules 403, 608, and 609. ECW's claimed relevance of the incident is transparently thin. It is not relevant to credibility (as shown above) and Mr. Wheeler's incident had nothing to do with an EMR software like ECW (a fact that ECW also knows based on the publicly available information about the incident). ECW is simply attempting to force Mr. Wheeler to relive an embarrassing incident that has nothing to do with this case. There are limits to what can and

should be allowed in discovery. Relators respectfully submit that ECW's request to go rooting around in a very old incident from Mr. Wheeler's youth is beyond the limits of acceptable discovery in federal court.

**ECW's request for all communications between the Relators and the Government**
ECW again substantially misstates what Relators have said about their communications with and disclosures to the government. There is a substantial body of law holding that disclosures by Relators and Relators' counsel to the government in connection with a FCA case are protected from discovery by the work-product doctrine and the common interest /joint-prosecution privilege. *See, e.g. U.S. ex rel. Purcell v. MWI Corp.*, 238 F.R.D. 321, 325 (D.D.C. 2006) ("And because the joint-prosecution privilege protects the conversations between the relator and the United States that touch on the course of the litigation, it can [be] fairly characterized as an outgrowth of the work-product doctrine."); *United States ex rel. Samandi v. Materials & Electrochemical Rsch. Corp.*, No. CV 05-124 TUC DCB, 2009 WL 10690273, at *8 (D. Ariz. July 14, 2009) (citations omitted) ("the unique relationship of the government and the relator in qui tam cases requires the sharing of work product generated between the relator and his attorney with the government in order for the case to proceed … Because the relator and the government are essentially the same party they can assert a joint prosecution privilege to avoid waiver of work product immunity.") When we pointed this out to ECW during our meet and confer process, ECW said that it was really only seeking "facts" disclosed by the Relators to the government. But as we told ECW, those "facts" were already provided to ECW when we reached an agreement to produce an interrogatory response that included all of the technical assessments of the ECW software that Relators provided to the government. When we did so, we expressly reached an agreement with ECW that producing those materials did not result in a waiver of any applicable privileges. *See* ECF No. 116. As to ECW's assertion of a "substantial need" for all communications with the government, that again is simply not true. The technical disclosure made pursuant to ECF No 116 told ECW all the security flaws with the software identified by the Relators and disclosed to the government. ECW knows what the government knew from the Relators about ECW's software and when the government knew it. In addition, the government agencies at issue have produced thousands of documents relating to this case and ECW's security issues. Defendant cannot overcome the joint prosecution privilege where it already has the discovery which it is asserting it has a "substantial need" for. *U.S. ex rel. Purcell v. MWI Corp.*, 232 F.R.D. 14, 18 (D.D.C. 2005) (refusing to pierce joint prosecution privilege where Defendants already had the discovery for which a "substantial need" had been recognized). As this issue affects the rights of the Department of Justice, I have added Mr. Swanson and Ms. Klovers from the DOJ to this chain, so the government can weigh in as well if necessary.

Relators have more to say about both issues raised by ECW and would welcome the opportunity to do so through a very short brief or conference. We will not send any further emails to the Court until we receive further instructions.

Best regards,


Rob Snyder
Cannella Snyder LLC