UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, et al.<br><br>Plaintiffs,<br><br>v.<br><br>eCLINICALWORKS, LLC,<br><br>Defendant. | CIVIL ACTION FILE<br><br><br><br>NUMBER 5:18-CV-382 |

### RELATORS' CONSOLIDATED REPLY IN SUPPORT OF THEIR MOTIONS IN LIMINE[1]

Most of eCW's responses to Relators' motions in limine warrant no further briefing as the issue has been adequately covered in the parties' briefing. Relators file this short reply to address some specific cases and issues raised by eCW in its responses.

I.   Relators' Motions in Limine regarding eCW's attacks on Relators, Doc. 384.

   a.   *MIL 1 – Online statements*

eCW concedes that unauthenticated online hearsay statements regarding Relators' company are inadmissible. Doc. 468 at 2. But eCW goes further and argues that, based on one answer at Mr. Permenter's deposition, it should be allowed to accuse Relators of being racists.[2] eCW has a history of leveling such unsubstantiated allegations at anyone who dares to criticize

---

[1] This reply is in support of portions of Relators' MIL Regarding eCW's Attacks on Relators, Doc. 384 and Relators' Affirmative MIL, Doc. 382. eCW's response to Relators' Omnibus MILs does not require further briefing. Relators will be prepared to address all MILs at the pre-trial conference.

[2] Mr. Permenter's off-hand, truthful comment about eCW's use of low paid overseas employees was *in response* to eCW's question about why Relators did not disclose the very real security vulnerabilities in eCW's software to a customer service representative. Doc. 218-101 at 39:19-40:1. Mr. Permenter went on to explain that Relators ██████████████████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████████████████████ ████████████████████ *Id.* at 41:3-12. Because the Court has ruled that the potential severity of breach is inadmissible, Mr. Permenter will not testify about those issues, unless he is asked by eCW.

the company. Doc. 345 at 25 (describing eCW's accusations of bias against SQOO, Quandary Peak's denial of same, and OIG's rejection of eCW's request to fire the SQOO based on same). The Court should not countenance such behavior.

Relators and Relators' counsel hold no bias toward anyone. They must be allowed to tender truthful evidence that eCW has most of its operations overseas and a lax compliance department on a different continent without facing spurious and prejudicial accusations of racism. If Relators or Relators' counsel do or say anything at trial that the Court views as reflecting an ethnic or racial bias against eCW, then it can revisit this issue. Because they will not do so, the motion should be granted.

      b. *MIL 2 – Characterizations of Relators as hackers or accusations of illegal conduct*

eCW claims Relators have engaged in "improper extrajudicial discovery efforts" that were "lawless, unauthorized, and reckless." Doc. 468 at 3-4. eCW ignores that it filed a motion seeking to exclude Relators' supplemental interrogatory response based on those same allegations. Doc. 297. The Court denied that motion in a footnote. Doc. 345 at 59, n. 71.

eCW has no witness on its trial list (and nor could it) who will offer expert testimony about the "legality" of Relators' discovery conduct. Injecting such irrelevant issues into trial will result in a needless diversion and require presentation of evidence on eCW's and Relators' customer agreements, computer access laws, and discussions about the Court's protective Orders. That is a waste of time and prejudicial. Fed. R. Evid. 403.

eCW cites *United States ex rel. Kiro v. Jiaherb, Inc.*, 2019 WL 2869186 (C.D. Cal. July 3, 2019) throughout its briefing on these motions. That case is distinguishable. In *Kiro*, the relator was a former employee who stole customers' lists unrelated to his import/export related case to help start and further a competing business. *Id.* at *4, see also United States ex rel. Kiro*

*v. Jiaherb, Inc.*, C.D. Cal., Case No. 14-2484-RSWL-PLA, Doc. No. 102 (Resp. to Rels.' MIL) at 5 (arguing relators' theft of customer lists was relevant because his "primary purpose [was] harassing Defendant and harming Defendant's relationship with its customers"). Here, Relators' testing of eCW's software was directly related to their allegations in this case and had nothing to do with competing with eCW.

