Exhibit 1 – Annotated Oren Wortman Report and Explanations

<u>**Explanation of Relators' Annotations**</u>

The Court directed Relators to file an annotated version of Mr. Wortman's report responding to eCW's argument that, when allegedly put into "context", eCW's decision to conceal testing and analysis done by Mr. Litwak does not require exclusion of Mr. Wortman's opinions. As shown in the attached annotated report and described more fully below, the exact opposite is true.

Mr. Wortman's report has 162 paragraphs: 19 background paragraphs (Wortman Rep. ¶¶ 1-15, 20-23); 4 paragraphs about his purported methodology (*id.* ¶¶ 16-19); 6 paragraphs summarizing his opinions (*id.* ¶¶ 24-29); 30 paragraphs describing software security challenges (*id.* ¶¶ 30-59);[1] 16 paragraphs summarizing Quandary Peak's reports (*id.* ¶¶ 60-75); 4 paragraphs generally summarizing Relators' allegations (*id.* ¶¶ 76-79); 82 paragraphs discussing Relators' allegations in detail (*id.* ¶¶ 80-161); and one conclusion paragraph (*id.* ¶ 162). eCW's decision to withhold and conceal Mr. Litwak's work and his report affects the majority of Mr. Wortman's actual, substantive opinions.

Specifically, three of the four paragraphs describing Mr. Wortman's methodology (and many other paragraphs throughout the report) repeat the misstatement that Wortman performed or supervised "independent" testing of eCW's software, when all such testing was completed a year earlier by Mr. Litwak at the express direction of eCW counsel.[2]

---

[1] Relators believe that the Court excluded these opinions as irrelevant, so have not included any discussion of this section herein. *See* June 4, 2025 Hrg. Tr. at 7:7-10 ("The question, as some of these expert propose to opine on, of whether eCW is an industry leader or just the opposite…is just not relevant to the issue at hand."); *id.* at 41:7-10 ("Both sides probably put up weeks of testimony about industry standards, generally, whether eCW is above or below its peers. I just don't—well, I'm satisfied that [ ] is not going to be admissible in this case.").

[2] The fourth methodology paragraph discusses eCW's Software Development Life Cycle and appears to also incorporate portions of Mr. Litwak's consulting work. *Compare* Wortman Rep. ¶ 19 (stating ███████████ ███████████████████████████████████████████████████████████████████████████████ and finding SSDLC to be "mature") with Litwak Rep. (Doc. 357-3) at 6-7 ████████████████████████████████ (Doc. 356-3) (reaching same conclusion). Put another way, Mr. Wortman's *entire* methodology as set forth in his own

Section V of Mr. Wortman's report contains his substantive opinions.  It has 82 paragraphs—47 discuss issues that Mr. Litwak tested, analyzed, and/or opined on the concealed report. 4 paragraphs are copied verbatim out of the undisclosed Litwak report; 23 contradict findings in the Litwak report; and 20 discuss an issue that Litwak otherwise tested or opined on without directly copying and pasting his conclusions.  As shown in the chart below, eCW's decision to conceal Mr. Litwak's work affects 11 of the 18 subsections in Section V.  The seven unaffected sections respond to issues raised by Dr. Cole in his January 2024 report.

| | |
|---|---|
| | Relies on and copies Litwak testing/opinions verbatim |
| | Relies on and copies Litwak testing/opinions verbatim |
| | Discusses issue Litwak tested or analyzed |
| | Litwak did not test/analyze |
| | Litwak did not test/analyze |
| | Litwak did not test/analyze |
| | Litwak did not test/analyze |
| | Litwak did not test/analyze |
| | Discusses issue Litwak tested or analyzed |
| | Litwak did not test/analyze |
| | Discusses issue Litwak tested or analyzed |
| | Discusses issue Litwak tested or analyzed |
| | Disagrees with Litwak conclusions |
| | Copies Litwak testing results verbatim but disagrees with Litwak conclusion about severity of the vulnerability |
| | Disagrees with Litwak conclusions |
| | Disagrees with Litwak conclusions |
| | Discusses issue Litwak tested or analyzed |
| | Litwak did not test/analyze |

report is based on misrepresentations that he performed or supervised "independent testing", "independent assessment on ECW's EHR software", "technical testing", and "technical testing" of eCW's SDLC when Mr. Litwak performed all such testing a year earlier during the consulting phase.  *See* Wortman Rep. ¶¶ 16-19.

For the Court's convenience, the sections below identify and describe the paragraphs Relators have annotated in the attached report that follows.

