IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ALEX PERMENTER, ERIC RODIGHIERO, and CHRIS WHEELER, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 5:18-cv-382 (MTT) ) |
| eCLINICALWORKS, LLC, | ) ) |
| Defendant. | ) ) |

### ORDER

On August 25, 2025, eCW filed three motions related to the Relators' damages model. ECF 364; 365; 366. Numerous developments relevant to these motions and the damages model at large have transpired since August. To clarify the record and the current status of the damages motions, the Court outlines the relevant developments below.

On August 28, 2025, the Relators filed a motion to strike eCW's damages motions. ECF 372. The Relators maintained that these "three new *Daubert* motions … do nothing more than rehash arguments the Court expressly rejected or make arguments that eCW could have made when it first sought Ms. Wolfston's exclusion."[1] *Id.* at 1. The Relators also pointed out that the damages motions were filed "11 months and 11 days after the deadline for eCW rebuttal opinions" and relied on new rebuttal

---

[1] The Court denied eCW's motion to exclude Ms. Wolfston's damages testimony (ECF 192) in June 2025. ECF 333.

opinions, despite eCW never seeking the Relators' consent or the Court's leave to supplement its expert's opinions. ECF 434 at 2. Nonetheless, the Relators "agree[d] that Ms. Wolfston should supplement her report to account for *some* of the issues eCW raises" and moved for leave to file a supplemental damages report, which the Court allowed. *Id.* at 3; *see* ECF 473; 478-1.

Now it was, apparently, eCW's turn to grumble about untimeliness. eCW argued the Relators should not be allowed to supplement Ms. Wolfston's report because pretrial disclosure deadlines had already passed, and "Ms. Wolfston had access from the start to all the data that Relators now wish her to use to fix the errors in her model." ECF 474 at 5. eCW also claimed that the Relators "concede they cannot defend Ms. Wolfston's 15-step methodology … and instead seek to rewrite it." *Id.* at 8 n.1.

On October 23, 2025, the Court held a hearing on eCW's damages motions. ECF 480. At the outset of the discussion relating to Ms. Wolfston, eCW counsel posited, in consideration of the Relators' "concessions" regarding their damages model: "[T]he main question of the hour … is should the relators be allowed to try to fix this." ECF 482 at 94:1-4. eCW counsel continued, "the answer is, they should not because they didn't actually fix it [in the supplement]." *Id.* at 94:13-14. eCW counsel then began to walk through purported "errors … [that] persist" in the Relators' supplemental damages report filed three days earlier. *Id.* at 94:16-20.

Once it became clear that eCW was raising arguments beyond the scope of its damages motions,[2] the Court ruled as follows:

---

2

        THE COURT: Let me ask you this before you go on.

        MR. WYATT: Yep.

> I am going to let eCW raise these issues, but I only think it's fair that they tell you, the relators, very specifically what the issues are. You [eCW] didn't do that last time. You're getting a second bite at the apple, and I am going to give you that. Very specifically point out what the issues are. And I am going to get you to do it again, just so it's clear.
>
> And then, Mr. Snyder, the relators can decide how to address that. I want to make sure that you first know exactly what's on the table.
>
> And this is the last time, by the way. Now, there could be something new that comes up in some new calculations but, no, nobody is going to come up, "Well, we recently discovered this in Exhibit 3 to that initial report." That won't happen. It's going to be done -- it's going to all come out on the table. We are going to get it resolved with some finality this time around.[3]

---

> THE COURT: Which motion is this argument in?
>
> MR. WYATT: Well, this point -- we do explain what our criteria would be for Version 11 inclusion in the version -- it's either in the Version 11 motion or it's in the declaration that sets forth sort of how we came up with the numbers that we came up with. I haven't had a chance to look at this -- we haven't had a chance to brief this deficit in the new model because that just came to light on Monday.
>
> THE COURT: So this is a new issue?
>
> MR. WYATT: It's a new issue, but it goes to the question of whether there should be a supplement. So, that's what I'm trying to anticipate or at least point out why I think some issues remain in the new model.

ECF 482 at 97:17-98:6.

[3] These comments were in reference to the Court's earlier questioning of eCW counsel regarding the first *Daubert* motion to exclude Ms. Wolfston.

> THE COURT: While I am turning to that, was this also a problem with her first report?
>
> MR. WYATT: Yeah, I am starting with the first report, and then I'm going to show how the same problem persists in the second report.
>
> THE COURT: Well, did you raise it? In your *Daubert* motion? With regard to the first report.
>
> MR. WYATT: We raised it in Motion 367. We did not raise it in the pre-summary judgment on the *Daubert* question.
>
> THE COURT: Why not?

ECF 482 at 125:13-126:4. Pursuant to the Court's directive, on November 7, 2025, eCW sent the Relators a letter describing 10 alleged deficiencies in the Relators' damages models, which covered issues raised in the August 2025 damages motions and some new issues. ECF 488-1. The Relators responded with a proposal to, among other things, submit a data request to CMS. ECF 488. eCW objected to this proposal, arguing that the Relators' "lack any basis to reopen discovery" and the Court should exclude the damages models as unreliable, "especially because Relators largely refuse to remedy the 10 deficiencies that eCW identified."  ECF 492 at 7, 18. On December 19, 2025, the Court ruled: "Without deciding on the merits of any motion related to damages, Relators may submit their data request to CMS and shall within 30 days of receipt of the CMS data, report what, if anything, the CMS data changes in Ms. Wolfston's calculations." ECF 494.

---

MR. WYATT: We didn't discover it.

THE COURT: Why didn't you discover it?

MR. WYATT: Because it is buried in this spreadsheet. It was very difficult to find. We just -- we discovered it when we went back, after the summary judgment ruling, to try to recalculate, working with our experts and working with our client, to resolve -- or to illustrate the Version 11 issue, and discovered it as part of that process. And so, once you dig into it –

THE COURT: So it's kind of a motion for reconsideration on newly discovered -- not newly produced, newly discovered evidence because you went back and looked at the data.

ECF 482 at 103:7-104:4.

Given these developments, the Court understands eCW's August 2025 damages motions (ECF 364; 365; 366) to be moot, and they are therefore **TERMINATED**.[4] eCW's *Daubert* challenges based on the 10 alleged deficiencies raised in eCW's November 7, 2025 letter are preserved and may, if necessary and proper, be addressed after Ms. Wolfston complies with the Court's December 19, 2025 Order.

**SO ORDERED**, this 12th day of February, 2026.

        S/ Marc T. Treadwell
        MARC T. TREADWELL, JUDGE
        UNITED STATES DISTRICT COURT

---

[4] The Relators' motion to strike the damages motions (ECF 372) is likewise **TERMINATED as moot.**