# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ALEX PERMENTER, ERIC RODIGHIERO, and CHRIS WHEELER,<br><br>Plaintiffs,<br><br>v.<br><br>eCLINICALWORKS, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 5:18-cv-382 (MTT)<br>)<br>)<br>)<br>)<br>) |

## ORDER

eCW has moved the Court to reconsider the Court's denial of eCW's motion to exclude the opinions of Michael Arrigo. ECF 376. The motion to exclude was filed on October 30, 2024. ECF 199. The Court ruled on the motion, and all *Daubert* motions, during a lengthy hearing on June 4, 2025. ECF 333; 334. The Court **DENIES** the motion for reconsideration because it was filed far too late.[1]

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was

---

[1] "With the exception of motions filed pursuant to Fed. R. Civ. P. 59(e), motions for reconsideration shall be filed within fourteen (14) days after the entry of the order." M.D. Ga. L.R. 7.6. eCW's motion was filed on September 2, 2025—ninety days after the Court's *Daubert* ruling. ECF 376. Thus, its motion for reconsideration is untimely.

not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Now, eCW's lawyers don't style their motion for reconsideration as a motion for reconsideration. Rather, they style it as a "Motion to Exclude Relators' Technical Allegations Untethered to Certification Requirements." ECF 376. As the Relators correctly point out, that is a "blatant misnomer" which, they understandably claim, "is yet another waste of Relators' and the Court's time." ECF 432 at 2. But so that this lost time will not be a complete waste, the Court uses the motion to correct eCW's apparent misunderstanding of the Court's ruling regarding the scope of expert testimony.

eCW takes a shot at, and misconstrues, a key ruling at the *Daubert* hearing. ECF 378-1 at 18 n.3. The Court ruled that qualified experts could testify regarding the technical requirements of the ONC certification criteria. eCW argues that experts can play no role in explaining such technical specifics. eCW's real argument is that the Court should bar the Relators' experts, but not eCW's experts, from testifying regarding those technical criteria.[2] For example, eCW argued at the hearing that it was "fair" for one of its experts, Kyle Meadors, to testify: "Here is my … opinion on what the regulation means, and my opinion is that it does not prohibit the EKG design choice that eCW[] made." ECF 334 at 31. In its motion for reconsideration, eCW argues only the

---

[2] This let-me-do-it-but-not-them argument was used by both sides in their *Daubert* motions. Both eCW and Relators launched nearly identical attacks on the other's expert witnesses that landed with equal effect on their own experts. As the Court noted at the hearing, "if I were to apply the arguments you each made across the board, I don't think you'd have any experts left standing." ECF 334 at 5.

2

Court should interpret the regulations and "no expert [except, presumably, eCW's experts] should be permitted to instruct the jury how to read these regulations." ECF 378-1 at 18 n.3. First, that misstates the Court's ruling. Second, when the Court asked eCW's lawyers where it would look for guidance on how to interpret these technical specifications, eCW's lawyers repeatedly fumbled; they had no clue. As the Court made clear at the *Daubert* hearing, it will be necessary for the Court and the parties to craft appropriate jury instructions regarding the ONC certification criteria, but it is beyond cavil that expert testimony is necessary to understand those specifications.

There is another problem with eCW's far-too-late motion for reconsideration. eCW's timely motion to exclude Arrigo's opinions (ECF 199), like almost all of the *Daubert* motions filed by the parties, was so broad and nonspecific to be meaningless. As the Court noted at the *Daubert* motions hearing,

> [To] a significant degree, your motions are so broad and nonspecific that in many respects they could be summarily denied. I am not going to do that. That would defeat the purpose. We do need to clear up some things, and we will do that.

ECF 134 at 5. The Court and the parties then spent considerable time crafting a framework of admissible expert testimony. Now, over a year after eCW filed its *Daubert* motion, it wants a do-over. That is not possible.

The Court **DENIES** eCW's motion to exclude from this case technical allegations that are untethered to certification requirements (ECF 376).

**SO ORDERED**, this 12th day of February, 2026.

                                                      S/ Marc T. Treadwell
                                                      MARC T. TREADWELL, JUDGE
                                                      UNITED STATES DISTRICT COURT