# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, et al., | |
| Plaintiffs, | No. 5:18-CV-382 |
| v. | Honorable Marc T. Treadwell |
| eCLINICALWORKS LLC, | |
| Defendant. | |

## DEFENDANT'S REQUEST FOR JUDICIAL NOTICE REGARDING ONC'S DECEMBER 29, 2025 RULEMAKING

Defendant eClinicalWorks, LLC ("eClinicalWorks") respectfully submits this request for judicial notice of the Assistant Secretary for Technology Policy/Office of the National Coordinator for Health Information Technology's ("ONC") recent rulemaking proposal entitled "Health Data, Technology, and Interoperability: ASTP/ONC Deregulatory Actions to Unleash Prosperity," as published in the Federal Register at 90 Fed. Reg. 60,970, 60,988 on December 29, 2025 (the "NPRM") (Ex. A). Under this proposed rulemaking, issued pursuant to President Donald Trump's January 31, 2025 Executive Order 14192 entitled "Unleashing Prosperity Through Deregulation," ONC proposes to "remove all the privacy and security certification criteria in § 170.315(d) and the associated Privacy and Security Certification Framework under § 170.550(h)." Ex. A at 60,988. On February 27, 2026, the notice-and-comment period on the rulemaking closed. eClinicalWorks has submitted this request the same business day that this notice-and-comment period concluded.

Respectfully, the Federal Register Act's statutory mandate requires the Court to take judicial notice of the individual statements identified below. "By statute, '[t]he contents of the

Federal Register ***shall be*** judicially noticed.'" *Powers v. United States*, 996 F.2d 1121, 1125 n.3 (11th Cir. 1993) (citing 44 U.S.C. § 1507) (emphasis added).  As courts recognize, "[t]he contents of the Code of Federal Regulations, which is published pursuant to the Federal Register Act, are ***required*** to be judicially noticed." *Sw. Georgia Fin. Corp. v. Colonial Am. Cas. & Sur. Co.*, 2009 WL 1410272, at *1 (M.D. Ga. May 19, 2009) (emphasis added); *accord Poindexter v. United States*, 777 F.2d 231, 236 (5th Cir. 1985) (citing the Federal Register Act to hold that "the regulations of the Army, Air Force and Navy … were matters of which the district court was *required* to take judicial notice, as is this Court."); *Longo v. Seminole Indian Casino-Immokalee*, 813 F.3d 1348, 1349 n.2 (11th Cir. 2016) ("We take judicial notice of documents published in the Federal Register."); *Transcon. Gas Pipe Line Co., LLC v. 6.04 Acres, More or Less, Over Parcel(s) of Land of Approximately 1.21 Acres, More or Less, Situated in Land Lot 1049*, 910 F.3d 1130, 1142 n.3 (11th Cir. 2018) (same); *Omnibus Trading, Inc. v. Gold Creek Foods, LLC*, 591 F. Supp. 3d 1334, 1345 (N.D. Ga. 2021) ("The Federal Register Act, 44 U.S.C. § 1507, requires that the contents of the Federal Register be judicially noticed."); *Capece v. The Depository Tr. & Clearing Corp.*, 2005 WL 4050118, at *5 (S.D. Fla. Oct. 11, 2005) ("The Court takes judicial notice of the excerpts from the Federal Register pursuant to Congressional directive.").

Specifically, eClinicalWorks requests that the Court take judicial notice of each of the following individual statements from the NPRM:

- **Certification Program's Scope:** "[M]any stakeholders have overinterpreted the Certification Program's limited scope and policy purpose with respect to health IT security and instead assumed that the Certification Program assessed discrete specific security capabilities at significant depths, such as when and how the capabilities are implemented in health care provider or system settings.  For example, stakeholders have expressed incorrect expectations of certified health IT and developers, such as expectations that the Certification Program required health IT developers of certified health IT to implement and conduct penetration testing of certified health IT or ensure that certified authentication and authorization capabilities protect against known or unknown vulnerabilities. In contrast, and to allow for significant scalable deployment flexibility, certified hea[l]th IT must only,

for example, demonstrate support for basic authentication and role-based access control." Ex. A at 60,989.

- **Security Capabilities:** "[A]s certified health IT (which is generally EHR-focused technology) is often implemented in enterprise-wide settings (*e.g.,* group practices, large health care systems, multi-provider cloud-supported services), such certified health IT cannot in isolation, or independently, provide the necessary privacy and security capabilities for HIPAA Security Rule compliance across all relevant technologies of the enterprise-wide setting." *Id.*

- **Costs and Burdens:** "We have come to the conclusion that, despite the Certification Program providing various certification flexibilities and approaches to accommodate the privacy and security certification criteria (*i.e.,* different approaches for the 2011, 2014 and 2015 Editions), the costs and burden of these Certification Program requirements far exceed their intended purpose and benefits." *Id.*

- **MIPS Relevance**: "[W]hile certified health IT has always been 'linked' to the Medicare Promoting Interoperability Program and the MIPS Promoting Interoperability performance category, those programs have not required participating health care providers to use or implement the privacy and security capabilities included in certified health IT for purposes of meeting the security risk analysis measure. Rather, the health care providers must 'have' such certified health IT.  As such and as discussed in more detail below, health care providers participating in the Medicare Promoting Interoperability Program or the MIPS Promoting Interoperability performance category are required to adopt certified capabilities that they may not use because, for example, they may prefer a non-certified security health IT product to meet their overall security needs under relevant HIPAA Security Rule requirements." *Id.*

