# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., ALEX PERMENTER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>eCLINICALWORKS, LLC,<br><br>Defendant. | No. 5:18-CV-382<br><br><br><br><br><br>Honorable Marc T. Treadwell |

**DECLARATION OF GEOFFREY M. WYATT, ESQ.**

I, Geoffrey M. Wyatt, Esq., state as follows:

1. I submit this declaration, which is based on my personal knowledge, except where noted, in response to Relators' February 12, 2026 Third Motion for Sanctions. (ECF 503.)

**Compliance With The Court's Order Of January 15, 2026**

2. eClinicalWorks, LLC ("eCW") and its counsel undertook significant efforts to be diligent, thorough, comprehensive, and prompt in their compliance with the Court's Order dated January 15, 2026 (the "Order").

3. On Saturday, January 17, eCW's counsel produced the first tranche of responsive materials to Relators, which comprised nine documents.

4. Following its initial production on January 17, counsel continued to make rolling document productions, as documents were identified, i.e.,

(i) January 21 99 documents

(ii) January 22 23 documents

(iii) January 23 84 documents

(iv) January 25 8 documents

(v) January 27 1 document

(vi) January 28 24 documents

(vii) February 9 1 document[1]

5. From January 16 to February 12, counsel sent multiple emails to Relators' counsel and the Court to keep them apprised of the status of eCW's compliance with the Order and answer questions raised.

6. As explained in detail below, eCW and counsel have produced all of the Sygnia consulting team's work product in their custody or control.

**Production Of Documents From eCW**

7. eCW confirmed to outside counsel on January 16 that it had no responsive documents, which is consistent with the fact that Sygnia's work during the relevant time period was for the benefit of eCW's outside counsel.

8. In response to a specific request from Relators for eCW's communications with Sygnia regarding Sygnia's bills (*see* ECF 503-3 at 4 (explaining eCW did not believe such documents fell within the Order)), eCW conducted searches for and produced the communications it identified on February 12, 2026.

**Production Of Documents From eCW's Outside Counsel**

9. eCW's outside counsel undertook a review of their own files for potentially responsive documents. In performing that review, counsel took a broad view of the Order and produced all communications it identified with Sygnia regarding Sygnia's consulting work, whether or not they included Sygnia's work product.

[1] In addition, on February 12, eCW produced eleven documents regarding its communications with Sygnia regarding invoices that eCW believes were not called for by the Order.

10. The only outside counsel who would have had written substantive communications with Sygnia in 2023 were Richard Bernardo, Aaron Katz, and myself. I do not have responsive WhatsApp communications and I understand that Messrs. Bernardo and Katz each confirmed the same. Accordingly, there were no WhatsApp communications to produce.

11. eCW's outside counsel completed the production of documents from their files on January 25.

**Response To Requests For Production Attached To Mr. Litwak's Notice of Deposition**

12. Relators served the notice of Mr. Litwak's deposition, which included a series of document requests, on July 9, 2025. (*See* Ex. A (Parties' Correspondence from 7/9/2025 to 7/11/2025) at 5.)

13. On July 11, 2025, we (eCW's outside counsel) requested a meet-and-confer with Relators' counsel because we did "not believe that the notice (particularly, the document request) [was] consistent with the scope of the deposition that Judge Treadwell described at the June 4 hearing." (Ex. A at 2.) Specifically, we noted eCW's position that "everything that goes beyond, in the Court's words: 'the work that [Mr. Litwak] did in connection with Mr. Wortman's work' is beyond the scope." (Ex. A at 1.)

14. The parties met and conferred by videoconference on July 15, 2025, during which the parties went through each document request to try to come to agreement regarding each request's scope.

15. We reiterated eCW's understanding of the scope of the deposition (i.e., that it was to be limited to the work of Dan Litwak and not other Sygnia personnel) and Relators confirmed that they were only seeking work that Mr. Litwak had undertaken, and not work of any others who may have been on the consulting team.

