# EXHIBIT 1



**DEPARTMENT OF HEALTH & HUMAN SERVICES**                    Office of the Secretary

Assistant Secretary for Administration
Washington, D.C. 20201

<u>**VIA ELECTRONIC MAIL**</u>

July 29, 2025

Geoffrey M. Wyatt, Esq.
Skadden, Arps, Slate, Meagher, & Flom, LLP
1440 New York Avenue, NW
Washington, D.C. 20005-2111
Geoffrey.Wyatt@skadden.com

      Re:    ***Touhy* Request for *United States ex rel. Permenter et al. v. eClinicalWorks, LLC.,* No. 5:18-CV-382 (M.D. Ga.)**

Dear Mr. Wyatt:

      I am responding to your Rule 45 discovery subpoena and accompanying *Touhy* letter dated January 10, 2025 addressed to Micky Tripathi, Ph.D., then-Assistant Secretary for Technology Policy, National Coordinator for Health Information Technology ("ONC-HIT"), at the U.S. Department of Health and Human Services ("HHS" or "the Department"), seeking authorization to obtain trial testimony from certain employees of ONC-HIT, on behalf of your client, eClinicalWorks, LLC ("eCW" or "Defendant"), in connection with the above-captioned matter.[1]

      A party seeking third party discovery from the United States must comply with any applicable agency *Touhy* regulations. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468-70 (1951) (upholding regulation prohibiting agency employees from releasing documents without consent of agency head); 45 C.F.R. Part 2 (outlining the appropriate procedures that must be followed when documents and/or testimony are requested from an agency). These regulations govern the availability of employees and former employees of the Department and certain of its private contractors to testify in proceedings in which the federal government is not a party. These regulations prohibit any Departmental employee or former employee from providing testimony or producing documents concerning information acquired in the course of performing official duties, unless "the Agency head, after consultation with the Office of the General Counsel, [determines] that compliance with the request would promote the objectives of the [Department]." 45 C.F.R. § 2.3. Federal agencies may instruct their employees to refuse to comply with a subpoena pursuant to valid agency regulations. *Davis Enterprises v. EPA*, 877 F.2d 1181, 1186 (3rd Cir. 1989). As the Acting Assistant Secretary for Administration for the Department, I am responsible for deciding whether to approve your request.

      For purposes of this response, you indicate that you seek authorization for ONC-HIT representative Mr. Steven Posnack "to provide live testimony at trial on the subject matters addressed in

---

[1] Your initial *Touhy* request, dated December 30, 2024, was addressed to Lori Bellan, Office of the General Counsel ("OGC"). On or about January 8, 2025, Ms. Bellan advised you that your request was procedurally deficient because it didn't comply with federal regulations 45 C.F.R. § 2.4(a) and 45 C.F.R. § 4.2.

his deposition" (*see* Jan. 10, 2025 *Touhy* letter at pp. 1-2) which were previously authorized by the agency for purposes of deposition testimony and included the following topics:[2]

1.  ONC-HIT's ability to access, review, and assess eCW's EHR software and source code, including ONC-HIT's ability to review the software for security vulnerabilities;

2.  When ONC-HIT first became aware of the Complaint and/or its allegations and whether ONC-HIT conducted or commissioned an independent review of the software in response to the Complaint and/or its allegations;

3.  ONC-HIT's certification-related decisions with respect to eCW's EHR software, including ONC-HIT's decision not to de-certify the software or suspend the software's certification after ONC-HIT became aware of the Complaint relators' complaint and/or its allegations;

4.  The manner in which ONC-HIT monitors, addresses, and seeks to resolve certification non-conformities that may be identified in an EHR software after the software already has been certified, including through the surveillance process described in the agency's Program Policy Resource #18-01 and #18-03;

5.  Any adverse actions, including but not limited to de-certification, suspension or revocation of certification, that ONC-HIT has taken against any EHR software provider due to security-related non-conformities, non-compliance with the HIPAA Security Rule, or security vulnerabilities;

6.  ONC-HIT's awareness or monitoring of the security of eCW's software under the CIA, including ONC-HIT's discussion pertaining to the security of eCW's software with Quandary Peak Research.

7.  ONC-HIT's knowledge of whether there has ever been a data or security breach of eCW's EHR software or servers;

8.  ONC-HIT's communications with Quandary Peak Research during or around the period May 2017 through May 2018 regarding potential "hardcoded database passwords" in eCW's software, including but not limited to the manner in which ONC-HIT learned of or discovered the potential issue and ONC-HIT's monitoring of eCW's response to or remediation of the potential issue; and

9.  The identity of any individual who worked for or at the request of ONC-HIT to evaluate eCW software for any reason related to the security vulnerabilities alleged in the Complaint at any time and what their conclusion was.

