# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., ALEX PERMENTER, ERIC RODIGHIERO, and CHRIS WHEELER <br><br> Plaintiffs, <br><br> v. <br><br> eCLINICALWORKS, LLC, <br><br> Defendant. | **CIVIL ACTION FILE NO.** <br><br> **Case No. 5:18-CV-382** |

**RELATORS' FOURTH CONTINUING INTERROGATORIES**

Relators serve these Interrogatories on Defendant eClinicalWorks and request that they

be fully answered in writing and under oath within 30 days of the date of service.  These

Interrogatories are served pursuant to the Federal Rules of Civil Procedure, the Local Rules of

the Middle District of Georgia, and the Courts' Scheduling and Discovery Order (ECF No. 100).

**PRELIMINARY INSTRUCTIONS**

A.    **To Whom Addressed.**

Each Interrogatory is addressed to the personal knowledge of Defendant as well as to the

knowledge and information of Defendant's attorneys, investigators, agents, employees, and other

representatives.  When a question is directed to Defendant, the question is also directed to each

such person.

B.    **Substance of Response.**

Relators request that you take time to accumulate all information called for by these

Interrogatories, whether factual or documentary, and provide all information in your initial

written discovery responses.  Relators request that you respond to the Interrogatories as written and supply all responsive information, regardless of whether your internal terminology differs from the terminology of the Interrogatory.  Relators *will not* regard as adequate a response in which you merely enter the particular language of an Interrogatory into a computer search of a database, then supply information based upon the exact word or phrase from the Interrogatory but fail to conduct the complete, substantive search that the law requires.  Relators request a complete, substantive response to each Interrogatory.

**C.     Procedure for Responding.**

Relators request that you not only respond to these Interrogatories separately and completely but also supplement any responses to these Interrogatories separately and completely.  In supplementing, Relators request that you do not merely send letters to counsel identifying additional documents or information; rather, Relators request that you respond in a formal pleading served on all parties.  That pleading should make clear what information or documents are responsive to which Interrogatory.

As you know, all documents produced must be Bates-numbered so that the Court and parties can identify the documents and can know what ranges of documents are responsive to which Interrogatory.  Please include in your response the Bates numbers of all documents produced in response to that Interrogatory.  Alternatively, Relators will accept a detailed index of the documents produced.  Relators make these requests to avoid receiving a mass of undifferentiated documents that requires Relators' counsel to spend an inordinate amount of time figuring out what has been produced.  Relators will reciprocate this courtesy in Relators' discovery responses.

2

Relators request that you respond to and supplement these and all future Interrogatories with direct, concise responses that can be read to a jury.  Relators request, therefore, that you not answer Interrogatories by cross-referencing a response given in other paragraphs of this same discovery; instead, kindly answer each question with a full, clear, textual response.

Relators request that you set forth in your response the text of the Interrogatory as well as your responses or objections to that Interrogatory so that it is clear from the four corners of your response what the request sought and what your answer or objection to that request is.  This is helpful to the Court and the parties so that it is not necessary to flip between documents to determine the answer to a particular Interrogatory.  If it would help for Relators' counsel to provide an electronic copy of these discovery requests, we will do so.

**D.      Privilege Claims.**

If you claim the work-product doctrine or attorney-client privilege applies to any information responsive to these Interrogatories, Relators request that the information to which a privilege is claimed be identified with such particularity and in such a manner that the Court (and not defendant unilaterally) may determine whether the document or information is indeed entitled to privileged status.  The Court's Discovery Order requires Defendant to include in its privilege log, at a minimum, the date of the document or communication, the identities of all persons involved, a description of the general subject matter, and whether the information is being withheld based on the attorney-client privilege, the work product doctrine, or both.  Absent a timely, complete privilege log that supports the claims of privilege and can be ruled upon by the Court, privilege claims are waived.

**E.**      **Breadth and Proportionality Objections and Motions for Protective Orders.**

If you wish to seek protection from the general duty to provide broad discovery established by Fed. R. Civ. P. 26(b), the means to do so is by first seeking to confer in good faith with Relators' counsel, then contacting chambers pursuant to the Court's Standing Order if no resolution is reached.  The time to do so is *before* the time for responding to the discovery runs. You bear the burden of clearly and specifically demonstrating why discovery should not be had.

It is improper and in contradiction of the purpose of the Federal Rules to wait until the time to respond to Relators' discovery requests has run; to interpose boilerplate objections that a particular request is overbroad, oppressive, unduly burdensome, or not proportional; and to then force Relators to file a motion to compel to obtain discoverable documents.  If you contend that requests are overly broad or not proportional to the needs of the case, be prepared to explain first during a good faith conference with Relators' counsel, followed by discussions with the Court (if necessary) the investigation you undertook to determine the breadth of the possible response and to state what type of narrowed  request you would deem to be proportional to the needs of the case, including the metrics you considered in determining that the requests are not proportional (*e.g.* cost of responding, potential damages in the case, etc . . .).  It is improper to lodge boilerplate objections to breadth and proportionality without assessing the work that needs to be done to respond, including by identifying databases and custodians that must be searched, as well as considering the cost and time associated with responding to the discovery in light of the allegations of the case.

Finally, if after reading any of these requests you conclude that the requests are overly broad based on the wording of the request it may be that you are not reading the request as

4

Relators intended.  Please contact Relators' counsel with questions about breadth or proportionality before simply objecting to everything and producing nothing.

## F.    General Objections

General objections are not proper because they make it impossible to determine which requests or portions of requests are subject to each general objection.  Please make individualized objections to each interrogatory.

