UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES *ex rel.*, PERMENTER, et al.<br><br>　　　　Plaintiffs,<br><br>v.<br><br>eCLINICALWORKS, LLC,<br><br>　　　　Defendant. | CIVIL ACTION FILE<br>NUMBER 5:18-CV-382 |

### RELATORS' SECOND NOTICE OF SUPPLEMENTAL FILING

Relators submit this notice of supplemental filing and the attached exhibits showing the Court as follows:[1]

1.　　　On March 26, 2026, Relators asked eCW to state whether its lawyers' law firm, Skadden, used a document management system that stored information about when the 2023 Litwak Reports were viewed or edited.  *See* Ex. A, 2026-03-26, R. Snyder's email to R. Bernardo, G. Wyatt, and D. Groover.

2.　　　A month later, on April 29, 2026, eCW produced eight spreadsheets, titled "Exhibits 1-8", from Skadden's document management system that log when Skadden users accessed or edited several versions of the May, August, and September 2023 Litwak reports.  *See* Ex. B, 2026-04-29, D. Groover email to R. Snyder; *see also* Ex. C (Exhibit 1); Ex. D (Exhibit 2), Ex. E (Exhibit 3), Ex. F (Exhibit 4), Ex. G (Exhibit 5), Ex. H (Exhibit 6), Ex. I, (Exhibit 7), and Ex. J (Exhibit 8).

---

[1] Relators acknowledge that the Court stated the record would be closed on this Motion once eCW produced its hourly summary on April 17, 2026.  The information attached hereto was requested prior to the Court's instruction, was not available before then, and Relators did not know whether eCW would agree to produce the Skadden logs until a week ago.  If the Court allows them to do so, Relators intend to refer to the Skadden logs at the hearing tomorrow and thus believe they should be filed in the record.

3.      In its service email, eCW stated that one of the eight logs it produced was for a document on Skadden's system that included both the May and September 2023 versions of the Litwak Report.[2]  *See* Ex. B, 2026-04-29, D. Groover email to R. Snyder.   Based on version numbers, access and edit dates, Relators believed the spreadsheet titled "Exhibit 1" is the log for the document including both the May and September 2023 Litwak Reports.  *See* Ex. C (Exhibit 1) (showing edits and changes on or around the dates Skadden edited the May Litwak Report and Sygnia provided the August and September versions to Skadden).  Relators asked eCW to confirm that "Exhibit 1" is the log for the combined May and September Reports and eCW confirmed that was correct. *See* Ex. K, 2026-05-06, D. Groover email to R. Snyder.

4.      eCW also produced a declaration from Skadden's Chief Technology Officer.  *See* Ex. L, Decl. of Peter Lesser.  The declaration makes clear that activity for storage areas outside of Skadden's document management systems, such as email and shared drives, do not appear in the logs.  *Id.* ¶ 10.  The logs show that duplicates of the Sygnia 2023 Reports were saved outside the document management system and thus any access to those versions would not be captured in the logs.

5.      Even so, the Skadden logs reveal three pieces of information relevant to Relators' Third Motion for Sanctions.

---

[2] To Relators' knowledge, eCW has not produced any version of the Litwak Report that includes both the May and September Reports.

6.      *First*, on July 15, 2025, at 2:33 PM[3], a Skadden employee in its New York office[4] accessed and locally saved the May, August, and September 2023 Litwak Reports.  *See* Ex. E (Exhibit 3), Ex. F (Exhibit 4), Ex. I (Exhibit 7) and Ex. J (Exhibit 8).  To put the significance of that date ***in context***, Relators served the Litwak deposition notice and document request on July 9, 2025, six days earlier.  ECF 518-10 at Ex. 3.  And on July 15, 2025, the day a Skadden employee accessed and locally saved all of Mr. Litwak's 2023 reports, eCW's lawyers had a two hour deposition prep session with Mr. Litwak.  *See* ECF 530-7 at 2.  Those lawyers also had a conference with Relators' counsel at 3:00 PM to talk about the Litwak document request, less than 30 minutes after Skadden accessed and saved all versions of the Litwak Reports.  *See* Ex. M, 2025-07-15, Meet-and-Confer Calendar Invite.

