# CANNELLA SNYDER

Phone: 404.800.4828 ▪ cannellasnyder.com ▪ Fax: 404.393.0365
315 W. Ponce de Leon Ave., Suite 885, Decatur, GA 30030

May 15, 2026

**VIA ECF**

The Honorable Marc T. Treadwell
kim_tavalero@gamd.uscourts.gov

> Re:  *United States ex rel Permenter et al. v. eClinicalWorks LLC,* Case No. 5:18-cv-00382-MTT

Dear Judge Treadwell:

As the Court knows, over the last several months, Relators' counsel have been working with CMS to request, gather, and collect additional data from CMS.  On April 15, 2026, CMS made a final production of claims data related to MIPS incentive payments paid to eCW Version 11 users.  The data set was very large (including over 87 million lines of data), so processing the data has taken some time.  That work is now complete.  Relators are producing to eCW contemporaneously with this letter a supplement to Ms. Wolfston's report that incorporates the CMS data.  Relators will file the supplemental report and attachments on the docket and submit the report to chambers on a flash drive, so the large spreadsheet attached is available for the Court's review.  Relators are also producing to eCW the accompanying data and computer scripts used to perform the calculations.  Relators have agreed to produce Ms. Wolfston and Mr. Wheeler for depositions[1] the week of June 1st and eCW will be producing its counter-report and filing any challenges to the supplement on June 17th.

Ms. Wolston's supplemental report fundamentally uses the same method as before.  She has identified eCW Version 11 using providers and opined about the amount of MIPS incentive payments those providers would have been paid if their promoting interoperability (PI) category MIPS score was zero, as Relators allege it ***should*** have been.  The primary difference between her supplemental report and her previous reports is that Ms. Wolfston is no longer relying on eCW's incomplete and at times inaccurate customer list to locate eCW users and claims in the public MIPS and CMS data.  Instead, CMS produced evidence of every provider who attested to using Version 11 of eCW's software, MIPS scores for those providers, and MIPS incentive payments to those providers.

Using that data and her previous method for recalculating MIPS scores, Ms. Wolfston has identified 55,325 times when an eCW Version 11 using provider received MIPS incentive payments that would have been lower if the provider's PI score was zero.  The amount of overpayments for those providers is approximately $106.2 million dollars.  That estimated overpayment amount is conservative, but every single entry in her overpayment calculation is a provider who attested to using eCW Version 11 and the calculation is now being done using CMS data at the provider level,[2] instead of the practice level.  While Ms. Wolfston's original

---

[1] The parties are still discussing the duration, scope, and location of these depositions.
[2] eCW argued the calculation should be done this way.

May 15, 2026
Page 2 of 2

reports were reasonable estimates of the damage caused by eCW's fraud, her supplemental report eliminates the potential issues that eCW raised last fall.

Relators appreciate the Court's patience as they have worked through this issue.

Sincerely,

CANNELLA SNYDER LLC

Robert H. Snyder, Jr.

cc: All counsel of record by ECF
Counsel for DOJ (by email)