**From:** Duke R. Groover <dgroover@jamesbatesllp.com>
**Sent:** Thursday, April 2, 2026 4:39 PM
**To:** Kim Tavalero <Kim_Tavalero@gamd.uscourts.gov>; Robert Snyder <rob@cannellasnyder.com>; Bernardo, Richard T <Richard.Bernardo@skadden.com>
**Cc:** 'Aaron Katz' <akatz@aaronkatzlaw.com>; 'Alli Brown' <alli.brown@kirkland.com>; 'James Cobb' <jcobb@caplancobb.com>; 'Julia Stone' <jstone@caplancobb.com>; 'L. Roth Martin' <rothm@kirkland.com>; Winship, Connor J <Connor.Winship@skadden.com>; 'Alyssa Baskam' <alyssa@crosskincaid.com>; 'Anna Green Cross' <anna@crosskincaid.com>; 'Brian Adams' <brian@brianadamslaw.com>; Cathy Huff <cathy@cannellasnyder.com>; Chase Lyndale <chase@cannellasnyder.com>; Hannah Drosky Amanuel <hannah@cannellasnyder.com>; 'Mary Beth Hand' <mbhand@brianadamslaw.com>; 'Meredith Kincaid' <meredith@crosskincaid.com>; Sachi Cole <sachi@cannellasnyder.com>; 'Wyatt Geoffrey M.' <geoffrey.wyatt@kirkland.com>; Kasparie, Alexander J <Alexander.Kasparie@skadden.com>; Donia Meier <dmeier@jamesbatesllp.com>; Spencer Woody <swoody@jamesbatesllp.com>; April Westmoreland <awestmoreland@jamesbatesllp.com>
**Subject:** RE: 5:18-cv-00382-MTT - PERMENTER et al v. ECLINICALWORKS LLC

Dear Judge Treadwell and Ms. Tavalero:

eCW opposes Relators' latest email request, seeking the production of privileged documents and the review of three years of attorney-client communications for the purpose of logging any and all communications having to do with numerous subject matters. "[S]tripping a party of its attorney-client privilege and breaching its attorneys' work-product privilege are extremely drastic remedies, which should be used only in the most extreme situations." *Corstone Indus., L.L.C. v. Home Depot USA., Inc.*, 2011 WL 13177612, at *1 (N.D. Ga. May 18, 2011). The confidentiality of attorney-client privileged communications is "one of the most sacrosanct principles of the law." *Noel v. MHC Heritage Plantation, LLC*, 2022 WL 18539334, at *5 (S.D. Fla. Oct. 19, 2022) (finding no waiver and refusing to admit privileged documents where "there is no sign that [party claiming privilege] ha[s] injected into this litigation any claims or defenses that *necessitate* proof by way of the privileged [document]"). eCW believes the parties should fully brief such issues on the docket if the Court is contemplating such a sanction.

Moreover, eCW believes the only way that "the trial will proceed as scheduled," as the Court directed on Friday, is if it brings this sanctions process to a close. The parties have fully briefed Relators' sanctions motion, eCW submitted multiple sworn declarations to the Court, and the Court held a day-long hearing where multiple attorneys and Mr. Wortman were questioned by Relators and/or the Court. Relators' serial requests would unnecessarily drag this process out. eCW request that, once the Court's order as to Mr. Litwak has been resolved, the parties be allowed to submit a final, 5-page submission to the Court based on the hearing(s), and then eCW would request that the Court rule on the motion. Reaching a final determination on this issue is the only way the parties can turn their attention to the July 2026 trial date as well as Relators' outstanding efforts to obtain discovery regarding their damages model.

To briefly respond to Relators' arguments:

**Request for Production of Privileged Documents Logged in Connection with March 12 Order**

- eCW fully complied with the Court's March 12, 2026 order to produce documents (the Order). eCW does not interpret the Court's order as waiving eCW's privilege. There was no briefing or factfinding that justifies Realtors' request for imposition of that highly disfavored sanction. Relators did not bring this issue up before or at the hearing even though eCW produced the log more than 24 hours before the hearing and advised Relators that they would have the withheld documents with them at the hearing. As such, Relators' blanket request for "the Court to Order eCW to produce every

2

document on the March 22, 2026 privilege log" is improper. In addition, as set forth more fully below, there is no legitimate basis to support any argument that eCW waived privilege regarding attorney-client communications. Of course, if the Court wishes to review the withheld documents, we will provide them for *in camera* review.

