

**JAMES BATES BRANNAN GROOVER**

231 Riverside Drive
Suite 100
Macon, Georgia 31201
O 478.742.4280
F 478.742.8720

DUKE R. GROOVER                 DIRECT LINE: (478) 749-9931                 EMAIL: DGROOVER@JAMESBATESLLP.COM

April 10, 2026

***Via Hand Delivery:***
Judge Marc T. Treadwell
U.S. Middle District of Georgia
475 Mulberry Street
Macon, GA 31201

RE:     Alex Permenter, et al v eClinicalWorks LLC
        *Middle District of Georgia, 5:18-cv-00382-MTT*

Dear Judge Treadwell:

Pursuant to the Court's Order of April 6, we are providing for in camera inspection 28 documents responsive to the Court's March 12, 2026 Order that were withheld on the basis of attorney-client privilege and/or attorney work product (the "Documents"). These Documents are being provided in both a notebook and a thumb drive. The following are some notes regarding how certain of the Documents have been annotated to clarify eCW's position with respect to the content of the Documents.

First, some portion(s) of 11 of the 28 Documents are not responsive to the Order and are also protected by the attorney-client privilege and/or work product doctrine ("Privilege" or "Privileged") (Tabs 7-8 ,12, 18, 20-22, 24-27). To the extent that the Court overrules eCW's claims of Privilege regarding some or all of the 28 Documents, eCW respectfully requests that eCW may redact the non-responsive Privileged portions. We have drawn a green box around the non-responsive portions of the Documents that eCW requests be redacted on the basis of Privilege.

Second, 7 of the 28 Documents (Tabs 12-13, 19-20, 26-28) were previously produced to Relators in connection with the Order with redactions. We have drawn a red box around the portions that were redacted in the documents as they were produced to Relators. Please note that some of these documents include the first issue noted above (non-responsiveness) and we have drawn both a red and a green box around the portions that include both the first and second issue (i.e. non-responsive and privileged, such that these portions were redacted in their original production to Relators). The redactions in these Documents are the only Privilege issue before the Court with respect to these documents.

Third, there are portions of 10 of the Documents (Tabs 1-2, 4-6, 8-10, 11, 14) for which eCW is ***not*** asserting Privilege. We have confirmed that each of those responsive, non-Privileged portions have been produced to Relators, either in connection with the March 12, 2026 Order or in connection with the January 15, 2026 order. We have drawn a gray box around the responsive, non-Privileged portions that we have confirmed have been produced to Relators.

For the Court's convenience, the following is a summary of the annotations:

**Annotation Key**

Green Box:     Non-responsive, Privileged
Red Box:       Responsive, Privileged, previously produced to Relators with these redactions

Gray Box:      Responsive, previously produced to Relators

Finally, we have highlighted two emails within the email chains at Tabs 7 and 8 that raise the possibility that the Public Research Summary would be shared with Mr. Wortman. Counsel ultimately decided against that, however. Counsel have validated through multiple sources (including Tab 12) that they never shared the Public Research Summary with Mr. Wortman until 2026 (in connection with Mr. Wortman's declaration). Mr. Wortman affirmed in his March 5, 2026 declaration (and at the March 24, 2026 hearing) that he did not see it before then. Therefore, he could not have relied on or considered it in relation to his expert opinions in this case.

Sincerely,

DUKE R. GROOVER

DRG/hn
55875.0001
Enclosures
CC: Counsel of Record via Email Only