# EXHIBIT D

PENGAD 800-631-6989

**PLAINTIFF'S
EXHIBIT**

1

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

UNITED STATES OF AMERICA ex rel.,
ALEX PERMENTER,
ERIC RODIGHIERO, and
CHRIS WHEELER,

      Plaintiffs,

v.

eCLINICALWORKS, LLC,

      Defendant.

**Case No. 5:18-CV-382**

## DEFENDANT eCLINICALWORKS, LLC'S RESPONSES AND OBJECTIONS TO RELATORS' NOTICE TO TAKE VIDEOTAPED DEPOSITION OF DAN LITWAK

Defendant eClinicalWorks, LLC ("Defendant" or "eCW") hereby responds to the requests for production ("Requests") contained in Exhibit A to Relators' Notice to Take Videotaped Deposition of Dan Litwak as set forth below (the "Response").

Defendant generally objects to the Requests to the extent they seek any information or documents beyond "the work that [Mr. Litwak] did in connection with Mr. Wortman's work" (June 4, 2025 Hr'g Tr. 40:14-18) on grounds that they call for documents that are protected by the attorney-work product privilege, are not relevant to the claims and defense in this matter, and are beyond the scope of the Court's ruling and permissible discovery. Without waiver of these objections and in the spirit of compromise, as explained during the parties' meet and confer on July 15, 2025, Defendant will work with Mr. Litwak to identify certain categories of requested documents, as identified below. Defendant will make best efforts to produce the documents no later than two days prior to the deposition.

Defendant interprets these Requests as seeking documents from Mr. Litwak and not from

EXHIBIT

297

other individuals at Sygnia. To the extent Relators are seeking documents from other individuals, Defendant objects on all grounds asserted herein.

Defendant further generally objects to the Requests to the extent that they seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, this Court's Local Rules, Case Management Orders or other orders entered by this Court in connection with this case, or any other applicable law or rules.

## RESPONSES TO REQUESTS

Subject to, and without waiving the objections above, Defendant responds to Relators' specific requests as follows:

**REQUEST NO. 1:** All documents describing the work performed by Mr. Litwak for eCW at any time and for any purpose and whether designated as "consulting work" or otherwise. This request includes, but is not limited to, all invoices that include work performed by Mr. Litwak as well as any other method of tracking and documenting time worked on the project that was used by Mr. Litwak.

**RESPONSE:** Subject to and without waiving its objections, Defendant will produce the services agreement that pertains to Mr. Litwak's consulting work. In addition, counsel reviewed the invoices describing Mr. Litwak's consulting work and there are no references to testing in the invoices. In addition, Defendant refers Relators to previously produced invoices which includes Mr. Litwak's work supporting eCW's expert, Oren Wortman.

To the extent that this Request seeks additional documents, Defendant objects to this Request on grounds that it calls for documents that are protected by the attorney-work product privilege, are not relevant to the claims and defense in this matter, and are beyond the scope of the Court's order and permissible discovery.

2

**REQUEST NO. 2:**    All    documents    memorializing,    referencing,    documenting, discussing, describing, or otherwise referring to any testing of eCW's software by Mr. Litwak at any time and for any purpose. This includes, but is not limited to notes, screenshots, memoranda, and/or other documentation of his manual testing of eCW's software and testing done with software tools including BurpSuite, ZAP, Acunetix, and sqlmap.

**RESPONSE:**  Subject to and without waiving its objections, Defendant will produce the results of any and all testing Mr. Litwak has conducted, other than his testing regarding his misunderstanding of one of Relators' allegations.  Defendant does not interpret testing to include screenshots of source code that Mr. Litwak has that was used to educate counsel for Defendant regarding Relators' allegations.

To the extent that this Request seeks additional documents, Defendant objects to this Request on grounds that it calls for documents that are protected by the attorney-work product privilege, are not relevant to the claims and defense in this matter, and are beyond the scope of the Court's order and permissible discovery.

**REQUEST NO. 3:**   All documents prepared by Mr. Litwak that Mr. Wortman reviewed in preparing his expert report and expert opinions that have not otherwise been produced.

