**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., ALEX PERMENTER, ERIC RODIGHIERO, and CHRIS WHEELER <br><br> Plaintiffs, <br><br> v. <br><br> eCLINICALWORKS, LLC, <br><br> Defendant. | No. 5:18-CV-382 <br><br> Honorable Marc T. Treadwell |

## eCLINICALWORKS, LLC's MOTION FOR PERMISSION TO CALL SYGNIA FACT WITNESSES IN REBUTTAL AT TRIAL

Relators have added to their exhibit list dozens of Sygnia documents that eCW produced to Relators pursuant to the Court's sanctions orders (the "Sygnia Documents"). These include the testing materials, preliminary reports, billing records, and other related documents with which the Court is familiar. Although eCW disagrees that Relators ever were entitled to receive the Sygnia Documents, eCW understands that the Court has ruled in Relators' favor on that issue and contemplates that Relators may use of the documents at trial. Relators now have had the opportunity to examine both Oren Wortman and Daniel Litwak regarding the documents.

Based on prior comments they have made to the Court, Relators apparently intend to make affirmative use of the Sygnia Documents at trial, including introducing the documents for the truth of the matters asserted therein through witnesses who were not involved in preparing the documents (*e.g.*, through Christopher Wheeler). It is not clear how such use would be permissible

1

under the hearsay rules.[1]   Nevertheless, in an abundance of caution, eCW respectfully seeks the Court's permission to call at trial, as rebuttal fact witnesses, the Sygnia personnel (*e.g.*, Dan Litwak) who were personally involved in the preparation of the document(s) and therefore can explain the intended meaning of the words in the document(s).  The testimony of such rebuttal fact witnesses would be limited to providing non-opinion testimony—namely, testimony about what the author meant by the words in the document, what went into the preparation of the document, the reason the document was prepared, and to whom the document was sent.  This will ensure that the jury is not confused or not misled about, or does not obtain a misimpression of, what the document actually is.[2]  This will help ensure that whatever verdict the jury renders is based on an accurate presentation of the evidence admitted at trial.

Dated:  May 29, 2026                    Respectfully submitted,

                                        */s/ Duke R. Groover*
                                        Duke R. Groover
                                        Georgia Bar No. 313225
                                        dgroover@jamesbatesllp.com
                                        JAMES BATES BRANNAN GROOVER LLP
                                        231 Riverside Drive
                                        Suite 100
                                        Macon, Georgia 31201
                                        Tel: (478) 742-4280
                                        Fax: (478) 742-8720

---

[1] eCW does not understand the Court's prior sanctions orders to override the Federal Rules of Evidence.  It is obviously premature for the Court to decide any hearsay objections that eCW might make with respect to the Sygnia Documents, as any hearsay objection would depend upon how Relators seek to use the document(s).

[2] eCW continues to believe that Oren Wortman should be permitted to testify as an expert at trial and that barring him from doing so would be too severe a sanction.  If Mr. Wortman is permitted to testify as an expert at trial, that may render this motion moot, as Mr. Wortman also could explain the meaning of any Sygnia documents that Relators may seek to use affirmatively.

Allison M. Brown (*pro hac vice*)
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, Pennsylvania 19103
Tel: (215) 268-5000

Geoffrey M. Wyatt (*pro hac vice*)
geoffrey.wyatt@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-3393

Martin L. Roth (*pro hac vice*)
martin.roth@kirkland.com
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Tel: (312) 862-7170

Aaron Katz (*pro hac vice*)
akatz@aaronkatzlaw.com
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, Massachusetts 02116
Tel: (617) 915-6305
*Counsel for Defendant eClinicalWorks, LLC*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 29, 2026, the foregoing document was filed with the Clerk of the U.S. District Court for the Middle District of Georgia using the Court's electronic filing system ("CM/ECF"), which will serve a true and correct copy of the same upon all counsel of record. Copies were also served on the following individuals:

Howard Cohen
Attorney, Office of the General Counsel
Centers for Medicare and Medicaid Services
200 Independence Avenue, S.W.
Washington, D.C. 20201
howard.cohen@hhs.gov

Pam Bondi
United States Attorney General
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Todd P. Swanson
Assistant United States Attorney
United States Attorney's Office for the
Middle District of Georgia
P.O. Box 1702
Macon, Georgia 31202
Todd.Swanson@usdoj.gov

Christelle Klovers
Attorney, Civil Division
Commercial Litigation Branch
U.S. Department of Justice
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
Christelle.Klovers@usdoj.gov

Robert H. Snyder, Jr.
Cannella Snyder LLC
315 W. Ponce de Leon Ave., Suite 885
Decatur, GA 30030
rob@cannellasnyder.com
*Counsel for Relators*

/s/ Duke R. Groover
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN
GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

4