**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>eCLINICALWORKS, LLC,<br><br>    Defendant. | CIVIL ACTION FILE<br><br><br>NUMBER 5:18-CV-382 |

## RELATORS' MOTION IN LIMINE TO EXCLUDE ANY REFERENCE TO THE ONC HTI-5 NOTICE OF PROPOSED RULEMAKING

Robert H. Snyder, Jr.
  Georgia Bar No. 404522
  rob@cannellasnyder.com
Hannah D. Amanuel
  Georgia Bar No. 922743
  hannah@cannellasnyder.com
Alexandra "Sachi" Cole
  Georgia Bar No. 696892
  sachi@cannellasnyder.com
Devin L. Mashman
  Georgia Bar No. 257588
  devin@cannellasnyder.com
Chase Lyndale
  Georgia Bar No. 183762
  chase@cannellasnyder.com
**CANNELLA SNYDER LLC**
315 W. Ponce de Leon Ave.
Suite 885
Decatur, Georgia 30030
(404) 800-4828

Brian P. Adams
  Georgia Bar No. 142474
  brian@brianadamslaw.com
Mary Beth Hand
  Georgia Bar No. 322836
  mbhand@brianadamslaw.com
**ADAMS LAW FIRM**
915 Hill Park, Suite 101
Macon, Georgia 31201
(478) 238-0231

Anna Green Cross
  Georgia Bar No. 306674
  anna@crosskincaid.com
Meredith Kincaid
  Georgia Bar No. 148549
  meredith@crosskincaid.com
**CROSS KINCAID BASKAM LLC**
315 W. Ponce de Leon Ave., Ste. 715
Decatur, Georgia 30030
(404) 948-3022

*COUNSEL FOR RELATORS/PLAINTIFFS*

eCW is determined to introduce evidence of ONC's December 22, 2025, notice of proposed rulemaking ("NPRM") that proposes to prospectively remove the security certifications at issue here.  eCW has filed motions seeking judicial notice of the NPRM, ECF 508, and to supplement Kyle Meadors' expert testimony to address the NPRM, ECF 512, and has served a *Touhy* request on HHS seeking testimony from ONC official Mr. Posnack about the NPRM.  As Relators argued in their response to eCW's motions, the NPRM is a prospective, proposed rule based on changing administration policies that does not address the certifications at issue here.  ECF 534.  HHS itself denied eCW's *Touhy* request for largely the same reasons, noting the NPRM is "a *proposed* rule," the "agency has not had an opportunity to…develop final policy positions," the NPRM "has no bearing on the facts at issue" because it "does not appear to be relevant to any party's claim or defense," "is prospective in nature," and "its proposal was subsequent in time to the covered conduct."  Ex. 1, May 4, 2026 HHS Ltr. to G. Wyatt, pgs. 2-3.  Both HHS and Relators have also noted that Mr. Posnack has been deposed and will appear at trial to testify on other issues, including the applicable certifications during the relevant time.  Thus, there is no reason to allow any reference to the irrelevant NPRM and risk prejudice, confusion, and waste of time at trial.

For completeness, Relators seek a ruling that eCW, its lawyers, or witnesses may not refer to or offer evidence of the NPRM at trial.  In support, Relators adopt the arguments made in their omnibus response to eCW's NPRM motions.  *See* ECF 534.  Responding further briefly, this case concerns eCW's fraud in obtaining and maintaining certification of Version 11 of its software under ONC's 2015 Certification Standards.  That fraud happened entirely between 2017 and 2022.  eCW itself acknowledges "the only evidence relevant to the jury's determination is that which bears directly on whether version 11 of eCW's EHR software satisfied the ONC

certification criteria related to security." *See* ECF 400-1 at 5, citing Jun. 4, 2025 Hrg. Tr. at 7:14-15 ("The testimony has to be tethered, as they said, to whether the ONC certification criteria were met.").

Despite that concession, eCW seeks to introduce the December 2025 NPRM because it claims it is an ONC statement on what the relevant criteria meant between 2017 and 2022. eCW's arguments make no sense. The NPRM was published eight years after eCW's initial fraud and three years after eCW withdrew its last Version 11 software certified to the 2015 Standards. It is not interpretive guidance about what the certification rules meant between 2017 and 2022.[1] Instead, it is proposed, prospective rulemaking that seeks to "aggressively *reduce* and *remove* long-standing functionality-oriented and non-[interoperability]-based certification criteria from the Certification Program." 90 Fed. Reg. 60,970 (Dec. 29, 2025), 60,972 (emphasis added). Its stated goal is not to clarify the rules but to "*reset* the Certification Program's regulatory scope and *establish a new foundation on which to build … requirements in the future*." 90 Fed. Reg. 60,970, 60,972 (emphasis added).

