**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., ALEX PERMENTER, ERIC RODIGHIERO, and CHRIS WHEELER <br><br> Plaintiffs, <br><br> v. <br><br> eCLINICALWORKS, LLC, <br><br> Defendant. | **CIVIL ACTION FILE NO.** <br><br> **Case No. 5:18-CV-382** |

**RELATORS' MOTION TO ADMIT CERTAIN PORTIONS**
**OF THE EXPERT REPORTS OF DR. ERIC COLE[1]**

As the Court knows, Relators learned on May 22 that their retained cybersecurity expert Dr. Eric Cole unexpectedly passed away at age 56. Dr. Cole was one of the foremost cybersecurity experts in the country. Relators retained him to offer critical testimony about the technical issues at the heart of this case. He spent considerable time—more than 300 hours—developing his opinions and drafting his reports, defending those opinions at a lengthy deposition taken by eCW in 2024, and working with Relators' counsel to prepare and respond to *Daubert* motions. Relators' counsel had started preparing outlines for Dr. Cole's trial testimony when they learned of his untimely passing.

Given the impending trial date, Relators emailed the Court and eCW about Dr. Cole's death the day they were notified. Relators' counsel also immediately began researching how

---

[1] Relators ask the Court to direct eCW to be prepared to discuss this issue at the hearing next week, even if its response will not be due until after the hearing. *See, e.g., Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) (district courts have broad discretion over the management of pre-trial activities, discovery and scheduling). eCW has known Relators were seeking this relief for more than ten days. The only reason the motion was delayed in filing was Relators' good-faith (but futile) attempt to reach a compromise with eCW.

courts have handled similar situations while exploring all potential options to proceed to trial on July 27th without Dr. Cole's testimony.  After reviewing the case law and carefully considering their options, on June 8, 2026, Relators asked eCW to agree to relief that courts in similar circumstances have allowed—the admission of Dr. Cole's reports at trial coupled with a reasonable opportunity for eCW to rebut the reports by playing portions of his nearly seven-hour cross-examination.  *See, e.g., Yaffa v. SunSouth Bank*, No. 3:12CV288/MCR/CJK, 2016 WL 10536038, at *10 (N.D. Fla. Sept. 15, 2016) (denying motion for new trial over admission of deceased expert's report because "procedure [was] necessary … to avoid undue delay and prejudice" and court admitted deposition testimony to mitigate any perceived harm).[2]  At eCW's request, Relators also forwarded highlighted versions of Dr. Cole's reports identifying the paragraphs Relators sought to tender to the jury.  eCW notified Relators' counsel on June 17th that it would not consent to the proposed procedure because it claimed there was no way to do so "fairly"[3] to eCW.

Thus, despite the Court's fourth sanctions Order, eCW is ***still*** trying to manipulate the technical expert testimony in this case to gain an unfair advantage.[4]  Now that the Court has precluded eCW from calling its rebuttal witness to Dr. Cole, Mr. Wortman, eCW hopes to leverage Dr. Cole's death to force Relators to trial without their own retained technical expert.

---

[2] As discussed below, courts have also allowed the substitution of a new expert in place of an unavailable expert if the new expert confines his opinions to those expressed by the unavailable expert.  Relators are diligently exploring this potential option, but the timing and logistics of such a procedure with the current trial date are complicated.

[3] Ex. 1, June 17, 2026 email from Katz to Snyder et al.  eCW's counsel Aaron Katz contacted Relators' counsel on June 18th saying that he believed a compromise could be reached and suggesting revisions to the reports and the proposed procedure, but noted that his client had not yet consented to a compromise.  Relators' counsel spoke to Mr. Katz at length, reviewed his proposed revisions to Dr. Cole's reports, then delayed the filing for a day to see if eCW would consent.  This morning, Mr. Katz stated that his client had not made a final decision, but "didn't like his idea," so this motion is regrettably necessary.  Ex. 2, June 18-19, 2026 emails between Katz and Snyder.

[4] After the June 3rd sanctions Order, eCW also refused to withdraw its motion seeking to allow Mr. Litwak to testify at trial, despite the Court's Order.  ECF 567-1 (June 3, 2026 email from eCW counsel).  eCW only withdrew that motion after Relators filed their response.  ECF 567 (Rels.' June 4, 2026 Resp.)); 568 (eCW notice of withdrawal).

And that is what likely will happen absent relief.  Relators must either try the case without an expert whose opinions have been known by eCW for years and who eCW had an opportunity to examine under oath or do something they are loath to do—seek a continuance of the trial.  The Federal Rules do not demand such a result.  Under these circumstances, fundamental fairness and the interests of justice warrant the unique, but not unprecedented, remedy Relators seek.  Thus, in an attempt to keep the trial date and to avoid prejudice, Relators respectfully move this Court for an order permitting the introduction at trial of limited portions of Dr. Eric Cole's January 5, 2024 Expert Report, ECF 194-2, and May 31, 2024 Supplemental JIRA Report, ECF 194-3 (the "Reports").  If the Court will not allow that procedure, Relators alternatively seek leave to designate a substitute expert for Dr. Cole to offer limited live testimony at trial.

