**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> eCLINICALWORKS, LLC, <br><br> Defendant. | No. 5:18-CV-382 <br><br> Honorable Marc T. Treadwell |

**<u>DEFENDANT eCLINICALWORKS LLC'S RESPONSE TO RELATORS' MOTION</u>**
**<u>TO ADMIT PORTIONS OF DR. ERIC COLE'S REPORTS</u>**

We were deeply saddened to hear of Dr. Eric Cole's untimely passing. Upon hearing the news, our thoughts turned to the wife and children that Dr. Cole leaves behind. Aaron Katz, who deposed Dr. Cole and got to know him on a personal level during that occasion[1], reached out immediately to Mr. Snyder to share his condolences. *See* Exh. 1. Relators' assertion that we are seeking to "leverage" or take "unfair advantage" of Dr. Cole's death is both reckless and insulting.

We agree with Relators that some federal courts have permitted an expert's unsworn Rule 26 report to be read into evidence where the expert suddenly and unexpectedly became unavailable for trial.[2] The circumstances here, however, are unique. The Court has barred eCW from calling

---

[1] Mr. Katz and Dr. Cole spent the lunch break talking to each other about their children and the stress of the college admissions process.

[2] These appear to be outlier cases. Courts more often find that an expert's report is inadmissible hearsay, regardless of whether the expert is now unavailable for trial and was previously deposed. *See, e.g.*, *Diamond Resorts Int'l, Inc. v. Aaronson*, 378 F. Supp. 3d 1143, 1145 (M.D. Fla. 2019) ("It can rarely be said that a report prepared by a paid, retained expert witness for a party or its counsel bears 'equivalent circumstantial guarantees of trustworthiness' to justify application of the residual hearsay exception.").

at trial the expert witness (Oren Wortman) who eCW retained largely to respond to Dr. Cole's expert proffer.  Because eCW would not have the opportunity to cross examine Dr. Cole at trial, admitting Dr. Cole's reports into evidence would provide Relators the benefit of Dr. Cole's opinions without eCW having an adequate means to rebut those opinions.  We think this would raise significant due process concerns. *Cf. Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) ("In almost every setting where important decisions turn of questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses.").

To be sure, eCW conducted a lengthy deposition of Dr. Cole in May 2025.  But it was a discovery deposition, not a trial deposition.[3]  The deposition was not structured as a cross examination, nor would it have been possible to confront Dr. Cole on every line of his report in the time allotted.  Thus, being permitted to play clips of that deposition is not a substitute for what would have been eCW's cross examination of Dr. Cole at trial.  By contrast, reading Dr. Cole's reports to the jury arguably would be more powerful than Dr. Cole's in-court direct testimony would have been.  Extemporaneous courtroom testimony is oftentimes clunky, whereas Dr. Cole's reports are polished documents that were written for maximum impact.  Moreover, whereas during deliberations jurors must rely on their memories of a witness's in-court testimony, Relators are proposing that Dr. Cole's reports be sent back with the jury for use during deliberations.

Furthermore, even if we were to reach agreement with Relators' counsel that *some portions* of Dr. Cole's reports may be read to the jury, it is unlikely that the parties would be able to reach agreement on *which portions* may be read.  Dr. Cole's reports are replete with opinions that the Court implicitly or explicitly has excluded, either on relevance grounds (*e.g.*, opinions about the

---

[3] As Relators point out in their brief, they elected not to depose Dr. Cole because they fully expected Dr. Cole to testify at trial.  We had the same expectation, which is why we used our scarce deposition time as an opportunity to take discovery rather than to engage in a full-fledged cross examination.

risk or consequences of a breach) or on the ground that they seek to usurp the role of the jury (*e.g.*, opinions about eCW's *mens rea*).  Based on the proposal that Relators' counsel provided to us, the excerpts that Relators wish to introduce into evidence include opinions that we believe the Court already has deemed inadmissible.  Relators also are proposing to introduce into evidence excerpts that do little more than narrate third party documents (*e.g.*, portions that summarize and characterize Quandary Peak's interval assessment reports), which we do not think Dr. Cole would have been permitted to do from the witness stand.  Given the parties' fundamental disagreement on what portions of Dr. Cole's opinions remain admissible, we are skeptical that the parties could reach a resolution here without the Court's intervention.

We will be prepared to discuss these issues at the June 24 hearing.  We welcome the Court's guidance and will abide by whatever the Court decides.

Dated: June 21, 2026                          Respectfully submitted,

                                              */s/ Aaron M. Katz*
                                              Duke R. Groover
                                              Georgia Bar No. 313225
                                              dgroover@jamesbatesllp.com
                                              JAMES BATES BRANNAN GROOVER LLP
                                              231 Riverside Drive
                                              Suite 100
                                              Macon, Georgia 31201
                                              Tel: (478) 742-4280
                                              Fax: (478) 742-8720

                                              Allison M. Brown (*pro hac vice*)
                                              alli.brown@kirkland.com
                                              KIRKLAND & ELLIS LLP
                                              2005 Market Street, Suite 1000
                                              Philadelphia, Pennsylvania 19103
                                              Tel: (215) 268-5000

Martin L. Roth (*pro hac vice*)
martin.roth@kirkland.com
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Tel: (312) 862-7170

Aaron Katz (*pro hac vice)*
akatz@aaronkatzlaw.com
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, Massachusetts 02116
Tel: (617) 915-6305

*COUNSEL FOR DEFENDANT*
*ECLINICALWORKS, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 21, 2026, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all

CM/ECF participants in this matter.

<u>/s/ *Aaron M. Katz*</u>