**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA, ex rel.** ) | |
| **ALEX PERMENTER,** ) | |
| **ERIC RODIGHIERO, and** ) | |
| **CHRIS WHEELER,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:18-cv-382 (MTT)** |
| ) | |
| **eCLINICAL WORKS, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

On February 27, 2026, eCW moved the Court for judicial notice of the Assistant Secretary for Technology Policy/Office of the National Coordinator for Health Information Technology's ("ONC") recent rulemaking proposal entitled "Health Data, Technology, and Interoperability: ASTP/ONC Deregulatory Actions to Unleash Prosperity," as published in the Federal Register at 90 Fed. Reg. 60,970, 60,988 on December 29, 2025 (the "NPRM"). ECF 508. eCW subsequently moved the Court for leave to supplement the expert report of Kyle Meadors to "incorporate[] ONC's guidance in the proposed rule, ONC's subsequent comments about this rulemaking, and comments submitted during the 60-day notice-and-comment period." ECF 512 at 2–3. For the reasons that follow, eCW's motions (ECF 508; 512) are **DENIED.**[1]

---

[1] The Relators also filed a motion in limine to exclude any reference to the NPRM at trial. ECF 564. Because the Court concludes that the NPRM is irrelevant or, alternatively, should be excluded under Rule 403, the Relators' motion in limine (ECF 564) is **GRANTED**.

## I. DISCUSSION

eCW argues that the Court is required to take judicial notice of nine sentences in the NPRM identified by eCW because 44 U.S.C. § 1507 provides that "[t]he contents of the Federal Register shall be judicially noticed." ECF 508 at 1–3. But as the Relators' point out, the NPRM "is proposed prospective rulemaking document about what the criteria **should be** going forward, considering this administration's emphasis on deregulation." ECF 534 at 9. Accordingly, the Relators argue that the NPRM—published on December 29, 2025—is irrelevant to the issue in this case: eCW's alleged fraud in obtaining and maintaining certification of Version 11 under ONC's 2015 certification standards. *See Vallot v. Cent. Gulf Lines, Inc.*, 641 F.2d 347, 351 (5th Cir. Apr. 3, 1981)[2] ("Although 44 U.S.C. § 1507 requires the contents of the Federal Register be judicially noticed, [a party] cannot demand admission of . . . publications as evidence . . . where they have no relevance.").

eCW contends that the NPRM statements it identifies for judicial notice "clear the **very** low bar for relevance and speak directly to whether (1) eCW's software satisfied the certification criteria (falsity); (2) eCW reasonably understood those criteria (scienter), and (3) the government considered certification criteria compliance material to its MIPS payments (materiality)." ECF 538 at 7. According to eCW, the NPRM

> *explains*, in the government's own words, that the criteria do not require "assess[ing] discrete specific security capabilities at significant depths" or "protect[ing] against known or unknown vulnerabilities" such as vulnerabilities that would be detected with "penetration testing" and "certified health IT cannot in isolation, or independently, provide … necessary privacy and security capabilities … across all relevant technologies of the enterprise-wide setting," which exceeds

---

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

> the "Certification Program's limited scope and policy purpose with respect to health IT security."

*Id.* at 4 (emphasis added). But the Court is not convinced the NPRM clarifies or "explains" the existing certification criteria where the NPRM is proposing to change those criteria.[3] In fact, the NPRM "propose[s] to remove all the privacy and security certification criteria in § 170.315(d) and the associated Privacy and Security Certification Framework under § 170.550(h) as of the effective date of a subsequent final rule." ECF 508-1 at 4.

eCW insists the NPRM is both clarifying and prospective. ECF 571 at 6-7. Specifically, eCW maintains "ONC's comments, [such as that] stakeholders have 'incorrect expectations of certified health IT' and 'the costs and burden of ***these*** Certification Program requirements far exceed their intended purpose and benefits'" concern "'the ***current*** Privacy and Security Certification Framework, which has been in place for the past 10 years.'" ECF 538 at 6 (quoting ECF 508-1 at 5). But eCW concedes the NPRM's proposal to remove the security certification criteria is, undoubtedly, prospective. ECF 571 at 6-7. eCW cites no authority supporting its view that some statements in the NPRM—specifically those selected by eCW for judicial notice—should have interpretive or clarifying effect while the proposed rule seeks to

