**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> eCLINICALWORKS, LLC, <br><br> Defendant. | No. 5:18-CV-382 <br><br> Honorable Marc T. Treadwell |

**DEFENDANT'S RESPONSE IN OPPOSITION TO RELATORS' MOTION IN LIMINE
TO EXCLUDE EVIDENCE RELATING TO LATER VERSIONS**

Relators contend that, following the Court's damages ruling, "eCW (and its witnesses) should be precluded from offering any argument or evidence" about the certification of any later EHR software version as irrelevant to "falsity, scienter, materiality or government knowledge." (ECF No. 587 at 2.)  But the Court's decision to hold Relators to their repeated promises over the last year to remove "non-Version 11 damages" did not suddenly change the evidence relevant to this case.  The government's decision to continue to certify eCW's software versions despite Relators' allegations remains just as relevant, and Relators, tellingly, have no intention to abide by that limitation themselves.  Indeed, the jury will be fundamentally misled *without* this evidence.

*First*, Relators intend to continue to rely on evidence about eCW's post-2017 certified versions in service of their own falsity, scienter, and materiality arguments regarding Version 11.[1] They will offer:

- Sygnia reports █████████████████████████████████████████████ ██████████████████████████████████████████████████████████ (ECF No. 579 at 13-14 (emphases added).) █████████████████████ ██████████████████████████████████████████████████████████ (Ex. 1, 7/19/26 Email Chain from S. Cole to R. Snyder and A. Katz.)

- Screenshots of ████████████████ login page (Ex. 2, P236), ███████████ █████████████ (Ex. 3, P773), and █████████████████ (Ex. 4, P771).

- JIRA tickets ███████████████████████████████████ including Dr. Cole's report that he ███████████████████████████████████████████████████████ (ECF No. 579 at 14-15 n.9 (emphasis added).)

- SQOO Interval Assessment Report 9 (May 27, 2022), which discusses that, █████████ ████████████████████████████████████ (Ex. 5, J010 excerpt.)

- Relators' testimony that ███████████████████████████████████ ████████████████████████████████████ (ECF No. 218-7 ¶ 60 (Dec. 15, 2023 Wheeler & Rodighiero Expert

---

[1]  None of these subjects fall into the exhibits that Relators have indicated they would remove, which solely concerned the certification process for these later versions.  (ECF No. 587 at 2 n.1.)

1

Rpt.) (emphasis added).)

- Relators' testimony that they ███████████████████████ ███████████████████ (*Id.* ¶ 84 (emphasis added).)

- Relators' testimony that ████████████████████████████ ██████████████████████████████████████ (*Id.* ¶ 75 (emphasis added).)

- Relators' testimony that ███████████████████████████ ██████████████████████████████████████████ (*Id.* ¶ 78 (emphasis added).)

Relators cannot rely on later-certified versions for their own case, while seeking to withhold from the jury that "the government has certified *any* version of the software after Version 11 or that [eCW] maintains certification of its current version of the software." (ECF No. 587 at 2.)

*Second*, the Court has already effectively rejected this argument at the pre-trial conference. As the Court explained, "we know the time frame, we know the version that we're talking about, but we just can't say across the board that anything outside of that bright line is not going to be admissible." (6/24/2026 Hr'g Tr. 79:12-15.) In fact, Relators argued that "[i]t's Relators' position that some evidence of Version 10, looking backwards, and then Version 12 would be relevant to notice[,] intent and materiality to the extent that earlier versions of the software and then a later version of the software had a vulnerability." (*Id.* at 64:19-65:3.) The Court stated in response that "if the evidence is as you've described, it sounds like it would be pretty easy to get into it on cross examination." (*Id.* at 65:16-22.) The same logic has to apply for eCW to defend itself with these certifications to show those same alleged vulnerabilities are not certification problems, the government knew about them, and it has continued to certify eCW's software to this day.

*Third*, even if Relators disclaimed reliance on any of this evidence, fundamental fairness would still require its admission. "[W]hat the government did or did not do as evidence of alleged flaws in eCW's software surfaced" during the almost eight years of this litigation goes directly to materiality. (ECF No. 345 at 46.) The government's continued certification of new versions of

2

eCW's software in the face of allegations that eCW's certifications have persistently defrauded the government could not be more relevant.[2]  The fact that there were "*additional* falsity, scienter, materiality, and government knowledge arguments about Version 153" does not render this evidence irrelevant to evaluating the same questions for Version 11, including whether the government viewed Relators' allegations as certification issues.  (ECF No. 583 at 9 (emphasis added).)  And the jury *requires* these facts to understand the evidence.  For example, to understand why eCW withdrew Version 11, the jury must know that eCW's decision was to ████████

████████████████████████████████████

████████████████  (Ex. 6, P426 at 1-2).)  eCW's ████████████████

████████████████  on Relators' exhibit list says exactly that.  (*Id.* (explaining that ████████████████████████████████

████████████████████████████████).)

Relators should not be permitted to create a false impression that eCW's customers stopped using its software and the government never certified another eCW version when the opposite is true.

Relators' motion seeks to tie both arms behind eCW's back while they have free rein.  They cannot shield the jury from evidence the government continued to certify later versions, while relying on these same certified versions to try to prove their case.  Their motion should be denied.

---

[2]  Relators cannot close their eyes to the evidence that Drummond's April 2021 (d)-criteria testing was on Version 11.  They claim that "eCW has never produced any documentation of the version that was tested," notwithstanding the fact that ████████████████████—which is on the docket—████████ ████████████████  (ECF No. 587 at 3 n.2; ECF No. 583-9.)  To try to muddy the waters again, Relators selectively quote a March 2021 pre-testing email and use ellipses to omit the statements they do not like, which clarify that the (d)-criteria testing was performed *prior* to the release of version 11.52.153.  (See ECF No. 587 at 3 n.2.)  The full quote says, ████ ████████████████████████████████ ████████████████████████████████ ████████████████████████████████  (ECF No. 587-1 (emphases added).)  As eCW previously detailed, the ████████████ ████████████████████████  (*See* ECF No. 583 at 6.)

Dated: July 23, 2026

Respectfully submitted,


*/s/ Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN GROOVER
LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

Allison M. Brown (*pro hac vice*)
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, Pennsylvania 19103
Tel: (215) 268-5000

Martin L. Roth (*pro hac vice*)
martin.roth@kirkland.com
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Tel: (312) 862-7170

Aaron Katz (*pro hac vice*)
akatz@aaronkatzlaw.com
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, Massachusetts 02116
Tel: (617) 915-6305

*Counsel for Defendant eClinicalWorks, LLC*

4

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on July 23, 2026, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all

CM/ECF participants in this matter.

/s/ *Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN
GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

5