**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ALEX PERMENTER, et al., | |
| *Plaintiffs,* | Civil Action No. 5:18-CV-00382-MTT |
| v. | Hon. Marc T. Treadwell |
| eCLINICALWORKS, LLC, | |
| *Defendant.* | |

**ECW'S RESPONSE TO THE COURT'S
JULY 29, 2026 PROPOSED INSTRUCTION**

We apologize for not filing this yesterday evening, but there was a miscommunication about which lawyer/firm would be filing the motion on ECF.  As explained below, we think the underlined portion of the Court's proposed curative instruction is inconsistent with the general restrictions on a district court's ability to comment on disputed factual questions:

> In Ms. Brown's opening statement, you may remember that I stopped her when she said something about damages.  She was getting into an improper subject.  What I did not notice was that she had put on your screens a slide that contained underline untrue and underline inadmissible information.  It was there only briefly, but some or all of you may have seen it.  underline Among other improper things, the slide accused Mr. Wheeler of things he did not do. underline  The slide was improper and I instruct you to disregard it.

At the very least, there is a factual dispute about the degree to which Mr. Wheeler's work impacted the ultimate damages figures that Ms. Wolfston put forth in her original and revised expert reports.  Ms. Wolfston's reports include exhibits entitled "Wheeler Methodology"; those exhibits were authored by Mr. Wheeler, who wrote in the first person when describing the methodological steps that he took.  If Mr. Wheeler was not solely responsible for Ms. Wolfston's admittedly incorrect inclusion of hundreds if not thousands of non-eCW customers in her original

damages estimate, he was at least directly involved in the design of that methodology.

We understand and respect the Court's view that eCW's opening statement delved into factual issues that the Court deemed off limits at trial. That, however, is different from the Court commenting on what facts are true or untrue. A district court may not comment on the evidence in a manner that "unduly trespass[es] upon the jury's function of determining the credibility of witnesses." *U.S. v. Fischer*, 531 F.2d 783, 786–87 (old 5th Cir. 1976) (reversing trial court for commenting one witness was "lying under oath" and "[w]here I feel that there may have been deliberate falsehoods told in this courtroom, I very definitely have the right to comment on that"); *see also Maheu v. Hughes Tool Co.*, 569 F.2d 459, 471–72 (9th Cir. 1977) (reversing judgment where trial court's comments were read as a "a personal character reference" for a key witness); *U.S. v. Andasola*, 13 F.4th 1011 (10th Cir. 2021) (holding it was "legal error" and the "district court violates Rule 605 when it 'add[s] to' the record evidence" "by deciding a disputed factual issue for the jury"). "Because of the great influence which the trial judge necessarily exerts upon the jury, the court must exercise the most scrupulous care to avoid giving an unfair or one-sided impression." *Id.* Jury "instructions should not contain comments by the court reflecting the court's personal belief regarding credibility of certain witnesses" or the "evidentiary value of specific items of evidence." ABA Standard 15-4.4. Jury instructions (Criminal).

In addition to objecting to the underlined portions of the Court's proposed instruction, eCW provides the proposed alternative instruction for the Court's consideration, which we submit should be given in the final charges:

> Ms. Brown used a slide in opening statement that made a reference to prior damages models that were not going to be in the evidence. I instruct you to disregard it.

1

Dated: July 30, 2026

Respectfully submitted,

*/s/ Aaron M. Katz*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

Allison M. Brown (*pro hac vice*)
alli.brown@kirkland.com
KIRKLAND & ELLIS LLP
2005 Market Street, Suite 1000
Philadelphia, Pennsylvania 19103
Tel: (215) 268-5000

Martin L. Roth (*pro hac vice*)
martin.roth@kirkland.com
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Tel: (312) 862-7170

Aaron Katz (*pro hac vice*)
akatz@aaronkatzlaw.com
AARON KATZ LAW LLC
399 Boylston Street, 6th Floor
Boston, Massachusetts 02116
Tel: (617) 915-6305

*Counsel for Defendant eClinicalWorks, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 30, 2026, a copy of the foregoing was served on all parties of record via the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

/s/ *Duke R. Groover*
Duke R. Groover
Georgia Bar No. 313225
dgroover@jamesbatesllp.com
JAMES BATES BRANNAN
GROOVER LLP
231 Riverside Drive
Suite 100
Macon, Georgia 31201
Tel: (478) 742-4280
Fax: (478) 742-8720

*Counsel for Defendant eClinicalWorks, LLC*

1