eCW's other citations are also irrelevant. In both *Erhart v. BofI Holding, Inc.*, 2017 WL 588390, at *12 (S.D. Cal. Feb. 14, 2017) and *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061-62 (9th Cir. 2011),³ the defendants had asserted counterclaims for breach of confidentiality agreements signed by the plaintiff while working for the defendant. In both cases, the courts ruled that a relator may be allowed to gather evidence "'reasonably necessary' to support the allegations of wrongdoing," even when they were contractually obligated not to do so. *Erhart*, 2017 WL at *12; *Cafasso*, 637 F. F 3d at 1062 (noting it saw "some merit in the public policy exception" to the confidentiality agreements sought by relator but stating that "those asserting [such] protection would need to justify why removal of the documents was reasonably necessary to pursue an FCA claim"). But neither case dealt with nor **even commented on** whether a defendant in an FCA case can make baseless allegations of alleged discovery misconduct without a counterclaim against the relator for breach of a confidentiality agreement and without supporting expert testimony that the alleged conduct was "improper."

While Relators do not dispute that eCW can attempt to attack their credibility, the Court should not allow eCW to do so through accusations of alleged illegal or improper discovery

---

³ In *Cafasso*, the court granted summary judgment against the relator on defendant's counterclaim for breach of confidentiality agreement because the relator had indiscriminately downloaded 11 gigabytes of data including attorney-client protected documents and trade secrets that had nothing to do with his case. *Id.*

3

conduct that are unsupported by admissible testimony and that have been raised with the Court and rejected.

    c. *MIL 4 – Alleged breach of contract*

eCW seeks to make this case solely about Relators' alleged conduct and argues, again with no support, that Relators' breached their agreements with their customers by testing eCW's security. The Court already ruled that "[a]ny opinions about breach of contract … are not admissible" when discussing Dr. Cole's opinions about eCW's customer agreements. June 4, 2025 Hrg. Tr. at 45:22-23. And "what's sauce for the goose is sauce for the gander." *Id.* at 31:15-16. eCW should not be allowed to do the very thing the Court precluded Relators from doing, inject contractual issues unrelated to eCW's certifications. If eCW is allowed to lob this irrelevant allegation, Relators will have to testify about their customer contracts, about the HIPAA business associate rule, and their interpretations of both. Mr. Arrigo will also have to weigh in, with eCW offering its own expert response. That is all irrelevant, because Relators' conduct is not at issue in this case. eCW committed fraud, not the Relators.

    d. *MIL 5 – Alleged HIPAA breaches*

eCW continues to make allegations of an alleged HIPAA breach, again with no support. Unlike the alleged "illegal conduct" arguments the Court rejected, eCW never filed a motion based on this alleged HIPAA "misconduct." And the Court granted summary judgment on Relators' HIPAA based claim and excluded all related expert opinions as moot. eCW now wants to accuse Relators of breaching HIPAA based on one highly confidential expert disclosure attachment. If allowed, Relators must tender evidence of their own and eCW's business

4

associate agreements, the HIPAA rules, the Court's HIPAA protective Order,[4] and Relators' good faith *and correct* belief that their production was proper under HIPAA rules and the Court's Order. That is all irrelevant and inadmissible. Fed. R. Evid. 403.

    e. *MIL 6 –* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    eCW's response ignores the Federal Rules and the binding law on this issue. Federal Rule of Evidence 609 allows impeachment based on a felony conviction, (a)(1)(A), or a crime involving a "dishonest act or false statement," (a)(1)(B). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ so it does not fall within subsection (a)(1)(A). And the Georgia Supreme Court has ruled unequivocally that "a witness may not be impeached on general credibility grounds by evidence of a first offender record." *Matthews v. State*, 268 Ga. 798, 802 (1997); *see also Witcher v. Pender*, 260 Ga. 248 (1990) ("first offender record of an adverse witness in a civil case is inadmissible for impeachment purposes to show that the witness had been convicted of a felony or a crime of moral turpitude."). Thus, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is inadmissible on general credibility grounds or to show that he engaged in an allegedly dishonest act under (a)(1)(B).

    eCW cites three cases where a first offender plea was considered, but in those cases, the party testified about the incident that resulted in the plea and denied or disclaimed any illegal conduct. *See, e.g., Hightower v. Gen. Motors Corp.*, 255 Ga. 349, 351 (1986) (plaintiff testified about car being stolen and burned but denied wrongdoing so first offender plea for arson based on incident was admissible for impeachment); *see also United States v. Williams*, No. 406CR128, 2007 WL 9724681, at *2 (S.D. Ga. Jan. 9, 2007) (deferring ruling on whether first

---

[4] Doc. 100 at 2-3, ¶ 5(a) (defining "Confidential Health Information" to include PHI and stating "[t]o facilitate discovery, a Producing Party may produce Confidential Health Information in unredacted form, subject to this Protective Order.").

offender crack related plea deal would be admissible to rebut expected testimony that witness had "no prior dealings with crack"); *Trustgard Ins. Co. v. Herndon*, 338 Ga. App. 347, 351 (2016) (allowing consideration of first offender plea in case related to underlying incident where insurer sought to apply exclusion for criminal conduct). Relators will not testify about the incident giving rise to ███████████████████, so the cases eCW cites are distinguishable and irrelevant.

II. <u>Relators' Affirmative Motions In Limine, Doc. 382</u>.

*MIL 4 – Quandary Peak Reports and Assessments*

In further support of Relators' MIL No. 4 seeking to admit the SQOO reports and relatd documents as business records, Relators attach Quandary Peak's Certificate of Authentication, which further establishes the business record foundation of the SQOO documents. Exhibit 1. The Certificate is executed by Quandary Peak's in-house counsel pursuant to Fed. R. Evid. 803(6) and 902(11). Relators' counsel provided the attached Certificate to eCW over a month ago, yet eCW still baselessly opposes this motion in limine. The SQOO reports are admissible as non-hearsay business records under Federal Rule of Evidence 803(6).

Respectfully submitted this the 16th day of October 2025.

                                              /s/ Robert H. Snyder, Jr.
                                              ROBERT H. SNYDER, JR.
                                                Georgia Bar. No. 404522
                                                rob@cannellasnyder.com
                                             ALEXANDRA "SACHI" COLE
                                                Georgia Bar No. 696892
                                                sachi@cannellasnyder.com
                                             HANNAH D. AMANUEL
                                                Georgia Bar No. 922743
                                                hannah@cannellansnyder.com
                                             CHASE LYNDALE
                                                Georgia Bar No. 183762
                                                chase@cannellasnyder.com

CANNELLA SNYDER LLC
315 W. Ponce de Leon Ave.
Suite 885
Decatur, Georgia 30030
(404) 800-4828

BRIAN P. ADAMS
  Georgia Bar. No. 142474
  brian@brianadamslaw.com
MARY BETH HAND
  Georgia Bar No. 322836
  mbhand@brianadamslaw.com

ADAMS LAW FIRM
598 D.T. Walton Sr. Way
Post Office Box 142
Macon, Georgia 31202
(478) 238-0231

ANNA GREEN CROSS
  Georgia Bar No. 306674
  anna@crosskincaid.com
MEREDITH KINCAID
  Georgia Bar No. 148549
  meredith@crosskincaid.com

CROSS KINCAID BASKAM LLC
315 W. Ponce de Leon Avenue, Suite 715
Decatur, GA 30030

**CERTIFICATE OF SERVICE**

    I hereby certify that I have this day served a true and correct copy of the foregoing by electronically mailing a copy of the same to counsel of record, who, by registering with the Court's CM/ECF system, has consented to electronic service.

    This 16th day of October, 2025.

                                                         */s/ Robert H. Snyder Jr.*
                                                         Robert H. Snyder Jr.
                                                         Georgia Bar No. 404522