I.  Misrepresentations that Mr. Wortman performed or supervised "independent" testing of eCW's software are marked in blue

Mr. Wortman repeatedly falsely states that he either directly performed or supervised "independent" testing that was actually done by Mr. Litwak a year earlier at eCW's counsel request. *See:*



-- Wortman Rep. ¶ 16 ███████████████████████████████
███████████████████████ (emphasis added);

--*id.* ¶ 17 ███████████████████████████████████████
███████████████████████████████████

-- *id.* ¶ 18 ██████████████████████████████████████
████████████████████████████████████

-- *id.* ¶ 27 ██████████████████████████████████████
████████████████████████████████

-- *id.* ¶ 84 ██████████████████████████████████████
███████████████████████████████████████

-- *id.* ¶ 95 ████████████████████████████████████

-- *id.* ¶ 140 ███████████████████████████████████
████████████████████████
and

-- ¶ 162 ████████████████████████████████████████
████████████████████████████████

Mr. Wortman did no independent testing of eCW's software.  Wortman Dep., 67:23-68:7 (Doc. 300-8), Litwak Dep. at 41:20-25; 43:3-21; 65:8-25 (Doc. 354).  He did not "supervise" Mr.

Litwak's testing because that work was completed nearly a year before Mr. Wortman began his

work.  Litwak Dep. at 43:16-21 ███████████████████████████████████

███████████████████████████████████████████████████████████████████

Finally, none of the Litwak testing on which Wortman purports to rely was

"independent."  Instead, the testing Mr. Litwak performed was agreed upon between the Sygnia

consulting team lead and eCW's lawyers.  *Id.* at 56:24-57:6 ██████████████████████

███████████████████████████████████████████████████████████████████

II.    <u>"Opinions" Wortman copied directly from the concealed Litwak report are marked in <mark>yellow</mark> and accompanied by a citation to the section of the Litwak report</u>

Despite its argument that Mr. Wortman did not rely on or "parrot" Mr. Litwak's work

and testing, there are several paragraphs of Mr. Wortman's report copied verbatim from the

concealed Litwak report.

-- Wortman  Report ¶ 84 (discussing CAPTCHA testing) copied verbatim from Litwak
Report (Doc. 357-3) at 21-23;

-- Wortman Report ¶¶ 91-92 (discussing MD5 testing) copied verbatim from Litwak Rep.
(Doc. 357-3) at 26-27; and

-- Wortman Report ¶ 140 (discussing alleged remediation of V. 12 authorization bypass)
copied verbatim from Litwak Rep. (Doc. 357-3) at 8.[3]

III.    <u>Wortman opinions that contradict Litwak conclusions are marked in <mark>green</mark> and accompanied by a citation to the contradictory opinion in the concealed Litwak report</u>

In his report, Mr. Wortman attempted to downplay the significance of vulnerabilities

identified by Relators and to opine that eCW had either eliminated certain vulnerabilities or put

---

[3] This is the opinion eCW withdrew because Mr. Wortman claimed to "forget" it was based on testing that eCW told Relators and the Court did not exist.  But eCW did not withdraw the opinion after Mr. Litwak's deposition despite it being untrue.  Instead, eCW waited until it was forced to produce the Litwak report and Relators' renewed their motion to exclude to finally withdraw the opinion.  *See* Doc. 363 at 4, n. 5  (eCW Resp. to Supp. Mot. to Exclude).

effective filters in place to stop their exploitation.  Despite eCW's claim that his analysis was a "quick and dirty" review, Mr. Litwak did the same thing.  He tested whether certain vulnerabilities were present in Version 11 and remained in Version 12.  Mr. Litwak also opined whether such vulnerabilities were "high" severity risks or "not applicable" because he claimed "the claim has no merit to begin with [because] it's irrelevant, Relators made a misinterpretation of the issue, or it's not considered a security vulnerability."  Litwak Rep. (Doc. 357-3) at 8.  eCW concealed from Relators until *after Mr. Litwak's Court ordered deposition* that Mr. Wortman and Mr. Litwak *disagreed* about several of those issues, including the seriousness of and continued existence of authentication bypass, SQL injection, and path traversal vulnerabilities identified by Relators.  Each example is cited below and marked in the annotated report.

*Compare*



IV.     "Opinions" that cover issues otherwise tested or analyzed by Mr. Wortman are marked in red and accompanied by a citation to the sections of the concealed Litwak report that analyze the same topic

In addition to opinions that directly copy or contradict Mr. Litwak's report, Mr. Wortman also opined about several issues that Litwak tested, analyzed, and wrote up in the concealed report. Those Wortman opinions are all affected by Litwak's work and by eCW's concealment of the same. *Compare:*



V.     Conclusion

eCW's decision to conceal Mr. Litwak's work and opinions was no minor oversight that only minimally affects Mr. Wortman's opinions. Under Rules 26 and 37 and the Court's inherent authority, Mr. Wortman's opinions should be excluded in their entirety.

The annotated Wortman report follows below.

6