- **Independent Analysis**: "We stated that the capabilities provided by Certified EHR Technology do not in any way affect the analysis that an entity regulated by HIPAA is required to perform by 45 CFR 164.306(b) and (d) (75 FR 2035)." *Id.*

Consistent with 44 U.S.C. § 1507, there is no dispute as to the contents of the NPRM: this rulemaking is publicly available, and the fact that ONC made these statements in the federal rulemaking is easily verifiable and not debatable.[1] *Williams v. Poarch Band of Creek Indians*, 2015 WL 4104611, at *5 (S.D. Ala. July 8, 2015) ("The Federal Register is a source whose accuracy cannot reasonably be questioned." (cleaned up)).  In fact, "[g]overnment websites are *presumptively* reliable and subject to judicial notice." *Rhines v. Salinas Const. Tech., Ltd.*, 2011

---

[1] https://www.regulations.gov/document/HHS-ONC-2025-0005-0001 (last visited February 27, 2026).

3

WL 4688706, at *2 n.2 (S.D. Tex. Oct. 3, 2011) (emphasis added); *accord United States v. Griggers*, 2024 WL 4265254, at *12 n.22 (M.D. Ga. Sept. 23, 2024) (Treadwell, J.) (taking judicial notice of "government publications and website materials"); *R.S.B. Ventures, Inc. v. F.D.I.C.*, 514 Fed. App'x 853, 856 at n.2 (11th Cir. 2013) ("[W]e take judicial notice of the information found on the FDIC's website."); *Coastal Wellness Ctrs, Inc. v. Progressive Am. Ins. Co.*, 309 F. Supp. 3d 1216, 1220 & n.4 (S.D. Fla. Apr. 4, 2018) (taking judicial notice of information "published each year in the annual … Final Rule" and "easily accessible" on the CMS website because courts "may take judicial notice of government publications and website materials").

This rulemaking is a critical development relevant to multiple aspects of this case. One of the key issues for trial is the meaning of the ONC certification criteria that governed version 11 of eClinicalWorks' software. ONC's official statements about the purpose, scope, and application of ONC's certification criteria are highly relevant both to the actual meaning of these criteria and eClinicalWorks' understanding of what these criteria meant. Importantly, ONC's formal statements published in the Federal Register are about the meaning of the ***existing*** certification criteria that applied to eClinicalWorks' software. ONC has published its official view that it is "incorrect" to interpret the existing criteria to require a developer to "ensure that certified authentication and authorization capabilities protect against known or unknown vulnerabilities" because the existing criteria only require "basic authentication and role-based access control." Ex. A at 60,989. The same is true regarding ONC's statements about its view of the "certification flexibilities," technical boundaries of certified software, and the implementation of "certified health IT" in "enterprise-wide settings" with their own compliance obligations. *Id.* Because of the "Certification Program's limited scope and policy purpose," ONC states that the existing criteria do not "assess[] discrete specific security capabilities at significant depths," the criteria do

4

Case 5:18-cv-00382-MTT    Document 508    Filed 02/27/26    Page 5 of 7

not require "health IT developers of certified health IT to implement and conduct penetration testing of certified health IT," and a "certified health IT cannot in isolation, or independently, provide the necessary privacy and security capabilities for HIPAA Security Rule compliance across all relevant technologies of the enterprise-wide setting." *Id.* Likewise, ONC's proposed elimination of the (d)-criteria and the criteria's relationship to "the Medicare Promoting Interoperability Program and the MIPS Promoting Interoperability performance category" are directly relevant to the materiality of the (d)-criteria in the context of MIPS payments—the basis of Relators' damages calculation in this case. *Id.* In short, it is difficult to imagine evidence that could be more relevant to this legal framework in this case than ONC's own statements about what those standards do—and do not—require.

To be clear, this request does not ask the Court to resolve any factual disputes. Rather, it asks the Court to judicially notice, as required by statute, a limited number of individual statements totaling less than one page that ONC published in the Federal Register about its own regulatory framework. While both parties will undoubtedly make arguments about ONC's statements regarding falsity, scienter, materiality, causation and damages, none of that can change that the specific statements ONC published in the Federal Register about its own views of the certification criteria are not disputable and, under federal law, "[t]he contents of the Federal Register shall be judicially noticed." 44 U.S.C. § 1507. These statements pertain directly to the issues that the jury must decide and are essential to the jury's evaluations of the evidence, expert opinions, and arguments at trial.

## CONCLUSION

Accordingly, eCW respectfully requests that the Court take judicial notice of ONC's individual recent statements in the NPRM.

5

Dated: February 27, 2026

Respectfully submitted,

*/s/ Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

Allison M. Brown (*pro hac vice*)
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, Pennsylvania 19103
Tel: (215) 268-5000

Geoffrey M. Wyatt (*pro hac vice)*
geoffrey.wyatt@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-3393

Martin L. Roth (*pro hac vice*)
martin.roth@kirkland.com
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Tel: (312) 862-7170

Aaron Katz (*pro hac vice)*
akatz@aaronkatzlaw.com
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, Massachusetts 02116
Tel: (617) 915-6305

*Counsel for Defendant eClinicalWorks, LLC*

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 27, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in this matter.

> */s/ Duke R. Groover*
> Duke R. Groover
> Georgia Bar No. 313225
> dgroover@jamesbatesllp.com
> JAMES BATES BRANNAN
> GROOVER LLP
> 231 Riverside Drive
> Suite 100
> Macon, Georgia 31201
> Tel: (478) 742-4280
> Fax: (478) 742-8720