16. In eCW's response to the document request accompanying Mr. Litwak's deposition notice dated July 17, 2025, consistent with its understanding from the July 15, 2025 meet and confer, eCW noted it had interpreted the requests "as seeking documents from Mr. Litwak and not from other individuals at Sygnia." It also "generally object[ed] to the [r]equests to the extent they [sought] any information or documents beyond 'the work that [Mr. Litwak] did in connection with Mr. Wortman's work.'" Relators raised no issue with respect to either the interpretation or the objection. Counsel therefore did not ask Mr. Litwak to search for or produce the work product of anyone else.

**Revisions To The Sygnia PowerPoint And Litwak Notes**

17. When counsel voluntarily provided the Sygnia PowerPoint dated May 9, 2023 to Relators on July 31, 2025,[2] I believed and it was my intent that we had produced the last version of that PowerPoint with which Sygnia had any involvement, and that any subsequent version solely reflected the beginnings of counsel's edits for purposes of a possible client presentation, which never took place.

18. The May 9 date was consistent with the fact that the last billing entry for this Sygnia consultancy was on May 9, 2023 (*see* ECF 358-4), and it was counsel's recollection that the consultancy regarding Sygnia's evaluation of Relators' technical claims (the "Sygnia Technical Consultancy") concluded in May 2023.

19. However, as counsel reviewed the hundreds of documents identified as potentially responsive in response to the Order, we noticed subsequent versions that included not only

[2] At the time counsel provided the May 9, 2023 Sygnia PowerPoint to Relators, we believed Mr. Litwak had prepared the document in his capacity as a consulting expert (because it was prepared only for counsel and not shared with Mr. Wortman) and that the document therefore constituted protected work-product (*see, e.g.*, Fed. R. Civ. P. 26(b)(4)(D); ECF 105 ¶ 5) and that Mr. Wortman had already identified in his report the screenshots and/or testing results upon which he relied that were in the PowerPoint.

counsel's edits for purposes of a possible client presentation, but also further commentary by Mr. Litwak regarding Relators' Supplemental Response And Objections To Defendant eClinicalWorks' Amended First Interrogatories dated August 4, 2023 ("Relators' Supplemental Interrogatory Responses"). Counsel promptly contacted Relators and the Court about the existence of these later versions.

20. Since the time we identified these documents, I have made efforts to reconstruct the course of events in order to determine why I did not recall Mr. Litwak's subsequent work. Based on my investigation, I was on one brief call with Sygnia regarding Relators' Supplemental Interrogatory Responses, and likely reviewed at least one of the two subsequent drafts that Sygnia submitted in August and September 2023. I did not recall this work, or its timing or sequence, when counsel drafted the response to the notice of Mr. Litwak's deposition, and I believe this is because my total attention to the matter appears to have comprised a very short period of time—less than 1.5 hours—and took place nearly two years prior to Relators' request.

21. My reference to "further testing" in the email cited by Relators was in response to Mr. Sambira's indication that "a couple of findings [ ] require more technical validation." (ECF 503-1.) I had no knowledge of what still needed to be done other than what was stated in Mr. Sambira's email of August 15, 2023, to which I was responding. The purpose of my response was to communicate that they should do whatever they needed to do to complete the work.

**Public Research Project**

22. In reviewing all communications with Sygnia over the course of 2023, counsel were reminded that, following the completion of the Sygnia Technical Consultancy, counsel requested that a separate group at Sygnia (the Threat Research Group) conduct a review of publicly available sources to identify public instances of breaches and security vulnerabilities of

other companies for counsel's consideration in connection with eCW's defense of the case, and to prepare a summary for counsel of what they found (the "Public Research Project").

23. This project had nothing to do with Sygnia's testing of eCW's software or its evaluation of Relators' technical allegations regarding eCW's software (i.e., the Sygnia Technical Consultancy), and counsel did not consider them to be the same consultancy, or the Public Research Project to be in any way related to Mr. Wortman's work or to Relators' prior requests with respect to Mr. Wortman or Sygnia.

24. Counsel understand from Mr. Litwak that he had no involvement in creating the Public Research Summary and never received a copy, which is consistent with the time sheets produced for the Public Research Project (ECF 503-15).

25. Although the Public Research Project had nothing to do with the issues that gave rise to the Order and is protected work product, counsel sought to resolve any plausible doubt concerning the scope of the Court's Order in favor of production and therefore provided these materials to Relators.

26. Based on my investigation, other than a couple of relatively short initial discussions with Sygnia in which counsel and Sygnia discussed the scope of the assignment, and a short follow-up check-in, counsel had no discussions with Sygnia about the project or the summary it created of its results.

**Dayan Document**

27. Among the documents produced by Sygnia in connection with the Order is a file entitled "Final Report 7765ba84cac2497c9732da3d1f75b205" (the "Dayan Document").

28. Based on discussions with Mr. Litwak and Mr. Sambira at Sygnia, counsel understand that the Dayan Document is a summary of the work performed by a Sygnia contractor named Elroy Dayan, who parted with Sygnia in 2023 or 2024.

29. While Mr. Dayan's name was included on a March PowerPoint that Sygnia created at the outset of the Sygnia Technical Consultancy, I do not recall ever meeting Mr. Dayan in connection with that consultancy; nor do I recall discussing his role in the consultancy with Sygnia prior to the Court's Order.

30. The only individuals at Sygnia I have any recollection of meeting or working with in connection with the Sygnia Technical Consultancy were Avi Sambira, Avi Ezer, and Dan Litwak.

31. The first time I ever saw or otherwise became aware of the Dayan Document was when it was provided by Sygnia in January 2026 in connection with compliance with the Order.

**Proposed Sygnia Jira Review**

32. On December 13, 2023, Skadden transmitted eCW's August 24, 2023 and December 7, 2023 Jira productions to Sygnia. At or about this time, counsel explored with Sygnia the possibility of having Sygnia perform a review and analysis of the Jira tickets in the productions for counsel.

33. On January 1, 2024, Avi Sambira updated counsel that Sygnia was still looking into setting up a Jira instance with the proper licensing.

34. The installation of the Jira instance was deprioritized as counsel shifted focus to Relators' expert reports and Mr. Wortman's role as an expert.

35. Ultimately, the installation of the Jira instance was not accomplished until sometime in March 2024. The review and analysis project that was contemplated was never conducted, as counsel explained to Relators well before they filed the motion (*see* ECF 503-3 at 17).

36. It is counsel's understanding from Sygnia that the only substantive work Sygnia conducted with respect to the Jira tickets was Dan Litwak's work in March and April 2024, at the direction of Mr. Wortman in support of Mr. Wortman's expert work, as described at Mr. Wortman's deposition.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 5, 2026

By: ________________________________

Geoffrey M. Wyatt, Esq.

# EXHIBIT A

**From:** Bernardo, Richard T (NYC) <Richard.Bernardo@skadden.com>
**Sent:** Friday, July 11, 2025 4:37 PM
**To:** 'Robert Snyder' <rob@cannellasnyder.com>
**Cc:** Sachi Cole <sachi@cannellasnyder.com>; Hannah Drosky Amanuel <hannah@cannellasnyder.com>; Chase Lyndale <chase@cannellasnyder.com>; 'Brian Adams' <brian@brianadamslaw.com>; 'Mary Beth Hand' <mbhand@brianadamslaw.com>; 'Anna Green Cross' <anna@crosskincaid.com>; 'Meredith Kincaid' <meredith@crosskincaid.com>; Duke R. Groover <dgroover@jamesbatesllp.com>; Cathy Huff <cathy@cannellasnyder.com>; 'geoffrey.wyatt@kirkland.com' <geoffrey.wyatt@kirkland.com>; 'Katz Aaron' <akatz@aaronkatzlaw.com>; Winship, Connor J (NYC) <Connor.Winship@skadden.com>
**Subject:** RE: [Ext] RE: Permenter - STATUTORY ELECTRONIC SERVICE -- Notice of Videotaped Deposition of Dan Litwak

Hi Rob:

We believe that everything that goes beyond, in the Court's words: "the work that [Mr. Litvak] did in connection with Mr. Wortman's work" is beyond the scope. (*See* transcript of June 4 hearing at p. 40) As I explained at the hearing, we do not object on grounds of work product to providing documents and information that Mr. Litvak generated as a consultant that he provided to Mr. Wortman. However, we do continue to object to the invasion into Mr. Litvak's consulting work that was not provided or otherwise communicated to Mr. Wortman. Having said that, I suspect that if we give you some additional insight into the latter, we may be able to cut through this.

How about 11AM on Monday?

Regards,

Rich

**Richard T. Bernardo**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: 212.735.3453 | F: 917.777.3453 | M: 917.626.4686**
**richard.bernardo@skadden.com**
***pronouns: He/Him/His***

Skadden

**From:** Robert Snyder <rob@cannellasnyder.com>
**Sent:** Friday, July 11, 2025 1:58 PM
**To:** Bernardo, Richard T (NYC) <Richard.Bernardo@skadden.com>
**Cc:** Sachi Cole <sachi@cannellasnyder.com>; Hannah Drosky Amanuel <hannah@cannellasnyder.com>; Chase Lyndale <chase@cannellasnyder.com>; 'Brian Adams' <brian@brianadamslaw.com>; 'Mary Beth Hand' <mbhand@brianadamslaw.com>; 'Anna Green Cross' <anna@crosskincaid.com>; 'Meredith Kincaid' <meredith@crosskincaid.com>; Duke R. Groover <dgroover@jamesbatesllp.com>; Cathy Huff <cathy@cannellasnyder.com>; 'geoffrey.wyatt@kirkland.com' <geoffrey.wyatt@kirkland.com>; 'Katz Aaron' <akatz@aaronkatzlaw.com>

**Subject:** [Ext] RE: Permenter - STATUTORY ELECTRONIC SERVICE -- Notice of Videotaped Deposition of Dan Litwak

At the moment, I am free until noon.

What specifically do you believe is beyond the scope of the Court's Order in the document request? Please send more details before we talk so we can think about it.

Rob Snyder
Cannella Snyder LLC

**From:** Bernardo, Richard T <Richard.Bernardo@skadden.com>
**Sent:** Friday, July 11, 2025 11:36 AM
**To:** Robert Snyder <rob@cannellasnyder.com>
**Cc:** Sachi Cole <sachi@cannellasnyder.com>; Hannah Drosky Amanuel <hannah@cannellasnyder.com>; Chase Lyndale <chase@cannellasnyder.com>; 'Brian Adams' <brian@brianadamslaw.com>; 'Mary Beth Hand' <mbhand@brianadamslaw.com>; 'Anna Green Cross' <anna@crosskincaid.com>; 'Meredith Kincaid' <meredith@crosskincaid.com>; Duke R. Groover <dgroover@jamesbatesllp.com>; Cathy Huff <cathy@cannellasnyder.com>; 'geoffrey.wyatt@kirkland.com' <geoffrey.wyatt@kirkland.com>; 'Katz Aaron' <akatz@aaronkatzlaw.com>
**Subject:** RE: Permenter - STATUTORY ELECTRONIC SERVICE -- Notice of Videotaped Deposition of Dan Litwak

Hi Rob:

We have reviewed Relators' deposition notice and accompanying document request for Dan Litvak's deposition and do not believe that the notice (particularly, the document request) is consistent with the scope of the deposition that Judge Treadwell described at the June 4 hearing. We would like to discuss this with you in the hopes of avoiding motion practice. Do you have availability on Monday to chat?

Regards,

Rich

**Richard T. Bernardo**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: 212.735.3453 | F: 917.777.3453 | M: 917.626.4686**
**richard.bernardo@skadden.com**
***pronouns: He/Him/His***

Skadden

**From:** Bernardo, Richard T (NYC)
**Sent:** Wednesday, July 9, 2025 3:56 PM
**To:** 'Cathy Huff' <cathy@cannellasnyder.com>; geoffrey.wyatt@kirkland.com; Katz Aaron

<akatz@aaronkatzlaw.com>
**Cc:** Robert Snyder <rob@cannellasnyder.com>; Sachi Cole <sachi@cannellasnyder.com>; Hannah Drosky Amanuel <hannah@cannellasnyder.com>; Chase Lyndale <chase@cannellasnyder.com>; Brian Adams <brian@brianadamslaw.com>; Mary Beth Hand <mbhand@brianadamslaw.com>; Anna Green Cross <anna@crosskincaid.com>; Meredith Kincaid <meredith@crosskincaid.com>
**Subject:** RE: [Ext] RE: Permenter - STATUTORY ELECTRONIC SERVICE -- Notice of Videotaped Deposition of Dan Litwak

Hi Cathy:

Mr. Litvak will be sitting for the deposition in Buenos Aires, Argentina.

Regards,

Rich

**Richard T. Bernardo**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**One Manhattan West | New York | New York | 10001**
**T: 212.735.3453 | F: 917.777.3453 | M: 917.626.4686**
**richard.bernardo@skadden.com**
***pronouns: He/Him/His***

Skadden

**From:** Cathy Huff <cathy@cannellasnyder.com>
**Sent:** Wednesday, July 9, 2025 2:08 PM
**To:** Bernardo, Richard T (NYC) <Richard.Bernardo@skadden.com>; geoffrey.wyatt@kirkland.com; Katz Aaron <akatz@aaronkatzlaw.com>
**Cc:** Robert Snyder <rob@cannellasnyder.com>; Sachi Cole <sachi@cannellasnyder.com>; Hannah Drosky Amanuel <hannah@cannellasnyder.com>; Chase Lyndale <chase@cannellasnyder.com>; Brian Adams <brian@brianadamslaw.com>; Mary Beth Hand <mbhand@brianadamslaw.com>; Anna Green Cross <anna@crosskincaid.com>; Meredith Kincaid <meredith@crosskincaid.com>
**Subject:** [Ext] RE: Permenter - STATUTORY ELECTRONIC SERVICE -- Notice of Videotaped Deposition of Dan Litwak

Rich,

Veritext needs to know the location where Mr. Litwak will be sitting for his deposition even though it is a virtual deposition due to the licensing of court reporters. At your earliest convenience, please let me know the city and state where Mr. Litwak will be sitting for his deposition.

I appreciate your assistance and look forward to hearing from you.

Best,

CANNELLA | SNYDER

**Cathy Huff**
Paralegal

**Phone**: 404.800.4828
**Email**:
cathy@cannellasnyder.com

315 W. Ponce de Leon Ave.
Suite 885
Decatur, GA 30030

**www.cannellasnyder.com**

**From:** Cathy Huff
**Sent:** Wednesday, July 9, 2025 11:46 AM
**To:** Bernardo, Richard T <richard.bernardo@skadden.com>; geoffrey.wyatt@kirkland.com; Katz Aaron <akatz@aaronkatzlaw.com>
**Cc:** Robert Snyder <rob@cannellasnyder.com>; Sachi Cole <sachi@cannellasnyder.com>; Hannah Drosky Amanuel <hannah@cannellasnyder.com>; Chase Lyndale <chase@cannellasnyder.com>; Brian Adams <brian@brianadamslaw.com>; Mary Beth Hand <mbhand@brianadamslaw.com>; Anna Green Cross <anna@crosskincaid.com>; Meredith Kincaid <meredith@crosskincaid.com>
**Subject:** Permenter - STATUTORY ELECTRONIC SERVICE -- Notice of Videotaped Deposition of Dan Litwak

Re: *United States of America ex rel., Alex Permenter, Eric Rodighiero, and Chris Wheeler v. eClinicalWorks, LLC*, United States District Court for the Middle District of Georgia Macon Division, Civil Action File No. 5:18-CV-382-MTT

Dear Counsel:

Attached is a statutory electronic service copy of Relators' *Notice of Videotaped Deposition of Dan Litwak*.

I will send a Zoom link once received from the court reporter.

Best regards,

CANNELLA | SNYDER

**Cathy Huff**
Paralegal

**Phone**: 404.800.4828
**Email**:
cathy@cannellasnyder.com

315 W. Ponce de Leon Ave.
Suite 885

Decatur, GA 30030

**www.cannellasnyder.com**

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

==============================================================================
=====