You also seek authorization for ONC-HIT representative Dr. David Hunt "to provide live testimony at trial regarding the context of any documents produced by ONC-HIT in this litigation on

---

[2] *See* August 8, 2024, letter, Office of the Secretary, Office of Assistant Secretary for Administration, authorizing the deposition of Mr. Posnack as well as the scope of topics for such deposition, which occurred on September 20, 2024.

which he appears and that relators introduce at trial (collectively, the "Hunt Documents")."  (*See* Jan. 10, 2025 *Touhy* letter at 2.) You further indicate that you "seek only his testimony regarding the matters addressed in the Hunt Documents" and that "of the 6,291 documents produced by ONC-HIT, Dr. Hunt appears on more than half (or roughly 3,330 of them); further, he appears on roughly 15 of the documents that were discussed in the parties' summary judgment briefing." *Id*.  You also assert that you "would not seek to elicit from Mr. Posnack or Dr. Hunt any information that may be protected by the attorney-client privilege or the litigation work product doctrine." *Id*.

In your letter, you assert that "Mr. Posnack and Dr. Hunt are uniquely able to provide accurate and complete testimony on the topics discussed in the Posnack Deposition and the Hunt Documents, respectively; nor is the information readily available from any public source. Likewise, live oral testimony is the vastly preferred method to present evidence at trial." *Id*. at 3.

You further note in your letter that the information that eCW seeks through the testimony of an ONC-HIT agency representative would substantially mitigate the threat that eCW believes the relators' *qui tam* lawsuit poses to the agency.  By providing the requested testimony, you assert that ONC-HIT would also serve to protect important agency stakeholders—the physicians who rely upon eCW's EHR software—whose interests ONC-HIT serves. You further assert that a False Claims Act judgment against eCW could result in significant collateral damage to these stakeholders. The testimony that you seek from an ONC-HIT agency representative will, you claim, help to ensure that eCW is not subjected to False Claims Act damages and penalties based on supposed security vulnerabilities that ONC-HIT does not consider material to the software's certification status or that ONC-HIT has determined do not exist.

Finally, you assert that, at a more general level, it is also in ONC-HIT's interests, and promotes ONC-HIT's objectives, to ensure that an important False Claims Act lawsuit is resolved based on all of the relevant facts, which is "especially true where those facts are highly relevant to a lawsuit brought in the name of the United States, essential to ensuring an accurate adjudication of the claims made in the lawsuit, and uniquely in the possession of the agency." *Id*. at 4.

Please note that it is the policy of the DHHS to provide information, data, and records to non-federal litigants to the same extent and in the same manner that they are made available to the general public.  *See* 45 C.F.R. § 2.1(a).  In addition, the availability of Department employees to testify in litigation not involving federal parties is governed by the Department's policy to maintain strict impartiality with respect to private litigants and to minimize the disruption of official duties. *See* 45 C.F.R. § 2.1(b).

I am approving, subject to the conditions detailed below, your request for ONC-HIT officials Mr. Posnack and Dr. Hunt to provide live trial testimony on non-privileged, factual (non-opinion) information regarding the topics listed above.  First, their testimony must occur in the presence of

attorneys representing the federal government in the litigation.[3]  Second, neither Mr. Posnack nor Dr. Hunt is authorized to testify about any privileged communications and/or information (which limitation includes, but is not limited to, information, communications, etc., covered by the deliberative process privilege). Third, Mr. Posnack and Dr. Hunt's authorization to testify is limited to the topics listed above; that is, they may not testify regarding any other matters or subject areas without you first submitting an additional request for testimony and receiving approval from HHS for that testimony. Fourth, to minimize disruption to ONC-HIT's operations and limit costs to the agency, each witness will be made available to appear at trial one time. To effectuate this cost and time saving stipulation, Defendant must work with the Court and the Relator to make arrangements for Mr. Posnack and Dr. Hunt to be made available to testify one time and if necessary, have their testimony taken out of turn.

If you have any questions, please contact Lori Bellan at Lori.Bellan@hhs.gov.

Sincerely,

SHANA WEIR -S

Digitally signed by
SHANA WEIR -S
Date: 2025.08.04
13:49:21 -04'00'

Shana Weir
Acting Assistant Secretary for Administration
U.S. Department of Health and Human Services

cc:    Christelle Klovers, U.S. Department of Justice, Civil Division
       Todd Swanson, Assistant U.S. Attorney, Middle District of Georgia
       Bowen Shoemaker, Assistant U.S. Attorney, Middle District of Georgia
       Lori Bellan, HHS-OGC, CMS Division

---

[3] Government counsel must be permitted to attend and participate in any live trial testimony given by ONC-HIT officials, either in person or virtually, in order to protect the interests of the United States in ensuring that privileged and protected information is not disclosed.  To be clear, any live trial testimony given by ONC-HIT officials pursuant to this request must not be conducted or proceed in the absence of government counsel.