### DEFINITIONS

Relators and Relators' counsel have spent considerable time defining certain words, terms, and phrases used in these Interrogatories.  Please do not ignore the below definitions.  If you have any questions about the words, terms, and phrases used in these Interrogatories, please seek clarification from Relators' counsel.  There is no need to object to the words, terms, and phrases used herein because you contend they are, for example, "vague," "ambiguous," or "undefined."  Most of the time such objections can be resolved with a good faith conference.

For purposes of discovery, the terms below are defined as follows:

1.    "**Document**" means every writing, printing, record, electronic data, graphic, photographic or sound reproduction of every type and description that has been in your possession, control, or custody or of which you have knowledge, including but not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, text messages, instant messages, recorded statements, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer or electronic

5

records (including web pages, data stored on the cloud or internet, printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, and voice recordings.  Relators expressly intends for the term "Document" to include every copy of each such writing when such copy contains any commentary or notation that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.  Where information exists electronically, Relators expressly intends the term "document" to include such electronically stored data in native format pursuant to the agreed upon ESI protocol.

2.      "**You," "Your,"** or **"eClinicalWorks"** means eClinicalWorks, LLC and all of its present or former employees, directors, officers, agents, representatives, attorneys, lobbyists, consultants, contractors, public relations firms, regulatory or government affairs advisors, and any other person or entity acting on behalf of eCW; including any joint venture, partnership, strategic alliance, or other business arrangement in which eClinicalWorks participates; and any industry association, industry group, coalition, or other organization acting at the direction of, in coordination with, or on behalf of eClinicalWorks including the Healthcare Information and Management Systems Society ("HIMSS") or the HIMSS Electronic Health Record Association ("EHRA").  This definition expressly includes eCW's consultant Kyle Meadors.

3.      "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

4.      **"ONC"** means the Office of the National Coordinator for Health IT.

5.      **"DoJ"** means the United States Department of Justice.

6.      **"HTI-5"** means the Health Data, Technology, and Interoperability: ASTP/ONC Deregulatory Actions to Unleash Prosperity (HTI-5) Proposed Rule that was released on

6

December 22, 2025, including the proposed rule, any drafts, proposed revisions, public comments, related guidance, and any rulemaking process associated with that proposed rule.

7.    **"Lobbying or Advocacy Efforts"** means any effort to influence, shape, advocate for, oppose, comment on, participate in, or otherwise affect the development, drafting, interpretation, modification, or adoption of any law, regulation, rulemaking, policy, guidance, or government action, whether undertaken directly or indirectly.  This term includes, but is not limited to, communications with any federal agency including ONC and the DoJ; communications with members of Congress or Congressional staff; participation in meetings, briefings, working groups, listening sessions, advisory panels, or stakeholder meetings; the drafting, editing, submission, or coordination of regulatory comments; proposing or suggesting regulatory language or policy changes; participation in or coordination with industry associations, industry coalitions, or other organizations including HIMSS or EHRA; the retention of use of attorneys, lobbyists, consultants, public relation firms, or other representatives to influence regulatory or legislative activity.  This definition includes both direct efforts and indirect efforts conducted through third parties.

8.    **"Privacy and Security Requirements"** means the ONC certification criteria for Health IT as described in 45 C.F.R. § 170.315(d).

### Interrogatories

7.    Pursuant to the descriptions above, identify and describe all Lobbying or Advocacy Efforts by You, or by any Person acting on Your behalf, to influence, advocate for, discuss, support, oppose, consider, or otherwise participate in the development, drafting, consideration, revisions, or removal of the Privacy and Security Requirements after December 6, 2018, including but not limited to:

a. Communications with any federal agency or official, including but not limited to ONC, the DoJ, and any other governmental entity;

b. Communications with members of Congress or congressional staff;

c. The preparation, drafting, editing, or submission of comments or proposed language related to any proposed or final legislation, including HTI-5;

d. Participation in meetings, briefings, working groups, or industry coalitions; and

e. Any lobbying, consulting, legal, or advisory services retained in connection with legislation, updates to, removal of, or changes to or regarding the Privacy and Security Requirements.

8. For each such effort identified in response to Interrogatory No. 7, identify the date(s); person(s) involved (including employees, officers, attorneys, lobbyists, consultants, and third-party representatives); the governmental entity or official involved; the nature and substance of the communication, discussion, or activity; and any documents or communications relating to the effort.

This 9th day of March, 2026.

CANNELLA SNYDER LLC                    ADAMS LAW FIRM

BY:   s/ Robert H. Snyder              BY:   s/ Brian P. Adams
ROBERT H. SNYDER JR.                   BRIAN P. ADAMS
 rob@cannellasnyder.com                 brian@brianadamslaw.com
 Georgia Bar No. 404522                 Georgia Bar No. 142474
HANNAH DROSKY AMANUEL                  MARY BETH HAND
 hannah@cannellasnyder.com              mbhand@brianadamslaw.com
 Georgia Bar No. 922743                 Georgia Bar No. 322836
DEVIN L. MASHMAN                        598 D.T. Walton Sr. Way
 devin@cannellansyder.com               Post Office Box 142
 Georgia Bar No.     257588             Macon, Georgia 31202
ALEXANDRA "SACHI" COLE                  (478) 238-0231
 sachi@cannellasnyder.com               (478) 216-9188 Fax
 Georgia Bar No. 696892

8

315 W. Ponce De. Leon Ave.
Suite 885
Decatur, GA 30030
(404) 800-4828
(404) 393-0365 Fax

**_Attorneys for Relators/Plaintiffs_**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing by

electronically mailing a copy of the same to counsel of record, who, by registering with the

Court's CM/ECF system, has consented to electronic service.

This 9th day of March, 2026.

*/s/ Robert H. Snyder Jr.*
Robert H. Snyder Jr.
Georgia Bar No. 404522