7.      Relators asked eCW to explain why its lawyers accessed the 2023 Litwak Reports on July 15, 2025, given their lawyers' under oath claims to have "forgotten" about those reports.  *See* Ex. K, 2026-05-06, D. Groover email to R. Snyder.  eCW contends that it was merely a coincidence that those reports were accessed and saved locally on July 15, 2025.  *Id.*  The files were supposedly saved locally as part of the client file transfer process when eCW's counsel Geoffrey Wyatt and others left Skadden for Kirkland Ellis.  *Id.*

8.      Mr. Wyatt left Skadden in January 2025.[5]

---

[3] The spreadsheets produced by eCW list all times in Coordinated Universal Time (UTC).  "The time-of-day expressed by UTC is the time at the prime meridian (0° longitude) located near Greenwich, England. The time in local time zones can be expressed as an offset from UTC. For instance, in the United States, eastern standard time (EST) is five hours behind UTC and can be expressed as UTC - 5. Coordinated Universal Time is not adjusted during daylight saving time, so eastern daylight time (EDT) is only 4 hours behind UTC, or UTC - 4." *See* Nat'l Inst. of Standards & Tech, *How is UTC(NIST) related to Coordinated Universal Time (UTC) International Atomic Time (TAI), Greenwich Mean Time (GMT), USNO time, GPS time and Zulu time?*,  https://www.nist.gov/pml/time-and-frequency-division/how-utcnist-related-coordinated-universal-time-utc-international (last visited May 6, 2026).

[4] That employee is Mik Wenczl, Skadden's Director of Global Technical Operations and Information Governance.  See https://www.linkedin.com/in/mik-wenczl-6158631/.  Members of eCW's legal team, including Mr. Bernardo, also work in Skadden's New York office.

[5] Kirkland & Ellis, *Kirkland & Ellis Taps Nationally Renowned Trial Lawyer Alli Brown to Launch New Philadelphia Office*, https://www.kirkland.com/news/press-release/2025/01/kirkland-ellis-taps-nationally-renowned-trial-lawyer-alli-brown-to-launch-new-philadelphia-office (last visited May 6, 2026).

9.      *Second*, on April 27, 2024, Mr. Wyatt checked out the Skadden document that included both the May and September 2023 versions of the Litwak Reports at 11:53 AM. *See* Ex. C, (Exhibit 1). Mr. Wyatt did not finish his work in that document until 6:08 PM. *Id.* To put that date ***in context,*** that same day, April 27, 2024, at 5:14 PM, Mr. Wyatt served Oren Wortman's Expert Report on Relators. *See* Ex. N, 2024-04-27, G. Wyatt email to R. Snyder. In other words, despite eCW's later claim that there was no overlap between the consulting and expert teams and that Mr. Wortman did not rely on Mr. Litwak's consulting work at all, eCW's lead counsel reviewed Mr. Litwak's 2023 reports and Mr. Wortman's expert report side by side ***before eCW produced the report to Relators***. As the Court well knows, Mr. Wortman's report quotes Mr. Litwak's findings verbatim—a fact that eCW concealed until it was forced to admit the truth over a year later. Mr. Wyatt's April 2024 review of a document containing the September Litwak Report is inconsistent with his recent declaration testimony, where he only admitted he "likely" reviewed that report but had done so two years before Relators sought its production in July 2025. *See* ECF 510-6 ¶ 20 (Wyatt Decl.).

10.     *Third*, to the extent there was any doubt, the logs prove that eCW's lawyers have always had copies of the August and September 2023 Litwak Reports despite eCW's repeated claim that Mr. Litwak never produced any such documents. And according to Mr. Groover's recent explanation, Mr. Wyatt and others also had access to the documents at Kirkland Ellis by no later than July 15, 2025. *See* Ex. K, 2026-05-06, D. Groover email to R. Snyder.

Respectfully submitted this 6th day of May, 2026.

s/ Robert H. Snyder, Jr.
ROBERT H. SNYDER, JR.
  Georgia Bar. No. 404522
  rob@cannellasnyder.com
ALEXANDRA "SACHI" COLE
  Georgia Bar No. 696892

4

sachi@cannellasnyder.com
HANNAH D. AMANUEL
  Georgia Bar No. 922743
  hannah@cannellansnyder.com
CHASE LYNDALE
  Georgia Bar No. 183762
  chase@cannellasnyder.com
CANNELLA SNYDER LLC
315 W. Ponce de Leon Ave., Suite 885
Decatur, Georgia 30030
(404) 800-4828

BRIAN P. ADAMS
  Georgia Bar. No. 142474
  brian@brianadamslaw.com
MARY BETH HAND
  Georgia Bar No. 322836
  mbhand@brianadamslaw.com
ADAMS LAW FIRM
598 D.T. Walton Sr. Way
Post Office Box 142
Macon, Georgia 31202
(478) 238-0231

ANNA GREEN CROSS
  Georgia Bar No. 306674
  anna@crosskincaid.com
MEREDITH KINCAID
  Georgia Bar No. 148549
  meredith@crosskincaid.com
CROSS KINCAID BASKAM LLC
315 W. Ponce de Leon Avenue, Suite 715
Decatur, GA 30030
(404) 948-3022

*Counsel for Relators*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this day served a true and correct copy of the foregoing by electronically mailing a copy of the same to counsel of record, who, by registering with the Court's CM/ECF system, has consented to electronic service.

This 6th day of May, 2026.

/s/ Robert H. Snyder Jr.
Robert H. Snyder Jr.
Georgia Bar No. 404522