**Request for Log of All Communications between eCW and Counsel re Numerous Topics**

- Relators' brand-new request that eCW review *three years* of privileged communications between numerous individuals at eCW and Skadden and Kirkland, and within eCW, to identify and log communications that are unrelated to the merits of this case simply so the Court can "consider whether it should review the communications *in camera*" is improper. Relators lack any justification or precedent that could support such a request. The exercise of logging the subject matter of years of communications made during active litigation itself threatens the privilege because the log would necessarily reveal aspects of eCW's litigation strategy. It is additionally improper in light of Relators' representation at the hearing that "the record is locked at this point" and their decision not to examine the company witnesses who traveled to Macon for the hearing. (3/24/2026 Hr'g Tr. 7:14-19.) The request would require collection, processing, and review of thousands of communications over three years of representation to locate among them potentially responsive ones. The process to collect and review would require substantial time and effort to complete and provide far less useful information than testimony from the two individuals themselves. To the extent that the Court wishes to hear from Ms. Horrell and Mr. Speyer, eCW will make them available when Mr. Litwak testifies.

- Relators' waiver arguments also lack merit. Denying Relators' accusations, arguing they have no evidence, or disclosing the existence of privileged communications without revealing their substance *does not* mean that eCW waives all privilege by putting all its privileged documents "at issue." It is blackletter law that "mere denials of allegations do not put matters at issue." *Roland Corp. v. inMusic Brands, Inc.*, 2022 WL 22907307, at *4 (S.D. Fla. Aug. 25, 2022). "That [a privileged communication occurred], without more, does not serve as a basis for waiving the attorney-client privilege." *Butterworth v. Lab'y Corp. of Am. Holdings*, 2010 WL 11470895, at *6 (M.D. Fla. Dec. 2, 2010) (no waiver where "as a result of the questions asked by counsel, [party] was obligated to explain the circumstances surrounding his decision, and he did so without revealing the substance of his communications with counsel"). The two 1980s cases that Relators rely on concern a *plaintiff* or *counterclaimant* selectively injecting privileged issues to prove a material aspect of their own affirmative causes of action. Relators' position that it can accuse eCW and its lawyers of intentional misconduct and eCW's denials waive *all* associated privilege and work product production is completely unsupported and would have profound ramifications if accepted.

**Litwak Testimony**

- Finally, to update the Court regarding Mr. Litwak, over the past week we have been in consistent communication with Sygnia's outside counsel Hogan Lovells regarding the Court's order that Mr. Litwak come to Macon for in-person testimony before the Court. eCW's counsel have told Hogan Lovells that the Court has ordered Mr. Litwak to appear and that, if Mr. Litwak does not appear, we would consider Sygnia to be in breach of its engagement terms with eCW. eCW's counsel has been informed by Hogan Lovells that due to the Passover holidays, there may be delays in receiving a final decision (Sygnia's leadership is based in Israel). At the same time, we are treating Mr. Litwak as sequestered from eCW and its counsel, and so we are not communicating directly with Mr.

Litwak and are limiting the scope of our communications to Hogan Lovells. In addition, to make best efforts to ensure Mr. Litwak's and Sygnia's willingness to make Mr. Litwak available to testify, eCW communicated to Hogan Lovells that it was willing not only to pay all reasonable travel costs, but also to reimburse Sygnia for legal expenses (both Mr. Litwak's and Sygnia's) in connection with his participation.

Thank You,
Duke Groover



**Duke R. Groover**
**Partner**

**O 478.742.4280    D 478.749.9931**
dgroover@jamesbatesllp.com
231 Riverside Drive, Suite 100
Macon, GA 31201

Confidentiality Notice:
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee of this message, this message was not intended for you, and your receipt of this message was an inadvertent disclosure of the information and contents herein. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email and delete all copies of the message. The receipt of this email alone may not necessarily create an attorney-client privilege between you and James-Bates-Brannan-Groover-LLP. If we do not represent you, please do not respond to this email with any confidential information because your communication may not be treated as privileged or confidential. Thank you.

**From:** Kim Tavalero <Kim_Tavalero@gamd.uscourts.gov>
**Sent:** Tuesday, March 31, 2026 2:40 PM
**To:** Duke R. Groover <dgroover@jamesbatesllp.com>; Robert Snyder <rob@cannellasnyder.com>; Bernardo, Richard T <Richard.Bernardo@skadden.com>
**Cc:** 'Aaron Katz' <akatz@aaronkatzlaw.com>; 'Alli Brown' <alli.brown@kirkland.com>; 'James Cobb' <jcobb@caplancobb.com>; 'Julia Stone' <jstone@caplancobb.com>; 'L. Roth Martin' <rothm@kirkland.com>; Winship, Connor J <Connor.Winship@skadden.com>; 'Alyssa Baskam' <alyssa@crosskincaid.com>; 'Anna Green Cross' <anna@crosskincaid.com>; 'Brian Adams' <brian@brianadamslaw.com>; Cathy Huff <cathy@cannellasnyder.com>; Chase Lyndale <chase@cannellasnyder.com>; Hannah Drosky Amanuel <hannah@cannellasnyder.com>; 'Mary Beth Hand' <mbhand@brianadamslaw.com>; 'Meredith Kincaid' <meredith@crosskincaid.com>; Sachi Cole <sachi@cannellasnyder.com>; 'Wyatt Geoffrey M.' <geoffrey.wyatt@kirkland.com>; Kasparie, Alexander J <Alexander.Kasparie@skadden.com>; Donia Meier <dmeier@jamesbatesllp.com>; Spencer Woody <swoody@jamesbatesllp.com>; April Westmoreland <awestmoreland@jamesbatesllp.com>
**Subject:** RE: 5:18-cv-00382-MTT - PERMENTER et al v. ECLINICALWORKS LLC

External to JBBG

Request granted.

Thanks,

Kim



*Kim Tavalero*
Courtroom Deputy
for the Honorable Marc T. Treadwell
Judge, United States District Court
Middle District of Georgia
(478) 752-0717 (office)

**From:** Duke R. Groover <dgroover@jamesbatesllp.com>
**Sent:** Tuesday, March 31, 2026 2:04 PM
**To:** Robert Snyder <rob@cannellasnyder.com>; Bernardo, Richard T <Richard.Bernardo@skadden.com>; Kim Tavalero <Kim_Tavalero@gamd.uscourts.gov>
**Cc:** 'Aaron Katz' <akatz@aaronkatzlaw.com>; 'Alli Brown' <alli.brown@kirkland.com>; 'James Cobb' <jcobb@caplancobb.com>; 'Julia Stone' <jstone@caplancobb.com>; 'L. Roth Martin' <rothm@kirkland.com>; Winship, Connor J <Connor.Winship@skadden.com>; 'Alyssa Baskam' <alyssa@crosskincaid.com>; 'Anna Green Cross' <anna@crosskincaid.com>; 'Brian Adams' <brian@brianadamslaw.com>; Cathy Huff <cathy@cannellasnyder.com>; Chase Lyndale <chase@cannellasnyder.com>; Hannah Drosky Amanuel <hannah@cannellasnyder.com>; 'Mary Beth Hand' <mbhand@brianadamslaw.com>; 'Meredith Kincaid' <meredith@crosskincaid.com>; Sachi Cole <sachi@cannellasnyder.com>; 'Wyatt Geoffrey M.' <geoffrey.wyatt@kirkland.com>; Kasparie, Alexander J <Alexander.Kasparie@skadden.com>; Donia Meier <dmeier@jamesbatesllp.com>; Spencer Woody <swoody@jamesbatesllp.com>; April Westmoreland <awestmoreland@jamesbatesllp.com>
**Subject:** RE: 5:18-cv-00382-MTT - PERMENTER et al v. ECLINICALWORKS LLC

**CAUTION - EXTERNAL:**

Ms. Tavalero,

Relators' email to the Court raises several issues including Realtors' request that the Court compel disclosure of privileged documents, Relators' request that the Court determine that eCW has waived certain privileges through arguments at the March 24, 2026 hearing, and Relators' opinions regarding potential sanctions in this case. Given the broad scope and details in Realtors' email, including their citation to case law, and the seriousness of the issues being discussed, we respectfully ask that eCW have until this Thursday to provide a substantive response to the issues raised in Realtors' email.

Thanks,
Duke



**Duke R. Groover**
Partner

O 478.742.4280    D 478.749.9931
dgroover@jamesbatesllp.com
231 Riverside Drive, Suite 100
Macon, GA 31201

Confidentiality Notice:
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee of this message, this message was not intended for you, and your receipt of this message was an inadvertent disclosure of the information and contents herein. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email and delete

5

all copies of the message. The receipt of this email alone may not necessarily create an attorney-client privilege between you and James-Bates-Brannan-Groover-LLP. If we do not represent you, please do not respond to this email with any confidential information because your communication may not be treated as privileged or confidential. Thank you.

**From:** Robert Snyder <rob@cannellasnyder.com>
**Sent:** Tuesday, March 31, 2026 12:57 PM
**To:** Duke R. Groover <dgroover@jamesbatesllp.com>; Bernardo, Richard T <Richard.Bernardo@skadden.com>; 'Kim Tavalero' <Kim_Tavalero@gamd.uscourts.gov>
**Cc:** 'Aaron Katz' <akatz@aaronkatzlaw.com>; 'Alli Brown' <alli.brown@kirkland.com>; 'James Cobb' <jcobb@caplancobb.com>; 'Julia Stone' <jstone@caplancobb.com>; 'L. Roth Martin' <rothm@kirkland.com>; Winship, Connor J <Connor.Winship@skadden.com>; 'Alyssa Baskam' <alyssa@crosskincaid.com>; 'Anna Green Cross' <anna@crosskincaid.com>; 'Brian Adams' <brian@brianadamslaw.com>; Cathy Huff <cathy@cannellasnyder.com>; Chase Lyndale <chase@cannellasnyder.com>; Hannah Drosky Amanuel <hannah@cannellasnyder.com>; 'Mary Beth Hand' <mbhand@brianadamslaw.com>; 'Meredith Kincaid' <meredith@crosskincaid.com>; Sachi Cole <sachi@cannellasnyder.com>; 'Wyatt Geoffrey M.' <geoffrey.wyatt@kirkland.com>; Kasparie, Alexander J <Alexander.Kasparie@skadden.com>; Donia Meier <dmeier@jamesbatesllp.com>; Spencer Woody <swoody@jamesbatesllp.com>; April Westmoreland <awestmoreland@jamesbatesllp.com>
**Subject:** RE: 5:18-cv-00382-MTT - PERMENTER et al v. ECLINICALWORKS LLC

External to JBBG

Ms. Tavalero,

Relators write to raise three issues with the Court following the hearing last week. I apologize again for the length of this email.

1. **Withholding of documents ordered to be produced**: On March 10, 2026, Relators asked the Court to compel eCW to produce (among other things) "[a]ll communications relating to, discussing, or referencing Sygnia's work in 2023, including emails and messages by and between eCW's outside counsel, emails and messages between eCW's counsel and eCW, and internal eCW emails and messages that relate to or discuss Sygnia's work in 2023." Relators argued that eCW waived any alleged privilege related to those communications. After ECW responded, the Court ordered eCW to produce "by March 22, all Sygnia time and billing records and (2) *all communications regarding time and billing for Project Eucalyptus submitted to eCW or its counsel.*" ECF 516 (emphasis added). At 11 PM on March 22nd, eCW produced 28 new documents and privilege log. The privilege log includes 28 entries, 26 of which refer to billing or invoice issues in the description. ECF 525-1. 12 of the 28 communications were sent to or by eCW employees (Michael Laycob, Whitney Horrell, and Mark Speyer). Relators expressly argued that such communications were not privileged and the Court ordered their production. They thus should have been produced before the hearing. Given the timing of the production and the other issues Relators were preparing for, they did not raise this issue at the hearing. But considering the Order and the arguments made by eCW counsel at the hearing (described below), Relators asked eCW to produce the withheld documents last week. It refused, claiming it "disagreed with Relators' interpretation of the order." Relators therefore ask the Court to Order eCW to produce every document on the March 22, 2026 privilege log.
2. **Waiver of privilege:** Before the hearing, Relators also asked the Court to compel eCW to produce documents reflecting its involvement in the Project Eucalyptus 2023 work, and its participation in and knowledge of the positions it was taking in response to Relators' motions to exclude Mr. Wortman. (*See* Number 1(b)(iii) below in my March 10th email). As Relators argued then, eCW had placed its involvement and notice at issue by filing declarations, thus waiving any claim of privilege. *See GAB Business Services, Inc. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir. 1987) (party cannot present evidence on a defense while asserting privilege to prevent opposing party from effectively challenging such evidence); *Pitney-Bowes, Inc. v. Mestre*, 86 F.R.D. 444, 447 (S.D. Fla. 1980) (party waives protections where "party asserting the privilege placed information protected by

6

it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would have been manifestly unfair to the opposing party")(quotation omitted). The Court did not compel eCW to produce any of those documents.

    a. At the hearing, however, eCW made the repeated argument that Relators had allegedly failed to produce evidence linking the conduct of eCW's agents (Mr. Wortman and its attorneys) to eCW. Counsel thus argued that a default sanction would be improper because there was insufficient evidence of eCW's direct involvement in its agents' conduct. *See, e.g.,* March 24, 2026 Hrg. Tr. at 129:1-5 (company emails do not show subjective bad faith, but "typical communications between a vendor and a client about billing"); 129:6-20 (arguing there is "no evidence" that Ms. Horrell or Mr. Speyer should have known about issues and no evidence "to alert them there's some problem between Litwak and Wortman's sharing information"); 129:23-24 (arguing in-house counsel "don't get into that level of detail, particularly in a case this size"); and 241:8-12 (arguing there is no evidence "eCW was intimately involved in this relationship between consulting and testifying experts or ***knew in any way it would be responsible for any way of what was not produced or what was withheld***, et cetera." (emphasis added)). Relators, of course, disagree. eCW is bound by the acts of its lawyers. In addition, eCW has not disputed that its senior leadership approved of the joint retention and knew of Mr. Wortman's involvement in consulting issues, that the company had documents in its files that contradicted the positions it was taking, and that it knew it was taking positions that have now been proven untrue. That is more than enough to enter each sanction requested by Relators, including default.

    b. But if the Court believes additional evidence of eCW's involvement in the false positions it was advancing in the case is necessary, then eCW should be compelled to produce the evidence of what it knew about the misstatements its agents were making to the Court. eCW had options when responding to Relators' motion – it could have argued that its lawyers and experts did nothing wrong and thus no sanctions were appropriate. Instead of doing so, it argued that the misstatements of its witnesses and the negligence of its attorneys should not be imputed to eCW. *Id.* at 235:2-7 9 (arguing that even if the Court finds subjective bad faith of counsel "there's a third step, which is the most difficult step, and one that in my mind for this record is just impossible to take. Which is, that conduct from the lawyers has to be then attributable to eCW itself. Not just from a representative capacity."). Making such arguments was a strategic decision that binds eCW and results in a limited waiver of the privilege with respect to the issues eCW now claims it was unaware of and did not expressly authorize. This issue is ripe for resolution by the Court.

    c. To avoid a further dispute, after the hearing, Relators asked eCW to prepare a privilege log identifying its communications (internally and with counsel) relating to Sygnia's joint retention and the issues raised by Relators in the (first and renewed) motions to exclude Mr. Wortman and the related depositions, hearings, and proceeding. At a minimum, a log would identify what communications exist so the Court can consider whether it should review the communications *in camera*. eCW declined to produce a log citing the "extraordinary burden of identifying three years of attorney-client communications." That response, at a minimum, confirms there are relevant communications that could help the Court get to the bottom of this issue.

    d. Relators therefore ask the Court to compel eCW to log its communications (internally and with counsel) relating to Sygnia's joint retention and the issues raised by Relators in the first and renewed motions to exclude Mr. Wortman and the related hearings and proceedings.

3. **Revocation of *pro hac vice* admissions:** In its letter to the parties, the Court identified the "revocation of *pro hac vice* privileges" as a potential sanction that could impact trial preparation, but not its date. ECF 531. Before the Court's letter, the issue of *pro hac vice* revocation has not been expressly raised. Relators take no position on the revocation of *pro hac vice* admissions other than: (1) to agree the Court is within its discretion to bar eCW's *pro hac vice* attorneys from continuing to appear in this case, and (2) to note the Eleventh Circuit has ruled that express notice and an opportunity to respond is required before a Court revokes *pro hac vice* admission as a sanction for attorney misconduct. *See Kirkland v. Nat'l Mortg. Network, Inc.,* 884 F.2d 1367, 1372 (11th Cir. 1989). In other matters Relators' counsel are aware of, attorneys have used an alleged lack of notice to avoid a sanction, particularly on appeal, as the attorneys in *Kirkland* did.

Finally, Relators asked eCW for an update on when it would produce Mr. Litwak for a resumed hearing. eCW's counsel reported yesterday that it had been communicating with Sygnia's counsel and Sygnia was "considering the request" to produce Mr. Litwak. When that consideration may be complete remains unknown.

Rob Snyder
Cannella Snyder LLC

**From:** Robert Snyder
**Sent:** Tuesday, March 10, 2026 3:58 PM
**To:** Duke R. Groover <dgroover@jamesbatesllp.com>; Bernardo, Richard T <Richard.Bernardo@skadden.com>; 'Kim Tavalero' <Kim_Tavalero@gamd.uscourts.gov>
**Cc:** 'Aaron Katz' <akatz@aaronkatzlaw.com>; 'Alli Brown' <alli.brown@kirkland.com>; 'James Cobb' <jcobb@caplancobb.com>; 'Julia Stone' <jstone@caplancobb.com>; 'L. Roth Martin' <rothm@kirkland.com>; Winship, Connor J <Connor.Winship@skadden.com>; 'Alyssa Baskam' <alyssa@crosskincaid.com>; 'Anna Green Cross' <anna@crosskincaid.com>; 'Brian Adams' <brian@brianadamslaw.com>; Cathy Huff <cathy@cannellasnyder.com>; Chase Lyndale <chase@cannellasnyder.com>; Hannah Drosky Amanuel <hannah@cannellasnyder.com>; 'Mary Beth Hand' <mbhand@brianadamslaw.com>; 'Meredith Kincaid' <meredith@crosskincaid.com>; Sachi Cole <sachi@cannellasnyder.com>; 'Wyatt Geoffrey M.' <geoffrey.wyatt@kirkland.com>; Kasparie, Alexander J <Alexander.Kasparie@skadden.com>; Donia Meier <dmeier@jamesbatesllp.com>; Spencer Woody <swoody@jamesbatesllp.com>; April Westmoreland <awestmoreland@jamesbatesllp.com>
**Subject:** RE: 5:18-cv-00382-MTT - PERMENTER et al v. ECLINICALWORKS LLC

Ms. Tavalero,

Relators do not believe that eCW's strategic decision to selectively disclose privileged materials should allow it to avoid or postpone a hearing on the pending motion. If the Court believes that Relators' request warrants full briefing and a resetting of the March 24th hearing, then Relators would withdraw the requested information. There is no need for such briefing, but if the Court disagrees, then the Court should deem the request for the documents to be withdrawn.

Rob Snyder
Cannella Snyder LLC

**From:** Duke R. Groover <dgroover@jamesbatesllp.com>
**Sent:** Tuesday, March 10, 2026 3:51 PM
**To:** Robert Snyder <rob@cannellasnyder.com>; Bernardo, Richard T <Richard.Bernardo@skadden.com>; 'Kim Tavalero' <Kim_Tavalero@gamd.uscourts.gov>
**Cc:** 'Aaron Katz' <akatz@aaronkatzlaw.com>; 'Alli Brown' <alli.brown@kirkland.com>; 'James Cobb' <jcobb@caplancobb.com>; 'Julia Stone' <jstone@caplancobb.com>; 'L. Roth Martin' <rothm@kirkland.com>; Winship, Connor J <Connor.Winship@skadden.com>; 'Alyssa Baskam' <alyssa@crosskincaid.com>; 'Anna Green Cross' <anna@crosskincaid.com>; 'Brian Adams' <brian@brianadamslaw.com>; Cathy Huff <cathy@cannellasnyder.com>; Chase Lyndale <chase@cannellasnyder.com>; Hannah Drosky Amanuel <hannah@cannellasnyder.com>; 'Mary Beth Hand' <mbhand@brianadamslaw.com>; 'Meredith Kincaid' <meredith@crosskincaid.com>; Sachi Cole <sachi@cannellasnyder.com>; 'Wyatt Geoffrey M.' <geoffrey.wyatt@kirkland.com>; Kasparie, Alexander J <Alexander.Kasparie@skadden.com>; Donia Meier <dmeier@jamesbatesllp.com>; Spencer Woody <swoody@jamesbatesllp.com>; April Westmoreland <awestmoreland@jamesbatesllp.com>
**Subject:** RE: 5:18-cv-00382-MTT - PERMENTER et al v. ECLINICALWORKS LLC

Ms. Tavalero,

8

I have just reviewed Mr. Snyder's email sent to you this afternoon. Preliminarily, we strongly disagree with the characterizations and conclusions in Mr. Snyder's email.

In his email, Mr. Snyder requests that eCW produce a voluminous amount of material for a period of three years, including, but not limited to attorney-to-attorney communications; attorney-to-client communication; communications regarding briefing, just to point out a few examples. Taken literally, they are essentially seeking a data-dump of significant portions of counsels' files pertaining to this matter.

Additionally, Mr. Snyder proposes to drastically expand the March 24, 2026, Hearing on his Motion for Sanctions by effectively turning it into a mini-trial on the truthfulness of sworn declarations submitted in opposition to his Motion for Sanctions, including outside counsel. Obviously, the scope and conduct of the Hearing is completely up to the Court. However, eCW understood from the Court that the parties would have an oral argument on the positions set forth in their briefs.

Given the seriousness of Mr. Snyder's allegations and these requests, which implicate core attorney-client communications and the work product of attorneys defending the case, such issues are not appropriate for informal communications by email. If the Court is considering these requests, eCW request a proper briefing schedule. We understand that this may result in re-scheduling of the hearing on the 24th. However, the issues raised by Relators warrant an appropriate record and appropriate opportunity for eCW to set forth its position.

Please let us know if the Court needs anything further at this point on this issue.

Thank you,
Duke



**Duke R. Groover**
**Partner**

**O 478.742.4280    D 478.749.9931**
dgroover@jamesbatesllp.com
231 Riverside Drive, Suite 100
Macon, GA 31201

Confidentiality Notice:
This message is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee of this message, this message was not intended for you, and your receipt of this message was an inadvertent disclosure of the information and contents herein. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by email and delete all copies of the message. The receipt of this email alone may not necessarily create an attorney-client privilege between you and James-Bates-Brannan-Groover-LLP. If we do not represent you, please do not respond to this email with any confidential information because your communication may not be treated as privileged or confidential. Thank you.

**From:** Robert Snyder <rob@cannellasnyder.com>
**Sent:** Tuesday, March 10, 2026 2:00 PM
**To:** Bernardo, Richard T <Richard.Bernardo@skadden.com>; 'Kim Tavalero' <Kim_Tavalero@gamd.uscourts.gov>
**Cc:** 'Aaron Katz' <akatz@aaronkatzlaw.com>; Duke R. Groover <dgroover@jamesbatesllp.com>; 'Alli Brown' <alli.brown@kirkland.com>; 'James Cobb' <jcobb@caplancobb.com>; 'Julia Stone' <jstone@caplancobb.com>; 'L. Roth Martin' <rothm@kirkland.com>; Winship, Connor J <Connor.Winship@skadden.com>; 'Alyssa Baskam' <alyssa@crosskincaid.com>; 'Anna Green Cross' <anna@crosskincaid.com>; 'Brian Adams' <brian@brianadamslaw.com>; Cathy Huff <cathy@cannellasnyder.com>; Chase Lyndale <chase@cannellasnyder.com>;

Hannah Drosky Amanuel <hannah@cannellasnyder.com>; 'Mary Beth Hand' <mbhand@brianadamslaw.com>; 'Meredith Kincaid' <meredith@crosskincaid.com>; Sachi Cole <sachi@cannellasnyder.com>; 'Wyatt Geoffrey M.' <geoffrey.wyatt@kirkland.com>; Kasparie, Alexander J <Alexander.Kasparie@skadden.com>
**Subject:** RE: 5:18-cv-00382-MTT - PERMENTER et al v. ECLINICALWORKS LLC

---

External to JBBG

---

Ms. Tavalero,

My apologies for the long email. Relators write to raise two issues related to their third Motion for Sanctions and the March 24, 2026 hearing, and one unrelated scheduling issue:

1. In its response to Relators' Third Motion for Sanctions, eCW attached declarations from outside counsel (Mr. Bernardo, Mr. Katz, and Mr. Wyatt), in-house counsel (Ms. Horrell), corporate leadership (Mr. Speyer), and a retained expert (Mr. Wortman). The declarants make statements about their involvement with eCW's retention of Sygnia, and their participation in testimony, briefs, and hearings where eCW made statements that have now been fully contradicted by eCW's post-January 15th productions. eCW is using those declarations to support its argument that the company, its in-house and outside lawyers, and its experts all allegedly "forgot" about the extensive work done by Sygnia after May 9, 2023, that resulted in at least three reports that were concealed from the Relators and the Court and about Mr. Wortman's involvement in overseeing the consulting project as the "engagement/relationship partner." The morning after eCW's filing, I asked eCW to immediately produce time records reflecting work done by its lawyers related to the consulting work, communications relating to the consulting work, and documents reflecting eCW's involvement in and awareness of the positions its lawyers were taking in its filings relating to Mr. Wortman. Alternatively, I asked eCW to produce a privilege log if it claimed the documents were protected. Mr. Katz of Aaron Katz Law immediately responded and produced a summary of all hours he billed to eCW related to Sygnia's work. eCW and its lawyers from Skadden Arps and Kirkland & Ellis, however, refused, claiming the documents sought were protected by the attorney-client privilege and the work-product doctrine, and stating that Relators must serve a formal discovery request for the materials. Relators normally would serve a formal request, but eCW has already stated it believes the documents are protected by privilege and eCW's response to a formal request would not be due until several weeks after the March 24th hearing. The full email chain between counsel is attached.

   a. Relators ask the Court to compel eCW to produce the materials described below by no later than noon on March 21st so Relators can review the documents before the hearing. Given eCW's claim that the company, its lawyers, and its consultants all "forgot" that the positions eCW was taking in depositions, declarations, filings, and arguments were not true, and its production of declarations related to those positions, eCW has waived any claim that privilege or work product protections prevent further inquiry. A party may not selectively disclose materials that are protected by the attorney-client privilege and the work-product doctrine, as eCW has done in its declarations and its arguments, and then seek to stop further discovery into those disclosures. *See GAB Business Services, Inc. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir. 1987) (party cannot present evidence on a defense while asserting privilege to prevent opposing party from effectively challenging such evidence); *see also Pitney-Bowes, Inc. v. Mestre*, 86 F.R.D. 444, 447 (S.D. Fla. 1980) (party waives protections where "party asserting the privilege placed information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would have been manifestly unfair to the opposing party")(quotation omitted).

   b. The specific documents requested are:

      i. All time records for eCW's counsel that refer to or reflect any time either billed to eCW or written off that relates in any way to Sygnia's work in 2023. This includes but is not limited to billing records reflecting meetings and calls with Sygnia, time spent analyzing, reviewing, or revising Syngnia's work, time spent discussing, meeting, or reviewing Sygnia invoices, and time spent meeting with or communicating with eCW about Sygnia's work.

ii. All communications relating to, discussing, or referencing Sygnia's work in 2023, including emails and messages by and between eCW's outside counsel, emails and messages between eCW's counsel and eCW, and internal eCW emails and messages that relate to or discuss Sygnia's work in 2023. This includes all communications through the end of 2025 that relate to or reference the Sygnia 2023 work.

iii. All documents reflecting eCW's participation in or notice of the following: Sygnia's 2023 work, preparation and review of Mr. Wortman's expert report, Mr. Wortman's deposition (including preparation and gathering and producing documents before and after his deposition), eCW's response to Relators' motion to exclude Mr. Wortman, preparation for, attendance, and post hearing debriefing related to the June 2025 hearing, Mr. Litwak's deposition (including preparation and gathering and producing documents before and after his deposition), eCW's response to Relators' renewed motion to exclude Mr. Wortman, preparation for, attendance, and post hearing debriefing related to the October 2025 hearing, and eCW's post-hearing briefing related to the renewed motion to exclude. This request includes but is not limited to communications, meeting invitations, meeting notes, and any other documents reflecting eCW's participation in and notice of the preceding list.

2. As noted above, eCW filed six declarations in opposition to the motion for sanctions. Mr. Bernardo's declaration also incorporates conversations he purportedly had with Mr. Litwak, but Mr. Litwak himself did not provide a declaration. Those new declarations contradict previously sworn testimony and arguments made by eCW in briefs and filings. Given the repeated pattern of eCW (and its hired witnesses) making claims in out of Court depositions and declarations that are later contradicted by documentary evidence, Relators believe the declarants and Mr. Litwak should appear at the March 24, 2026, hearing. That way they will be available for cross-examination by Relators' counsel (if allowed) and to answer questions from the Court (if it chooses to question any witnesses) while under oath. In the same email chain referenced above, I asked eCW to confirm that it would bring the declarants and Mr. Litwak for the March 24th hearing. eCW's counsel stated eCW will "have whoever Judge Treadwell wants at the hearing in addition to outside counsel." eCW has not asked the Court who it believes should attend. As a result, Relators respectfully ask the Court to consider who it believes should attend the hearing other than eCW's outside counsel and to tell eCW which of those witnesses should attend. At a minimum, Relators submit that Ms. Horrell (eCW's associate general counsel who admits she knew of Mr. Wortman's involvement in the consulting work and who was present at hearings where eCW made arguments inconsistent with her knowledge) and Mr. Wortman (who has now contradicted his sworn deposition testimony with a second declaration that says the opposite of his testimony while offering no explanation of those inconsistencies) should attend the hearing.

3. eCW has now filed two related motions dealing with a proposed ONC rule change: its Motion to Take Judicial Notice (ECF No. 508) and its Motion for Leave to Supplement Mr. Meadors' Expert Report (ECF No. 512 (seeking leave to supplement the report about the proposed rule change)). Relators asked eCW to agree that Relators could consolidate their response to those motions into one filing and file the consolidated response at the later due date. eCW has not responded to that request. Given the impending deadlines, Relators asked the Clerk to grant a two-week extension to ECF No. 508 and a four-day extension to ECF No. 512, putting the responses to both due on April 3, 2026. The Clerk's request letter was filed today as ECF No. 514 and is attached. During the the briefing in 2024 on summary judgment and Daubert motions, the Court stated that no further extensions or clerk's extensions would be granted. Relators and their counsel interpreted that directive to be limited to the summary judgment and Daubert briefing. If they are incorrect about that interpretation, they will withdraw the Clerk's letter and proceed as the Court directs.

Please let us know what additional information the Court may need on these issues.

Rob Snyder
Cannella Snyder LLC