**RESPONSE:**  Defendant will produce responsive documents.

**REQUEST NO. 4:**   All communications (emails, texts, chats, instant messages, and any other written communications) with Mr. Wortman relating to the work performed by Mr. Litwak for eCW at any time and for any purpose. This request includes, but is not limited to, communications referring to testing of eCW's software by Mr. Litwak at any time and for any purpose.

3

**RESPONSE:** Defendant objects to this Request on grounds that it calls for documents that are protected by the attorney-work product privilege, are not relevant to the claims and defense in this matter, and are beyond the scope of the Court's order and permissible discovery.

Without waiving its objections, Defendant states that reasonable searches have been conducted and responsive documents have not been identified.

**REQUEST NO. 5:** All communications (emails, texts, chats, instant messages, and any other written communications) between Mr. Litwak and Defendant eClinicalWorks and its counsel, relating to any testing of eCW's software by Mr. Litwak at any time, and for any purpose.

**RESPONSE:** Defendant objects to this Request on grounds that it calls for documents that are protected by the attorney-work product privilege, are not relevant to the claims and defense in this matter, and are beyond the scope of the Court's order and permissible discovery.

Without waiving its objections, Defendant states that reasonable searches have been conducted and responsive documents have not been identified, other than an email on which Mr. Litvak was copied that includes a report generated by Sygnia that includes the screenshots of testing being produced in response to Request No. 2, which eCW objects to producing on the grounds stated above.

**REQUEST NO. 6:** All communications (emails, texts, chats, instant messages, and any other written communications) between Mr. Litwak and any other member of the Sygnia "consulting" team relating to any testing of eCW's software by Mr. Litwak at any time, and for any purpose.

**RESPONSE:** Defendant objects to this Request on grounds that it calls for documents that are protected by the attorney-work product privilege, are not relevant to the claims and defense in this matter, and are beyond the scope of the Court's order and permissible discovery.

4

Without waiving its objections, Defendant states that reasonable searches have been conducted and responsive documents have not been identified.

**REQUEST NO. 7:**    The agreement between eCW and Sygnia for Sygnia's consulting work.

**RESPONSE:**  Defendant will produce the requested agreement.

**REQUEST NO. 8:**    Any documents including communications (emails, texts, chats, instant messages, and any other written communications) relating to, or referring to, the alleged "discovery" in February 2024 of eCW's APPSEC JIRA tickets.

**RESPONSE:**  Defendant objects to this Request on grounds that it calls for documents that are protected by the attorney-work product privilege, are not relevant to the claims and defense in this matter, and are beyond the scope of the Court's order and permissible discovery.

Without waiving its objections, Defendant states that reasonable searches have been conducted and responsive documents have not been identified.

This 17th day of July, 2025.

<div style="margin-left:40%">

*/s/ Duke R. Groover*
Duke R. Groover
dgroover@jamesbatesllp.com
JAMES BATES LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

James W. Cobb
Georgia Bar No. 420133
jcobb@caplancobb.com
Julia Blackburn Stone
Georgia Bar No. 200070
jstone@caplancobb.com
CAPLAN COBB LLC
75 Fourteenth Street N.E., Suite 2700

</div>

5

Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604

Geoffrey M. Wyatt (*pro hac vice*)
geoffrey.wyatt@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-3393

Allison M. Brown (*pro hac vice*)
alli.brown@kirkland.com
Jessica Davidson (*pro hac vice*)
jessica.davidson@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800

Aaron Katz (*pro hac vice*)
akatz@aaronkatzlaw.com
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, Massachusetts 02116
Tel: (617) 915-6305

Richard T. Bernardo (*pro hac vice*)
richard.bernardo@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
Fax: (917) 777-2000

*Counsel for Defendant eClinicalWorks, LLC*

6

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing by electronically mailing a copy of the same to counsel of record, who, by registering with the Court's CM/ECF system, has consented to electronic service.

This 17th day of July, 2025.

> */s/ Duke R. Groover*
> Duke R. Groover
> dgroover@jamesbatesllp.com
> JAMES BATES LLP
> 231 Riverside Drive
> Suite 100
> Macon, Georgia 31201
> Tel: (478) 742-4280
> Fax: (478) 742-8720
>
> *Counsel for Defendant eClinicalWorks, LLC*