Evidence is only admissible if it has "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also* Fed. R. Evid. 402. Courts in this Circuit regularly exclude evidence from outside the relevant period. *See, e.g., McCaskill v. Ray*, 279 F. App'x 913, 915 (11th Cir. 2008) (evidence dated "after the relevant time frame" should have been excluded under Rule 402); *Trinidad v. Moore*, 2017 WL 466551, at *2 (M.D. Ala. Feb. 1, 2017) (excluding evidence of post-incident conduct because "the probative value of

---

[1] The ONC issues interpretive guidance when it intends to explain existing requirements. *See, e.g.*, ECF 266-31 (ONC Health IT certification Program Policy Resource #18-01(Post-certification Assessment of Program Requirements)).  The NPRM is not such guidance.

the evidence is greatly diminished because it is relevant to a time period after the accident and, therefore, only minimally relevant to" the underlying issues).

eCW's attempt to inject the NPRM into evidence also violates the "timeless and universal" principle that the "legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place." *Landgraf v. USI Film Products*, 511 U.S. 244, 265 (1994) (citation and punctuation omitted). eCW wants the jury to retroactively evaluate eCW's conduct based on what ONC proposes the rules should be in the future, not what they were during the relevant time period. But "[r]etroactivity is not favored in the law" and "administrative rules will not be construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988).

Even if the NPRM had any relevance, its minimal probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The NPRM carries the imprimatur of a federal agency and risks the jurors assigning unfair weight to ONC's proposed policy statements issued years after the events at issue. Courts have recognized "the probability of misleading the jury or confusing the issues is high" in these situations because official government documents are "likely to receive undue weight from the jury." *Johnson v. Baker*, No. 1:08-CV-00038, 2009 WL 3486000, at *4 (W.D. Ky. Oct. 23, 2009) ("official letter from a government agency… is likely to receive undue weight from the jury."). eCW also seeks to use the NPRM to inject politics into the case by suggesting the current administration does not believe the security certifications are important. That too is improper.

Introducing the NPRM will also delay the trial by creating a "trial within a trial" that "would have limited probative value yet consume possibly days of testimony and likely inject

jury confusion." *See Salinero v. Johnson & Johnson*, 2019 WL 7753438, at *5 (S.D. Fla. Sept. 25, 2019). If allowed, Relators will need to introduce evidence explaining entirely collateral issues, such as changing administration priorities, withdrawn proposals that would have strengthened the security requirements, and eCW's attempts to lobby ONC to withdraw the requirements.[2] Courts routinely exclude evidence from irrelevant time periods where it could inject confusion or unfair prejudice. *See, e.g., King v. Cath. Charities of Nw. Fla., Inc.*, 2018 WL 3848819, at *2 (N.D. Fla. Aug. 12, 2018) (excluding evidence because it introduced "potential for significant confusion and misleading of the jury with respect to Plaintiff's medical condition during…relevant time period"); *In re Bard IVC Filters Prods. Liab. Litig.*, 2018 WL 4279833, at *3 (D. Ariz. Sept. 7, 2018) (excluding evidence related to earlier generations of product at issue).

Accordingly, Relators ask the Court to prohibit eCW, its counsel, and its witnesses from introducing, or referring to the NPRM, or otherwise suggesting to the jury the NPRM has any relevance to what the jury must decide. This includes references to the NPRM itself, ONC's proposed removal of certification requirements, isolated statements within the NPRM, and testimony or argument that the NPRM reflects ONC's views about the meaning, scope, or significance of the certification requirements during the relevant period. The jury will hear from Mr. Posnack and from qualified certification experts. There is no need to rely on the NPRM to understand what the certifications meant while eCW was defrauding the taxpayers.

Respectfully submitted this 29th day of May, 2026.

/s/ Robert H. Snyder, Jr.
ROBERT H. SNYDER, JR.
Georgia Bar. No. 404522
rob@cannellasnyder.com

---

[2] eCW refused to respond to discovery about its lobbying efforts claiming it was irrelevant "First Amendment" activity. If eCW lobbied to ONC to withdraw the relevant certifications to gain a litigation advantage that would certainly be relevant to its intent and other issues.

ALEXANDRA "SACHI" COLE
  Georgia Bar No. 696892
  sachi@cannellasnyder.com
HANNAH D. AMANUEL
  Georgia Bar No. 922743
  hannah@cannellansnyder.com
CHASE LYNDALE
  Georgia Bar No. 183762
  chase@cannellasnyder.com

CANNELLA SNYDER LLC
315 W. Ponce de Leon Ave.
Suite 885
Decatur, Georgia 30030
(404) 800-4828

BRIAN P. ADAMS
  Georgia Bar. No. 142474
  brian@brianadamslaw.com
MARY BETH HAND
  Georgia Bar No. 322836
  mbhand@brianadamslaw.com

ADAMS LAW FIRM
915 Park Hill, Suite 101
Macon, Georgia 31201
(478) 238-0231

ANNA GREEN CROSS
  Georgia Bar No. 306674
  anna@crosskincaid.com
MEREDITH KINCAID
  Georgia Bar No. 148549
  meredith@crosskincaid.com

CROSS KINCAID BASKAM LLC
315 W. Ponce de Leon Avenue, Suite 715
Decatur, GA 30030
(404) 948-3022

*Counsel for Relators/Plaintiffs*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this day served a true and correct copy of the foregoing by electronically mailing a copy of the same to counsel of record, who, by registering with the Court's CM/ECF system, has consented to electronic service.

This 29th day of May, 2026.

/s/ Robert H. Snyder Jr.
Robert H. Snyder Jr.
Georgia Bar No. 404522