## I.      BACKGROUND

Dr. Cole's cybersecurity career spanned more than 30-years and included extensive education, publication, and public and private-sector work.  ECF 194-2 at 55-70 (Cole CV).[5]  He timely prepared and disclosed his opinions, produced supporting materials, and sat for a full-day deposition during which eCW examined his credentials, methodology, and opinions.  eCW has had every opportunity to challenge his opinions through cross-examination and *Daubert* proceedings.  As the Court knows, eCW sought to exclude a limited portion of Dr. Cole's opinions.  The Court precluded Dr. Cole (and eCW's experts) from opining about vulnerabilities that are not tethered to ONC certifications, about the risk of those vulnerabilities, about whether ECW met industry standards, and about eCW's state of mind.  June 4, 2025, Hrg. Tr. at 44:6-12.  But the Court did not exclude Dr. Cole's core opinions that Relators correctly identified real security vulnerabilities in the software and that eCW failed to properly address those

---

[5] eCW did not challenge Dr. Cole's qualifications.

vulnerabilities during the relevant time.[6]  Relators expected Dr. Cole to testify live about those issues.  ECF 333.  They were preparing for his trial testimony when they learned of his death.

## II.     ARGUMENT

Excluding Dr. Cole's opinions because of his death would inflict unfair prejudice on Relators.  eCW, however, will suffer no prejudice from the admission of Dr. Cole's Reports at trial.  The Court's sanctions Order precluding eCW from calling Oren Wortman (or Dan Litwak) already prevents eCW from offering expert testimony rebutting Dr. Cole's opinions.  ECF 566 at 48 ("Wortman and Litwak are excluded entirely from this matter").  eCW should not be allowed to avoid that sanction because of Dr. Cole's tragic passing.

eCW's refusal also has little support in the law.  The Federal Rules must be administered by the court to secure the just, speedy, and inexpensive determination of every action and proceeding.  Fed. R. Civ. Pr. 1.  Allowing the reports to be admitted is clearly just and would avoid delay and increased expense associated with re-setting the trial or forcing Relators to pay another expert to substitute for Dr. Cole.

And while expert reports are generally inadmissible hearsay, courts across the country have recognized that strict application of evidentiary rules can produce unjust results when a retained expert dies or becomes unexpectedly unavailable shortly before trial.  In those circumstances, courts have exercised their discretion to admit expert reports to prevent prejudice caused by the unexpected absence of a witness.  *See Yaffa*, No. 3:12CV288/MCR/CJK, 2016 WL 10536038, at *10 (N.D. Fla. Sept. 15, 2016) (admitting deceased expert's report at trial because it "found this procedure necessary … to avoid undue delay and prejudice"); *Holt v. Davis*, No. 1:97-CV-06210-DAD, 2020 WL 2792981, at *3 (E.D. Cal. May 29, 2020) (admitting deceased

---

[6] eCW conceded that Dr. Cole would still be able to testify about his vulnerability findings after the Court's ruling. *Id.* at 50:23-51:7.

experts' reports under Rule 807 because they carried sufficient guarantees of trustworthiness, "were prepared by recognized experts for use in court," and "were signed by their authors and reflect observations and opinions made at the time of [trial and proceedings], as well as the basis and reasons for such opinions"); *Televisa, S.A. de C.V. v. Univision Commc'ns, Inc.*, 635 F. Supp. 2d 1106, 1109-10 (C.D. Cal. 2009) (admitting unavailable expert's report under Rule 807 because it was prepared by an expert many hearsay risks were no concern, and the defendant's cross-examination of the expert supported sufficient guarantees of accuracy and truthfulness); *Barrett v. United States*, 651 F. Supp. 606, 607-608 (S.D.N.Y. 1986) (allowing plaintiff to submit expert affidavit of now unavailable expert witness).

Federal Rule of Evidence 807 creates a residual exception to the rule against hearsay when "the statement is supported by sufficient guarantees of trustworthiness" and "it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Dr. Cole's Reports meet those requirements. He was a highly qualified expert, whose qualifications were unchallenged. He prepared and signed his Reports after hundreds of hours of analysis. eCW subjected the reports and his opinions to intense scrutiny through extensive cross-examination and *Daubert* filings. Because the Reports are supported by sufficient guarantees of trustworthiness, are the most probative evidence of Dr. Cole's admissible opinions,[7] and remain the most complete and probative evidence of his opinions, they are admissible. Fed. R. Evid. 807; *see also Holt*, 2020 WL 2792981, at *3.

---

[7] Simply playing Dr. Cole's deposition would not be an adequate substitute. Dr. Cole's deposition largely consisted of questioning by eCW. Relators did not know the deposition would be the only way to present Dr. Cole's opinions, so counsel asked limited questions at the end of eCW's cross-examination. ECF 218-3 (eCW's examination spans 188 pages of transcript, while Relators' examination takes up only three). As a result, playing the deposition alone is no substitute for tendering the Reports themselves.

Relators have highlighted the portions of Dr. Cole's Reports they seek to read to the jury and have admitted into evidence at trial. Those are attached as Exhibits 3 and 4.[8] In doing so, Relators attempted to remove everything that was subject to the Court's June 2025 limiting rulings and to streamline the presentation. Additionally, and as noted above, Relators do not object to eCW designating portions of Dr. Cole's deposition related to his qualifications and methodology or reasonably tied to any opinion that will be read to the jury. eCW will suffer no prejudice from this reasonable procedure.

This is not the outcome Relators wanted, and despite eCW's protestations, Relators are the only party prejudiced here. But allowing the procedure outlined above will lessen that prejudice and prevent Relators proceeding to trial without Dr. Cole's opinions. It will avoid the need for the Court to even consider a continuance of the trial. And it will prevent eCW from avoiding the sanctions imposed by this Court for misconduct related to eCW's own technical expert.

### III.    ALTERNATIVE RELIEF

If the Court declines to admit Dr. Cole's Reports as proposed, Relators request leave to disclose a successor expert. Any such expert would be limited to reviewing and explaining Dr. Cole's previously disclosed and admissible opinions and would not offer theories, analyses, or opinions beyond the scope of Dr. Cole's Reports. Assuming Relators can locate a suitable expert, Relators would make him or her available for deposition at least ten days before trial and cooperate in any additional reasonable procedures the Court requires. Although the timing of doing so would be difficult, such a procedure has been followed by courts in similar circumstances. *See Stewart Title Guar. Co. v. Suisse*, No. 1:11-CV-227, 2014 WL 10290846, at

---

[8] Given the Court's *Daubert* and sanctions Orders, Relators do not seek to read any portions of Dr. Cole's rebuttals to Mr. Wortman, Mr. Bort, and Mr. Knake.

*3 (D. Idaho Oct. 15, 2014) (allowing substitution of expert after previous expert's "untimely passing" if expert does not change analysis); *Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, No. CIV. A. 86-2457-S, 1991 WL 205691, at *2 (D. Kan. Sept. 23, 1991) (allowing substitution of expert after death and limiting testimony to opinions previously disclosed); *Baumann v. Am. Fam. Mut. Ins. Co.*, 278 F.R.D. 614, 616 (D. Colo. 2012) (same). Given the limited time before trial, Relators are working to identify a potential expert who could serve in a successor role to Dr. Cole, if that is necessary. That process is ongoing and will continue until this motion is resolved.

Respectfully submitted this 19th day of June, 2026.

/s/ Robert H. Snyder, Jr.
Robert H. Snyder, Jr.
  Georgia Bar No. 404522
  rob@cannellasnyder.com
Alexandra "Sachi" Cole
  Georgia Bar No. 696892
  sachi@cannellasnyder.com
Hannah Drosky Amanuel
  Georgia Bar No. 922743
  hannah@cannellasnyder.com
Chase Lyndale
  Georgia Bar No. 183762
  chase@cannellasnyder.com
CANNELLA SNYDER LLC
315 W. Ponce de Leon Ave, Suite 885
Decatur, Georgia 30030
Tel: (404) 800-4828
Fax: (404) 393-0365

Brian P. Adams
Georgia Bar No. 142474
brian@brianadamslaw.com
Mary Beth Hand
Georgia Bar No. 322836
mbhand@brianadamslaw.com
ADAMS LAW FIRM
915 Hill Park, Suite 101
Macon, Georgia 31201

Tel: (478) 238-0231
Fax: (478) 216-9188

Anna Green Cross
  Georgia Bar No. 306674
  anna@crosskincaid.com
Meredith Kincaid
  Georgia Bar No. 148549
  meredith@crosskincaid.com

CROSS KINCAID BASKAM LLC
315 W. Ponce de Leon Ave., Suite 715
Decatur, GA 30030
(404) 948-3022

*Counsel for Relators/Plaintiffs*

8

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a true and correct copy of the foregoing by electronically mailing a copy of the same to counsel of record, who, by registering with the Court's CM/ECF system, has consented to electronic service.

This 19th day of June, 2026.

/s/ Robert H. Snyder, Jr.
Robert H. Snyder, Jr.
Georgia Bar No. 404522
rob@cannellasnyder.com

*Counsel for Relators/Plaintiffs*