---

[3] Courts have long distinguished clarifications of existing laws from rules or regulations which change the law. *See Heimmermann v. First Union Mortg. Corp.*, 305 F.3d 1257, 1260 (11th Cir. 2002); *Pope v. Shalala,* 998 F.2d 473, 483 (7th Cir. 1993), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999) ("A rule simply clarifying an unsettled or confusing area of the law . . . does not change the law, but restates what the law according to the agency is and has always been: 'It is no more retroactive in its operation than is a judicial determination construing and applying a statute to a case in hand.'") (quoting *Manhattan General Equip. Co. v. Commissioner*, 297 U.S. 129, 135 (1936)). *See also Farmers Telephone Co. v. FCC*, 184 F.3d 1241, 1250 (10th Cir. 1999) ("We agree with the FCC that the question of retroactivity does not arise in the present case because its ruling is merely interpretive. If the rule in question merely clarifies or explains existing law or regulations, it will be deemed interpretive.") (citation modified); *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998) ("So long as a change in a regulation does not announce a new rule, but rather merely clarifies or codifies an existing policy, that regulation can apply retroactively.").

substantively change existing law. *See Heimmermann,* 305 F.3d at 1260 (determining that an agency's statement of policy was a clarification because the statement "itself states that it is merely clarifying the [previous statement]; and nowhere in the [statement] does [the agency] claim to be changing the law."); *Pope*, 998 F.2d at 482-83 (concluding that new regulations were clarifications because "[t]he sole purpose of the regulations was to clarify the law . . . , and they expressly provided that 'these final rules make no substantive change in our policy.'"). Without such authority, the Court declines to adopt eCW's position that specific statements from the prospective NPRM should be construed to interpret the certification criteria existing during the time Version 11 was certified. Accordingly, the Court concludes that eCW has failed to meet its burden of establishing the relevance of the NPRM statements it seeks to have judicially noticed.

Even if eCW did establish marginal relevance, the NPRM's minimal probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see Tambourine Comercio Internacional SA v. Solowsky*, 312 F. App'x 263, 289 (11th Cir. 2009) ("[M]erely because a fact may be subject to judicial notice, it is not insulated from other rules of evidence such as Rule 403"). Introducing the NPRM carries a high risk of confusing the issues. On falsity, the jury will be tasked with determining whether eCW's representations that its EHR software complied with 45 C.F.R. § 170.315(d)(1) through (e)(2) were false when made. If anything is to be drawn from eCW's selected statements from the NPRM that "stakeholders have expressed incorrect expectations of certified health IT and developers" and "many stakeholders have overinterpreted the Certification Program's

-4-

limited scope and policy" (ECF 508 at 2), it is that the current administration proposes a change in the law—including eliminating the privacy and security certification criteria in § 170.315(d)—to foreclose interpretations of the certification criteria existing during the relevant time period in this case. Despite eCW's arguments to the contrary, these statements have no bearing on the falsity of eCW's attestations. On scienter, the NPRM may lead the jury to believe eCW had the benefit of ONC's statements at the time the alleged fraud occurred, which it did not. On materiality, the prospective NPRM, published eight years after Version 11 was certified and three years after eCW retired its last certified Version 11 software (ECF 266-2 ¶¶ 132, 335; 300-9 ¶ 132, 335; 218-152), tells the jury nothing about how and whether eCW's alleged fraud was material to the government during the relevant time period. *See* ECF 508-1. While the Court agrees with eCW that some post-time period evidence could be probative of materiality, the NPRM's effort to substantively alter the existing regulatory program is not and only risks confusing the jury about the certification rules.

The NPRM also carries a high risk of unfair prejudice. As a document emanating from a federal agency, the NPRM is likely to receive undue weight from the jury. *See Johnson v. Ford Motor Co.*, 988 F.2d 573, 580 (5th Cir. 1993) (recognizing that the "official nature" of government documents may cause a jury to give the evidence inordinate weight) (internal citations omitted). Not only that, eCW's cherry-picked NPRM statements omit the context of the NPRM's forward-looking deregulatory agenda. While eCW wants to present the cherry-picked statements as guidance or at least "ONC's own statements about the meaning of the certification criteria at issue in this very case" (ECF

571 at 7), for the reasons explained above, that is wrong. They do not interpret the existing law but rather explain the rationale for a proposed change in the law.

## II. CONCLUSION

Because the Court concludes that the NPRM is irrelevant or, alternatively, should be excluded under Rule 403, eCW's motion for judicial notice (ECF 508) is **DENIED** and the Relator's motion to exclude any reference to the NPRM at trial (ECF 564) is **GRANTED**. eCW's motion for leave to supplement Mr. Meadors' opinions to incorporate the NPRM (ECF 512) is **DENIED as moot.**

**SO ORDERED**, this 17th day of July, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT